**EXHIBIT B**

**SAGITEC'S POSITION ON THRESHOLD MOTION TO STAY**

This matter should be stayed pending resolution of the West Virginia Criminal Action for the reasons set forth in Sagitec's motion filed simultaneously herewith, including because trial in a parallel criminal proceeding has been stayed pending appeal. Proceeding with this civil action now would prejudice Sagitec in view of the substantial overlap of the issues, and the impact of the pending West Virginia Criminal Action on Sagitec's ability to defend this civil action while various witness fact the prospect of criminal jeopardy.

If the Court denies Sagitec's motion to stay, however, then Sagitec respectfully requests that the Court delay entry of a case schedule or commencement of discovery until the Court has addressed Sagitec's pending Motion for A More Definite Statement, D.I. 13, and Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Transfer Venue, D.I. 11. In the event that the Court prefers to enter a schedule before resolution of these motions, Sagitec further proposes that any such schedule include a deadline for Deloitte to provide its disclosure of trade secrets with particularity before the commencement of discovery regarding Sagitec's confidential proprietary information. Such a deadline is consistent with approaches taken by other Courts in this District. *See AgroFresh Inc. v. Essentiv LLC*. Civil Action No. 16-662-MN-SRF, 2019 WL 563900, at *1 (D. Del. Feb. 4, 2019); *You Map, Inc. v. Snap Inc.*, C.A. No. 20-162-CFC, 2021 WL 3171838, at *8 n.9 (D. Del. July 27, 2021).

## [SAGITEC'S PROPOSED] SCHEDULING ORDER

The court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement,

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 21, 2023.

2. <u>Disclosure of Trade Secrets with Particularity</u>. The plaintiff shall produce a disclosure identifying its asserted trade secrets with particularity by August 21, 2023. Any disputes regarding the sufficiency of the trade secret disclosure shall be filed on or before September 11, 2023. The defendant shall not be obligated to disclose its confidential proprietary information until after the resolution of any such disputes.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join parties and to amend or supplement the pleadings shall be filed on or before February 2, 2024.

4. <u>Discovery</u>.

    a. <u>Commencement of Discovery</u>. To allow sufficient time for the defendant's disclosure of trade secrets and any disputes regarding such disclosures to be raised, fact discovery in this case shall begin on September 18, 2023.

    b. <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before April 25, 2024.

    c. <u>Document Production</u>.  Document production shall be substantially complete by February 29, 2024.

    d.  Requests for Admission.  A maximum of 50 requests for admission are permitted for each side.

    e.  Interrogatories.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    f.  Depositions.

     i. Limitation on Hours for Deposition Discovery.  Each side is limited to a total of 10 depositions, not to exceed 70 total hours of taking testimony by deposition upon oral examination.

     ii. Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a counter-claimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this district court for purposes of this provision.

    g.  Disclosure of Expert Testimony.

     i. Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 20, 2024.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 1, 2024.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Any expert depositions shall be taken no later than September 26, 2024.

        ii.  <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the court.  Objections to more than one expert witness will all be addressed in a single motion.  Briefing relating to any such motion will be governed by the court's Local Rules.

    h.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's law clerk to schedule a hearing.  The Court's law clerk, Dane Sowers, can be reached at sowersd@cafc.uscourts.gov.  The Court will then direct the filing of letter briefs, to be followed by a telephonic hearing if the court considers the hearing necessary.  Discovery-related disputes between the parties to this action should not be addressed by motion.

5.  <u>Application to the Court for a Protective Order</u>.  Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court by August 21, 2023.  Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this

order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within **seven days** of the filing of the sealed document. Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

7. <u>Courtesy Copies</u>. Courtesy copies of motions or other documents filed ordinarily need not be provided to the court. However, the parties shall provide the court with a courtesy copy of all briefs relating to any dispositive motion or *Daubert* motion, along with a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by sending them via FedEx or equivalent to Judge Bryson's chambers, 717 Madison Place, N.W., Washington, D.C. 20439. Materials should not be sent via U.S. Mail. This provision also applies to papers filed under seal.

8. <u>Deadlines</u>. All documents required to be filed on a specified date (or within a specified number of days after a particular event) must be filed no later than 5 p.m. on the date specified. Any requests to extend a deadline must be filed at least three business days in advance of the deadline.

9. <u>Pinpoint Citations</u>. Citations to cases and other materials shall contain pinpoint citations to the location of the material the party wishes to call to the court's attention.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, opening briefs, and affidavits, if any, in support of the motion shall be served and filed on or before September 26, 2024. Answering briefs shall be served and filed on or before October 24, 2024. Reply briefs shall be

served and filed on or before November 7, 2024. Briefing relating to any such motion will be governed by the court's Local Rules.

11. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.  Any brief in support of a motion, as well as the associated response and reply briefs, should be double-spaced with 12-point Times New Roman font.  All footnotes in such briefs should be double-spaced.

12. <u>Pretrial Conference</u>.  On January 14, 2025, the court will hold a final pretrial conference with counsel.  The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

13. <u>Motions in Limine</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the joint proposed pretrial order.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  The party making the *in limine* request may file a reply of one page in support of its request.  For each motion in limine, the movant shall serve (but not file) its opening brief no later than 30 days prior to the deadline for the joint proposed pretrial order. The non-movant shall serve (but not file) its opposition no later than 14 days prior to the deadline for the joint proposed pretrial order. The movant shall serve (but not file) its reply no later than 7 days prior to the deadline for the joint proposed pretrial order.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Pursuant to Local Rules 47.1(a)(2) and 51.1, when a case is to be tried to a jury, the parties should file (i) proposed voir

dire questions, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. At the time of filing, the parties should submit to the court, by email to the court's law clerk, copies of each of those four documents in Word format.

    15. <u>Trial.</u>  This case is scheduled for a 10 day jury trial beginning at 9:00 a.m. on January 27, 2025, with the subsequent trial days beginning at 9:00.  The trial will be timed, with each party being given 30 hours to present its case.

    IT IS SO ORDERED.

    SIGNED this _____ day of \_\_\_\_, 2023.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE