IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SAGITEC SOLUTIONS, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 23-325-WCB<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING COMPLETION OF RELATED CRIMINAL ACTION

OF COUNSEL:

Christopher K. Larus
David A. Prange
Rajin S. Olson
Brandon A. Carmack
ROBINS KAPLAN LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com
rolson@robinskaplan.com
bcarmack@robinskaplan.com

Dated:  July 27, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant*
*Sagitec Solutions, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT ....................................................................................... 3

ARGUMENT ................................................................................................................... 5

I.      The Court Should Stay This Action Pending Resolution of the Related West
        Virginia Criminal Action ....................................................................................... 5

II.     The Two Overarching Considerations Strongly Support Staying This Action
        Because the Criminal Defendants Have Already Been Indicted and the Issues
        Between the West Virginial Criminal Action and this Civil Case Overlap
        Significantly. ........................................................................................................... 7

III.    Additional Factors Also Support Granting a Stay, Particularly Due to Prejudice
        Sagitec Faces Due to Witnesses Implicated in the Pending West Virginia Criminal
        Action. ..................................................................................................................... 8

CONCLUSION ............................................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*,
  CV 12459-VCL, 2017 WL 5035497 (Del. Ch. Nov. 2, 2017) ..............................................6, 9

*Bryer v. Jefferson*,
  C.A. No. 12-1028-GMS, 2013 WL 3753420 (D. Del. July 8, 2013).............................6, 7, 10

*E.I. du Pont de Nemours and Co. v. Hou*,
  C.A. No. 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) .........................................8

*Ford v. Telamon Corp.*,
  CV K21C-02-005 NEP, 2021 WL 2550208 (Del. Super. Ct. June 17, 2021) .....................7, 8

*Maloney v. Gordon*,
  328 F.Supp.2d 508 (D. Del. 2004) ............................................................................6, 8, 10, 11

*Reyes v. Freeberry*,
  141 Fed. Appx. 49 (3d Cir. 2005) ............................................................................................5

*Tobin v. Gordon*,
  C.A. No. 04-1211-KAJ, 2004 WL 2915337 (D. Del. Dec. 15, 2004) ..................................8, 9

*United States v. Minkkinen et al.*,
  No. 2:22-cr-00163, D.I. 186 (S.D.W. Va. May 31, 2023) ................................................1, 2, 3

## NATURE AND STAGE OF PROCEEDINGS

On March 23, 2023, Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") filed this suit against Sagitec Solutions LLC ("Sagitec") alleging copyright infringement, misappropriating trade secrets, unfair competition, and unjust enrichment. D.I. 1. In its Complaint, Deloitte extensively referenced a closely related criminal action pending in the Southern District of West Virginia, *United States v. Minkkinen, et al.,* Crim. No. 2:22-cr-00163 (the "West Virginia Criminal Action"). *See* D.I. 1 ¶¶ 5-7, 39, 52-53, 55. As alleged by Deloitte, the West Virginia Criminal Action involves the indictment of two Sagitec employees—David Minkkinen and Sivaraman Sambasivam—for alleged misappropriation of the same Deloitte purported trade secrets at issue in this case, and alleges the use of such purported trade secrets by "numerous Sagitec employees" involved in the design and development of Sagitec's Neosurance software product. D.I. 1 ¶ 5.

In response to Deloitte's Complaint, Sagitec filed a Motion for a More Definite Statement, which has now been fully briefed. D.I. 13- 14, 21- 22, 30, 32. Sagitec also filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Transfer Venue. In response, Deloitte sought limited jurisdictional discovery, and briefing on this motion is scheduled to be completed by August 15, 2023. D.I. 11, 12, 20.

On May 18, 2023, the parties entered a Stipulation regarding the parties' briefing deadlines, which was thereafter so ordered by the Court. D.I. 19. Given the substantial overlap of issues in the West Virginia Criminal Action and this case, the parties jointly advised this Court that "certain proceedings involving David Minkkinen and Sivaraman Sambasivam, which relate to this action, are pending in the United States District Court for the Southern District of West Virginia and are scheduled for trial in July 2023." D.I. 19 at 1. The parties further advised this

1

Court that "in light of the upcoming trial, the parties have conferred regarding whether a stay of the above-captioned action is appropriate, but believe that the Pending Motions should be resolved before consideration of such a stay as the passage of time may moot the need for such relief." *Id.* at 1-2. The parties expressly stipulated as follows:

> If trial in the West Virginia Criminal Action remains pending after the Pending Motions are resolved or when the parties engage in a Rule 26(f) conference in anticipation of a Rule 16 conference or a related submission, the parties will meet and confer regarding a stay and agree that deferral of the filing of a motion to stay at this time shall be without prejudice to later filing, if needed, a motion to stay pending resolution of the trial in the West Virginia Criminal Action.

*Id.* at 2.

Since the parties' May 18, 2023 Stipulation, there have been several substantial developments in the West Virginia Criminal Action. On May 31, 2023, the Government submitted a Superseding Indictment in the criminal action. *See* Declaration of Christopher K. Larus in Support of Motion to Stay [hereinafter Larus Decl.] Ex. 1 (*United States v. Minkkinen, et al.*, No. 2:22-cr-00163, D.I. 186 (S.D.W. Va. May 31, 2023)). The Superseding Indictment dismissed charges of trade secret theft against Messrs. Minkkinen and Sambasivam but maintained various other charges. *Id.*

On June 26, 2023, the court in the West Virginia Criminal Action dismissed the majority of the remaining claims of the Superseding Indictment, dismissing all claims against Sambasivam, and all trade secret related claims against Mr. Minkkinen. *See* Larus Decl. Ex. 2 (*United States v. Minkkinen, et al.*, No. 2:22-cr-00163, D.I. 278 (S.D.W. Va. June 26, 2023)). On June 27, 2023, the Government filed a Notice of Appeal challenging the dismissal of these claims. *See* Larus Decl. Ex. 3 (*United States v. Minkkinen, et al.*, No. 2:22-cr-00163, D.I. 282 (S.D.W. Va. June 27, 2023)). On June 28, 2023, the court in the West Virginia Criminal Action vacated the July 10, 2023 trial date against Mr. Minkkinen and stayed the West Virginia

Criminal Action pending resolution of the appeal. *See* Larus Decl. Ex. 4 (*United States v. Minkkinen et al.*, No. 2:22-cr-00163, D.I. 284 (S.D.W. Va. June 28, 2023)).

As a result of these developments, the West Virginial Criminal Action will not be resolved by the time of the Scheduling Conference in this matter as the parties originally contemplated. *See* D.I. 19.

## SUMMARY OF ARGUMENT

1.     This action should be stayed pending resolution of the West Virginia Criminal Action. The overarching factors relied upon by courts in this District—the status of the criminal case, and the extent that the issues in the federal criminal and civil cases overlap—all strongly favor a stay of this civil action.

2.     The parties jointly recognized the substantial overlap between the issues raised in the West Virginia Criminal Action and this civil action when they filed their Stipulation. *See* D.I. 19 at 1 (advising that the West Virginia Criminal Action "relate[s] to this action"). Indeed, Deloitte itself extensively referenced the West Virginia Criminal Action in its Complaint. *See* D.I. 1 ¶¶ 5-7, 39, 52-53, 55.

3.     The scope and timing of the West Virginia Criminal Action have shifted significantly over the past month: while the trial was set to begin July 10, 2023, the West Virginia Criminal Action has now been stayed indefinitely pending the government's appeal of certain dismissed claims. The claims on appeal include conspiracy to misappropriate alleged Deloitte trade secrets, which if tried would involve proving the existence of trade secrets that were the subject of the alleged conspiracy. These same purported Deloitte trade secrets form basis for the civil action filed against Sagitec, and the Complaint expressly references (although deficiently) Deloitte's purported trade secrets in alleging claims of misappropriation of trade secrets against

Sagitec. Although the claims are on appeal, there continues to be substantial overlap of the two actions until the appeal concludes, and the West Virginia Criminal Action should be allowed to conclude before the issues in this civil action are addressed.

4.      Other factors also favor a stay. Deloitte has not expeditiously pursued its civil claims against Sagitec, instead choosing to secure tolling agreements with Sagitec amounting to a period of over a year. Deloitte cannot argue it would be prejudiced to wait for final resolution of the conspiracy claims.

5.      In contrast, Sagitec faces significant prejudice if forced to defend this civil action while the West Virginia Criminal Action remains pending. Messrs. Minkkinen and Sambasivam still face the prospect of criminal jeopardy while the Government appeals dismissal of its trade-secret related claims against them, as potentially do the unnamed "persons known and unknown to the Grand Jury" repeatedly referenced in the Superseding Indictment in the West Virginia Criminal Action. Larus Decl. Ex. 1 ¶¶ 43, 47, 47.c, 49, 51. Although Messrs. Minkkinen and Sambasivam have denied wrongdoing, the pending West Virginia Criminal Action substantially prejudices Sagitec's ability to defend this civil action.

6.      Moreover, a stay promotes judicial economy. If the West Virginia Court's dismissal of all trade secret-related claims is upheld on appeal, the corresponding claims at issue in this case—along with the scope of any discovery—will be limited. Accordingly, Sagitec respectfully requests a stay of this action until the pending related West Virginia Criminal Action is completed.

## STATEMENT OF FACTS

The "Nature and Stage of Proceedings" section, *supra*, includes several pertinent facts that Sagitec incorporates by reference here. Sagitec provides the following additional facts here.

Defendant Sagitec is a global technology solutions company that delivers dynamic IT solutions to leading public and private organizations. In about 2013, Sagitec hired two individuals—David Minkkinen and Sivaraman Sambasivam—who previously worked for Plaintiff Deloitte. *See* D.I. 1 ¶¶41-42. Messrs. Minkkinen and Sambasivam are the named conduit for Sagitec's alleged acquisition of Deloitte information that Deloitte alleges is confidential trade secret or proprietary information. *Id*. ¶¶ 39, 41-43, 45, 48. The Government alleges that in October 2016, "legal counsel for Deloitte notified Sagitec by letter that Deloitte had reason to believe that Sagitec had misappropriated and was improperly using Deloitte intellectual property associated with its unemployment insurance product." Larus Decl. Ex. 1 ¶ 38. Deloitte chose not to file suit regarding these purported claims at the time.

In August 2022, Messrs. Minkkinen and Sambasivam were first indicted in the United States District Court of the Southern District of West Virginia for criminal misappropriation of trade secrets and other related alleged crimes. *See* D.I. 1 ¶ 52. Deloitte chose not file suit upon this indictment, but instead waited until March 2023 before filing the instant civil suit. D.I. 1.

## ARGUMENT

I.   **The Court Should Stay This Action Pending Resolution of the Related West Virginia Criminal Action.**

"It is not uncommon for a civil case to be stayed pending resolution of a related criminal case." *Reyes v. Freeberry*, 141 Fed. Appx. 49, 51 (3d Cir. 2005). "'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants ... [that] calls for the exercise of judgment, which must weigh competing interests and maintain an even

balance.'" *Maloney v. Gordon*, 328 F.Supp.2d 508, 511 (D. Del. 2004) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

Courts in Delaware consider two overarching factors in evaluating whether to stay a civil action in view of a related criminal action:

1.  "the status of the criminal case, including whether the defendants have been indicted"; and

2.  "the extent to which the issues in the criminal and civil cases overlap."

*See, e.g.*, *Bryer v. Jefferson*, C.A. No. 12-1028-GMS, 2013 WL 3753420, *1 n.1 (D. Del. July 8, 2013); *Maloney*, 328 F.Supp.2d at 511; *see also A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*, CV 12459-VCL, 2017 WL 5035497, *2 (Del. Ch. Nov. 2, 2017).

In addition to the two overarching factors, other factors that can be considered include:

1.  "the interest of the plaintiff in proceeding expeditiously with [its] case and any potential prejudice it may suffer from any delay;"

2.  "the burden upon the defendants from going forward with any aspects of the proceedings, in particular any prejudice to their rights;"

3.  "the convenience of the court and the efficient management of judicial resources;"

4.  "the interests of any non-parties;" and

5.  "the interest of the public in the pending civil and criminal litigation."

*A. Schulman*, 2017 WL 5035497 at *2; *see also Maloney*, 328 F.Supp.2d at 511. As set forth further below, these factors necessitate a stay in this case.

II.  **The Two Overarching Considerations Strongly Support Staying This Action Because the Criminal Defendants Have Already Been Indicted and the Issues Between the West Virginia Criminal Action and this Civil Case Overlap Significantly.**

The fact that there has already been an indictment in the related criminal action strongly favors a stay. *See* Larus Decl. Ex. 1. "[T]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Bryer*, 2013 WL 3753420, *1 n.1 (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998)). A stay is strongly favored here because not only has an indictment already been issued, but the criminal action is at an advanced stage—on appeal of dismissed claims. Larus Decl. Ex. 4; *see Bryer*, 2013 WL 3753420, *1 n.1; *Ford v. Telamon Corp*., CV K21C-02-005 NEP, 2021 WL 2550208 at *2 (Del. Super. Ct. June 17, 2021) (ruling case would be stayed as to movant so he need not answer complaint where first factor weighed in favor of granting stay because "[t]he criminal case is in an advanced stage, i.e., post-indictment and less than two months short of trial"). This is not a situation where a stay would be disfavored because an indictment has not been issued and "there is no way to predict when the criminal investigation would end" that would make the stay "relatively indefinite." *Bryer*, 2013 WL 3753420, *1 n.1 (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998)). The first overarching consideration strongly supports granting a stay.

The second overarching consideration, the extent to which the issues in the criminal and civil cases overlap, also strongly favors granting a stay. Deloitte's Complaint repeatedly references the West Virginia Criminal Action—and the same alleged theft of the same purported trade secrets at issue in the (now dismissed) claims of the West Virginia Criminal Action. Essentially mirroring the language of the original (and now superseded) indictment in the West Virginia Criminal Action, Deloitte's civil Complaint against Sagitec alleges that Messrs.

Minkkinen and Sambasivam misappropriated Deloitte's purported trade secrets relating to Deloitte's uFACTS, and subsequently used those purported trade secrets to develop software for Sagitec. *E.g.*, D.I. 1, *e.g.*, ¶¶ 4-5, 39, 52, 55, 78, 89. "[T]the actions of Minkkinen and Sambasivam described in the indictment," and Deloitte's alleged trade secrets, are cited as the basis for claims in this case against Sagitec. *Id.* ¶ 39; *see also id.* ¶ 55. As in *Tobin v. Gordon*, this civil action and the related criminal action "clearly overlap to a significant degree," as even "the Complaint in this case cross-references the indictment." *Tobin v. Gordon*, C.A. No. 04-1211-KAJ, 2004 WL 2915337, *1, *2 (D. Del. Dec. 15, 2004); *see also Ford*, 2021 WL 2550208 at *2 ("[T]he criminal and civil cases involve the same individuals and arose from the same instances of alleged . . . misconduct[.]"); *E.I. du Pont de Nemours and Co. v. Hou*, C.A. No. 17-224-RGA, 2017 WL 2531940, *1 (D. Del. June 9, 2017) ("The first factor, the extent to which the issues in the civil and criminal cases overlap, weighs in favor of granting the stay because the civil and criminal cases here involve the same issue—the alleged theft of Plaintiff's trade secrets." (internal quotation omitted)). Where, as here, there are "overlapping issues of fact" between the civil case and a related criminal case, "there is a risk of prejudice to the Defendants" that "weighs heavily in favor of granting a stay." *Maloney*, 328 F.Supp.2d at 512.

The overarching considerations, namely the advanced stage and appeal of the West Virginia Criminal Action, and the clear overlap of issues between the criminal and civil matters, strongly favor a stay of this civil proceeding.

### III.    Additional Factors Also Support Granting a Stay, Particularly Due to Prejudice Sagitec Faces Due to Witnesses Implicated in the Pending West Virginia Criminal Action.

The "interest of the plaintiff in proceeding expeditiously with [its] case and any potential prejudice it may suffer from any delay" and "the burden upon the defendants from going forward

with any aspects of the proceedings" factors support granting a stay. *A. Schulman,* 2017 WL 5035497 at *2. Particularly given the early stage of this civil suit, and the fact that key claims in the West Virginia Criminal Action have already been dismissed and are on appeal, a stay pending completion of the criminal action is not likely to prejudice Deloitte in any way. Deloitte delayed bringing this civil suit for nine years, and there is no compelling reason why this suit must proceed now. Significantly, Deloitte has been aware of the alleged misappropriation of its purported trade secrets since at least October 2016, when "legal counsel for Deloitte notified Sagitec by letter that Deloitte had reason to believe that Sagitec had misappropriated and was improperly using Deloitte intellectual property associated with its unemployment insurance product." Larus Decl. Ex. 1 ¶ 38. Deloitte similarly delayed bringing suit for six months following the original indictment in the West Virginia Criminal Action. *See* D.I. 1.

In view of Deloitte's substantial delay, any additional potential delay resulting from a stay will not prejudice Deloitte. Likewise, any alleged delay in bringing this motion now—as opposed to back in May—was stipulated to be without prejudice. D.I. 19 at 2. Even if Deloitte argues prejudice to itself that could shift the weight of the interest-of-the-plaintiff factor against granting a stay, that is "insufficient to overcome the several factors that weigh strongly in favor of a stay." *Tobin*, 2004 WL 2915337 at *2 (granting stay of civil action where there was an indictment in pending criminal action that clearly overlapped to a significant degree).

On the other hand, Sagitec would be severely prejudiced by having to go forward with the defense of the civil action now. The criminal case prejudices the civil case and Sagitec's rights because Sagitec cannot properly defend itself when key witnesses, including Mr. Minkkinen and Mr. Sambasivam and purported unnamed "persons known and unknown to the Grand Jury," are muted by Fifth Amendment concerns. Larus Decl. Ex. 1 ¶¶ 43, 47, 47.c, 49, 51.

9

Witnesses in the civil trial may also be witnesses in the criminal trial, and thus proceeding forward with the civil case at this time would prejudice Sagitec's ability to timely obtain information necessary to answer the Complaint or provide discovery. *See Maloney*, 328 F.Supp.2d at 512 (not staying civil case would prejudice party's ability "to adequately prepare for their civil case" and may force "invoking [of] Fifth Amendment rights sooner than they ought"). Proceeding with the civil case now would also force Sagitec into a position where it cannot obtain evidence from witnesses that Sagitec does not control if they invoke their Fifth Amendment rights. That scenario is even more likely because the Superseding Indictment does not expressly identify the "persons known and unknown to the Grand Jury," leaving prospective witnesses to guess at whether they are potential targets in the West Virginia Criminal Action. Larus Decl. Ex. 1 ¶¶ 43, 47, 47.c, 49, 51. Sagitec may even be subject to adverse inferences due to third parties' exercise of their Fifth Amendment rights. That outcome would be highly prejudicial to Sagitec, especially since a stay would likely limit or avoid witnesses' invocation of their Fifth Amendment rights.

The convenience of the court and the efficient management of judicial resources also favor granting the stay. "The court has an interest in the efficient resolution of its cases, and, while it understands that staying this action will result in some delay . . . proceeding with discovery under the shadow of the criminal action would actually create greater inefficiency." *Bryer,* 2013 WL 3753420, at *1 n. 1. "Staying this case is better for judicial efficiency. If the civil action is stayed until the conclusion of the West Virginia Criminal Action, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case." *Maloney*, 328 F. Supp. at 513. "Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to

litigate some or all of the issues in this case." *Id.* "Thus, staying this case preserves judicial resources" and "weighs in favor of granting a stay." *Id.*

Interests of non-parties and the public also favor granting a stay here. "Civil proceedings, if not deferred, can undermine a [criminal] defendant's rights, including the privilege against self-incrimination under the Fifth Amendment of the United States Constitution." *Maloney*, 328 F.Supp.2d at 512. "The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigation." *Id.* at 513 (internal quotation omitted). "[T]here is no harm to the public interest in granting a stay of the civil case. . . . Rather, a stay in this case would benefit the public by allowing the criminal prosecution . . . to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case." *Id.* Non-party and public interests favor a stay here.

## CONCLUSION

For the reasons set forth herein, Defendant's motion to stay should be granted and this matter stayed until completion of the *United States v. Minkkinen and Sambasivam, et al.*, Crim. No. 2:22-cr-00163 (S.D.W.V.) action.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

OF COUNSEL:

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

Christopher K. Larus                    Robert Vrana (No. 5666)
David A. Prange                         Rodney Square
Rajin S. Olson                          1000 North King Street
Brandon A. Carmack                      Wilmington, DE 19801
ROBINS KAPLAN LLP                       (302) 571-6600
800 LaSalle Avenue                      agaza@ycst.com
Minneapolis, MN 55402                   rvrana@ycst.com
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com                *Attorneys for Defendant*
rolson@robinskaplan.com                 *Sagitec Solutions, LLC*
bcarmack@robinskaplan.com


Dated: July 27, 2023

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 27, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

<u>BY EMAIL</u>

OF COUNSEL:

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting LLPand Deloitte Development LLC*

*/s/ Anne Shea Gaza*
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*