IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and | ) | |
| DELOITTE DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-325-WCB |
| | ) | |
| SAGITEC SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF DELOITTE'S ANSWERING BRIEF TO
## DEFENDANT SAGITEC'S MOTION TO STAY

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: August 10, 2023

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiffs Deloitte Consulting LLP*
*and Deloitte Development LLC*

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS ............................................................1

II.     SUMMARY OF ARGUMENT ...................................................................................1

III.     STATEMENT OF FACTS ........................................................................................4

IV.     ARGUMENT ...........................................................................................................5

       A.     Factor One: As Sagitec Has Not Been Indicted, the Status of the Criminal Case Weighs Against a Stay .................................................................6

       B.     Factor Two: The Lack of Complete Overlap Between the Cases Weighs Against a Stay ..........................................................................................8

       C.     Factor Three: Deloitte's Interest in Expeditiously Protecting Its Intellectual Property Rights Weighs Against a Stay ...............................................10

       D.     Factor Four: Sagitec's Inability to Identify a Cognizable Burden Weighs Against a Stay ..........................................................................................11

       E.     Factor Five: As Sagitec's Request Has No Defined End Point, the Interests of the Court Weigh Against a Stay ........................................................13

       F.     Factor Six: The Public's Interest In Protecting Intellectual Property Weighs Against a Stay .............................................................................15

V.     CONCLUSION ......................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*In re 650 Fifth Avenue*,
No. 08 Civ. 10934, 2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ..........................3, 7, 10, 12

*A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*,
No. 12 Civ. 4590, 2017 WL 5035497 (Del. Ch. Nov. 2, 2017)...............................................8

*Bimbo Bakeries USA v. Botticella*,
613 F.3d 102 (3d Cir. 2010).......................................................................................................15

*Braswell v. United States*,
487 U.S. 99 (1988).................................................................................................................2, 11

*Breyer v. Jefferson*,
No. 12 Civ. 1028-GMS, 2013 WL 3753420 (D. Del. July 8, 2013).......................................8

*CFL Techs. LLC v. Osram Sylvania, Inc.*,
No. 18 Civ. 01445-RGA, 2019 WL 2995815 (D. Del. July 8, 2019)....................................14

*Chervon (HK) Ltd. v. One World Techs., Inc.*,
No. 19 Civ. 1293-GBW, 2022 WL 14812531 (D. Del. Oct. 26, 2022)................................15

*Citibank N.A. v. Super Sayin' Publ'g LLC*,
86 F. Supp. 3d 244 (S.D.N.Y. 2015)........................................................................................6

*Cress v. City of Ventor*,
No. 08 Civ. 1873, 2009 WL 750193 (D.N.J. Mar. 18, 2009)..........................................5, 6, 8

*Davol, Inc. v. Atrium Med. Corp.*,
No. 12 Civ. 958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013)....................................10

*E.I. du Pont de Nemours & Co. v. Hou*,
No. 17 Civ. 224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) ..........................6, 8, 10, 15

*Ford v. Telamon Corp.*,
No. 21 Civ. 005, 010 NEP, 2021 WL 2550208 (Del. Sup. Ct. June 17, 2021) ..............6, 8, 10

*George Campbell Painting Corp. v. Reid*,
392 U.S. 286 (1968)...................................................................................................................12

*Gran Sabana Corp. v. Kossoff*,
No. 21 Civ. 3154, 2021 WL 3666116 (S.D.N.Y. Aug. 17, 2021) ...................................6, 8, 10

*Holland v. Bramble*,
  638 F.Supp.2d 429 (D. Del. 2009).........................................................................14

*Laborers' Int'l Union of N. Am. V. Foster Wheeler Corp.*,
  26 F.3d 375 (3d Cir. 1994)....................................................................................15

*Louis Vuitton Malletier S.A. v. LY USA., Inc.*,
  676 F.3d 83 (2d Cir. 2012)..................................................................................1, 6

*Maloney v. Gordon*,
  328 F. Supp. 2d 508 (D. Del. 2004)..............................................................8, 15, 16

*Rex & Roberta Ling Living Trust v. B Commc'ns Ltd.*,
  346 F. Supp. 3d 389 (S.D.N.Y. 2018)...................................................................12

*Reyes v. Freeberry*,
  141 F. App'x 49 (3d Cir. 2005) ...............................................................................8

*Ryan v. Johnson*,
  115 F.3d 193 (3d. Cir. 1997)...................................................................................8

*S.E.C. v. First Jersey Sec., Inc.*,
  No. 85 Civ. 8585, 1987 WL 8655 (S.D.N.Y. Mar. 26, 1987) ....................2, 11, 12

*Sanitec Indus., Inc. v. Sanitec Worldwide*,
  376 F. Supp. 2d 575 (D. Del. 2005).........................................................................8

*Sibert v. Phelan*,
  901 F. Supp. 183 (D.N.J. 1995) .............................................................................14

*St. Clair Intell. Prop. Consul. Inc. v. Fujifilm Holdings Corp.*,
  No. 08 Civ. 373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009) .............10, 13

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
  175 F. Supp. 2d 573 (S.D.N.Y. 2001).......................................................................6

*Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*,
  No. 12 Civ. 3252, 2016 WL 3267285 (D.N.J. June 8, 2016) .....................11, 13, 14

*Tobin v. Gordon*,
  No. 04 Civ. 1211-KAJ, 2004 WL 2915337 (D. Del. Dec. 15, 2004) .......................8

*United States v. Hsu*,
  155 F.3d 189 (3d Cir. 1998)....................................................................................9

*United States v. Kordel*,
  397 U.S. 1 (1970)...............................................................................................5, 13

*United States v. Martin*,
  228 F.3d 1 (1st Cir. 2000) ...................................................................................9

*United States v. Nosal*,
  844 F.3d 1024 (9th Cir. 2016) ............................................................................9

*USA v. Arteaga-Centeno*,
  360 F. Supp. 3d 1022 (N.D. Cal. 2019) .............................................................9

*In re Worldcom, Inc. Sec. Litig.*,
  No. 02 Civ 3288, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002).........................6

*Zoetics, Inc. v. YAHOO!, Inc.*,
  No. 06 Civ. 108-JJF, 2006 WL 1876912 (D. Del. July 6, 2006) .........................13

Rules

L.R. 7.1.3 ....................................................................................................................15

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Defendant Sagitec Solutions LLC ("Sagitec") moves to stay this litigation pending completion of a related criminal action.  D.I. 35 ("Motion" or "Mot.").  Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") oppose.

## II.    SUMMARY OF ARGUMENT

Deloitte brought this civil litigation to stop Sagitec's continued misappropriation and infringement of the intellectual property that protects Deloitte's uFACTS unemployment insurance solution.  Separate from Deloitte's civil complaint against Sagitec, the Government criminally indicted two former Deloitte employees, David Minkkinen and Sivaraman Sambasivam, in the Southern District of West Virginia (the "Indicted Individuals").  The Indicted Individuals were charged with conspiracy, wire fraud, and making false statements to the Government.  *See United States v. Minkkinen*, Dkt. 186 (Superseding Indictment), No. 2:22-cr-00163 (W.D. Va.) (the "Criminal Case").  In contrast with the Indicted Individuals, Sagitec has ***not*** been indicted, and concedes that the Criminal Case "has now been stayed indefinitely" pending an "appeal of certain dismissed claims."  Mot. 3 ¶ 3.  Nevertheless, it seeks to use that separate litigation as a basis to delay taking responsibility for its own trade secret misappropriation and copyright infringement by moving this Court for a stay until the Criminal Case reaches a final resolution.  Such an outcome would be grossly unfair to Deloitte, which has a right to pursue civil redress for Sagitec's brazen and harmful conduct.

In any event, Sagitec fails to discharge the heavy burden it faces in justifying the "extraordinary remedy" of staying a civil case until the conclusion of a criminal prosecution. *Louis Vuitton Malletier S.A. v. LY USA., Inc.*, 676 F.3d 83, 92–98 (2d Cir. 2012).  Indeed, it suffers from a fundamental and incurable flaw: such motions are granted based on concerns that the moving party may be forced to invoke in the civil litigation his Fifth Amendment protection

against self-incrimination, but as the Supreme Court has made clear, corporations, like Sagitec, "are not protected by the Fifth Amendment." *Braswell v. United States*, 487 U.S. 99, 102–103 (1988). Thus, as **Sagitec has no Fifth Amendment rights** to assert, **is not a defendant in the Criminal Case**, and seeks an **indefinite** stay of this civil litigation, it cannot establish undue prejudice due to interference with its constitutional rights. As a result, each of the stay factors weighs against granting Sagitec's motion.

**First**, as to the status of the criminal case, courts frequently deny stays solely on the ground that the civil defendant has not been indicted, because it is speculative and uncertain whether he would invoke his Fifth Amendment rights. Sagitec has no such rights and is not a defendant in the Criminal Case. Moreover, it cannot assert the constitutional rights of the non-party Indicted Individuals. Thus, this Court can deny Sagitec's pre-indictment request for a stay for this reason alone.

**Second**, as to overlap between cases, this factor does not support a stay unless the issues completely overlap. Here, however, there is no overlap at all. Sagitec is not a defendant in the Criminal Case and, in any event, the Government's charges in the Criminal Case differ from Deloitte's claims in this litigation. As to two of Mr. Minkkinen's false statement charges, those relate to his statements to the Government, not to Deloitte's intellectual property. As to the other claims, they have been dismissed due to prosecutorial delay and, thus, are not presently part of the Criminal Case. Moreover, even the dismissed criminal charges differ from Deloitte's claims as they turn on whether the Indicted Individuals believed the information they conspired to take was confidential, not whether it constituted a trade secret or whether it was misappropriated. As the Third Circuit has held, conspiracy does not require proof that the defendants sought to steal actual trade secrets. And, perhaps most significantly, Deloitte's civil case involves the additional

claims of copyright infringement, unfair competition, and unjust enrichment, which further distinguishes it from the Criminal Case.  Sagitec's Motion is silent on all of this.

*Third*, as to Deloitte's interests, the indefinite stay Sagitec seeks is necessarily prejudicial to Deloitte.  Sagitec stole and used Deloitte's copyrighted software and related trade secrets, and then actively misled Deloitte about its actions.  It is ironic, to say the least, that Sagitec now attempts to blame Deloitte for not suing Sagitec sooner.  As Sagitec well knows, the parties jointly entered into a tolling agreement to explore a negotiated resolution, during the pendency of which certain additional facts (which Sagitec had not been truthful about previously) became clear.  Notably, even now that Sagitec's actions have come to light and it has been sued, it shamelessly *continues* to sell its infringing Neosurance solution around the country, including here in Delaware.  A further delay, while Sagitec continues to violate Deloitte's intellectual property rights, is precisely the kind of prejudice for which courts refuse to stay civil litigation.  That is especially true in light of the current appeal in the Criminal Case, which could take months, or longer, to resolve.

*Fourth*, as to the burden on Sagitec, Sagitec has raised no cognizable interest that justifies a stay.  ***Unlike the defendant in each case Sagitec cites***, Sagitec is not defending both a criminal and civil action at the same time.  Moreover, Sagitec has no Fifth Amendment right, and it cannot shield itself using its employees' Fifth Amendment privileges, much less those of its former employees.  Sagitec has documents it can produce, and many other employees who have not been indicted who can testify for it.  Sagitec's burden is thus no different from any other corporate civil defendant who might attempt to obtain testimony from a witness who could invoke his Fifth Amendment privilege.  Such circumstances simply do not justify a stay.

*Fifth*, as to the interests of the Court, the Court has an interest in advancing its docket,

and there are no efficiencies that weigh in favor of a stay. Sagitec's assertion that claims and discovery in this case could be narrowed based on outcomes of the criminal proceeding are entirely unsupported, either in fact or in law. Neither Sagitec nor Deloitte are parties to the criminal case, and there is no substantive trade secret claim, leaving it speculative at best whether any issues related to this civil litigation will even be addressed in the non-parallel criminal case. A criminal prosecution to which neither Deloitte nor Sagitec are parties certainly would have no preclusive effect on this Court.

*Sixth*, as to the interests of the public, the public has an overarching interest in protecting intellectual property rights and upholding the inviolability of trade secrets, which is precisely what Deloitte's civil lawsuit seeks. Sagitec stole Deloitte's intellectual property and brazenly used it to develop its directly competing product. Even after details of its actions became public, it continued to market its infringing solution across the country, including here in Delaware. The public has a strong interest in safeguarding intellectual property rights and ending Sagitec's ongoing misappropriation, just as it has an interest in seeing the wheels of justice turning, rather than halted for an indeterminate period of time. These factors, too, weigh against a stay.

None of the stay factors support granting Sagitec's motion. It is time for Sagitec's pre-discovery efforts at delay to end, and for this case to move forward. Pressing pause—for an indefinite period of time and with no justifiable reason for doing so—is not the answer, and Sagitec has not satisfied its burden to demonstrate otherwise. Sagitec's motion should be denied.

## III.  STATEMENT OF FACTS

**This Civil Lawsuit:** Deloitte developed the uFACTS solution and framework to help state governments efficiently provide unemployment insurance benefits to their residents. D.I. 1 (Compl.) ¶ 2. To compete with Deloitte, Sagitec infringed the uFACTS copyrights and stole the related trade secrets to develop its Neosurance software. *Id.* ¶ 1. In March 2023, Deloitte filed a

civil lawsuit, naming only Sagitec as a defendant, alleging Sagitec's misappropriation of trade secrets, copyright infringement, unfair competition, and unjust enrichment. *Id.*

      **The Criminal Case:**  Following a government investigation, in August 2022, David Minkkinen and Sivaraman Sambasivam were indicted. *Id.* ¶ 52. Sagitec was not named as a criminal defendant. Following months of discovery, the Government returned a Superseding Indictment in May 2023. *See* D.I. 36-01. The Superseding Indictment does not charge the Indicted Individuals with trade secret misappropriation, copyright infringement, unfair competition, or unjust enrichment. *Id.* Sagitec has not been charged with any crimes. *Id.* Instead, the indictment charges the Indicted Individuals with conspiracy to misappropriate trade secrets, wire fraud, and making false statements to government investigators. *Id.*

      On June 26, 2023, citing prosecutorial delay, the court in the Criminal Case dismissed all but two charges of making false statements to government investigators against Mr. Minkkinen. D.I. 36-02. The Government appealed to the Fourth Circuit, and the court meanwhile indefinitely stayed the Criminal Case until the appeal is complete. D.I. 36-03. Briefing has not yet begun in the appeal, and there is no indication when the Fourth Circuit will render an opinion, what it will be, or how the district court case will proceed.

## IV.    ARGUMENT

      Courts are not constitutionally required to stay a civil case while a related criminal proceeding is pending. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). When ruling on a motion to stay civil litigation due to a related criminal case, courts weigh several factors, including: (1) the status of the case, including whether the defendant has been indicted; (2) the overlap between the criminal and civil cases; (3) the plaintiff's interest in proceeding expeditiously and any prejudice caused by delay; (4) the burden on the defendant and any non-parties; (5) the interests of the court; and (6) the interests of the public. *Cress v. City of Ventor*,

No. 08 Civ. 1873, 2009 WL 750193, at * 2 (D.N.J. Mar. 18, 2009). Sagitec, as the party seeking

a stay, has the burden to demonstrate that these factors weigh in favor of such "an extraordinary

remedy." *Louis Vuitton*, 676 F.3d at 92–98. Sagitec has failed to show that **any** of them favors

granting a stay.

### A.     Factor One: As Sagitec Has Not Been Indicted, the Status of the Criminal Case Weighs Against a Stay

The first stay factor considers the status of the criminal case. Yet, although Sagitec

ignores this critical fact, a stay of a civil case is reserved for when "a criminal indictment has

been returned . . . ***against the proponent of the stay***." *Cress*, 2009 WL 750193, at * 2 (emphasis

added). When, as here, the civil defendant is not indicted, "a stay is not appropriate." *Citibank*

*N.A. v. Super Sayin' Publ'g LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015). Even Sagitec's own

authority confirms that "[pre-indictment] requests for a stay are generally denied." *E.I. du Pont*

*de Nemours & Co. v. Hou*, No. 17 Civ. 224-RGA, 2017 WL 2531940, at *1 (D. Del. June 9,

2017) (alteration in original). This is because a stay "pending a criminal prosecution that may

never be brought" makes the effect and length of a delay on the civil case uncertain and

"potentially indefinite." *Gran Sabana Corp. v. Kossoff*, No. 21 Civ. 3154, 2021 WL 3666116, at

*2 (S.D.N.Y. Aug. 17, 2021).

Here, Sagitec has not been indicted. Thus, a stay is not appropriate. *See In re Worldcom,*

*Inc. Sec. Litig.*, No. 02 Civ. 3288, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002) (denying stay to

unindicted defendants); *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577

(S.D.N.Y. 2001) (denying stay to unindicted defendants and noting that, pre-indictment, "the

likelihood that an [unindicted] civil party can make the necessary showing to obtain the

'extraordinary' remedy of a stay is inevitably much reduced"); *Ford v. Telamon Corp.*, No. 21

Civ. 005, 010 NEP, 2021 WL 2550208 (Del. Sup. Ct. June 17, 2021) (denying stay against

unindicted corporate defendant).  Additionally, the conspiracy and wire fraud charges in the

Criminal Case have been dismissed, removing them from the case altogether, *see infra* 9; and the

case has been stayed indefinitely pending appeal, *see infra* 10.

Hoping to deflect from the fact that Sagitec has not been indicted, Sagitec erroneously

focuses on the criminal case against the Indicted Individuals.  Mot. 7.  But even when a

corporation's employees are indicted,[1] a stay against the corporation in a civil litigation is not

warranted.  *In re 650 Fifth Avenue* is instructive.  There, an unindicted company moved to stay a

civil litigation because its employees were indicted in a criminal case and might invoke their

Fifth Amendment rights.  No. 08 Civ. 10934, 2011 WL 3586169, at *8 (S.D.N.Y. Aug. 12,

2011).  The court denied the motion, explaining that because the company had "no right to

remain silent," it "hardly face[d] the 'dilemma' of whether to 'remain silent.'"  *Id.* at *6.

Moreover, although the company's "employees [might] assert their Fifth Amendment privilege

rather than testify on [the company's] behalf," the court determined that it did not make the

company's "situation any more dire or unfair than that of any other party who cannot find

witnesses to testify on his behalf."  *Id.* at *7.  Where "no individual, never mind a party to" the

civil action, "has been indicted," there are "no efficiencies to be gained by staying the action as

to indicted individuals' corporate employer."  *Id.* at *8.

Sagitec's cited cases are not to the contrary.  Every one of them involved an individual

who himself was both a party to the civil litigation and subject to a criminal indictment or

---

[1] Sagitec suggests that the Indicted Individuals are current Sagitec employees, but it previously

represented them as "former Sagitec employees."  D.I. 22 (Def.'s Rpl. Mot. re More Definite

Statement) at 3.  Whatever Sagitec's story today, it cannot rely on the individuals' indictment.

complaint. *See Reyes v. Freeberry*, 141 F. App'x 49 (3d Cir. 2005) (individual civil defendant was criminally indicted); *Maloney v. Gordon*, 328 F. Supp. 2d 508 (D. Del. 2004) (same); *E.I. du Pont*, 2017 WL 2531940 (defendant was criminally indicted); *Breyer v. Jefferson*, No. 12 Civ. 1028-GMS, 2013 WL 3753420 (D. Del. July 8, 2013) (individual plaintiff was criminally indicted); *Tobin v. Gordon*, No. 04 Civ. 1211-KAJ, 2004 WL 2915337 (D. Del. Dec. 15, 2004) (same); *A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*, No. 12 Civ. 4590, 2017 WL 5035497 (Del. Ch. Nov. 2, 2017) (same, nevertheless denying stay); *Ford*, 2021 WL 2550208 (same, partially granting a stay but permitting discovery to proceed against unindicted corporate defendant). As Sagitec is an unindicted corporation, this factor weighs heavily against granting a stay.

**B.      Factor Two: The Lack of Complete Overlap Between the Cases Weighs Against a Stay**

The second stay factor considers whether the issues in parallel civil and criminal proceedings "***completely*** overlap." *Cress*, 2009 WL 750193, at * 2 (emphasis added). Proceedings are considered parallel "when they involve the same parties and claims." *Sanitec Indus., Inc. v. Sanitec Worldwide*, 376 F. Supp. 2d 575 (D. Del. 2005) (citing *Ryan v. Johnson*, 115 F.3d 193, 196 (3d. Cir. 1997)). When they do not completely overlap, a stay is not warranted. *Cress*, 2009 WL 750193, at * 2.

Here, Sagitec has not been indicted and neither of the Indicted Individuals was sued by Deloitte. Thus, there is no parallel criminal case and, necessarily, no overlap. *See Gran Sabana*, 2021 WL 3666116, at *3 (denying stay when civil defendant not criminally indicted, noting "where a civil defendant has not been indicted, it is difficult for a court to assess precisely the extent to which the criminal and civil matters overlap"); *Cress*, 2009 WL 750193, at *2 (denying stay when plaintiff's claims "overlap in some but not all" aspects because they involve additional

8

parties not involved in related criminal proceeding).

Although Sagitec cannot rely on the charges against the Indicted Individuals, it is noteworthy that even the Government's charges against the Indicted Individuals do not "completely overlap" with Deloitte's claims against Sagitec. Deloitte sued Sagitec for trade secret misappropriation, copyright infringement, unfair competition, and unjust enrichment. D.I. 1 (Compl.). By contrast, the only two charges that currently remain in the Criminal Case are against Mr. Minkkinen for allegedly making false statements to the Government. No such claim has been made here, nor could it be. As to the conspiracy, wire fraud, and remaining false statement charges, the court in the Criminal Case dismissed them, and so neither of the Indicted Individuals are currently charged with those offenses. D.I. 36-02 (*United States v. Minkkinen*, Dkt. 278, No. 2:22-cr-00163 (W.D. Va.)) at 22-27. Thus, they cannot be considered in determining whether an overlap exists. *Cf. USA v. Arteaga-Centeno*, 360 F. Supp. 3d 1022, 1024–25 (N.D. Cal. 2019) (defendant is "not charged with an offense" when trial court dismisses it and government appeals). In any case, the conspiracy charge does not require "proof that the defendants sought to steal actual trade secrets," instead it turns on the Indicted Individuals' state of mind, which is not at issue here. *See United States v. Hsu*, 155 F.3d 189, 203–04 (3d Cir. 1998) (defendant can be convicted "even if his intended acts were legally impossible," because "proof that the defendants sought to steal actual trade secrets is not an element"); *see also United States v. Nosal*, 844 F.3d 1024, 1044–45 (9th Cir. 2016) (noting that the key question "is whether [the defendant] intended to steal secrets, not whether he actually did") (citing *United States v. Martin*, 228 F.3d 1, 13 (1st Cir. 2000) (alteration in original) (collecting cases). Thus, it is different from Deloitte's trade secret claim for that reason as well. The absence of the required "complete overlap" between the Criminal Case and this case also weighs against a stay.

**C.      Factor Three: Deloitte's Interest in Expeditiously Protecting Its Intellectual Property Rights Weighs Against a Stay**

The third stay factor considers "the interest of the plaintiff in proceeding expeditiously with [its] case and any potential prejudice it may suffer from any delay." *Ford*, 2021 WL 2550208, at * 2 (alteration in original). As Sagitec's own authority notes, a trade secret plaintiff like Deloitte has "a clear interest in having discovery occur, for it is essential for Plaintiff to determine the magnitude and extent of the theft, including what [the defendant] did with Plaintiff's trade secrets." *E.I. du Pont*, 2017 WL 2531940, at *2 (internal quotations omitted). Sagitec stole Deloitte's uFACTS solution and, using Deloitte's copyrights and trade secrets, developed its competing Neosurance solution. For that reason alone, this factor "heavily favors denying the stay." *Id*. The concern is even more pronounced here, however, as the parties have directly competing products in the marketplace. In such circumstances, courts are particularly reluctant to stay proceedings. *See Davol, Inc. v. Atrium Med. Corp.*, No. 12 Civ. 958-GMS, 2013 WL 3013343, at *3 (D. Del. June 17, 2013).

Moreover, Sagitec's proposed stay has no end date. Sagitec admits that the Criminal Case has been "stayed indefinitely," Mot. 3, and the ultimate outcome is unknown and speculative, precisely the type of stay that courts have held prejudices a plaintiff. *See Gran Sabana*, 2021 WL 3666116, at *2 (finding prejudice to the plaintiff "greater" when "the delay of the proceedings from a stay . . . is potentially indefinite"); *650 Fifth Ave.*, 2011 WL 3586169, at *4 (finding "the delay imposed on the plaintiff is potentially indefinite" because "there is no telling" how the government will proceed moving forward). Indeed, when a criminal case is on appeal, the outcome is particularly "speculative and the time frame for adjudication of any such appeal is also uncertain." *St. Clair Intell. Prop. Consul. Inc. v. Fujifilm Holdings Corp.*, No. 08 Civ. 373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (denying stay motion).

Evidently recognizing that this factor weighs heavily against a stay, Sagitec attempts to turn the tables by blaming *Deloitte* for not suing it soon enough. Mot. 9. That position is, frankly, ridiculous. As Deloitte's Complaint explains, Sagitec actively **misled** Deloitte, not only by repeatedly denying its own wrongdoing, but also falsely claiming that its own inspection of its Neosurance solution found no misappropriation. D.I. 1 (Compl.) ¶¶ 6–7. To make matters worse, Deloitte entered into a tolling agreement, in good faith, to explore a negotiated resolution of its claims. Then, when the indictment in the Criminal Case was unsealed, Deloitte discovered additional facts that Sagitec had been misleading Deloitte about all along. Deloitte promptly sued thereafter and intends to prosecute its claims expeditiously to vindicate its rights. Prejudice to Deloitte, therefore, also weighs heavily against granting any stay here.

### D. Factor Four: Sagitec's Inability to Identify a Cognizable Burden Weighs Against a Stay

The fourth stay factor concerns the burden on the defendant. As discussed above, when courts consider whether to grant stays due to a parallel criminal proceeding, they are animated by concerns that a party might invoke the Fifth Amendment protections against self-incrimination while the criminal charges are pending. No such concerns exist with regard to a corporation, however, because it is "not protected by the Fifth Amendment." *Cf. Braswell*, 487 U.S. at 102; *see Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, No. 12 Civ. 3252, 2016 WL 3267285, at *4–5 (D.N.J. June 8, 2016) (denying stay, noting that the Fifth Amendment privilege against self-incrimination does not extend to the corporate party); *S.E.C. v. First Jersey Sec., Inc.*, No. 85 Civ. 8585, 1987 WL 8655, at *5 (S.D.N.Y. Mar. 26, 1987) (denying a stay, collecting cases, and noting that "the privilege against compulsory self-incrimination is a personal one, available only to natural individuals and not to corporations").

As a result, Sagitec cannot rely on its own Fifth Amendment rights because they do not

exist.  It also cannot rely on the Indicted Individuals' Fifth Amendment rights.  Just as a corporation cannot avail itself of the privilege against self-incrimination, it also "cannot take advantage of an allegedly unconstitutional burden placed on its individual employees" and thus "lacks standing to assert the privilege on behalf of its officers, directors, and agents." *First Jersey*, 1987 WL 8655, at *5 (citing *George Campbell Painting Corp. v. Reid*, 392 U.S. 286, 289 (1968)).  Moreover, although Sagitec claims that it will be prejudiced if one of the Indicted Individuals invokes his Fifth Amendment rights, Mot. 9, courts routinely deny motions to stay under such circumstances as it is no more burdensome than any litigant facing the possibility of unavailable witnesses.  *See 650 Fifth Ave.*, 2011 WL 3586169, at *7 (denying motion to stay where movant argued its "employees may assert their Fifth Amendment privilege rather than testify" because it does not make the "situation any more dire or unfair than that of any other party who cannot find witnesses to testify on his behalf"); *see also Rex & Roberta Ling Living Trust v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 412 (S.D.N.Y. 2018) (denying motion to stay as defendant's prejudice "rests on its fear that the inability of *other* witnesses to testify will hamper its ability to prove its case," and "before discovery has even begun, it is speculative to think that [the defendant] will be deprived of critical evidence if this litigation proceeds" (emphasis in original)).[2]

        As a global company with many employees, Sagitec can have any of its unindicted employees serve as its witnesses and can produce documents which will speak for themselves. *See 650 Fifth Ave.*, 2011 WL 3586169, at *12 (noting a corporation must show "that there was

---

[2] Additionally, the Indicted Individuals are, seemingly, Sagitec's **former** employees.  *See supra* 6 n.1.  Thus, Sagitec cannot guarantee their testimony anyway.

no authorized person who could answer [discovery on behalf of the corporation] without the possibility of self-incrimination" (citing *Kordel*, 397 U.S. at 9)). Any other burden is speculative, and Sagitec has not raised any additional arguments in its support. This factor weighs against granting a stay.

### E. Factor Five: As Sagitec's Request Has No Defined End Point, the Interests of the Court Weigh Against a Stay

The fifth stay factor is this Court's interest. A court has "an interest i[n] resolving individual cases efficiently and effectively managing its caseload." *Strategic Env't Partners,* 2016 WL 3267285, at *5 (internal quotations omitted). As a result, when a proposed stay would be "indefinite," this factor "weighs against granting the stay." *Id*. And when a court considers a stay due to a separate court proceeding, this factor weighs against a stay if it is only speculative whether the other proceeding would address relevant questions. *Cf. Zoetics, Inc. v. YAHOO!, Inc.*, No. 06 Civ. 108-JJF, 2006 WL 1876912, at *5 (D. Del. July 6, 2006) (denying stay when separate proceeding only "*may*" address relevant questions as it "leaves too much uncertainty to substantially advance the judicial economy") (emphasis in original).

Sagitec requests a stay until the conclusion of the Criminal Case, which has had many charges dismissed and is itself (in Sagitec's own words) "stayed indefinitely pending . . . appeal." Mot. 3. As a result, if Sagitec's requested stay is granted, it too would be indefinite. This weighs against a stay. *St. Clair*, 2009 WL 192457, at *6 (D. Del. Jan. 27, 2009). Moreover, because of the differences between this civil litigation and the Criminal Case, *see supra* 8, it is speculative at best whether any issues related to this civil litigation will even be

addressed in the non-parallel Criminal Case.[3]  With no end in sight to the Criminal Case, and no idea whether it will ever have any effect on this case, this factor weighs against a stay. *Strategic Env't Partners,* 2016 WL 3267285, at *5 (denying proposed indefinite stay).[4]

Although Sagitec argues that staying this case might reduce the need to make discovery disputes involving issues "that may affect the criminal case," Mot. 8, it does not explain or even offer a single example of a discovery dispute that would be simplified were the civil litigation stayed while the non-parallel Criminal Case waited for its own appeal process.  The Criminal Case's conspiracy charges have been dismissed and the case is stayed pending appeal.  It is not clear how waiting on the Criminal Case will obviate or simplify any discovery disputes at all (particularly any related to document discovery), and Sagitec does not explain with any

---

[3] Indeed, neither claim nor issue preclusion will apply between Deloitte's civil litigation and the Criminal Action at least because Deloitte is not a party and is not represented in the Criminal Action and the causes of action are not the same.  *See CFL Techs. LLC v. Osram Sylvania, Inc.*, No. 18 Civ. 01445-RGA, 2019 WL 2995815, *3–4 (D. Del. July 8, 2019) (noting claim preclusion applies only when prior suit involves same parties; issue preclusion applies only when party to be precluded was "fully represented in the prior action"); *Sibert v. Phelan*, 901 F. Supp. 183, 186 (D.N.J. 1995) (claim preclusion does not apply when first action is criminal and second is civil); *cf. Holland v. Bramble*, 638 F.Supp.2d 429, 432 (D. Del. 2009) (issue preclusion in civil case does not apply based on criminal case acquittal because of differences in burden of proof).

[4] Sagitec also suggests that, because the Indictment "does not expressly identify the 'persons known and unknown to the Grand Jury,'" there might be other witnesses who could be indicted. Mot. 10.  That is precisely the kind of speculative concern that is insufficient to warrant a stay.

specificity what they would be.[5]

As this Court has an interest in moving its docket forward and Sagitec has not identified a non-speculative reason for it not to do so, this factor weighs against a stay.

### F.	Factor Six: The Public's Interest In Protecting Intellectual Property Weighs Against a Stay

The final stay factor is the public interest, which as Sagitec's own authority acknowledges, is "in upholding the inviolability of trade secrets and enforceability of confidentiality agreements." *E.I. du Pont*, 2017 WL 2531940, at *2 (quoting *Bimbo Bakeries USA v. Botticella*, 613 F.3d 102, 119 (3d Cir. 2010)).

That is unambiguously what Deloitte's civil lawsuit here does.  Sagitec stole Deloitte's valuable intellectual property, used it to build and market a directly competing product, misled both Deloitte and government investigators about its theft, and then, even after details of its actions became public, continued to market the infringing software around the country.  D.I. 1 (Compl.).  Rather than fairly compete in the marketplace, Sagitec chose to profit off the back of Deloitte's investments and ingenuity.  Here, in Delaware, Sagitec sold and continues to market its infringing software solution.  D.I. 37 (Pl.'s Opp. Mot. Dism.) at 3–7.

*Maloney*, on which Sagitec relies, merely stands for the proposition that where both a

---

[5] By not raising these issues in its opening motion, Sagitec has waived them.  *See Laborers' Int'l Union of N. Am. V. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); D. Del. L.R. 7.1.3(c)(2); *see also, e.g.*, *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. 19 Civ. 1293-GBW, 2022 WL 14812531, at *2 (D. Del. Oct. 26, 2022) (Local Rule 7.1.3 exists "to prevent litigants from engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond").

criminal and civil case seek to advance the "same interests" due to an "overlap between the cases," the public's interest supports allowing the criminal case to proceed. *Maloney v. Gordon*, 328 F. Supp. 2d 513–14. As discussed above, however, the Criminal Case involves different parties and different claims, *see supra* 8, and it will not stop Sagitec's ongoing misappropriation and infringement, *see supra* 10. As the public has an unambiguous interest in protecting Deloitte's valuable intellectual property and stopping Sagitec's ongoing misappropriation and infringement, this factor decisively weighs against granting a stay.

## V.    CONCLUSION

For the foregoing reasons, Deloitte respectfully requests the Court deny Sagitec's motion to stay this case and, as the other pending motions do not affect the scope of discovery, permit the parties to move forward into discovery.

|  |  |
|---|---|
|  | */s/ Andrew E. Russell* |
|  | John W. Shaw (No. 3362) |
| OF COUNSEL: | Andrew E. Russell (No. 5382) |
| Joshua L. Simmons | SHAW KELLER LLP |
| KIRKLAND & ELLIS LLP | I.M. Pei Building |
| 601 Lexington Avenue | 1105 North Market Street, 12th Floor |
| New York, NY 10022 | Wilmington, DE 19801 |
| (212) 446-4800 | (302) 298-0700 |
|  | jshaw@shawkeller.com |
| Gregg F. LoCascio | arussell@shawkeller.com |
| Patrick Arnett | *Attorneys for Plaintiffs Deloitte Consulting LLP* |
| Nicholas Teleky | *and Deloitte Development LLC* |
| KIRKLAND & ELLIS LLP |  |
| 1301 Pennsylvania Ave NW |  |
| Washington, DC 20004 |  |
| (202) 389-5000 |  |
|  |  |
| John F. Hartmann |  |
| KIRKLAND & ELLIS LLP |  |
| 300 North LaSalle |  |
| Chicago, IL 60654 |  |
| (312) 862-2000 |  |

Dated: August 10, 2023