IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 23-325-WCB |
| v. | ) ) ) | |
| SAGITEC SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING COMPLETION OF RELATED CRIMINAL ACTION

OF COUNSEL:

Christopher K. Larus
David A. Prange
Rajin S. Olson
Brandon A. Carmack
ROBINS KAPLAN LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com
rolson@robinskaplan.com
bcarmack@robinskaplan.com

Dated: August 17, 2023

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant*
*Sagitec Solutions, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ..................................................................................................................... 1

I.     Overarching Consideration 1: The Status of the West Virginia Criminal Action Favors a Stay Because There Has Already Been an Indictment of the Key Former Sagitec (and Deloitte) Employees at the Heart of Deloitte's Civil Case. .......................... 2

II.    Overarching Consideration 2: The Significant Overlap Between the West Virginia Criminal Action and This Civil Case Favors a Stay. ............................................. 4

III.   Additional Factor 1: Deloitte's Choice to Delay Filing Suit for Seven Years Contradicts the Prejudice It Now Claims It May Suffer From a Stay. ..................... 7

IV.   Additional Factor 2: The Severe Prejudice to Sagitec, Including the Unavailability of Key Witnesses and Adverse Inferences, Favors a Stay. .................................... 8

V.    Additional Factor 3: The Court's Interest Favors a Stay. ................................... 10

VI.   Additional Factors 4 and 5: Non-Party and Public Interests Favor a Stay. ........ 10

CONCLUSION ................................................................................................................ 10

Page(s)

**Cases**

*In re 650 Fifth Ave.*,
    1:08-CV-10934-RJH, 2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ...............................3, 4, 8

*Bryer v. Jefferson*,
    C.A. No. 12-1028-GMS, 2013 WL 3753420 (D. Del. July 8, 2013) ..................................2, 10

*Cress v. City of Ventor*,
    No. 08 Civ. 1873, 2009 WL 750193 (D.N.J. Mar. 18, 2009) ........................................1, 2, 3, 7

*Delphi Connections Sys., LLC v. Koehlke Components, Inc.*,
    No. 12-01356-CJC(MLGx), 2012 WL 12895670 (C.D. Cal. 2012) ...........................7, 8, 9, 10

*E.I. du Pont de Nemours & Co. v. Hou*,
    C.A. No. 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) .........................................4

*Gran Sabana Corp. N.V. v. Kossoff*,
    21-CV-3154 (RA), 2021 WL 3666116 (S.D.N.Y. Aug. 17, 2021) ...........................................8

*Maloney v. Gordon*,
    328 F. Supp. 2d 508 (D. Del. 2004) .................................................................................1, 10

*Med. Inv. Co., Ltd. v. Int'l Portfolio, Inc.*,
    CIV.A. 12-3569, 2014 WL 2452193 (E.D. Pa. May 30, 2014) ...................................... *passim*

*S.E.C. v. Graystone Nash, Inc.*,
    25 F.3d 187 (3d Cir. 1994) ..................................................................................................9

*St. Clair Intell. Prop. Consul. Inc. v. Fujifilm Holdings Corp.*,
    C.A. No. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009) ....................................8

*Tobin v. Gordon*,
    C.A. No. 04-1211-KAJ, 2004 WL 2915337 (D. Del. Dec. 15, 2004) ......................................4

*United States v. Minkkinen*,
    No. 23-4443, D.I. 11 (4th Cir. July 21, 2023) .........................................................................8

**Other Authorities**

U.S. Const. amend. V ................................................................................................ *passim*

# ARGUMENT

This civil proceeding should be stayed pending resolution of the closely-related criminal action in the United States District Court for the Southern District of West Virginia, *United States v. Minkkinen and Sambasivam*, Crim. No. 2:22-cr-00163 (S.D.W.V.) (the "West Virginia Criminal Action"). The two overarching considerations and five additional factors considered in Delaware [hereinafter, "Delaware Factors"] support a stay. *See* D.I. 35 at 6 (quoting and citing *Bryer v. Jefferson*, C.A. No. 12-1028-GMS, 2013 WL 3753420, *1 n.1 (D. Del. July 8, 2013); *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004); *A. Schulman, Inc. v. Citadel Plastic Holdings, LLC*, CV 12459-VCL, 2017 WL 5035497, *2 (Del. Ch. Nov. 2, 2017)).

As to the two overarching considerations, Messrs. Minkkinen and Sambasivam—the alleged bad actors at the heart of Deloitte's civil claims—have already been indicted, and as demonstrated by Deloitte's complaint, there is *significant* overlap between the West Virginia Criminal Action and this civil matter. As to the five additional factors, Deloitte's choice to wait *seven years* before filing suit confirms it will not be prejudiced by a stay. Sagitec, however, faces the severe prejudice of having key, exonerating witnesses unavailable, and potential adverse inferences from such unavailability. Such prejudice could easily be cured through a stay. Further, staying this case would be more convenient for this Court, as the resolution of the West Virginia Criminal Action may eliminate thorny discovery disputes and could "guide the parties in settlement discussions." *Maloney*, 328 F. Supp. at 513. Finally, non-parties and the public have an interest in the integrity of the West Virginia Criminal Action, which "is entitled to precedence over the civil litigation." *Id.* The Delaware Factors confirm a stay is appropriate.

Rather than apply the Delaware Factors, Deloitte creates its own preferred test using selective quotations from a District of New Jersey case. D.I. 40 at 6, 8 (citing *Cress v. City of Ventor*, No. 08 Civ. 1873, 2009 WL 750193, at *2 (D.N.J. Mar. 18, 2009)). Taking *Cress* out of

context, Deloitte improperly narrows the overarching considerations to unilaterally impose requirements that (1) the indictment *must* be returned against the proponent of the stay, and (2) the civil and criminal proceedings *must* "completely overlap." *Id.* But *Cress* did not articulate these requirements; it merely observed that (1) "a court will generally stay a civil proceeding when an indictment has been returned against the proponent of a stay[,]" and (2) "[a] court is less likely to grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap." *Cress*, 2009 WL 760193, at *2. *Cress* does not support Deloitte's test.

Deloitte then applies its "test" to claim victory. Deloitte divests all reliance it once held in the West Virginia Criminal Action, claiming its new test is met because Sagitec has not directly been indicted and, supposedly, no overlap exists. D.I. 40 at 6-9. Deloitte's argument ignores the Delaware Factors. And as to overlap, Deloitte also ignores the record Deloitte chose to make: Deloitte's complaint and the criminal indictment are completely intertwined, often using the same language. Deloitte then demands this Court take urgent action based on an unspecified prejudice that Deloitte concedes existed (if at all) nearly seven years ago. But Deloitte offers no argument, no actual prejudice, and no governing authority to overcome the Constitutional Fifth Amendment concerns it willingly injected into this case. Deloitte's self-serving "test" does not defeat the fact that the Delaware Factors support a stay. This case should be stayed pending the resolution of the West Virginia Criminal Action.

**I.**    **Overarching Consideration 1: The Status of the West Virginia Criminal Action Favors a Stay Because There Has Already Been an Indictment of the Key Former Sagitec (and Deloitte) Employees at the Heart of Deloitte's Civil Case.**

"[T]he strongest case for a stay of discovery in [a] civil case occurs during a criminal prosecution after an indictment is returned." *Bryer*, 2013 WL 3753420, at *1 n.1 (citation omitted). Deloitte concedes an indictment has been returned in the West Virginia Criminal Action. *See* D.I. 1 ¶¶ 5, 6, 7, 39, 52, 55. That is enough to meet overarching consideration 1.

2

Applying its own incorrect test, Deloitte asserts the criminal indictment must be returned "against the proponent of the stay." D.I. 40 at 6 (quoting *Cress*, 2009 WL 750193, at *2). But *Cress* does not impose such a requirement, instead observing that courts "generally stay a civil proceeding when an indictment has been returned against the proponent of a stay." *Cress*, 2009 WL 750193. *Cress* says nothing about Deloitte's proposition that an indictment *must* be returned against the proponent of the stay. *See id.* To the contrary, another case cited by Deloitte confirms the purported requirement of an indictment against the civil defendant is "'not a hard-and-fast rule' and '[t]here is no question that the court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment.'" *In re 650 Fifth Ave.*, 1:08-CV-10934-RJH, 2011 WL 3586169, at *4 (S.D.N.Y. Aug. 12, 2011) (citations omitted). "Rather, 'each case must be evaluated individually,' . . . in 'a case-by-case determination, with the basic goal being to **avoid prejudice**." *Id.* (emphasis added) (citations omitted).

This case-by-case determination can properly result in a stay where a corporate defendant has not been indicted. For example, in *Med. Inv. Co., Ltd. v. Int'l Portfolio, Inc.*, CIV.A. 12-3569, 2014 WL 2452193, at *2 (E.D. Pa. May 30, 2014), the court found that an indictment against a corporate entity's principal favored a stay of a civil action against the corporate entity. For the "status of the criminal case" consideration, the court concluded that "[b]ecause [the corporate principal] was indicted, this factor weighs in favor of staying this action." *Id.* The corporate entity was not a criminal defendant, and the principal was not a civil defendant. *See id.*

Likewise, Minkkinen and Sambasivam's central involvement to this civil action and the West Virginia Criminal Action support a stay. Deloitte alleges that "Minkkinen and Sambasivam were instrumental in providing Sagitec with the information it needed to launch a UI practice" and did so by allegedly copying information from Deloitte and using it at Sagitec. D.I. 1 ¶ 43.

3

This is the same conduct on which Minkkinen and Sambasivam were initially indicted, and on which an appeal is pending. Accordingly, because Minkkinen and Sambasivam "were indicted, this factor weighs in favor of staying this action." *Med. Inv. Co.*, 2014 WL 2452193, at *2.

*In re 650 Fifth Ave.*, relied on by Deloitte, is also distinguishable. That case involved a forfeiture action wherein the civil defendant's employees *did not* face Fifth Amendment concerns "because they have no claim to the properties the government [sought] to forfeit." *In re 650 Fifth Ave.*, 2011 WL 3586169, at *6. Accordingly, the court ruled against a stay without analyzing the "status of the criminal matter" per the Delaware Factors.

### II. Overarching Consideration 2: The Significant Overlap Between the West Virginia Criminal Action and This Civil Case Favors a Stay.

Sufficient similarity of a criminal and civil proceeding exists to support a stay if the proceedings "overlap to a significant degree." *Tobin v. Gordon*, C.A. No. 04-1211-KAJ, 2004 WL 2915337, at *1, 2 (D. Del. Dec. 15, 2004). Cross-referencing of a complaint to the indictment regarding facts material to both the civil and criminal matters shows similarity between the matters. *Id.* at *1. Moreover, "overlap is evident" when a "[p]laintiff provide[s] the FBI with the 'information that forms the basis of the [c]riminal [c]omplaint'" and the civil and criminal complaints address the same operative facts. *E.I. du Pont de Nemours & Co. v. Hou*, C.A. No. 17-224-RGA, 2017 WL 2531940, at *1 (D. Del. June 9, 2017). Civil and criminal matters may overlap to a significant degree even if the parties to each matter are different. *Med. Inv. Co.*, 2014 WL 2452193 at *2 (finding overlapping "common factual and legal issues" despite different parties being involved in the subject criminal and civil cases).

Deloitte's complaint and the criminal indictment confirm these cases overlap significantly. In the West Virginia Criminal Action, Deloitte provided to the Government information to support the criminal charges, including (1) "where Deloitte housed the alleged

4

trade secrets" (D.I. 22-2 at 16); (2) "the types of intellectual property [Minkkinen] misappropriated from Deloitte;" (*Id.* at 8); and (3) "[the criminal] Defendants['] employment contracts with Deloitte" (*Id.* at 9). Even after the criminal indictment, the Government expressed its ongoing need to rely on Deloitte for information to support its case. D.I. 22-1 at 13 ("During the hearing, counsel for the Government advised that contact with [Deloitte's] attorney would be necessary in order to clarify what trade secrets they allege the Defendants stole.").

In its Complaint, Deloitte chose to rely heavily on the relatedness of its civil action to the West Virginia Criminal Action. Deloitte's civil complaint cross-references and relies on several of the factual allegations outlined in the criminal indictment. *Compare* D.I. 1 ¶¶ 39-56 to D.I. 22-3 ¶¶ 5-31, 38-41. The Complaint explicitly references the original indictment on at least nine occasions. *See id.*, ¶¶ 5, 6, 7, 39, 52, 55. And the civil complaint relies on factual allegations that mirror the superseding criminal indictment, as shown in the chart below:

| Deloitte's Complaint – D.I. 1 | Superseding Indictment – D.I. 22-3 |
|---|---|
| **Header**: "*The uFACTS Trade Secrets Are Proprietary*" ¶¶ 28-38 | **Header**: "*Description of Deloitte Intellectual Property and Examples of Misappropriation.*" ¶¶ 10-25 |
| "Minkinnen and/or Sambasivam, without authorization and in violations of their confidentiality obligations to Deloitte, copied, downloaded, retained and/or transmitted Deloitte confidential information such as Deloitte's uFACTS Computer Program and uFACTS Trade Secrets, including at least the uFACTS source code, data, dictionaries, and use cases. Sagitec's employees subsequently used them to design, develop, and market Sagitec's UI solution, Neosurance." ¶ 43 | "[Minkinnen and Sambasivam] copied, downloaded obtained, and transmitted numerus Deloitte files, including highly proprietary information such as uFACTS source code, data, and use cases, without authorization and in violation of their Deloitte employment contracts" that Sagitec used to "to design, develop and market Sagitec's UI software known as 'Neosurance.'" ¶ 10 |
| **Header:** *Sagitec Stole Deloitte's uFACTS Computer Program and uFACTS Trade Secrets.* ¶¶ 39-53 | **Header:** *Deloitte Allegations of Intellectual Property Theft.* ¶¶ 38-41 |
| "Sagitec denied having in its possession any of Deloitte's uFACTS solution" ¶ 55 | "Sagitec denied those claims as 'baseless.'" ¶ 38 |
| **Header:** *Sagitec Conceals Its Theft.* ¶¶ 57-61 | **Header:** *The Scheme to Defraud.* ¶¶ 57-61 |

| | |
|---|---|
| "Minkkinen and/or Sambasivam represented that Sagitec had not obtained any [proprietary Deloitte information and t]hose assertions were false." ¶ 55 | "Defendants **DAVID GERAL MINKKINEN** and **SIVARAMAN SAMBASIVAM** thereafter repeatedly concealed and misrepresented Sagitec's possession and use of Deloitte intellectual property." ¶ 60 |

Now that clear overlap no longer serves Deloitte—due to developments in the West Virginia Criminal Action adverse to Deloitte here—Deloitte distances itself from its allegations. Deloitte argues that the "only two charges that currently remain . . . are against Mr. Minkkinen for allegedly making false statements to the Government." D.I. 40 at 9. Deloitte then creates yet another new rule, arguing that the dismissed charges "cannot be considered in determining whether an overlap exists." *Id.* But Deloitte's cited authority did not address whether dismissed charges on appeal can be considered in assessing a stay of a parallel civil action—instead, it addressed a criminal defendant's release from custody pending appeal of dismissed charges. *Id.* (citing *USA v. Arteaga-Centeno*, 360 F. Supp. 3d 1022, 1025 (N.D. Cal. 2019)). Deloitte does not present any authority for its new "rule." If the Government wins its appeal, the other charges will be revived. This Court should consider this fact in assessing overlap.

Even if the focus was narrowed to determining overlap with the non-dismissed claims, Deloitte's Complaint explicitly points to the indictment and imposes the false claim allegations onto Sagitec: "The indictments of Minkkinen and Sambasivam include a charge of making 'materially false, fictitious, and fraudulent statement[s]' to the government in connection with Sagitec's theft and misappropriation based on these representations." D.I. 1 ¶ 55. Deloitte's Complaint expressly overlaps at least as to the false claims charges that were not dismissed.

Deloitte also argues that the "conspiracy charge . . . turns on [Minkkinen and Sambasivam's] state of mind, *which is not at issue here*." D.I. 40 at 9 (emphasis added). Deloitte's allegations in its Complaint take a different position. Deloitte's trade secret allegations

6

contend Sagitec knew or had reason to know that Deloitte's purported trade secrets were allegedly acquired through improper means; that Sagitec was aware of Minkkinen and Sambasivam's purported confidentiality obligations to Deloitte; and that Sagitec's conduct was "knowing, willful, and malicious." D.I. 1 ¶¶ 77-79, 88-90. Deloitte further seeks "punitive and enhanced damages and attorneys' fees for Sagitec's [alleged] willful misappropriation." D.I. 1 at 28. Deloitte has not disclaimed these allegations or requested relief. Minkkinen and Sambasivam's state of mind while they were at Sagitec, while contested, is at issue here.

Again, Deloitte's new "test" of "complete overlap" does not exist. *See* D.I. 40 at 8. In *Cress*, the court merely observed that "[a] court is ***less likely*** to grant a stay if the issues in the parallel . . . proceedings do not completely overlap." *Cress*, 2009 WL 750193, at *2 (emphasis added). Overlap "to a significant degree," which exists here, satisfies the Delaware Factors.

**III.    Additional Factor 1: Deloitte's Choice to Delay Filing Suit for Seven Years Contradicts the Prejudice It Now Claims It May Suffer From a Stay.**

Deloitte faces no prejudice from a stay because it chose to sit on its claims for *seven years*. Even a delay of just "six months after alerting authorities . . . . suggests . . . that the remedies [Deloitte] seeks are not so pressing that a stay would cause it irreparable harm." *Delphi Connections Sys., LLC v. Koehlke Components, Inc.*, No. 12-01356-CJC(MLGx), 2012 WL 12895670, at *2 (C.D. Cal. 2012) (finding alleged prejudice to plaintiff was outweighed by stay factors and granting motion to stay). Deloitte has known of its claims since at least October 2016, when legal counsel for Deloitte notified Sagitec by letter that Deloitte had reason to believe that Sagitec had misappropriated and was improperly using Deloitte intellectual property. D.I. 22-1 ¶ 38. And Deloitte concedes that it willingly signed a tolling agreement. D.I. 40 at 11. Now Deloitte claims prejudice if not permitted to pursue discovery "to determine the magnitude and extent of the [alleged] theft." *Id.* at 10. Deloitte, however, identifies no factual development

7

that demonstrates any alleged prejudice that is somehow now more severe than in the intervening years since 2016. Deloitte's choice to delay confirms it faces no substantial prejudice from a stay. Moreover, the stay would not be "indefinite." The criminal appeal is set to complete briefing by September 25, 2023. *See United States v. Minkkinen*, No. 23-4443, D.I. 11 (4th Cir. July 21, 2023).

The cases Deloitte relies on to argue an "indefinite" stay prejudices the plaintiff are distinguishable. D.I. 40 at 10. In two of Deloitte's cited cases, the stay was "indefinite" because the indictment had not yet occurred. *See e.g.*, *Gran Sabana Corp. N.V. v. Kossoff*, 21-CV-3154 (RA), 2021 WL 3666116, at *3 (S.D.N.Y. Aug. 17, 2021); *In re 650 Fifth Ave.*, 2011 WL 3586169, at *4. Deloitte's other case is a patent case, with no parallel criminal proceeding at all. *St. Clair Intell. Prop. Consul. Inc. v. Fujifilm Holdings Corp.*, C.A. No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009)).

### IV. Additional Factor 2: The Severe Prejudice to Sagitec, Including the Unavailability of Key Witnesses and Adverse Inferences, Favors a Stay.

Sagitec faces severe prejudice if this action is not stayed because the West Virginia Criminal Action "prejudices [Sagitec's] right to defend itself. *Med. Inv. Co., Ltd.*, 2014 WL 2452193 at *3 (citation omitted). Named witnesses Minkkinen and Sambasivam, with knowledge of the alleged conduct in Deloitte's Complaint, are indicted. They will likely invoke the Fifth Amendment in civil discovery, which prevents Sagitec from discovering information that may exonerate it in the civil action. *See Delphi Connections Sys.*, 2012 WL 12895670, at *2. ("It is highly likely that Mr. Koehlke will continue to invoke his Fifth Amendment rights with respect to such issues until the criminal proceedings have concluded.").

Potential application of the Fifth Amendment to witness testimony, even though Sagitec may not, itself, assert the Fifth Amendment, is highly relevant to the stay decision. *Med. Inv. Co.,*

8

*Ltd.*, 2014 WL 2452193 at *3 (finding Fifth Amendment concerns "weighs in favor of a stay" notwithstanding "that [defendant], as a corporation, has no Fifth Amendment right"); *Delphi Connections Sys.*, 2012 WL 12895670, at *2 (same). Deloitte's cited cases for the general proposition that Fifth Amendment concerns do not apply to corporations do not contradict *Med. Inv. Co.* or *Delphi*. Deloitte counters that the "possibility of unavailable witnesses" (D.I. 40) is not the level of prejudice justifying a stay. But here, the unavailability of key witnesses is no mere "possibility." Deloitte chose to expressly name the witnesses at issue in the Complaint, with reference to the West Virginia Criminal Action. Moreover, Minkkinen and Sambasivam have unique knowledge regarding the alleged trade secrets (including because they worked at Deloitte) and alleged activities that Deloitte claims constitute trade secret misappropriation, which would be unavailable to Sagitec if they exercised their Fifth Amendment rights.

Sagitec's prejudice extends beyond mere witness unavailability to the extreme penalty of a negative inference permitted in civil cases. "Unlike the rule in criminal cases . . . reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). "Use of the privilege in a civil case may, therefore, carry some disadvantages for the party who seeks its protection." *Id.*; *Delphi Connections Sys.*, 2012 WL 12895670, at *2 ("This will certainly hinder [defendant's] defense in a substantial way. . . . [T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions[.]"). It is "highly likely" that Minkkinen and Sambasivam will not provide testimony—however exculpating it may be—that might possibly be used against them in the West Virginia Criminal Action. *Delphi Connections Sys.*, 2012 WL 12895670, at *2. Sagitec may thus be forced to incur adverse inferences on the most crucial testimony of its case,

9

involving the only named witnesses in the Complaint. Deloitte certainly does not disclaim any such adverse inferences—instead, Deloitte's opposition simply ignores this point. *See* D.I. 40.

## V. Additional Factor 3: The Court's Interest Favors a Stay.

"[P]roceeding with discovery under the shadow of the criminal action would actually create greater inefficiency." *Bryer v. Jefferson*, CV 12-1028-GMS, 2013 WL 3753420, at *1 n.1 (D. Del. July 8, 2013). This is particularly true where Fifth Amendment concerns will "likely . . . burden [the court] with additional privilege and discovery issues in attempting to mitigate the prejudicial effect of the invocation." *Id.* "Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case." *Maloney*, 328 F. Supp. at 513. A stay is better for the Court, too.

## VI. Additional Factors 4 and 5: Non-Party and Public Interests Favor a Stay.

"The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigation." *Maloney*, 328 F.Supp.2d at 513. Deloitte argues the public interest in "the inviolability of trade secrets and enforceability of confidentiality agreements" should outweigh the public interest in unimpeded criminal actions. D.I. 40 at 16 (quoting *E.I. du Pont*, 2017 WL 2531940, at *2). But this interest "will be served by" the West Virginia Criminal Action. *Delphi Connections Sys.*, 2012 WL 12895670, at *2. "In fact, the public interest is likely better served by the criminal proceedings, considering that the U.S. Attorney will be acting on behalf of the general public. Here, [Deloitte] only represents its own interests, and any benefits to the public will be incidental." *Id.* The public interests outweigh Deloitte's own interest, favoring a stay.

## CONCLUSION

For the reasons set forth herein, Sagitec's motion to stay should be granted and this case should be stayed until completion of the West Virginia Criminal Action.

OF COUNSEL:

Christopher K. Larus
David A. Prange
Rajin S. Olson
Brandon A. Carmack
ROBINS KAPLAN LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com
rolson@robinskaplan.com
bcarmack@robinskaplan.com

*Attorneys for Defendant
Sagitec Solutions, LLC*

Dated: August 17, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| OF COUNSEL: | John W. Shaw |
| | Andrew E. Russell |
| Joshua L. Simmons | SHAW KELLER LLP |
| KIRKLAND & ELLIS LLP | I.M. Pei Building |
| 601 Lexington Avenue | 1105 North Market Street, 12th Floor |
| New York, NY 10022 | Wilmington, DE 19801 |
| (212) 446-4800 | (302) 298-0700 |
| | jshaw@shawkeller.com |
| Gregg F. LoCascio | arussell@shawkeller.com |
| Patrick Arnett | |
| Nicholas Teleky | *Attorneys for Plaintiffs Deloitte Consulting* |
| KIRKLAND & ELLIS LLP | *LLP and Deloitte Development LLC* |
| 1301 Pennsylvania Ave NW | |
| Washington, DC 20004 | |
| (202) 389-5000 | |
| | |
| John F. Hartmann | |
| KIRKLAND & ELLIS LLP | |
| 300 North LaSalle | |
| Chicago, IL 60654 | |
| (312) 862-2000 | |

                                                    */s/ Anne Shea Gaza*
                                            YOUNG CONAWAY STARGATT
                                            & TAYLOR, LLP
                                            Anne Shea Gaza (No. 4093)
                                            Robert M. Vrana (No. 5666)
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, DE 19801
                                            (302) 571-6600
                                            agaza@ycst.com
                                            rvrana@ycst.com

                                            *Attorneys for Sagitec Solutions, LLC*