**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 23-325-WCB |
| SAGITEC SOLUTIONS LLC, | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") filed this action against defendant Sagitec Solutions LLC on March 23, 2023. In its complaint, Deloitte asserted claims for copyright infringement under federal law, trade secret misappropriation under New York and federal law, unfair competition under New York law, and unjust enrichment under New York law. Dkt. No. 1. On July 27, 2023, Sagitec moved to stay this case pending the completion of a related criminal action against two of Sagitec's former employees. Dkt. No. 34. For the reasons set forth below, the motion is DENIED.

## I. Background

Both Deloitte and Sagitec offer, among other products and services, software products that allow state governments to manage their unemployment insurance ("UI") programs. Deloitte sells a software system called "uFACTS," and Sagitec sells a software system called "Neosurance." A more detailed discussion of the background facts can be found in my order denying Sagitec's motion to dismiss or, in the alternative, to transfer the case, filed contemporaneously with this order.

In its complaint, Deloitte alleges that several former Deloitte employees accepted jobs at Sagitec and began working on the Neosurance software product. Dkt. No. 1 ¶¶ 39, 44. While developing Neosurance, Deloitte alleges, the employees used Deloitte's trade secrets and copyrighted source code in violation of Deloitte's intellectual property rights. *Id.* ¶¶ 45–49. Two of the former Deloitte employees who took positions with Sagitec were David Minkkinen and Siva Sambasivam. *Id.* ¶ 39.

On August 23, 2022, a grand jury in the Southern District of West Virginia returned an indictment against Mr. Minkkinen and Mr. Sambasivam. *United States v. Minkkinen*, No. 2:22-cr-163, Dkt. No. 1 (S.D.W. Va. Aug. 23, 2022). A superseding indictment was filed on May 31, 2023, charging Mr. Minkkinen and Mr. Sambasivam with conspiracy to misappropriate trade secrets, wire fraud, and making false statements to government investigators. *Id.*

On June 26, 2023, the district court dismissed all counts of the superseding indictment, with the exception of four of the counts against Mr. Minkkinen for making false statements to government investigators. *Minkkinen*, Dkt. No. 278. The dismissal order was based on the government's delay in bringing the conspiracy and wire fraud charges. The government appealed the dismissal order to the United States Court of Appeals for the Fourth Circuit, and the district court stayed the remaining parts of the criminal action pending the appeal. *Minkkinen*, Dkt. No. 284. The government's brief on appeal is now due on October 10, 2023, and the defendants' brief is due on October 31, 2023.

## II. Legal Standard

As the Third Circuit has observed, "[i]t is not uncommon for a civil case to be stayed pending resolution of a related criminal case." *Reyes v. Freeberry*, 141 F. App'x 49, 51 (3d Cir. 2005). Such stays are not constitutionally required, but the court is permitted to exercise its

discretion to stay a case "if the interests of justice require it." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). In evaluating a request to stay an action pending the resolution of a related criminal action, courts generally weigh the following non-exhaustive set of factors: (1) the degree of overlap between the civil and criminal actions; (2) the stage of the criminal proceedings; (3) the prejudice to the nonmoving party that would result from a stay; (4) the burden on the moving party of permitting concurrent litigation; (5) the interests of the court; and (6) the public interest. *Bryer v. Jefferson*, No. 12-1028, 2013 WL 3753420, at *1 n.1 (D. Del. July 8, 2013). The movant bears the burden of establishing the need for a stay, and must show its entitlement to that "extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97–98 (2d Cir. 2012) (citation omitted); *Gran Sabana Corp. v. Kossoff*, No. 21-CV-3154, 2021 WL 3666116, at *2 (S.D.N.Y. Aug. 17, 2021); *Cress v. City of Ventnor*, Civil No. 08-1873, 2009 WL 750193, at *2 (D.N.J. Mar. 18, 2009); *Walsh*, 7 F. Supp. 2d at 526.

## III. Discussion

In its briefing, Sagitec argues that the factors set forth above weigh in favor of staying this action pending the conclusion of the criminal proceedings against Mr. Minkkinen and Mr. Sambasivam. I address each factor below.

### *A. Degree of Overlap Between the Civil and Criminal Actions*

The first factor to be considered in deciding whether to stay a civil case pending the disposition of related criminal charges is the degree of overlap between the civil and criminal actions. Sagitec argues that this factor weighs in favor of granting a stay because Deloitte "repeatedly references" the criminal action in its complaint, and because the charges against Mr. Minkkinen and Mr. Sambasivam of conspiracy to misappropriate trade secrets implicate the same

alleged trade secrets that are the focus of Deloitte's claims against Sagitec in this case. Dkt. No. 35 at 7–8.

This factor weighs somewhat in favor of granting a stay, but not as much as Sagitec contends. It is true that the complaint in the civil case against Sagitec focuses to a significant degree on the actions of Mr. Minkkinen and Mr. Sambasivam in connection with the alleged theft of Deloitte's intellectual property. Even though the charges in the superseding indictment relating to the theft of intellectual property are limited to conspiracy, and not the substantive offense, the factual overlap between the charges against the two individuals and the claims against Sagitec is considerable. That factor alone requires that Sagitec's motion for a stay be given serious consideration.

On the other hand, several other factors cut the other way. First, the conspiracy charges against the two individuals have been dismissed. At present, the only criminal charges remaining in the case involve false statements by Mr. Minkkinen. While the government has taken an appeal from the dismissal of the conspiracy and wire fraud charges, it is by no means clear that those charges will be reinstated on appeal, and in any event there is likely to be a considerable delay before that question is resolved. It is generally true that reference to the same operative facts in both actions is an indication that the actions overlap in significant respects. *See Tobin v. Gordon*, No. 04-1211, 2004 WL 2915337, at *1 (D. Del. Dec. 15, 2004) (entering a stay and observing that "the Complaint in this case cross-references the indictment"); *E.I. du Pont de Nemours & Co. v. Hou*, No. 17-224, 2017 WL 2531940, at *1 (D. Del. June 9, 2017) (observing that "[t]he overlap is evident" because the civil plaintiff provided the FBI with the information that formed the basis of the indictment). However, the allegations in the indictment that are shared with Deloitte's

complaint are directed principally to the charges of conspiracy to misappropriate trade secrets, which have been dismissed from the case.

Second, Sagitec itself is not a defendant in the criminal case. Any prejudice to Sagitec from allowing the civil case against it to go forward is that its interest in obtaining evidence from Mr. Minkkinen and Mr. Sambasivam may be frustrated if, as would be expected, they decline to testify in the civil action based on their privilege against compelled self-incrimination. But the pending criminal case is unlikely to have any other effects on Sagitec's ability to defend itself in the civil case. As one district court has observed, "where a civil defendant has not been indicted, it is difficult for a court to assess precisely the extent to which the criminal and civil matters overlap." *Gran Sabana*, 2021 WL 3666116, at *3; *Citibank, N.A. v. Super Sayin' Publ'g, LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015). More generally, when the parties to the two actions are not identical, that fact is usually an indication that the actions do not fully overlap. *See Cress* 2009 WL 750193, at *3. And as the *Cress* court noted, "[a] court is less likely to grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap." *Id.* at *2. Accordingly, this factor weighs somewhat in favor of a stay, but not as strongly as it would if the charges in the criminal case were still pending and if Sagitec was itself a defendant in that case.[1]

---

[1] At the hearing on this motion, Sagitec argued that this case is governed by the Delaware district court decisions in *Maloney v. Gordon*, 328 F. Supp. 2d 508 (D. Del. 2004), and *Bryer v. Jefferson*, No. 12-1028, 2013 WL 3753420 (D. Del. July 8, 2013). Both of those cases, however, involved defendants in a civil action who were also defendants in the related criminal case, and both arose while the criminal charges were pending trial. As both of those courts recognized, those facts present the "strongest case for deferring civil proceedings." *Maloney*, 328 F. Supp. 2d at 511; *Bryer*, 2013 WL 3753420, at *1 n.1. The rational of those cases does not apply with the same force here, where the defendant in the civil case is not charged in the criminal action and the trade-secret-related charges in the criminal action currently stand dismissed, subject to the government's appeal.

The decisions in *Medical Investment Co. v. International Portfolio, Inc.*, No. 12-3569, 2014 WL 2452193 (E.D. Pa. May 30, 2014), and *Delphi Connection Systems, LLC v. Koehlke Components, Inc.*, No. 12-1356, 2012 WL 12895670 (C.D. Cal. Oct. 17, 2012), cited by Sagitec

### *B. Stage of the Criminal Proceedings*

The second factor bearing on the justification for a stay is the stage of the criminal proceedings. Courts have routinely observed that the "strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Bryer*, 2013 WL 3753420, at *1 n.1 (citation omitted); *see also Cress*, 2009 WL 750193, at *2. That is because "[t]he potential for self-incrimination is greatest" during the post-indictment stage of a criminal proceeding, and "the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Walsh*, 7 F. Supp. 2d at 527 (citation omitted). Sagitec relies heavily on the fact that an indictment has been returned against Messrs. Minkkinen and Sambasivam, and that the case has progressed significantly since the indictment was returned. In fact, the case was approximately two weeks away from trial when the district court dismissed several of the counts in the indictment. *See Minkkinen*, Dkt. Nos. 278, 284 (ordering dismissal on June 26, 2023, and vacating the scheduled trial date of July 10, 2023).

In response, Deloitte focuses on the fact that Sagitec itself has not been indicted, and therefore this case should be treated as though it is in the pre-indictment stage of the proceeding. Dkt. No. 40 at 6–8. To be sure, the "stage of the criminal proceedings" factor can weigh in favor

---

for the first time in its reply brief, are also of limited application here. In *Medical Investment Co.*, the related criminal case was in "a fairly advanced stage," and the party indicted in the criminal case was the president and shareholder of the corporate entity charged in the civil case. *See* 2014 WL 2452193, at *1–2. The court therefore treated the case as equivalent to a case in which the defendant in the civil and criminal cases are the same, which is not true in the case at bar. In *Delphi*, the defendant in the criminal case was one of the defendants in the civil case, and the parties agreed to stay the civil proceedings as to the individual defendant. The court found that it would be inefficient to enter a stay as to one of the two defendants but not to the other. *See* 2012 WL 12895670, at *2. Neither of those circumstances is present in this case.

of granting a stay even if the civil defendant has not itself been indicted. For example, in *Medical Investment Co., Ltd. v. International Portfolio, Inc.*, the court found this factor to weigh in favor of a stay even though the criminal action was brought against the civil defendant's president and not the civil defendant itself. No. 12-3569, 2014 WL 2452193, at *1–2 (E.D. Pa. May 30, 2014).

The weight of this factor is considerably diminished, however, due to the dismissal of most of the charges in the criminal case and the government's pending appeal. As the court noted in *Walsh*, part of the reason that a strong case for a stay exists post-indictment is that the prejudice arising from any delay is limited "due to the promise of a fairly quick resolution of the criminal case." 7 F. Supp. 2d at 527 (citation omitted). But in this case, the government's appeal is still in the briefing stage. It may be many months before the appeal is finally decided by the Fourth Circuit. And if the district court's dismissal order is affirmed, there will be very little overlap between the remaining false statement charges against Mr. Minkkinen and the civil case against Sagitec. There is therefore "less certainty that [the defendants'] criminal trial will begin shortly," a consideration that cuts against entering a stay. *See Cress*, 2009 WL 750193, at *2. Overall, I find the "stage of the criminal proceedings" factor weighs, at most, only slightly in favor of granting a stay.

### ***C. Prejudice to the Non-Moving Party***

The third factor is the prejudice to the non-moving party that would result from entering a stay. As Judge Andrews explained in *du Pont*, a trade secret plaintiff "has a clear interest in having discovery occur, for it is essential for Plaintiff to determine the magnitude and extent of the theft, including what Defendant did with Plaintiff's trade secrets." 2017 WL 2531940, at *2 (cleaned up). For that reason, the potential prejudice to the plaintiff in such a case "heavily favors denying the stay." *Id.* Moreover, outside the context of a criminal proceeding, courts have observed that

"[a]n important factor in determining if a stay will prejudice the plaintiff is whether the parties are direct competitors." *Davol, Inc. v. Atrium Med. Corp.*, No. 12-958, 2013 WL 3013343, at *3 (D. Del. June 17, 2013). Here, there is no dispute that uFACTS and Neosurance products compete directly in the marketplace.

Sagitec argues that the concerns discussed in the above paragraph are significantly undercut by the fact that Deloitte was aware of Sagitec's alleged misappropriation as early as October 2016, but did not bring this action until March 2023. Dkt. No. 35 at 9. That delay is noteworthy, but Deloitte alleges in its complaint that Sagitec sought to undermine Deloitte's pre-suit investigation, such as by "claiming falsely to have undertaken its own detailed inspection of the Neosurance solution." Dkt. No. 1 ¶ 7. Deloitte also points out that it filed this action promptly after the indictment in the criminal action was unsealed. Dkt. No. 40 at 11. That indictment, Deloitte represents, contained "additional facts that Sagitec had been misleading Deloitte about all along." *Id.* In light of these circumstances, I am not persuaded that Deloitte's delay in filing suit significantly undercuts its interest in pursuing prompt discovery regarding the alleged theft of its trade secrets. This factor therefore weighs against entering a stay.

### *D. Burden on the Defendant*

The fourth factor is the burden on the defendant of permitting concurrent litigation. Sagitec argues that it will incur a significant burden if this case is permitted to proceed because "Sagitec cannot properly defend itself when key witnesses, including Mr. Minkkinen and Mr. Sambasivam . . . are muted by Fifth Amendment concerns." Dkt. No. 35 at 9. Sagitec adds that there are additional unnamed persons mentioned in the indictment who may also invoke their Fifth Amendment rights either during discovery or at trial. *Id.* at 9–10.

In response, Deloitte points out that Sagitec, as a corporation, does not possess a Fifth Amendment privilege against self-incrimination. *See Braswell v. United States*, 487 U.S. 99, 102 (1988). Thus, Sagitec will be burdened only to the extent that Mr. Minkkinen, Mr. Sambasivam, or some other unknown individual will invoke the Fifth Amendment privilege.

The court's opinion in *In re 650 Fifth Avenue*, No. 08-10934, 2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011), is on point. In that case, the parties seeking a stay faced largely the same problem faced by Sagitec—that their employees "may assert their Fifth Amendment privilege rather than testify on [the corporation's] behalf." *Id.* at *7. Despite that problem, the court denied the request for a stay, noting that the fact that the movants' employees may not testify did not "make[] their situation any more dire or unfair than that of any other party who cannot find witnesses to testify on [its] behalf." *Id.* The court went on to distinguish cases in which stays were granted as to corporate defendants whose employees had been indicted; in those cases, the court explained, "at least one party to the civil proceeding had been indicted or charged." *Id.* at *8. In *650 Fifth Avenue*, as in this case, no party to the civil case had been indicted. *Id.*

As Deloitte points out, Sagitec is a global company that "can have any of its unindicted employees serve as its witnesses and can produce documents which will speak for themselves." Dkt. No. 40 at 12; *see also United States v. Kordel*, 397 U.S. 1, 8 (1970) (corporation may not "assert on its own behalf the personal privilege of its individual agents," and must demonstrate that there is "no authorized person who could answer [a discovery request] without the possibility of compulsory self-incrimination"); *Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, No. 12-3252, 2016 WL 3267285, at *4 (D.N.J. June 8, 2016) (observing that the defendant "conceivably has the means to oppose" a motion for summary judgment because the sole member of the movant corporation had not been indicted). Moreover, it appears that Mr.

Minkkinen and Mr. Sambasivam are no longer Sagitec employees, and thus it is possible that those two individuals may be unavailable to testify in any event.[2] For those reasons, the risk that the pendency of the criminal action will unfairly burden Sagitec's ability to litigate this case is merely speculative. *See also Rex & Roberta Ling Living Tr. v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 411 (S.D.N.Y. 2018) ("[The defendant's] claim of prejudice rests on its fear that the inability of *other* witnesses to testify will hamper its ability to prove its case. But at this juncture, before discovery has even begun, it is speculative to think that [the defendant] will be deprived of critical evidence if this litigation proceeds."). This factor therefore does not weigh in favor of entering a stay.

### *E. Interest of the Court*

The fifth factor is the interest of the court. Sagitec argues that staying this case would increase efficiency by reducing the potential for discovery disputes and it suggests that "the outcome of the criminal proceedings may guide the parties in settlement discussions" or simplify the issues to be litigated in this case. Dkt. No. 35 at 10–11 (citation omitted). Deloitte responds that the potentially indefinite duration of the stay coupled with the minimal overlap between the two actions weighs against entering a stay.

Deloitte has the more persuasive position with respect to this factor. As the court explained in *Strategic Environmental Partners*, an indefinite stay is "not in the court's interests" because the court "has an interest [in] resolving individual cases efficiently." 2016 WL 3267285, at *5.

[2] In its brief, Deloitte points out that Sagitec has previously referred to Mr. Minkkinen and Mr. Sambasivam as "former Sagitec employees." Dkt. No. 40 at 7 n.1 (quoting Dkt. No. 22 at 3). In its reply brief, Sagitec did not challenge the assertion that those two individuals are no longer employed by Sagitec, and again referred to them as "key former Sagitec (and Deloitte) employees." Dkt. No. 43 at 2 (capitalization altered). At the hearing on the motion, Sagitec's counsel stated that he believed Mr. Minkkinen is no longer employed by Sagitec and that Mr. Sambasivan is on longer term leave from the company.

Moreover, because of the differences between the two cases and because of the dismissal of the conspiracy charges from the criminal case, questions relevant to this case are not certain to be addressed in the criminal proceedings. That fact "leaves too much uncertainty to substantially advance judicial economy." *See Zoetics, Inc. v. Yahoo!, Inc.*, No. 06-108, 2006 WL 1876912, at *2 (D. Del. July 6, 2006).

For its part, Sagitec has failed to identify any issue that is likely to be simplified in this case as a result of the outcome of the criminal proceedings. Claim and issue preclusion are not likely to apply, as the two actions involve entirely distinct parties and different causes of action. Sagitec suggests that certain impediments to discovery may be removed by the outcome of the criminal proceedings. For example, if the government prevails in its appeal, but Mr. Minkkinen and Mr. Sambasivam are acquitted at trial, it may be possible for Sagitec to obtain their testimony. That prospect, however, is speculative and may require that any stay entered in this case continue for an extended period.

In sum, Sagitec has not shown that a stay would likely result in simplifying this case. Accordingly, the "interest of the court" factor does not weigh in favor of entering a stay.

***F. Public Interest***

The sixth factor is the interests of the public and non-parties. Sagitec argues that the public has an interest "in the integrity of the criminal case" and that civil proceedings, if not deferred, could undermine the criminal defendants' rights, including their privilege against compelled self-incrimination. Dkt. No. 35 at 11 (quoting *Maloney v. Gordon*, 328 F. Supp. 2d 508, 512–13 (D. Del. 2004)). That interest is not at issue, however, in a case such as this one, in which the criminal defendants are not parties to the civil cases. Because they face no liability in the civil case, the criminal defendants are free to exercise their Fifth Amendment rights as they choose in the civil

case without any potential penalty attached to that exercise. Nor is there any other way in which proceeding with the civil case is likely to compromise the defendants' rights in the criminal proceeding.

On the other hand, Deloitte points out that the public has an interest "in upholding the inviolability of trade secrets." *du Pont*, 2017 WL 2531940, at *2 (quoting *Bimbo Bakeries USA v. Botticella*, 613 F.3d 102, 119 (3d Cir. 2010)). That interest would be frustrated by an indefinite stay of the civil proceedings pending the disposition of the criminal case. Moreover, as Deloitte points out, even if the criminal case results in convictions of Mr. Minkkinen and Mr. Sambasivam, that outcome "will not stop Sagitec's ongoing misappropriation and infringement." Dkt. No. 40 at 16. That factor therefore cuts against granting a stay of the civil action at this juncture.

## IV. Conclusion

As indicated by the analysis of the pertinent factors, this case presents a close question as to whether a say should be granted pending the ultimate disposition of the criminal action against Mr. Minkkinen and Mr. Sambasivam. Because it is unclear how long it will take for the criminal case to be finally resolved, and what that resolution is likely to be, the preferable course is to deny the motion for a stay at present and go forward with discovery and other pretrial proceedings while the government's appeal in the criminal case is pending. Further developments in the criminal case may shed further light on whether a stay should be issued. For example, if the government loses its appeal, the case for a stay would become much weaker, as the overlap between the criminal case and this case would be very much reduced. And if the government prevails on appeal and the case ends in an acquittal for Mr. Minkkinen and Mr. Sambasivam, their testimony is likely to be more readily available to the parties than it is at present. If Sagitec is correct that the criminal

case is likely to be resolved quickly, those developments may occur prior to the time that a trial would take place in this case. That, too, would counsel against the issuance of a stay.

On the other hand, if the dismissal of the charges against the two individuals is reversed and developments indicate that the ongoing criminal proceedings are adversely affecting the civil case to a significant degree, the court can reconsider whether to grant a stay at that point. In the meantime, even if the pendency of the government's appeal in the criminal case results in the temporary unavailability of Mr. Minkkinen and Mr. Sambasivam for discovery purposes, other forms of discovery should be able to proceed unimpeded.[3] For the present, therefore, the motion for a stay will be denied, and proceedings in this case will be allowed to go forward without prejudice to Sagitec's right to renew the motion if changes in the status of the criminal proceedings indicate that the case for a stay has become more compelling.

IT IS SO ORDERED.

SIGNED this 15th day of September, 2023.

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

[3] In *E.I. DuPont de Nemours & Co. v. Hou*, No. 17-224, 2017 WL 2531940 (D. Del. June 9, 2017), Judge Andrews dealt with a somewhat similar problem by granting a partial stay. He stayed discovery in the civil case against the defendant in a criminal case, who was also a defendant in a co-pending civil case, but allowed other discovery in the civil case to go forward.