IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 23-325-WCB |

## **SCHEDULING ORDER**

The court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement,

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this order.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join parties and to amend or supplement the pleadings shall be filed on or before November 30, 2023.

3.  Discovery.

    a. Discovery Cut Off: All fact discovery in this case shall be initiated so that it will be completed on or before April 25, 2024.

    b. Document Production. Document production shall be substantially complete by December 15, 2023.

1

   c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side.

   d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

   e. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 10 depositions, not to exceed 70 total hours of taking testimony by deposition upon oral examination.

     ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the court or by agreement of the parties. A defendant who becomes a counter-claimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this district court for purposes of this provision.

   f. <u>Disclosure of Expert Testimony</u>.

     i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 20, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 15, 2024.  No other expert reports will be permitted without either the consent of all parties or leave of the court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than August 15, 2024.

      ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the court. Objections to more than one expert witness will all be addressed in a single motion. Briefing relating to any such motion will be governed by the court's Local Rules.

   g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the court by email at brysonw@cafc.uscourts.gov. The court will then direct the filing of letter briefs, to be followed by a telephonic hearing if the court considers the hearing necessary. Discovery-related disputes between the parties to this action should not be addressed by motion.

   4. <u>Application to the Court for a Protective Order</u>. Should counsel find it necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten days from the date of this order. Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

   Any proposed protective order must include the following paragraph:

   Other Proceedings. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

6. <u>Courtesy Copies</u>. Courtesy copies of motions or other documents filed ordinarily need not be provided to the court. However, the parties shall provide the court with a courtesy copy of all briefs relating to any dispositive motion or Daubert motion, along with a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by sending them via FedEx or equivalent to Judge Bryson's chambers, 717 Madison Place, N.W., Washington, D.C. 20439. Materials should not be sent via U.S. Mail. This provision also applies to papers filed under seal.

7. <u>Deadlines</u>. All documents required to be filed on a specified date (or within a specified number of days after a particular event) must be filed no later than 5 p.m. on the date specified. Any requests to extend a deadline must be filed at least three business days in advance of the deadline.

8. <u>Pinpoint Citations</u>. Citations to cases and other materials shall contain pinpoint citations to the location of the material the party wishes to call to the court's attention.

9. <u>Case Dispositive Motions</u>. All case dispositive motions, opening briefs, and affidavits, if any, in support of the motion shall be served and filed on or before September 13, 2024. Answering briefs shall be served and filed on or before September 27, 2024. Reply briefs shall be served and filed on or before October 4, 2024. Briefing relating to any such motion will be governed by the court's Local Rules.

10. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1. Any brief in support of a motion, as well as the associated response and reply briefs, should be double-spaced with 12-point Times New Roman font. All footnotes in such briefs should be double-spaced.

11. <u>Pretrial Conference</u>. On a date to be determined, the court will hold a final pretrial conference with counsel. The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

12. <u>Motions in Limine</u>. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the joint proposed pretrial order. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. The party making the in limine request may file a reply of one page in support of its request. For each motion in limine, the movant shall serve (but not file) its opening brief no later than 30 days prior to the deadline for the joint proposed pretrial order. The non-movant shall serve (but not file) its opposition no later than 14 days prior to the deadline for the joint proposed pretrial order. The movant shall serve (but not file) its reply no later than 7 days prior to the deadline for the joint proposed pretrial order.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Pursuant to Local Rules 47.1(a)(2) and 51.1, when a case is to be tried to a jury, the parties should file (i) proposed voir dire questions, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.

At the time of filing, the parties should submit to the court, by email to the court's law clerk, copies of each of those four documents in Word format.

      14.    <u>Trial</u>. This case is scheduled for a five-day jury trial beginning at 9:00 a.m. on December 9, 2024, with the subsequent trial days beginning at 9:00. The trial will be timed, with each party being given 11 hours to present its case.

      IT IS SO ORDERED.

      SIGNED this 15th day of September, 2023.

                                                                         WILLIAM C. BRYSON
                                                                         UNITED STATES CIRCUIT JUDGE