## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DELOITTE COUNSULLING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 23-325-WCB |
| v. | ) ) | JURY TRIAL DEMANDED |
| SAGITEC SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT SAGITEC SOLUTIONS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERLCLAIMS TO DEFENDANT DELOITTE CONSULTING LLP AND DELOITTE DEVELOPMENT LLC'S COMPLAINT

Defendant Sagitec Solutions, LLC ("Sagitec"), by and through its undersigned counsel, hereby Answers the Complaint filed by Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") as follows:

## GENERAL DENIAL

Sagitec denies each and every allegation, heading, matter, or thing contained in the Complaint that is not expressly admitted, qualified, or answered herein.

## INTRODUCTION

1.      Sagitec denies the allegations in Paragraph 1 of the Complaint.

2.      Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the allegations of Paragraph 2 of the Complaint.

3.      Sagitec states that the allegations of Paragraph 3 of the Complaint are legal conclusions to which no response is required. Sagitec denies the allegations of Paragraph 3 of the

1

Complaint, and otherwise is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Sagitec denies the allegations of Paragraph 4 of the Complaint.

5.      Sagitec admits that a federal grand jury indicted David Minkkinen and Sivaraman Sambasivam. The indictment speaks for itself. Sagitec denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Sagitec denies the allegations in Paragraph 6 of the Complaint.

7.      Sagitec denies the allegations in Paragraph 7 of the Complaint.

8.      Sagitec denies the allegations in Paragraph 8 of the Complaint.

## PARTIES

9.      Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the allegations of Paragraph 9 of the Complaint.

10.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the allegations of Paragraph 10 of the Complaint.

11.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the allegations of Paragraph 11 of the Complaint.

12.     Sagitec admits it is a Nevada company with its principal offices located at 422 County Road D East, Saint Paul, Minnesota. Sagitec denies the remaining allegations in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.    Sagitec admits that Plaintiffs assert claims under 17 U.S.C. § 101 *et seq.*, New York state law, and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.* Sagitec admits there exists subject matter jurisdiction based on a federal question because Plaintiffs have alleged a claim under 17 U.S.C. § 101 *et seq.* and 18 U.S.C. § 1832 *et seq.* Sagitec admits there is supplemental jurisdiction pursuant to 28 U.S.C. § 1367 at this time. Sagitec denies the remaining allegations of Paragraph 13 of the Complaint.

14.    Sagitec states that the Court by Order dated September 15, 2023 (D.I. 48) held that Sagitec was subject to the specific personal jurisdiction of this Court. For purposes of preserving issues for appeal, Sagitec denies the allegations of Paragraph 14 of the Complaint.

15.    Sagitec admits that venue is proper in this District. Sagitec denies the remaining allegations of Paragraph 15 of the Complaint, including, without limitation, allegations purportedly supporting the reasons that venue is proper in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF[1]

16.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the allegations of Paragraph 16 of the Complaint.

17.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the allegations of Paragraph 17 of the Complaint.

---

[1] In the Complaint section labeled "Allegations Common to All Claims for Relief" there are headings. To the extent those headings are considered allegations to which a response is required, Sagitec alleges it is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in those headings, and the headings constitute legal conclusions to which no response is required.

18.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the allegations of Paragraph 18 of the Complaint.

19.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the allegations of Paragraph 19 of the Complaint.

20.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the allegations of Paragraph 20 of the Complaint.

21.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the allegations of Paragraph 21 of the Complaint.

22.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the allegations of Paragraph 22 of the Complaint.

23.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the allegations of Paragraph 23 of the Complaint.

24.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the allegations of Paragraph 24 of the Complaint.

25.    Sagitec alleges the documents attached as Exhibit 1 to the Complaint speak for themselves. Sagitec denies the remaining allegations of Paragraph 25 of the Complaint.

26.     Sagitec states that the allegations of Paragraph 26 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the allegations of Paragraph 26 of the Complaint.

27.     Sagitec states that the allegations of Paragraph 27 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the allegations of Paragraph 27 of the Complaint.

28.     Sagitec states that the allegations of Paragraph 28 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the allegations of Paragraph 28 of the Complaint.

29.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies the allegations of Paragraph 29 of the Complaint.

30.     Sagitec states that the allegations of Paragraph 30 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the allegations of Paragraph 30 of the Complaint.

31.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies the allegations of Paragraph 31 of the Complaint.

32.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the allegations of Paragraph 32 of the Complaint.

33.     Sagitec states that the allegations of Paragraph 33 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies the allegations of Paragraph 33 of the Complaint.

34.     Sagitec states that the allegations of Paragraph 34 of the Complaint contain legal conclusions to which no response is required. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the allegations of Paragraph 34 of the Complaint.

35.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the allegations of Paragraph 35 of the Complaint.

36.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the allegations of Paragraph 36 of the Complaint.

37.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the allegations of Paragraph 37 of the Complaint.

38.     Sagitec states that the allegations of Paragraph 38 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the allegations in Paragraph 38 of the Complaint.

39.    Sagitec admits that Minkkinen and Sambasivam were criminally indicted. Sagitec denies the remaining allegations in Paragraph 39 of the Complaint.

40.    Sagitec states it registered as a limited liability company in 2003 and launched in 2004. Sagitec admits it did not offer unemployment insurance software until after hiring Minkkinen and Sambasivam. Sagitec denies the remaining allegations of Paragraph 40 of the Complaint.

41.    Sagitec admits it hired Minkkinen and Minkkinen was responsible for Sagitec's Labor and Employment practice. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the allegations of Paragraph 41 of the Complaint.

42.    Sagitec admits it hired Sambasivam. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint as it relates to Sambasivam's activities at Deloitte, and therefore denies the allegations contained in Paragraph 42 of the Complaint as it relates to Sambasivam's activities at Deloitte. Sagitec denies the remaining allegations of paragraph 42 of the Complaint.

43.    Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding Minkkinen and Sambasivam before departing Deloitte and contained in Paragraph 43 of the Complaint, and therefore denies the allegations regarding Minkkinen and Sambasivam before departing Deloitte and contained in Paragraph 43 of the Complaint. Sagitec denies the remaining allegations in Paragraph 43 of the Complaint.

44.    Sagitec admits that individuals whom at one time worked for Deloitte were hired by Sagitec after Sagitec hired Minkkinen and Sambasivam. Sagitec states that the allegations of Paragraph 44 of the Complaint contain legal conclusions to which no response is required.

7

Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies the allegations of Paragraph 44 of the Complaint.

45.    Sagitec denies the allegations of Paragraph 45 of the Complaint.

46.    Sagitec denies the allegations of Paragraph 46 of the Complaint.

47.    Sagitec denies the allegations of Paragraph 47 of the Complaint.

48.    Sagitec denies the allegations of Paragraph 48 of the Complaint.

49.    Sagitec denies the allegations of Paragraph 49 of the Complaint.

50.    Sagitec denies the allegations of Paragraph 50 of the Complaint.

51.    Sagitec denies the allegations of Paragraph 51 of the Complaint.

52.    Sagitec admits a grand jury indicted Minkkinen and Sambasivam on August 23, 2022. Sagitec asserts that the grand jury's indictment against Minkkinen and Sambasivam speaks for itself. Sagitec denies the remaining allegations of Paragraph 52 of the Complaint.

53.    Sagitec denies the allegations of Paragraph 53 of the Complaint.

54.    Sagitec denies the allegations of Paragraph 54 of the Complaint.

55.    Sagitec states that the allegations of Paragraph 55 of the Complaint contain legal conclusions to which no response is required. Sagitec states the indictment of Minkkinen and Sambasivam speaks for itself. Sagitec is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.    Sagitec denies the allegations of Paragraph 56 of the Complaint.

57.    Sagitec denies the allegations of Paragraph 57 of the Complaint.

58.    Sagitec denies the allegations of Paragraph 58 of the Complaint.

59.    Sagitec denies the allegations of Paragraph 59 of the Complaint.

60.     Sagitec denies the allegations of Paragraph 60 of the Complaint.

## COUNT 1
## Copyright Infringement (17 U.S.C. § 101 *et seq.*)

61.     Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 60 of the Complaint.

62.     Sagitec states that the allegations of Paragraph 62 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 62 of the Complaint.

63.     Sagitec states that the allegations of Paragraph 63 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 63 of the Complaint.

64.     Sagitec states that the allegations of Paragraph 64 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 64 of the Complaint.

65.     Sagitec denies the allegations of Paragraph 65 of the Complaint.

66.     Sagitec denies the allegations of Paragraph 66 of the Complaint.

67.     Sagitec denies the allegations of Paragraph 67 of the Complaint.

68.     Sagitec denies the allegations of Paragraph 68 of the Complaint.

69.     Sagitec denies the allegations of Paragraph 69 of the Complaint.

70.     Sagitec denies the allegations of Paragraph 70 of the Complaint.

## COUNT II
## Trade Secret Misappropriation Under New York Law

71.     Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 70 of the Complaint.

72.     Sagitec denies the allegations of Paragraph 72 of the Complaint.

73.     Sagitec states that the allegations of Paragraph 73 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 73 of the Complaint.

74.     Sagitec states that the allegations of Paragraph 74 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 74 of the Complaint.

75.     Sagitec states that the allegations of Paragraph 75 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 75 of the Complaint.

76.     Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the allegations in Paragraph 76 of the Complaint.

77.     Sagitec denies the allegations of Paragraph 77 of the Complaint.

78.     Sagitec denies the allegations of Paragraph 78 of the Complaint.

79.     Sagitec denies the allegations of Paragraph 79 of the Complaint.

80.     Sagitec denies the allegations of Paragraph 80 of the Complaint.

81.     Sagitec denies the allegations of Paragraph 81 of the Complaint.

<u>**COUNT III**</u>
**Trade Secret Misappropriation Under the DTSA**

82.     Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 81 of the Complaint.

83.     Sagitec denies the allegations of Paragraph 83 of the Complaint.

84.    Sagitec states that the allegations of Paragraph 84 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 84 of the Complaint.

85.    Sagitec states that the allegations of Paragraph 85 of the Complaint contain legal conclusions to which no response is required. Sagitec is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore denies the allegations in Paragraph 85 of the Complaint. Sagitec denies the remaining allegations of Paragraph 85 of the Complaint.

86.    Sagitec states that the allegations of Paragraph 86 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 86 of the Complaint.

87.    Sagitec states that the allegations of Paragraph 87 of the Complaint contain legal conclusions to which no response is required. Sagitec denies the remaining allegations of Paragraph 87 of the Complaint.

88.    Sagitec denies the allegations of Paragraph 88 of the Complaint.

89.    Sagitec denies the allegations of Paragraph 89 of the Complaint.

90.    Sagitec denies the allegations of Paragraph 90 of the Complaint.

91.    Sagitec denies the allegations of Paragraph 91 of the Complaint.

92.    Sagitec denies the allegations of Paragraph 92 of the Complaint.

93.    Sagitec denies the allegations of Paragraph 93 of the Complaint.

## COUNT IV
### Unfair Competition Under New York Law

94.    Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 93 of the Complaint.

95.    Sagitec denies the allegations of Paragraph 95 of the Complaint.

96.    Sagitec denies the allegations of Paragraph 96 of the Complaint.

97.    Sagitec denies the allegations of Paragraph 97 of the Complaint.

98.    Sagitec denies the allegations of Paragraph 98 of the Complaint.

## COUNT V
### Unjust Enrichment Under New York Law

99.    Sagitec incorporates by reference its responses to Paragraphs 1 – 98 of the

Complaint.

100.    Sagitec denies the allegations of Paragraph 100 of the Complaint.

101.    Sagitec denies the allegations of Paragraph 101 of the Complaint.

102.    Sagitec denies the allegations of Paragraph 102 of the Complaint.

103.    Sagitec denies the allegations of Paragraph 103 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and without waiver,

limitation, or prejudice to asserting additional defenses, Sagitec asserts the following affirmative

and additional defenses:

104.    Plaintiffs fail to state a claim on which relief may be granted.

105.    Plaintiffs lack standing to assert one or more of the claims asserted.

106.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of

limitations.

107.    Plaintiffs' claims fail because Plaintiffs have failed to identify any specific legally

protected trade secrets.

108.    Plaintiffs' claims fail because the information identified as legally protected trade

secrets is publicly known and/or accessible to the public with minimal effort.

109.    Plaintiffs' claims fail because Plaintiffs have not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

110.    Plaintiffs' claims fail because they do not own the information they have identified to be a protected trade secret or copyright.

111.    Plaintiffs have failed to mitigate their alleged damages and/or the damages asserted were the result of its or their own actions or failure to act.

112.    Plaintiffs' claims are limited by 17 U.S.C. § 507(b).

113.    Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

114.    Plaintiffs' state law claims for unjust enrichment and unfair competition are preempted.

115.    Plaintiffs lack a valid copyright registration for some or all of the materials at issue.

116.    Plaintiffs' remedies are limited by 17 U.S.C. § 412.

117.    Some or all of the materials at issue are not protected copyright law.

118.    Some or all of the materials at issue constitute scenes a faire.

119.    Plaintiffs' claims of copyright infringement are barred or limited by the doctrine of merger.

120.    Plaintiffs' claims of copyright infringement are barred or limited by the idea/expression dichotomy.

121.    To the extent there is copying of copyrightable expression, that copying constitutes fair use.

13

122.    Plaintiffs' requests for injunctive relief are barred because there is an adequate remedy at law.

123.    Plaintiffs' requests for costs are barred or recovery is limited.

124.    Sagitec reserves all other affirmative defenses that may now exist or in the future may become available based on discovery and further factual investigation.

## COUNTERCLAIMS

Sagitec, on personal knowledge and information and belief, alleges counterclaims against Deloitte as follows:

1.    The foregoing allegations in paragraphs 1-124 of the Answer are incorporated by reference as allegations of Plaintiff.

2.    Sagitec brings these counterclaims for declaratory relief to confirm the lack of protectability and lack of ownership of Deloitte's asserted trade secrets and copyrights. Based on the limited public information that is available, it is clear that Deloitte does not own valid trade secrets or copyrights as it is has alleged.  Such information is owned by public entities. Further, the information that Deloitte identifies does not meet the statutory threshold for protecting such information as a trade secret. Deloitte's unsupported and unfounded trade secret allegations appear designed to interfere with Sagitec's existing and anticipated contractual relationships, and to provide some improper competitive advantage.

## THE PARTIES

3.    Sagitec is organized under the laws of Nevada, with a principal place of business at 422 County Road D East, Saint Paul, Minnesota.

4.    As alleged in the Complaint, Plaintiff Deloitte Consulting LLP is a Delaware partnership with its principal offices located at 30 Rockefeller Plaza, New York, New York.

5.    As alleged in the Complaint, Plaintiff Deloitte Development LLC is a Delaware company with its principal offices located at 30 Rockefeller Plaza, New York, New York.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over Sagitec's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 2201.

7.    Sagitec seeks, *inter alia*, declaratory relief pursuant 28 U.S.C. §§ 2201-2022 and Federal Rule of Civil Procedure 57.

8.    Deloitte has submitted to this Court's jurisdiction by initiating and continuing to prosecute this action and by virtue of the facts and circumstances set forth above and herein.

9.    Deloitte has submitted to venue in this Court with regards to the counterclaims by initiating and prosecuting this action, including its unsupported claims of misappropriation of trade secrets.

**FACTS**

10.    This case addresses computer systems used by states to provide unemployment insurance (UI) benefits to their citizens. Over time, states have, to one degree or another, engaged in maintenance and modernization of state-implemented computer systems to continue the provision and support of UI benefits to their citizens. At times, states individually or in partnership have engaged with software development or consulting firms to assist with the modernization of UI benefit computer systems.

11.    The modernization of state UI benefit computer systems is not inexpensive. To assist the states, the United States Federal Government has made available grants to help pay for the implementation of new or upgraded computer systems. The funding of state UI modernization projects are controlled by federal statutes, and federal grant rules and regulations

consistent with Federal Acquisition Regulations (FAR). At least federal grant requirements and FAR address the ownership of intellectual property rights that may arise or exist in relation to such projects. For example, federal grant requirements relating to federal funding for the modernization of state UI systems includes provisions that facilitate the sharing of innovations such that intellectual property rights are committed to the public domain via transfer of ownership of those rights to the federal government.

12.    FAR includes regulations that provide for the federal government to obtain all right, title, and interest in computer software developed at public expense. The conveyance of all right, title, and interest in intellectual property rights relating to developed computer software at public expense occurs regardless of the expectation or intent of the parties performing or receiving such services. The intellectual property rights that are subject to FAR includes trade secrets and copyrights that may be related to software, source code, database design, or the design and implementation of software systems.

13.    In or about 2007, the State of Massachusetts contracted with a consulting firm known as BearingPoint Inc. for modernizing Massachusetts's UI benefits processing system. The contracting process involves the provision of one or more statements of work. In the software development field, a statement of work may further include one or more "use case" disclosures, which is a written document that describes a specific interaction that a user may have with the proposed software system. Use cases are defined by a client, and use case documentation reflects how the computer system operates through its interaction with a public user of the system.

14.    As part of its consulting agreement with Massachusetts, BearingPoint upgraded the Massachusetts UI benefit software. Massachusetts relied on federal grants to fund the

software development work, including distributions authorized by federal statute, and controlled by FAR and other federal grant rules and regulations.

15.     The contracts governing the relationship between Massachusetts and BearingPoint provide that all intellectual property, including copyrights and trade secrets, created or implemented via the modernization process is owned by the State of Massachusetts.

16.     In or about 2009, the assets and/or liabilities of BearingPoint were acquired by Deloitte.

17.     Subsequent to the purchase of BearingPoint, Deloitte completed further computer system modernization projects (including for UI benefit computer systems) for Massachusetts, New Mexico, and Florida. Those projects were paid for in whole or in part with federal funds. Under the operation of FAR and/or individual contract provisions, all intellectual property rights (including copyrights and trade secrets), title, and interests in the implemented upgrade software solutions, including the software, source code, database design, design documentation, and other project materials are owned by the respective states that hired Deloitte.

18.     In its provision of services and the modernization of UI benefits software, Deloitte has relied on and used the software, source code, database design, design documentation, and other project materials that it has previously created or modified with previous customers and projects, including materials that are owned by its state customers through the operation of FAR, federal grant rules and regulations, federal statutes, and contracts between Deloitte and its customers.

19.     Over the course of Deloitte's provision of UI benefit system modernization services to its state customers, Deloitte has created or modified software, source code, design

materials, database materials, and other information relating to such systems. These created and modified materials are owned by the states, and not by Deloitte.

20.    Sagitec is a software development company that, in part, develops software solutions for the administration of pensions, unemployment benefits, disability insurance, paid family and medical leave, and Medicaid member engagement.

21.    In 2013, Sagitec hired David Minkkinen and Sivaraman Sambasivam. Minkkinen and Sambasivam lead Sagitec's development of its UI modernization services practice. Minkkinen and Sambasivam are former employees of Deloitte.

22.    On October 3, 2016, Deloitte sent a letter to Sagitec demanding that Sagitec cease-and-desist from using "Deloitte unemployment insurance intellectual property." Deloitte categorized it unemployment insurance intellectual property to include "the uFACTS Unemployment Insurance Solution and related documentation."

23.    On October 7, 2016, Sagitec responded to Deloitte's October 3, 2016 letter.

24.    On September 12, 2018, wrote to Sagitec, alleging it had acquired "further information confirming the veracity of its allegations," referencing its October 3, 2016 letter as its most recent communication.

25.    On September 27, 2018, Sagitec responded to Deloitte's September 12, 2018 letter. Sagitec requested additional clarification and detail about Deloitte's allegations.

## COUNTERCLAIM COUNT I
### Declaratory Judgment of No Misappropriation of Trade Secrets – Not A Trade Secret Pursuant to 18 U.S.C. § 1832 *et seq.*

26.    Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein each of the allegations set forth above.

27.    Deloitte has filed suit against Sagitec for alleged misappropriation of the "uFACTS Trade Secrets," as referenced by Deloitte in its Complaint. Deloitte includes as part of

18

its definition of "uFACTS Trade Secrets" "uFACTS Application" trade secrets, which are the "non-public portions of the registered uFACTS Computer Program" as well as "subsequent versions and improvements[.]" Deloitte further includes as part of the definition of "uFACTS Trade Secrets" "uFACTS Design" assets, which reflect the operation and public interaction with the software product.

28.     The information that Deloitte alleges as a trade secret is publicly available, has been made publicly available, is accessible to the public through appropriate channels, is known by those of skill in the art, has been provided by Deloitte to its clients without limitation or protection, and, otherwise, has not been the subject of reasonable measures to protect the secrecy of such information.

29.     Individually and/or in combination, the information referenced as "uFACTS Trade Secrets" do not meet the statutory definition of "trade secret." *See* 18 U.S.C. § 1839(3).

30.     An actual and justiciable controversy exists between Sagitec and Deloitte.

31.     To resolve the legal and factual questions raised by Deloitte and to afford relief from the uncertainty and controversy that Deloitte's allegations have created, this Court should declare that the information Deloitte has identified as a trade secret does not satisfy the statutory definition of trade secret under 18 U.S.C. § 1839(3), and, accordingly, Sagitec has not misappropriated alleged trade secrets purportedly owned by Deloitte.

## COUNTERCLAIM COUNT II
### Declaratory Judgment of No Misappropriation of Trade Secrets – Lack of Ownership Pursuant to 18 U.S.C. § 1832 *et seq.*

32.     Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein each of the allegations set forth above.

33.     Deloitte has filed suit against Sagitec for alleged misappropriation of the "uFACTS Trade Secrets," as referenced by Deloitte in its Complaint. Deloitte includes as part of

its definition of "uFACTS Trade Secrets" "uFACTS Application" trade secrets, which are the "non-public portions of the registered uFACTS Computer Program" as well as "subsequent versions and improvements[.]" Deloitte further includes as part of the definition of "uFACTS Trade Secrets" "uFACTS Design" assets, which reflect the operation and public interaction with the software product.

34.     Deloitte does not own the asserted trade secrets, as identified by Deloitte in its Complaint, because at least some of the information is owned by its state clients through operation of contract, federal statute, federal regulation, and federal grant rules and requirements.

35.     An actual and justiciable controversy exists between Sagitec and Deloitte.

36.     To resolve the legal and factual questions raised by Deloitte and to afford relief from the uncertainty and controversy that Deloitte's allegations have created, this Court should declare that Deloitte does not own the information that Deloitte alleges to be a trade secret, and, accordingly, Sagitec has not misappropriated alleged trade secrets purportedly owned by Deloitte.

### COUNTERCLAIM COUNT III
**Declaratory Judgment of No Copyright Infringement – Lack of Ownership
Pursuant to 17 U.S.C. § 501 *et seq*.**

37.     Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein each of the allegations set forth above.

38.     Deloitte has filed suit against Sagitec for its alleged copyright infringement of the "uFACTS Computer Program" as referenced by Deloitte in its Complaint.

39.     Deloitte does not own the property or copyright it claims.

40.     An actual and justiciable controversy exists between Sagitec and Deloitte.

41.     To resolve the legal and factual questions raised by Deloitte and to afford relief from the uncertainty and controversy that Deloitte's allegations have created, this Court should

declare that Deloitte does not own the information it claims to be copyrighted or the alleged copyrights, and, accordingly, Sagitec has not infringed any copyright allegedly owned by Deloitte.

## COUNTERCLAIM COUNT IV
### Declaratory Judgment – Claims Barred by the Statute of Limitations

42.    Sagitec restates, re-alleges, and incorporates by reference as if fully set forth herein each of the allegations set forth above.

43.    Deloitte has filed suit against Sagitec alleging that Sagitec misappropriated purported Deloitte trade secrets and infringed purported copyrights.

44.    Deloitte was aware of its claims of trade secret misappropriation and copyright infringement at least as early as October 3, 2016, when Deloitte contacted Sagitec, asserted that Sagitec was using Deloitte intellectual property without permission from Deloitte, and demanded that Sagitec immediately cease and desist from such alleged use.

45.    Despite being aware of its claims in October 2016, Deloitte chose to delay filing a lawsuit until March 2023.

46.    Deloitte chose to file it lawsuit after the applicable statute of limitations.

47.    An actual and justiciable controversy exists between Sagitec and Deloitte.

48.    To resolve the legal and factual questions raised by Deloitte and to afford relief from the uncertainty and controversy that Deloitte's allegations have created, this Court should declare that Deloitte's claims for trade secret misappropriation and copyright infringement are barred by the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Sagitec prays for the following relief:

a.    Dismiss the Complaint in its entirety and with prejudice;

21

b.  Enter judgment in favor of Sagitec and against Deloitte;

c.  Declare that information Deloitte alleges to be a trade secret does not satisfy the definition of trade secret pursuant to 18 U.S.C. § 1832, *et seq.*;

d.  Declare that Deloitte does not own the information it alleges to be a trade secret pursuant to 18 U.S.C. § 1832, *et seq.*;

e.  Declare that Deloitte does not own the information or copyrights described in its alleged copyright registrations attached to its Complaint;

f.  Grant Sagitec all reasonable attorneys' fees, experts' fees, and costs available by Statute, rule, or common law; and

g.  Grant such further relief as the Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and D. Del. LR 38.1, Sagitec hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated: September 29, 2023

OF COUNSEL:
Chris K. Larus
David A. Prange
Brandon A. Carmack
ROBINS KAPLAN, LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
(612) 349-8500

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting
LLPand Deloitte Development LLC*

    */s/ Anne Shea Gaza*
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*