IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 23-325-WCB |
| SAGITEC SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON
<u>FROM ANDREW E. RUSSELL</u>**

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: October 10, 2023

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting LLP,
and Deloitte Development LLC*

Dear Judge Bryson:

Deloitte submits this letter concerning the scope of party employee access to "Highly Confidential Information" (HCI) in the protective order to be entered in the above-captioned action.  Deloitte's proposed protective order would limit disclosure of HCI to employees of the receiving party who are in-house counsel and not in a competitive business decision-making role.  Ex. 1 at §4(a), 3(b).  Sagitec has rejected this proposal, instead proposing that, if any Deloitte party representatives are allowed to access HCI, then a Sagitec non-attorney businessperson (who may be a competitive decision maker) should as well.  Sagitec's stated rationale for this all-or-nothing approach is that there should be "parity in access," *i.e.*, "if Sagitec['s non-attorney party representative] does not have access to such information neither should Deloitte['s in-house counsel]."  Ex. 2 (Oct. 6, 2023 D. Prange Email to P. Arnett).

But, as discussed below, Deloitte's proposal to permit a limited number of litigation in-house counsel but bar competitive decision makers from accessing HCI, with the numerous safeguards included in its proposal, is consistent with the practice in this District and the purpose of a protective order in protecting information from disclosure.  Meanwhile, Sagitec's "parity" rationale for rejecting Deloitte's proposal has been expressly rejected as a basis for excluding in-house counsel from access to HCI—even when, as here, one party has chosen not to hire in-house counsel.  It is also not a basis for Sagitec to force Deloitte to disclose sensitive confidential material directly to Sagitec businesspersons potentially responsible for competing with Deloitte.

Deloitte's proposed protective order is consistent with Delaware practice, where in-house attorneys are routinely granted access to even the most sensitive information in a litigation so long as those attorneys are not competitive decision makers.  *Sight Sciences, Inc. v. Ivantis, Inc.*, Civ. 21 No. 01317 (GBW) (SRF), D.I. 69 Oral Order (D. Del. Aug. 16, 2022) (granting access of HCI to in-house attorney for one party even when opposing party had no in-house counsel) (Ex. 3); *R.R. Donnelley & Sons Co. v. Quark, Inc.*, C.A. No. 06-032 (JJF), 2007 WL 61885, at *2-3 (D. Del. Jan. 4, 2007) (granting access to HCI to in-house attorney while denying it to non-attorney employee); *Avery Dennison Corp. v. Minnesota Mining & Mfg. Co.*, C.A. No. 01-125 (JJF), 2001 WL 1339402, at *2 (D. Del. Oct. 26, 2001) (granting access to in-house counsel and denying additional confidentiality "tier" to screen in-house attorneys); *Boehringer Ingelheim Pharms., Inc. v. Hercon Labs. Corp.*, No. 89-484 (CMW), 1990 WL 160666, at *2 (D. Del. Oct. 12, 1990) (granting access to in-house counsel but not in-house technical employees); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 21–23 (D. Del. 1988) (granting access to defendant's in-house counsel but denying access to plaintiff's non-attorney businesspersons).  Indeed, as this Court has explained before, an in-house attorney's "role in supervising [] litigation and settlement makes it important for him to have broad access to the litigation materials in order to manage the litigation and make strategic decisions in the course of the case." *Brit. Telecomns. PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 394 (D. Del. 2019).

Additionally, Deloitte's proposal is buttressed by safeguards designed to prevent inadvertent disclosure.  The party designating in-house counsel must provide to the opposing party information about the designee's position and role with the party.  Ex. 1 at §3(b).  The opposing party may consider and object.  *Id*. at §5(a).  If the concerns cannot be alleviated through a meet and confer, the objection can be brought to the Court.  *Id*. at §5(b)  Potential in-house counsel designees also must affirm they have read the protective order, that they are not competitive

decision makers, and that they will destroy any confidential information in their position if it does. *Id*. at §9(a), Ex. A ("Acknowledgement of Stipulated Protective Order").  And by limiting disclosure of the most sensitive information to in-house counsel, Deloitte's proposal incorporates the professional responsibility and ethical obligations required of any licensed attorney, offering "yet another protection against the abuse of confidential information[.]" *Boehringer*, 1990 WL 160666, at *2; *see also Sight Sciences*, C.A. No. 21-1317 (GBW) (SRF), D.I. 69 (D. Del. Aug. 16, 2022) (oral order); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). These safeguards are sufficient to reduce the risk of inadvertent disclosure such that those risks do not outweigh a party's ability to choose its own attorneys to manage the litigation, and outside counsel's ability to discuss strategic elements of this case with in-house counsel.

Sagitec's argument that Deloitte's proposal should be rejected because "there should be parity in access," while noting it has not hired its own in-house counsel, is not relevant and is not the law. A protective order is designed to safeguard ***information*** from disclosure to persons who could, even inadvertently, use that information to provide a competitive benefit to a party beyond assisting with the management of the litigation.  It is not about parity.  That Sagitec has chosen not to hire its own in-house counsel should not dictate the terms of the protective order or who Deloitte can hire to manage its litigation.  Indeed, it is not unusual for courts to institute protective orders granting different levels of access to parties when the particular facts concerning the parties at issue render it necessary, and courts reject arguments regarding "parity."  *See Sight Sci.*, No. 21-1317, D.I. 69 Oral Order (D. Del. Aug. 16, 2022) ("Plaintiff's argument regarding an 'imbalance' between the parties does not alter the analysis, which is not dependent on the relative size of the parties and their respective in-house legal departments or whether Plaintiff lacks in-house counsel.") (Ex. 3); *Affymetrix, Inc. v. Illumina, Inc.*, C.A. 04-901 (JJF), 2005 WL 1801683, at *1–2 (D. Del. July 28, 2005) (allowing plaintiff's team of four in-house counsels access because they were not involved in competitive decision making, but barring access from defendant's single in-house counsel because counsel's role crossed into competitive decision making); *Safe Flight*, 682 F. Supp. 20 at 22 ("Plaintiff alternatively argues for symmetry . . . [t]his argument is glib.").

Sagitec's attempt to horse-trade access to confidential information to allow its own non-attorney employees access to sensitive HCI, regardless of their role in the company, is also misguided. Indeed, courts recognize that it is difficult, if not impossible, for even employees acting in good faith to separate information learned from a competitors HCI from their own research and ideas. *See, e.g.*, *Safe Flight*, 682 F.Supp. 20 at 22; *Boehringer*, 1990 WL 160666, at *2–3.  Deloitte should not be forced to disclose its own sensitive HCI to a direct competitor's employees just so the attorneys of its choice (a limited number of its own in-house litigation counsel) can manage the litigation—particularly given that its lawsuit is all about Sagitec employees' history of misusing Deloitte's sensitive confidential information in order to compete with Deloitte.

As a result of the foregoing, Deloitte respectfully requests this Court enter its proposed protective order so the parties may continue with discovery.

2

Respectfully Submitted,

*/s/ Andrew E. Russell*

Andrew Russell (No. 5382)

cc:    Clerk of Court (via CM/ECF)
        All Counsel of Record (via CM/ECF & Email)

3