# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | |
| Plaintiffs, | C.A. No. 23-325-WCB |
| v. | **DEMAND FOR JURY TRIAL** |
| SAGITEC SOLUTIONS LLC, | |
| Defendant. | |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain information.

IT IS HEREBY ORDERED THAT:

1.     **Definitions.**

(a)     "Action" means the above-captioned litigation.

(b)     "Confidential Information" means all non-public information, Documents, interrogatory responses, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing produced by a Producing Party in connection with this Action that concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, its business that is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Confidential Information includes, without limitation: agreements and contracts; current and future business, product, or strategic plans; financial information; marketing documents; private personal identifying information; trade secrets; or Documents or information that, if released publicly,

would cause embarrassment or be damaging to the reputation of the Producing Party.  Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information pursuant to this Order.  Material that is available to the public, or becomes available through no fault of the Producing Party, is not Confidential Information.

(c)    "Document" means documents, electronically stored information ("ESI"), items, and things as set forth in Federal Rule of Civil Procedure 34, the District of Delaware's Default Standard for Discovery, including Discovery of ESI, and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

(d)    "Highly Confidential Information" means Confidential Information that is particularly sensitive, private, or competitively valuable, including without limitation Source Code, financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans.  Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information.

(e)    "Parties" collectively means Deloitte Consulting LLP, Deloitte Development LLC, and Sagitec Solutions LLC.  Each is individually a "Party."

(f)    "Producing Party" means a Party or non-Party to this Action who produces Documents in accordance with this Order (collectively, the "Producing Parties").  This Order is binding upon the Producing Parties in this Action, including their respective corporate parents, successors, and assigns, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

(g)      "Receiving Party" means a Party or non-Party to this Action receiving

Confidential Information under this Order.

(h)      "Review Period" means, for any particular deposition transcript, the period of

time that begins upon receipt of the final deposition transcript, a copy of the final deposition

transcript, or written notification that the final deposition transcript is available and that ends

thirty (30) days thereafter.

(i)      "Source Code" means source code (*i.e.,* computer instructions and data definitions

expressed in a human-readable form), as well as any and all programmer notes, annotations,

files, and other comments of any type describing, explaining, and/or accompanying the code.

Provisions regarding the inspection of Source Code are outlined in Section 6.

## 2.      Designating Material as Confidential Information or Highly Confidential Information.

Any Producing Party may designate any Confidential Information as "CONFIDENTIAL"

or Highly Confidential Information as "HIGHLY CONFIDENTIAL – ATTORNEY EYES

ONLY" that it believes is entitled to such treatment under this Order.  Such designation

constitutes a representation that such information has been reviewed and that the Producing Party

has a good faith basis for the designation.  Documents, testimony, or information may be

designated in the following ways:

(a)      <u>Documents</u>.  Documents shall be designated by placing a legend with the

applicable words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

ONLY" on each page of the Document.  To the extent that it is not feasible to place a legend on

each page of a Document, such Document shall be designated by placing in the Document file

name the word "CONFIDENTIAL" or the words "HC-AEO".  In addition, for any Confidential

or Highly Confidential Document produced with a load file or similar metadata, the load file or metadata shall include the confidentiality designation.

(b)  Electronic Copies.  Whenever any electronic files bearing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" legends are converted into another file type, all such copies also shall be marked "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY".  When electronically stored Confidential Information is produced in a native format, the Producing Party shall place the applicable confidentiality designation on the hard drive, DVD, CD, or other media on which such electronically stored information is produced.

(c)  Interrogatory Responses and Responses to Requests for Admissions.  Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses, or specific parts thereof, are designated as either Confidential Information or Highly Confidential Information.  Counsel for the Producing Party will place the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" legend on the front page of any set of answers or responses containing Confidential Information, as well as in the header or footer of any pages containing Confidential Information.

(d)  Depositions.  Counsel for the Producing Party or the deponent may designate deposition transcripts (including exhibits) as containing Confidential Information by either (i) identifying the transcript on the record as containing Confidential Information; or (ii) serving on the Parties a written communication (including without limitation a written communication by letter or electronic mail) making that identification before the close of the Review Period.  Prior to the Review Period, all transcripts (including, but not limited to, rough and real-time transcripts) and exhibits (collectively, the "Deposition Record") shall be treated as Highly

Confidential Information under this Order.  During the Review Period, the Deposition Record shall be treated as Confidential Information under this Order, except that any portions of the Deposition Record designated as containing Highly Confidential Information shall be treated as Highly Confidential Information under this Order from the moment of designation.  When any portion of the Deposition Record is designated prior to or during the Review Period as containing Highly Confidential Information, any persons, entities, or parties not authorized to access Highly Confidential Information under Section 4 shall no longer be granted access to that portion of the Deposition Record and shall destroy or return any copies of that portion of the Deposition Record in the person, entity, or party's possession or control.  Notwithstanding the foregoing, the deponent may review the transcript at any time.  A Party shall have the right to change any prior designations of the Deposition Record during the Review Period.  At the close of the Review Period, all then-current designations made on the record or by written communication shall remain in force, subject to a Party's right to contest them as provided in Section 12.  In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and on each page of the transcript.  If all or part of a videotaped deposition is designated as Confidential Information, the DVD, filename, or other storage device shall also be labeled with the applicable confidentiality designation.

3.     **Disclosure of Confidential Information.**

Access to Confidential Information produced under the protection of this Order shall be limited to:

(a)     Attorneys employed by the law firms of record for the Parties in this Action, as well as such attorneys' respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, and any outside photocopying, document storage, data processing, or

graphic production services employed or retained by them, who are engaged in assisting them in this Action ("Outside Counsel");

(b)    Up to three designated persons (limited to three total for Deloitte Consulting LLP and Deloitte Development LLC combined, and limited to three total for Sagitec Solutions, LLC), provided such personnel are not competitive decision makers, who are either—

(i)    in-house attorneys employed by a Party, as well as their respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, only to the extent they are assisting or cooperating with Outside Counsel in the prosecution or defense of the claims advanced in this action, or

(ii)    non-attorney representatives employed by a Party

—to be disclosed by the Receiving Party to the Producing Party and identified by name, position, and a description of the person's role and obligations to the Receiving Party before that person may see Confidential Information, subject to objection under Section 5, and provided that Section 9 of this Order has been complied with;

(c)    Any outside expert, consultant, or investigator retained by a Party or by counsel for a Party for purposes of consulting or testifying in this Action (an "Expert") and their employees, subject to objection under Section 5, provided that (i) such Expert has no financial interest in or a business or personal relationship with any of the Parties (for avoidance of doubt, prior expert, consulting, or investigative services for the Party retaining the Expert or its counsel is not disqualifying); and (ii) Section 9 of this Order has been complied with;

(d)    Any person who authored, received, or otherwise has been provided access in the ordinary course outside this Action to the Confidential Information sought to be disclosed to that person;

(e)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

(f)     Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that the person has complied or agrees in advance to comply with Section 9 of this Order, and any other person whom the Court directs should have access to the Confidential Information;

(g)     Mock jurors, to the extent permitted by Section 4(b), provided that Section 9 of this Order has been complied with; and

(h)     Any mediators or arbitrators retained to resolve this Action, provided that Section 9 of this Order has been complied with.

**4.     Disclosure of Highly Confidential Information.**

(a)     Access to Highly Confidential Information produced under the protection of this Order shall be limited to persons described in Sections 3(a), 3(b)(i), and 3(c)–3(h) but only to the extent reasonably necessary for litigation purposes and subject to the following limitations.

(b)     A Receiving Party may disclose arguments, descriptions, demonstratives, and other materials derived from or excerpting limited portions of another Party's Confidential Information or Highly Confidential Information to mock jurors pursuant to Section 3(g).  A Receiving Party may not disclose, transmit, or allow possession of complete, as-produced Documents containing another Party's Confidential Information or Highly Confidential Information to mock jurors.

(c)     Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a Party that seeks to disclose to an Expert (as defined in Section 3(c) of this Order) any information or item that has been designated Highly Confidential Information by the Producing

Party shall provide written notice to the Producing Party that (i) sets forth the full name of the Expert and the city and state of his or her primary residence, (ii) attaches a copy of the Expert's current resume, (iii) identifies the Expert's current employer(s), (iv) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements.  Notwithstanding anything to the contrary in this Section, employees of any Expert do not need to be disclosed.  Subsequent disclosure is subject to the requirements of Section 5.

(d)     Highly Confidential Information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person.  Highly Confidential Information must remain at all times in the physical custody and control of the persons described in this Section.

**5.     Objections to Disclosure**

(a)     A Producing Party which receives notice that a Receiving Party plans to designate a recipient of the Producing Party's Confidential Information under Sections 3(b) and 3(c) shall have five (5) business days from the date of notice to object to disclosure to that person in writing in good faith.  Any such objection must set forth the grounds upon which it is based and,

to avoid ambiguity as to whether a challenge has been made, recite that the challenge is being made in accordance with this specific Section of the Protective Order.

(b)     The Receiving Party shall not disclose the Confidential Information to the designee prior to receiving the Producing Party's consent or to the expiration of the five (5) day notice period.  In the absence of any objection at the end of the five (5) day period, the designee shall be deemed approved under this Agreement.  If a timely written objection is made, the Parties must meet and confer (through direct voice to voice dialogue) to try to resolve the dispute by agreement within five (5) days of the written objection.  If the Parties cannot reach agreement, the objecting Party must seek relief from the Court in accordance with the requirements for disputes relating to protective orders as stated in the Court's Scheduling Order (D.I. 51) ¶ 3(g) within ten (10) days from the date of the Receiving Party's notice.  If relief is not sought from the Court within that time and after good faith efforts to meet and confer, the objection to disclosure shall be deemed withdrawn.  The Receiving Party shall not disclose the Confidential Information to the designee until the objection is resolved or withdrawn.

**6.     Procedures for Source Code Inspection**

(a)     A Producing Party's Source Code made available for inspection shall be considered designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," unless the Producing Party states otherwise in writing.  Nothing in this Section, however, prevents the Producing Party from producing Source Code under a less restrictive confidentiality designation or in a different format.  Unless the Producing Party states otherwise in writing, or unless the Parties otherwise agree in writing, Source Code shall be subject to the following restrictions and protections.

(b)     Source Code Inspection.

(i)      <u>The Secure Room</u>.  Source Code will be made available for inspection in a secure room in computer searchable format on a stand-alone computer (that is, a computer not connected to a network or the Internet) (the "Source Code Computer") on mutually-agreeable business day(s) from 8:30 a.m. to 8:30 p.m. local time at an office of a law firm of record for the Producing Party, or at some other location mutually agreed upon in writing by the Producing Party and the Receiving Party (the "Secure Room"). Before being admitted into the Secure Room, an individual might be asked to provide a photo identification card sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the Source Code.  The Producing Party may configure the Source Code Computer to disable screenshots, screen sharing, or other ability to transfer any data off the Source Code Computer, but shall either provide a wired external USB mouse and keyboard to be used to facilitate review, or permit an individual reviewer to bring a wired external USB mouse and/or keyboard to facilitate review.

(ii)     The Producing Party shall load select software tools, agreed on by the Parties, on the Source Code Computer to facilitate viewing, searching, and analyzing the Source Code produced for inspection, on the platform produced, if such tools exist. Specific tools may include without limitation:  Eclipse, Notepad++, Source Navigator, PowerGrep, ExamDiff Pro, Understand, Beyond Compare, CodeSuite, Sherlock, Git, SVN, or similar programs.  If any requested tools require licenses, the Receiving Party must provide appropriately licensed copies of the software tools to the Producing Party at

least ten (10) days prior to the date on which the Receiving Party wishes to use such tools

so that the producing Party may install such tools on the Source Code Computer.  If the

Parties are unable to agree on the additional requested software tools, the Receiving Party

may seek an Order from the Court after making a good faith effort to resolve the dispute.

(iii)   Notice.  When the Receiving Party wishes to review the Producing Party's

Source Code, the Receiving Party shall provide notice to the Producing Party at least

three (3) business days prior to the requested review date.  Such notice shall include the

estimated start time of the review, estimated duration of the review, and identification of

the individuals who will be reviewing the Producing Party's Source Code.  Such

individuals shall be limited to the persons described in Sections 3(a) and 3(c) and subject

to compliance with Section 4 unless otherwise agreed in writing by the Parties.  The

Producing Party shall make reasonable efforts to accommodate the Receiving Party's

request for access to the Source Code Computer upon shorter notice, and the Receiving

Party shall make reasonable efforts to provide as much advance notice for any subsequent

review sessions as possible.  The Receiving Party and the Producing Party shall cooperate

in accommodating each other's schedules when agreeing to the date(s) of inspection.  If a

Producing Party is asked to produce any Source Code that is owned by a third party and

subject to a claim of confidentiality or subject to any license restriction on its distribution

or release, the Party possessing the third party Source Code shall notify the third party

and Receiving Party within three (3) business days of the request to produce such code.

The third party will have an opportunity to object to such production and to seek a

protective order from the Court concerning the same within fifteen (15) days of being

notified of the anticipated production of such data.  If the third party does not object

within this limit, any objections will be deemed waived.  Until such time as a third

party's objection is resolved by the Court, if an objection is made, or for the period in

which an objection may be made, the Producing Party in possession of such third party

source code shall not produce it for inspection.

      (iv)    <u>Restrictions on Note Taking.</u>  Except as otherwise provided by this Order

or agreed by the parties in writing, no electronic copies may be made of any Source

Code.  Written notes relating to the Source Code may be taken only in spiral or

permanently-bound notebooks and shall be designated as HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL ONLY – SOURCE CODE.  The Source Code may not be copied

into the notes.  Notwithstanding this provision, file name and location (*i.e.*, directory

path) may be copied into the notes.  The Producing Party may visually monitor the

activities of the Receiving Party's representatives during any review but only to ensure

there is no unauthorized recording, copying, or transmission of the Source Code.  The

Producing Party may not monitor what code is being reviewed by the Receiving Party's

representative(s).  For the avoidance of doubt, no provision in this Section gives the

Producing Party the right to inspect or review any notes and/or other work product of the

Receiving Party, and nothing herein shall be construed to make such notes discoverable

absent a waiver of attorney-client, work product, or other privilege.

      (v)    A reviewer may not make phone calls during an inspection, except to

other authorized reviewers.  Other than devices used to make phone calls to other

authorized reviewers, reviewers shall not use networked devices of any kind during a

Source Code inspection.  The reviewer may leave the room where the inspection is being

conducted to use Internet-connected devices or make a private phone call.

(vi)     The Receiving Party shall not copy, modify, e-mail, message, upload, download, or otherwise electronically store, transmit, or tamper with any Source Code, including, but not limited to, through use of a camera or imaging device.

(c)     <u>Requesting Paper Copies of Source Code</u>.  Notwithstanding the limitations in this Order, a Receiving Party is allowed to designate specific portions of the Source Code for later printing upon written notice to the producing party.  Printing designations are restricted to what is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition, hearings, mediations, arbitration, or trial.  The Receiving Party will identify the Source Code file to be printed, the original file path, and the excerpt to be printed as identified by line numbers.  A Receiving Party is not entitled to designate excessive portions of the Source Code to facilitate review of the Source Code away from the Secure Room; the Source Code is to be reviewed and analyzed using the Source Code Computer and printed only as necessary for the purposes outlined in this Section.

(d)     <u>Delivery of Printouts</u>.  The Producing Party shall print the designated portions of the Source Code with a Bates number, original file path of the file, and line numbers, and label them "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."  The Producing Party and the Receiving Party may also agree in writing that the Receiving Party may perform the printing and provide the printed pages to the Producing Party for reproduction and distribution.  Within five (5) days of the Receiving Party's request, the Producing Party must either (i) deliver three (3) paper copy sets of the designated and printed pages to the office of one of the Receiving Party's Outside Counsel of Record (to be designated by the Receiving Party) or provide PDF copies (via encrypted file transfer or USB drive) to enable the Receiving Party to print up to three (3) paper copy sets of the designated pages; or (ii) object in writing that, under

this Order, the designated portions are excessive or the Producing Party believes in good faith were not requested for a permitted purpose. Unless otherwise agreed in writing by the Parties or ordered by the Court, a Receiving Party may cumulatively possess printed copies of no more than 2,500 pages of a Producing Party's Source Code. For the avoidance of doubt, additional copies of the same printed pages of Source Code as permitted by this Order do not count towards the 2,500 page limit.

(e)     <u>Objection to Printouts</u>. In the event that the Producing Party timely objects that the printed portions were not requested for a permitted purpose or are excessive under this Section, the Producing Party and the Receiving Party shall first try to resolve the dispute in good faith including through a meet and confer within 5 days of the objection. If the dispute cannot be resolved, the Receiving Party may seek relief from the Court in accordance with the procedures for disputes relating to discovery matters and protective orders, as stated in the Court's Scheduling Order (D.I. 51) ¶ 3(g).

(f)     <u>Logs</u>. The Producing Party may maintain a log identifying: (i) the name of each person who accessed the Secure Room; (ii) the date and time of access; and (iii) the length of time of access. The Receiving Party shall maintain a log identifying the printed source code in its possession, including the location of such copies and the Outside Counsel or Expert responsible for maintaining the security of each copy according to the safeguards required by this Section. The Receiving Party must provide the Producing Party with the information from the Receiving Party's log by email on two (2) business days' notice, but no more than once per month absent a showing of good cause.

(g)     <u>Maintenance of Printouts</u>. If the Receiving Party's Outside Counsel of Record or Experts obtain permissible printouts or photocopies of Source Code under the provisions of this

Order, the Receiving Party shall ensure that such Outside Counsel of Record and Experts keep the printouts or photocopies in a locked storage container in a locked room or closet where they will not be accessible to persons other than those allowed access under this Protective Order. The Receiving Party is prohibited from having more than three (3) copies of Source Code printouts except as provided in this Section. Persons allowed to access the Source Code printouts under Sections 3(a) and 3(c) of this Protective Order may also temporarily keep the Source Code printouts in their physical possession while at: (i) Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any reasonably secure intermediate location reasonably necessary for the Person to transport the printouts (*e.g.*, a locked hotel room prior to a Court proceeding or deposition). The Receiving Party shall exercise due care in limiting visual access to the Source Code printouts, maintaining the security of the printouts at these temporary locations, and securely transporting the printouts to and from these temporary locations.

(h)     Use of Paper Source Code. Any paper copies of Source Code may not be further copied, digitally imaged or otherwise duplicated except:

(i)     Outside Counsel of record for a Party may scan or make digital copies of printed Source Code in PDF or image format for the limited purpose of a trial, hearing, mediation, or arbitration, including demonstratives or exhibits, briefing exhibits, depositions, written discovery requests or responses, and expert reports and exhibits. Any such materials containing Source Code shall be clearly labeled as containing HIGHLY CONFIDENTIAL SOURCE CODE and treated as such under this Order. Digital copies of printed Source Code may not be converted into text using optical

15

character recognition (OCR) or other similar tools and shall not be used for any other purpose other than that expressly stated herein.  The Receiving Party shall use reasonable measures to prevent unauthorized access to scans or digital copies of Source Code.

(ii)     Notwithstanding the foregoing, the use of Source Code in demonstratives, exhibits, written discovery, and expert reports should be minimized by, for example, describing or referring to the structure, function, or salient features of the Source Code without including verbatim excerpts, or using only such excerpts that are reasonably required by the circumstances.

(iii)     A Receiving Party intending to use printed Source Code at a deposition or hearing shall identify to the Producing Party the specific printed pages that may be used at least three (3) business days in advance, and the Producing Party may either prepare additional copies for use at the deposition or hearing, authorize the Receiving Party to make additional copies using the printed Source Code already in its custody, or, in the case of a virtual deposition or hearing, authorize the display of Source Code in PDF or image format via the remote deposition or hearing platform.  The Producing Party may direct that any unused additional copies that are not provided to the court reporter or Court be destroyed after the deposition or hearing.

## 7.     Use of Confidential Information.

(a)     Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending, or settling this Action.  In no event shall Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

(b)     Nothing in this Order shall bar or otherwise restrict an attorney from relying on his or her examination of Confidential Information in rendering advice to his or her client with

respect to this matter.  In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Information unless the client is permitted to receive such information pursuant to this Order.

(c)     Nothing in this Order shall prohibit a Party from disclosing its own Confidential Information to its own witnesses noticed or offered for deposition in this Action based on the disclosures or contentions of another Party.  For example, a Party is permitted to disclose to its own witnesses its own Confidential Information, such as Source Code and other trade secret material, that it believes was copied or misappropriated by another Party.  Likewise, a Party is permitted to disclose to its own witnesses Confidential Information that it produced to a Receiving Party that the Receiving Party contends was copied or misappropriated.

**8.     Non-Application of Order.**

The restrictions set forth in this Order shall not apply to Confidential Information that (a) was, is, or becomes public knowledge, unless in violation of this Order; or (b) was or is discovered independently by the Receiving Party.  Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.

**9.     Notification of Confidentiality Order.**

(a)     Confidential Information shall not be disclosed to persons described in Sections 3(b), 3(c), and 3(f)–(h) unless and until such persons are provided a copy of this Order and execute an Acknowledgment of Stipulated Protective Order ("Acknowledgment") in substantially the form attached hereto as **Exhibit A.**

(b)     Acknowledgements shall be maintained by the counsel who obtained them until the final resolution of this Action.  Acknowledgments and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

10.     **Use of Confidential Information.**

(a)     <u>In This Action</u>.  No Party may file with the Court Confidential Information of any other Party except with the Producing Party's consent or when required for motions or other pending matters in the Action.  Any pleading or exhibit containing another Party's Confidential Information shall initially be filed under seal or with the Confidential Information redacted.

(b)     <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

11.     **Preservation of Rights and Privileges.**

(a)     Neither the acceptance by a Party of any Document, material, or information nor the failure of a Party to take action to enforce the terms of this Order shall constitute a concession or admission that the Document, material, or information contains Confidential Information or that that the Document, material, or information is admissible in or relevant to this Action.  A Party's compliance with the terms of this Order shall not operate as an admission that any particular Document is or is not confidential, privileged, or admissible in evidence at any trial or hearing in this Action or any other judicial or administrative proceeding.

(b)     Nothing in this Order shall constitute or be deemed or construed as a waiver of the right of a Party at any time (i) to seek a determination by the Court whether any particular Document, material, or information should be subject to the terms of this Order; (ii) to seek relief from any provision(s) of this Order, either generally or as to any particular Document or other

piece of Confidential Information, in whole or in part; (iii) to seek a higher level of protection than provided for by this Order if the Party believes that circumstances warrant that higher level of protection; (iv) to seek Documents or other information from any source; or (v) to object to any discovery request, including the right to assert that no discovery should be had of certain Documents, material, or information.

## 12.    Challenging Confidentiality Designations.

(a)    <u>Timing of Challenges</u>.  Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly via telephone with counsel for the designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

(c)    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating Party may seek relief from the Court.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

13.     **Duration.**

Even after the termination of this Action, confidentiality obligations under this Order

shall remain in effect for each piece of Confidential Information until the Producing Party agrees

in writing otherwise or a Court order directs otherwise.

14.     **Return/Destruction of Materials.**

(a)     Within sixty (60) days after the final resolution of this Action, all Confidential

Information, including all copies, abstracts, and summaries, either shall be destroyed or returned

to counsel for the Producing Party, with the Receiving Party certifying to the destruction or

return of such materials.

(b)     Notwithstanding the foregoing, Outside Counsel of record in the Action may

retain Confidential Information in copies of pleadings, motions, or other court-filed papers, in

official transcripts and exhibits thereto, and in attorney work product, including counsels' email

and document management systems.  For the avoidance of doubt, Counsel shall continue to treat

all such materials as Confidential Information pursuant to the requirements of this Order, and

may not disclose such retained Confidential Information to persons other than those already

permitted to receive Confidential Information under this Order.

15.     **Inadvertent Disclosure.**

The inadvertent or unintentional disclosure by the Producing Party of Confidential

Information, regardless of whether the information was so designated at the time of disclosure,

shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of

confidentiality, either as to the specific information disclosed or as to any other information on

the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of

Confidential Information, the Producing Party shall designate such information as Confidential

Information or Highly Confidential Information within thirty (30) days.  The obligation to treat

such Confidential Information as provided for in this order shall run from the date of designation.

Nothing contained within this Section prevents a Party from challenging such a designation of

Documents or information pursuant to the procedures described in Section 12.

**16.    Privilege.**

(a)    <u>Privilege Log</u>.  Consistent with the Federal Rules of Civil Procedure, a party

withholding or redacting any responsive Document on grounds of any privilege, immunity, work

product protection, or similar basis shall provide to the Receiving Party a privilege log, subject to

the exclusions identified in Section 16(c).  Privilege logs will be exchanged in Excel format.  The

information contained in each Party's respective privilege log shall comply with the

requirements set forth in Federal Rule of Civil Procedure 26(b)(5) and identify or provide: (i) the

date of the Document; (ii) all persons who authored, prepared, signed, or sent the Document;

(iii) all persons designated as addressees or recipients of the Document; (iv) a description of the

contents of the document that, without revealing information itself privileged or protected, is

sufficient to understand the subject matter of the document and the basis of the claim or privilege

or immunity; (v) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work

product doctrine); and (vi) for redacted documents only, the Bates numbers corresponding to the

first and last page of any document redacted.

(b)    <u>Logging E-mails</u>.  An e-mail thread (*e.g.*, a series of e-mails that are related as a

series of e-mail replies and/or forwards) that is completely withheld may be logged as a single

entry so long as the log entry complies with Section 16(a) and provides complete information for

the entire e-mail thread.  If a Producing Party produces one or more redacted e-mails from the

same e-mail thread, each e-mail shall be separated logged and identified by production number.

(c)     <u>Exclusions from Logging</u>.  In addition to the categories identified in Sections 1.d(ii)–(iii) of the Default Standard, the following categories of documents do not need to be included on a Producing Party's privilege log:

(i)     Any communications in connection with this Action exclusively between a Party and its Outside Counsel, an agent of Outside Counsel other than the Party, or any non-testifying experts, or, with respect to information protected by Federal Rule of Civil Procedure 26(b)(4), testifying experts in connection with this Action;

(ii)     Any privileged materials or work product created in connection with this Action by or specifically at the direction of a Party's Outside Counsel, an agent of Outside Counsel other than the Party, any non-testifying experts, or, with respect to information protected by Federal Rule of Civil Procedure 26(b)(4), testifying experts in connection with this Action; and

(iii)     Documents relating to activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters).

(d)     <u>Redactions</u>.  The Producing Party will undertake reasonable efforts to make limited, line-by-line redactions of privileged or work product information.  For emails, metadata (such as the subject line or attachment name) shall not be redacted unless the specific field contains privileged or work product information.

(e)     <u>Inadvertent Production and Waiver</u>.  The inadvertent production of any material or information protected by any applicable privilege, protection, or immunity in this Action shall not be deemed to waive, in whole or in part, any privilege or work product protection in this Action or in any other federal or state proceeding unless the Producing Party failed to take reasonable steps to prevent disclosure or, upon discovery of the inadvertent disclosure, fails to

promptly take reasonable steps to rectify the error, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and this Order.  The provisions of this Section explicitly are intended to be, and are, an Order of the Court issued pursuant to Federal Rule of Evidence 502(d).

(f)  <u>Claw-Back Process</u>.  Upon the written request of a Producing Party, the Receiving Party shall promptly return or destroy (i) all copies of inadvertently produced Documents identified by the Producing Party and (ii) any Documents derived from the inadvertently produced Documents.  If the Receiving Party intends to challenge any claim of privilege, protection, or immunity based on the inadvertent production, it must notify the Producing Party in writing within five (5) days after receiving a written request from the Producing Party seeking the return or destruction of the inadvertently produced materials.  If the Parties are unable to resolve the disputed privilege claim, the Receiving Party shall seek relief from the Court.  Until the disputed privilege issue is resolved, the Receiving Party may retain the inadvertently produced materials but may use such materials only for the purpose of litigating the privilege claim.

**17.  Subpoenas.**

Any Party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a Party seeking production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process.  The Party or person receiving the subpoena also shall inform the person seeking the Confidential Information that such information is subject to this Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on

which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Section shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

18. **Application to Non-Parties.**

(a)    This Order shall apply to any non-Party who is obligated to provide discovery, by deposition, production of Documents, or otherwise, in this Action, if that non-Party requests the protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing an Acknowledgement in substantially the form attached hereto as **Exhibit A**.  This Order also shall apply to non-Parties who are afforded access to Documents or information produced during discovery in this Action, whether by deposition, production of Documents, or otherwise.  Such non-Parties shall execute an Acknowledgment in substantially the form attached hereto as **Exhibit A.**

(b)    Additionally, in the event a non-Party is compelled to provide discovery in this action by a subpoena, a Party who believes in good faith that such subpoena may compel disclosure of Confidential Information in connection with which that Party holds a proprietary or other interest, shall promptly so notify the Party serving such subpoena.  Such Party may thereupon designate Confidential Information in accordance with Section 2 of this Order. Specifically with respect to Documents produced in response to a subpoena as to which a Party has given notice under this Section, the Party receiving such Documents shall, upon receipt of said Documents, so advise the Party giving notice.  The Party giving notice shall then have ten (10) days to inspect and to designate such Documents for protection in accordance with this

Order.  Pending such designation, the Documents produced shall be treated as Highly Confidential Information.

19.     **Modification of the Order.**

This Order shall not foreclose a Party from moving this Court for an order that any information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, within the meaning of this Order are, in fact, not Confidential Information or Highly Confidential Information or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

20.     **Reservation of Jurisdiction.**

Upon the final resolution of this Action, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over any request for enforcement of the provisions of this Order following the final resolution of this Action.

21.     **Parties Bound.**

This Order is binding on all Parties to this action, on all non-Parties who have agreed to be bound by this Order and on all others who have signed the Acknowledgment in substantially the form attached hereto as **Exhibit A**, and shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by an order of the Court.

22.     **Time.**

All time periods set forth in this Order shall be calculated according to Federal Rule of Civil Procedure 6, as in effect at the time of this Order's execution.

23.    **Execution in Counterparts.**

This agreement may be executed in counterparts.  Facsimile and electronic signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

SHAW KELLER LLP

*/s/ DRAFT*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

OF COUNSEL:

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nick Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Plaintiffs Deloitte Consulting
LLP and Deloitte Development LLC*

Dated: October __, 2023

SO ORDERED

SIGNED this __ day of October, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ DRAFT*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

OF COUNSEL:
Christopher K. Larus
David A. Prange
Brandon A. Carmack
ROBINS KAPLAN, LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

*Attorneys for Sagitec Solutions, LLC*

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC,<br><br>                          Plaintiffs,<br><br>     v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>                          Defendant. | C.A. No. 23-325-WCB<br><br>**DEMAND FOR JURY TRIAL** |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

The undersigned has read the attached Stipulated Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order.  In particular:

(a)     The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except for the purposes of the above-captioned action, any information designated as Confidential Information or Highly Confidential Information received in this action.

(b)     The undersigned acknowledges that all Confidential Information or Highly Confidential information received and all Documents and things containing information designated as Confidential Information or Highly Confidential Information are to remain in the undersigned's personal custody until the undersigned's duties have been completed.  The undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c)     The undersigned is either:

(i)     If designated under Sections 3(c) or 3(f)–(h) of the Order, not currently, regularly, or expecting to be an employee of any Party to this Action; or

(ii)     If designated under Section 3(b) of the Order, currently employed by a Party to the above-captioned action, but does not hold a role for the Party that involves any competitive decision making.

(d)     The undersigned agrees, should any of the foregoing applicable conditions change during the course of this Action, to promptly notify counsel for the Party that requested this acknowledgement to be signed.

(e)     The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:_____     _____
                                          Signature


                                          _____
                                          Name