# Exhibit 2

| | |
|---|---|
| **From:** | Prange, David A. <DPrange@RobinsKaplan.com> |
| **Sent:** | Friday, October 6, 2023 11:18 AM |
| **To:** | Arnett, Patrick; Carmack, Brandon A.; Larus, Christopher K.; *agaza@ycst.com; *RVrana@ycst.com |
| **Cc:** | SKDeloitte; #Deloitte Sagitec; Olson, Rajin S.; Teleky, Nick |
| **Subject:** | RE: Deloitte/Sagitec - Draft Stipulated Protective Order |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Patrick –

Sagitec can accept many of the changes proposed by Deloitte to narrow the scope of the dispute between the parties. However, we are at an impasse regarding the extent of access to highly confidential information. The points below respond to those in your email for clarity.

1. On revisions relating to time. We accept the revisions relating to the clarification of days to narrow the dispute between the parties. We appreciate that the Protective Order is governed by Fed.R.Civ.P. 6, as set forth in Section 22 of the draft. Our view is a more specific description simplifies use and interpretation of the Protective Order. For clarity, we accept your edits in Sections 5(b), 6(b)(ii), 6(b)(iii), 6(d), 6(e), 16(f), 18(b).
2. On the source code provisions we agree to your edit in Section 6(b)(i).
3. On the treatment of information marked "CONFIDENTIAL", we agree on the limits of disclosure to three in-house individuals (whether business people or counsel, subject to the limitations set out in the order).
4. We are at an impasse on the treatment of information marked "HIGHLY CONFIDENTIAL" on two points: (1) Sagitec should have one individual that may access highly confidential information for the same reason that Deloitte wants access – to be able to manage the case. There should be parity in access; thus if Sagitec does not have access to such information neither should Deloitte; and (2) access to highly confidential information should be limited to one person.

On this last point we will send a revision to the protective order draft that lays out our alternative proposal. I wanted to provide this response on our positions to facilitate contacting the Court. Thank you for offering to prepare a draft communication to the Court. We look forward to reviewing it.

Sincerely,
David

David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

**From:** Arnett, Patrick <patrick.arnett@kirkland.com>
**Sent:** Friday, October 6, 2023 8:17 AM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S.

<ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Hi David - We haven't heard from you concerning the below.  Please let us know as soon as possible whether Sagitec has any other proposed modifications to the PO.  Assuming the parties are still at an impasse on the issue of access to Highly Confidential Information, we will prepare an email to the Court for your review.

**Patrick Arnett**
he / him / his

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave NW, Washington DC 20004
**T** +1 202 389 5160   **M** +1 646 352 3502
**F** +1 202 389 5200

patrick.arnett@kirkland.com

---

**From:** Arnett, Patrick
**Sent:** Wednesday, October 4, 2023 4:36 PM
**To:** 'Prange, David A.' <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Thanks, David.  Addressing each of your points below.

1. Section 22 clarifies that time is calculated according to Federal Rule of Civil Procedure 6.  Since any deadline falling on a weekend or holiday would already be extended to the next business day, we don't feel that any clarification is necessary.  However, for certain procedures that do not involve the Court and that may require involvement of third parties, we agree that business days are appropriate.  Those edits are reflected in the attached draft.

2. We proposed a slight change to Section 6(b)(i) that we believe is in the same spirit as your proposal but seeks to avoid any potential misunderstandings.  We can agree to Sagitec's other modifications to the source code provisions.

3. We appear to have common ground on disclosure of Confidential Information, but may be at an impasse as to Highly Confidential Information, as explained below.

    a. We can agree to a cap of three individuals (whether in-house counsel or non-attorney businesspersons) designated to receive Confidential Information.  In an attempt to simplify the issues, we have combined the sections for those designated individuals into Section 3(b) in the attached draft, with separate subparts for in-house counsel and non-attorney businesspersons, and corresponding edits to Exhibit A.  This keeps the lettering of other subsections identical across both parties' proposals, which we think will aid the Court in understanding the dispute should we need to seek the Court's intervention.

    b. Deloitte cannot agree to permit disclosure of its Highly Confidential Information to Sagitec businesspersons.  At the same time, it is well established in Delaware that the need of in-house counsel responsible for managing litigation to access materials at issue outweighs the risk of inadvertent disclosure, notwithstanding any imbalance between the parties with respect to in-house legal departments (or a party's lack thereof).  Our proposal as reflected in the attached includes more than adequate safeguards, including limiting disclosure to no more than three designated in-house attorneys, who will be bound by the terms of the protective order as well as the same ethical obligations that apply to all attorneys.  Deloitte's proposal also includes a framework for identifying proposed designees so that the other party can evaluate whether their roles are limited to overseeing litigation.

The attached draft reflects our understanding of the parties' positions, as well as some non-substantive formatting changes.  Let us know promptly whether Sagitec has additional modifications or proposals.  Otherwise, we propose the parties jointly prepare an email notifying the Court of the dispute pursuant to Section 3(g) of the Scheduling Order.

**Patrick Arnett**
he / him / his

─────────────────────────────────

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave NW, Washington DC 20004
**T** +1 202 389 5160   **M** +1 646 352 3502
**F** +1 202 389 5200
─────────────────────────────────

patrick.arnett@kirkland.com

---

**From:** Prange, David A. <DPrange@RobinsKaplan.com>
**Sent:** Tuesday, October 3, 2023 2:14 PM
**To:** Arnett, Patrick <patrick.arnett@kirkland.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order


Patrick –

We respond on the draft protective order, which breaks down to two major topics, addressed below. In reading through the edits provided by Deloitte, we have also offered some edits for clarity and consistency. A current draft is attached, reflecting our relevant positions on the issue that appears to be most pressing. Our comments:

1. Definition of days. Several of the edits included language of "days" but did not specify if this is a calendar day or a business day. Our draft offers suggested edits that clarify, in most cases, that "days" are "business days" as opposed to "calendar days." In at least one instance we purposefully left calendar days because the period was greater than 10 days.
2. On the source code provisions we are largely in agreement. We have added/modified the following:
    a. On the production of the source code computer, we have added some additional constraints on the production of the computer. We do not think this is a controversial change, and we have provided room for us to agree at a later date for an alternative production location.
    b. On the potential production of third-party source code, the edits provided by Deloitte struck language addressing what happens to production of this code if there is an objection by the third party. We added language to clarify that the portion of source code relevant to the objection would be held until the objection is resolved.
    c. For printing source code, we have added language to allow the Receiving Party during inspection to make the desired printouts, which would then be provided to the Producing Party to make copies and distribute. In our past experience, sometimes it is easier for the Receiving Party to print to ensure the right code is printed.
    d. Regarding the page limit of 2,500 pages, the two sentences addressing this limit do not appear consistent upon a further reading of the language. We have added language for clarity that the 2,500 page limit does not include additional permitted copies.
3. On access to confidential information, we may be at an impasse as it is currently proposed. We offer an additional compromise to provide parity of access to certain types of information.
    a. For Confidential information, we understand Deloitte's proposal to be 3 business individuals plus an unlimited number of in-house counsel could access such information. Regardless of the role of the in-house counsel, an unconstrained number does not provide adequate control of information. Three

      individuals, whether they are counsel, business individuals, or a combination of both, is more than enough to manage the case.

b. For Highly Confidential information, we understand Deloitte's proposal to be that one in-house counsel may see information marked highly confidential (with the exception of source code). Preliminarily we note, as we did on our call, that we disagree on this structure. But in the interest of finding common ground, we suggest the following to provide parity in the access to information: that access would be allowed for one Sagitec business person. To further mitigate risk, we propose that we revert to a third category of outside counsel only information, which would be source code and forward business planning projections and business planning.

Note that the attached draft does not reflect our above proposal to find common ground, instead, it reflects at present our competing positions on confidential information and no access to highly confidential information. If Deloitte is amenable to our proposed compromise of providing parity in the access to highly confidential information, we can promptly propose some additional changes to the draft to try and keep us on track.

Sincerely,
David


David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

---

**From:** Arnett, Patrick <patrick.arnett@kirkland.com>
**Sent:** Thursday, September 28, 2023 8:36 PM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

David,

Thanks for your email. When can we expect Sagitec's additional proposed modifications to the source code review procedures?

Concerning disclosure to in-house counsel, we are willing to implement reasonable procedures to provide Sagitec the information it needs to evaluate whether it has objections to particular in-house counsel at the time that Deloitte designates such individuals. Our revisions were intended to provide notice and an opportunity to object via Sections 3(b) and 5, and not, as you suggest, provide unspecified counsel with access. However, in order to clarify the procedures and bring them in line with the suggestions in your email, we have made additional revisions, reflected in the attached redline. Let us know if those would address Sagitec's concerns.

Regards,
Patrick

**Patrick Arnett**
he / him / his

---

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave NW, Washington DC 20004
**T** +1 202 389 5160   **M** +1 646 352 3502
**F** +1 202 389 5200

---

patrick.arnett@kirkland.com

4

**From:** Prange, David A. <DPrange@RobinsKaplan.com>
**Sent:** Thursday, September 28, 2023 5:48 PM
**To:** Arnett, Patrick <patrick.arnett@kirkland.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <*agaza@ycst.com>; agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Patrick,

Thank you for these edits. As to source code review, we appreciate Deloitte's willingness to agree to more standard source code review procedures. We intend to propose a couple of additional modifications to clarify our understanding of these provisions.

As to confidentiality designations, based on the limited information Deloitte has provided to date, Sagitec cannot agree that unspecified in-house counsel will have carte blanche access to all (non-source code) information in this case. Deloitte has repeatedly asserted that the parties are direct competitors, substantially increasing the risk of inadvertent, harmful disclosure. Regardless of the carveout prohibiting in house counsel from accessing source code, there is other very sensitive competitive business information implicated by Deloitte's allegations and the subject matter of this case—beyond what might occur in a patent case like *British Telecom*—potentially including competitive business intelligence, financials, technical implementations, market strategy, and more. "Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor's obtaining an unfair business advantage may be substantially increased." *Akzo N.V. v. U.S. Intern. Trade Com'n*, 808 F.2d 1471, 1483 (Fed. Cir. 1986). In the *British Telecom* case, the parties had identified specific individuals they proposed would have access to all confidential information, and there were several additional protections and representations in place that influenced Judge Bryson's application of the balancing test. We are not at that stage yet with this draft protective order.

While we have not confirmed Sagitec's willingness to accept Deloitte's proposed provision providing Deloitte with in-house counsel access to Sagitec highly confidential information, we are willing to consider Deloitte's proposal provided Deloitte more fully develops the proposal to enable Sagitec to evaluate it under the *British Telecom* balancing test. We request that Deloitte identify, for potential inclusion in the proposed Protective Order:

1. The name and position of each in-house attorney Deloitte seeks to have review Confidential Information;
2. A statement defining the scope of the in-house attorney's role and obligations for Deloitte;
3. A statement from Deloitte, and agreement to provide a sworn statement from the individual attorney, affirming the in-house attorney is not involved in competitive decision making, and the factual basis for that position.

Given that our deadline is tomorrow, we suggest the parties stipulate to a further one-week extension, including to allow Deloitte time to provide this information. Attached is a draft stipulation. Please let us know if Deloitte agrees.

Sincerely,
David


David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

**From:** Arnett, Patrick <patrick.arnett@kirkland.com>
**Sent:** Thursday, September 28, 2023 7:22 AM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; Teleky, Nick <nick.teleky@kirkland.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

David,

Thanks for speaking with us yesterday. Attached please find Deloitte's proposed revisions to the draft protective order. There are two things I'd like to mention in light of our discussion.

On source code review, we understand that Sagitec is unwilling to consider remote review. From experience, we believe that remote review using a vetted third-party vendor is a secure and efficient option that can reduce the burdens of review for all parties. Nonetheless, in the interest of cooperation we are willing to consider Sagitec's proposed in-review procedures with the modifications proposed in the attached draft, which we believe strike the proper balance between maintaining the security of each party's source code and efficiently proceeding with discovery without burdening the parties and the court with serial disputes.

On confidentiality designations, we can agree to maintain the two-tiered system, but cannot agree to provisions that would entirely prevent Deloitte in-house counsel responsible for supervising this litigation from reviewing Highly Confidential information. Consistent with Delaware law, any risk of inadvertent disclosure is outweighed by in-house counsel's need for access to materials at issue in the litigation when in-house counsel's responsibilities are limited to managing litigation. *See, e.g.*, *British Telecommunications PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 394 (D. Del. 2019). If Sagitec has any objections to individual in-house counsel that Deloitte eventually designates, it will have the opportunity to raise those objections according to the procedures outlined in the attached draft.

We look forward to your thoughts on the revised draft. If Sagitec would like to see additional changes or if anything requires further discussion, we'll make ourselves available.

Regards,
Patrick

**Patrick Arnett**
he / him / his

---

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave NW, Washington DC 20004
**T** +1 202 389 5160   **M** +1 646 352 3502
**F** +1 202 389 5200

---

patrick.arnett@kirkland.com

**From:** Prange, David A. <DPrange@RobinsKaplan.com>
**Sent:** Wednesday, September 27, 2023 11:14 AM
**To:** Teleky, Nick <nick.teleky@kirkland.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Nick –

In the interim time I've been scheduled to a different meeting. We could be available to talk this afternoon between 3-5 p.m. CT.

Let us know if a time in that range may work.

Regards,
David

David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

---

**From:** Teleky, Nick <nick.teleky@kirkland.com>
**Sent:** Wednesday, September 27, 2023 9:56 AM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Hi David,

Thanks for reaching out and my apologies for the miscommunication. After reviewing, we did not think we had enough information about Sagitec's concerns on the two issues I raised in my Monday email (source code review procedures and the confidentiality designations/availability of information to party representatives) to propose redlines that would productively help get us to agreement. We think it would be fruitful to discuss Sagitec's and Deloitte's thoughts on those issues today (particularly if we need to confer with our clients), and then we expect to be able to propose language reflecting our discussion today for Sagitec to review. With that understanding, would you be open to keeping our call on calendar as planned?

Best,
Nick

**Nick Teleky**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3228 **M** +1 202 718 2475

He / Him / His
nick.teleky@kirkland.com

---

**From:** Prange, David A. <DPrange@RobinsKaplan.com>
**Sent:** Wednesday, September 27, 2023 10:43 AM
**To:** Teleky, Nick <nick.teleky@kirkland.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Nick,

We have not received Deloitte's proposed revisions to the Protective Order, which you indicated on Monday that Deloitte was planning to send yesterday. We originally agreed to meet and confer this morning with the understanding that Deloitte would circulate its proposed edits in advance of the meet and confer.

To facilitate a more efficient meet and confer, and to avoid needing to meet and confer multiple times, we would like to reschedule the meet and confer until after Deloitte has circulated its proposed redlines. We request that Deloitte provide its further edits by end of day today, and we suggest the parties meet and confer tomorrow sometime 2-3:30 CT / 3-4:30 ET. Please confirm what time you would like to meet and confer tomorrow afternoon.

Thanks,

David


David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

---

**From:** Teleky, Nick <nick.teleky@kirkland.com>
**Sent:** Monday, September 25, 2023 12:57 PM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Hi David,

Thanks – Wednesday at 10:30 CT/11:30 ET works for us.  We can use our dial-in, below.  We will look forward to discussing with you then.


=============
**U.S. toll-free number:** 18663311856,,65926261#
**U.S. toll number:** +12819131081,, 65926261#
**Passcode:** 65926261
=============

Best,
Nick


**Nick Teleky**

---
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3228 **M** +1 202 718 2475
---
He / Him / His
nick.teleky@kirkland.com

---

**From:** Prange, David A. <DPrange@RobinsKaplan.com>
**Sent:** Monday, September 25, 2023 11:11 AM
**To:** Teleky, Nick <nick.teleky@kirkland.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Nick –

We do not oppose an extension. The language proposed in the draft stipulation is fine, and I ask that our Delaware counsel coordinate to file.

We look forward to your proposed edits and discussion on the two topics you have outlined. As for times for discussion, we are available on Wednesday at 10:30-11:30 a.m. and 3:30-5:00 p.m. all times central. If those times do not work, we can look to Thursday.

Sincerely,

David

David A. Prange
**Robins Kaplan LLP**
Direct 612.349.0131 | Fax 612.339.4181 | Cell 952.491.3303 | dprange@robinskaplan.com

---

**From:** Teleky, Nick <nick.teleky@kirkland.com>
**Sent:** Sunday, September 24, 2023 8:12 PM
**To:** Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Prange, David A. <DPrange@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Counsel,

Deloitte has received and is considering your proposed revisions to the draft protective order. Although we anticipate being able to agree to some of Sagitec's changes, there are at least two broad topics where the parties appear to not yet be in agreement and might benefit from further discussion:

1. **Source Code Review Procedures:** Sagitec's revisions replaced Deloitte's proposed remote code review procedures with Sagitec's own in-person-only code review procedure. Particularly since the height of the COVID pandemic, we have found remote code review to be secure, convenient, and cost-effective, and would like to discuss Sagitec's reservations to allowing both sides to use a remote review procedure with an agreed-to, vetted vendor.
2. **Availability of Confidential Information to Party Representatives:** Deloitte understands Sagitec's revisions, as worded, to mean that no in-house counsel or party representatives for either party would be able to view any Highly Confidential Information. Because of the current broad definition of Highly Confidential Information and the nature of this case, we are concerned that this would severely limit how much outside counsel could meaningfully discuss key aspects of the litigation with any representatives for our clients. We would like to discuss Sagitec's concerns to see if we could come to agreement on less restrictive language.

Given these areas where we still need to come to agreement and confer with our clients and the Scheduling Order's deadline tomorrow, we think it would make sense to file a stipulation to extend the time to file the protective order. If you agree, a draft joint stipulation is attached. We plan to be able to propose some revisions to Sagitec's changes tomorrow, and would like to plan to discuss the two topics above. Would you please provide your availability to discuss?

Best,
Nick

**Nick Teleky**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3228 **M** +1 202 718 2475

He / Him / His
nick.teleky@kirkland.com

---

**From:** Carmack, Brandon A. <BCarmack@RobinsKaplan.com>
**Sent:** Friday, September 22, 2023 5:49 PM
**To:** Teleky, Nick <nick.teleky@kirkland.com>; Prange, David A. <DPrange@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>
**Subject:** RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Counsel,

Thank you for preparing an initial draft of the Protective Order. Attached please find Sagitec's proposed revisions. Please advise if these revisions are acceptable to Deloitte.

Separately, attached is a proposed ESI stipulation. Please advise if the ESI stipulation is acceptable to Deloitte. We suggest the parties submit this stipulation simultaneously with the Protective Order on Monday.

Best regards,

Brandon A. Carmack
IP and Technology Litigation Associate

**ROBINS KAPLAN** LLP

Robins Kaplan LLP | 800 LaSalle Avenue | Suite 2800 | Minneapolis MN  55402
p 612 349 8770 | f  612 339 4181  BCarmack@RobinsKaplan.com | RobinsKaplan.com

---

**From:** Teleky, Nick <nick.teleky@kirkland.com>
**Sent:** Friday, September 22, 2023 11:33 AM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>
**Subject:** [EXTERNAL] RE: Deloitte/Sagitec - Draft Stipulated Protective Order

Counsel,

We have not yet received a response regarding Deloitte's draft stipulated protective order, which is due to be submitted to the Court on Monday, Sept. 25, 2023.  Please let us know whether Sagitec agrees or has any proposed revisions at your earliest convenience so that, if necessary, there is sufficient time to consider those before the deadline.

Best,
Nick

**Nick Teleky**

**KIRKLAND & ELLIS LLP**

1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3228 **M** +1 202 718 2475

------------------------------------------------

He / Him / His
nick.teleky@kirkland.com

---

**From:** Teleky, Nick <nick.teleky@kirkland.com>
**Sent:** Tuesday, September 19, 2023 10:08 PM
**To:** DPrange@robinskaplan.com; BCarmack@robinskaplan.com; CLarus@robinskaplan.com; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>
**Cc:** SKDeloitte <SKDeloitte@shawkeller.com>; #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; Arnett, Patrick <patrick.arnett@kirkland.com>
**Subject:** Deloitte/Sagitec - Draft Stipulated Protective Order

Good Evening Counsel,

Pursuant to the Paragraph 4 of the Court's Scheduling Order dated September 15, 2023 (D.I. 51), we have prepared the attached draft stipulated protective order.  Please let us know whether this works for Sagitec so we can file it by next Monday's submission deadline.

Best,
Nick

**Nick Teleky**

------------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3228 **M** +1 202 718 2475

------------------------------------------------

He / Him / His
nick.teleky@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

_____

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

_____

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.