IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAGITEC SOLUTIONS, LLC, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 23-325-WCB ) ) ) ) ) |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON**
**ON BEHALF OF DEFENDANT SAGITEC SOLUTIONS, LLC**

OF COUNSEL:

Christopher K. Larus
David A. Prange
Rajin S. Olson
Brandon A. Carmack
ROBINS KAPLAN LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com
rolson@robinskaplan.com
bcarmack@robinskaplan.com

Dated: October 12, 2023

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant*
*Sagitec Solutions, LLC*

Dear Judge Bryson,

The Parties disagree as to who should be allowed access to materials containing "Highly Confidential Information" ("HCI") under any protective order ("PO") entered in this case. Deloitte's proposal allows as many as three of its in-house counsel access to Sagitec's most sensitive competitive information. Sagitec has no in-house counsel, so no Sagitec employees would be allowed access to HCI under Deloitte's proposal. Ex. B (Decl. of Rick Deshler) ¶ 2.

Deloitte's proposal creates an unnecessary risk of inadvertent disclosure of only Sagitec's HCI. Deloitte contends that the parties are direct competitors in a relatively narrow industry of state-administered unemployment insurance computer systems. *See, e.g.*, D.I. 1 ¶¶ 6, 53. Sagitec submits that only outside counsel should have access to an opposing party's HCI. In an effort to compromise, Sagitec was willing to consider having both parties receive the same access to HCI. Deloitte rejected both proposals, seeking an unfair advantage in a case that it chose to initiate.

**Sagitec's Primary Proposal Prevents Inadvertent Disclosure Without Harming Deloitte.**
Sagitec's Primary Proposal is that *no* employees (whether business people or in-house counsel) should have access to an opposing party's HCI. *See* Ex. A at Sagitec's Primary Proposal. The consequences of inadvertent disclosure in this case are significant. Deloitte itself contends the parties are direct competitors. *See, e.g.*, D.I. 1 ¶¶ 6 ("Sagitec has even attempted to compete head-to-head against Deloitte for new projects[.]"), 53 ("Sagitec has continued to offer its . . . Neosurance application to other states, including in direct competition with Deloitte."). Unlike many cases, certain of Deloitte's in-house counsel are potential witnesses in this case. *See* Ex. C (Sagitec's Initial Disclosures). In these circumstances, no party should have access to the other side's "particularly sensitive, private, or competitively valuable" information. D.I. 61-1 § 1(d).

Sagitec's Primary Proposal is consistent with Delaware practice in cases involving purported competitors, where inadvertent disclosure results in increased harm. *PhishMe, Inc. v. Wombat Sec. Techs.*, C.A. No. 16-403-LPS-CJB, 2017 WL 4138961, at *8 (D. Del. Sept. 8, 2017). In assessing access to confidential information, "courts have inquired about the gravity of the consequences of disclosure or misuse." *Id.* "In that regard, courts have acknowledged that the risk of harm is heightened where the non-moving company is a direct competitor of the movant in particular business areas (e.g., the parties sell competing products or services)." *Id.* (collecting cases). "In such a scenario, were its confidential information later utilized to its detriment, the non-movant might not only be harmed in the instant litigation or in other litigation matters, but it might also see its competitive position in the market damaged in ways that are hard to quantify." *Id.* That is the potential significant harm under Deloitte's proposal.

Deloitte concedes the risk of harm is significant. "[I]t is difficult, if not impossible, for even employees acting in good faith to separate information learned from a competitors [sic] HCI from their own research and ideas." D.I. 61 at 2 (citation omitted); *see also Blackbird Tech LLC v. Serv. Lighting and Elec. Supplies, Inc.*, C.A. No. 15-53-RGA, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) ("Although I presume the good faith of Blackbird's counsel, once such confidential information is disclosed, the bell cannot be unrung.") (citing *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010)). This trade secret case between purported competitors is not like "patent cases where there is sufficient need and the risks of inadvertent disclosure can be minimized." *Blackbird Tech.*, 2016 WL 2904592, at *5 (citations omitted);

1

*British Telecomm. PLC v. IAC/InteractiveCorp*, 330 F.R.D. 387, 393 (D. Del. Mar. 18, 2019) (permitting access to specific individual who agreed to not participate in future patent assertion decision-making, without analyzing competitive relationship between the parties). Inadvertent disclosure would severely harm Sagitec—and under Deloitte's proposal, it would harm *only* Sagitec because Sagitec does not have in-house counsel that, under Deloitte's proposal, could see Deloitte HCI. *See* Ex. B ¶ 2.

Deloitte would face no harm from relying on its outside counsel to review HCI. "Where parties are represented by outside counsel, courts have little trouble balancing the harms in protective order disputes, often readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information." *Blackbird*, 2016 WL 2904592, at *5 (collecting cases). "Courts have found time and again that requiring a party to rely on its competent outside counsel does not create an undue or unnecessary burden." *Id.* (citation omitted). Deloitte's stated rationale for its in-house attorneys needing to access Sagitec's HCI is to enable its in-house attorneys to "manage the litigation and make strategic decisions in the course of the case." D.I. 61 at 1. Deloitte fails to explain why its in-house attorneys need to access *all* of Sagitec's HCI to manage litigation or make strategic decisions, particularly given that they will have access to Sagitec Confidential information. If Deloitte believes it needs to disclose specific HCI information to its in house counsel, it is free to challenge those HCI designations or request a limited de-designation.

**Sagitec's Compromise Proposal Provides Equivalent Access to Information.** Sagitec was willing to consider a compromise that each side may designate one party employee (not limited to in-house counsel) to access HCI, subject to restrictions in the Protective Order. *See* Ex. A; D.I. 61-1 § 9. Sagitec submits that its Primary Proposal on access to HCI is the most reasonable and appropriate. But if the Court finds that direct party access to HCI is appropriate, then both sides should be afforded that opportunity. Other Delaware courts have held that if party employees are to be given access to confidential information, the party employee need not be an attorney, particularly if a party does not have in-house counsel. *See Iceutica Pty Ltd. et al. v. Lupin Ltd. et al.*, C.A. No. 14-1515-SLR-SRF, D.I. 36-1 (Hearing Tr.) at 40:14-42:19 (Ex. D) (permitting non-attorney employee to access HCI subject to agreement to be bound by Delaware rules of professional conduct, because the company did not have in-house IP counsel (*id.* at 32:20-22)); *Intercept Pharmaceuticals, Inc., et al. v. Apotex, Inc., et al.*, C.A. No. 20-1105-MN, D.I. 53 (D. Del. Apr. 13, 2021) (Hearing Tr.) at 11:22-12:13 (Ex. E) (allowing non-attorney employees access to plaintiffs' protected information because parties did not have in-house counsel). If adopted, Deloitte's proposal would act as a categorical exclusion of only Sagitec's representatives because Sagitec does not have in-house counsel. Ex. B. ¶ 2. Sagitec's Compromise Proposal provides an equal opportunity for each side to have a representative access the other side's HCI.

Sagitec respectfully requests the Court adopt its Primary Proposal. *See* Ex. A. If the Court finds it appropriate for party employees to access HCI, then Sagitec respectfully requests the Court adopt its Compromise Proposal. *See id.*

|  |  |
|---|---|
| OF COUNSEL:<br><br>Christopher K. Larus<br>David A. Prange<br>Rajin S. Olson<br>Brandon A. Carmack<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500<br>clarus@robinskaplan.com<br>dprange@robinskaplan.com<br>rolson@robinskaplan.com<br>bcarmack@robinskaplan.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ *Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Robert Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Defendant*<br>*Sagitec Solutions, LLC* |

Dated: October 12, 2023

cc: All Counsel of Record (via CM/ECF & E-mail)

30861937

3