IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 23-325-WCB |
| SAGITEC SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) ) | |

**REPLY LETTER TO THE HONORABLE WILLIAM C. BRYSON
FROM ANDREW E. RUSSELL**

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nick Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting LLP,
and Deloitte Development LLC*

Dated: October 13, 2023

Dear Judge Bryson:

Deloitte's proposed protective order, D.I. 61-1 Ex. 1 ("PO"), matches practice and precedent in this District. It allows three designated in-house attorneys, who are not competitive business decisionmakers, access to Highly Confidential Information (HCI). Particularly in technical trade secret cases, it is "important" for in-house counsel to have "broad access" to litigation materials to supervise the case. D.I. 61 (Opening Letter) at 1 (citing *Brit. Telecomms. PLC v. IAC/ InterActiveCorp*, 330 F.R.D. 387, 394 (D. Del. 2019)). Sagitec's claim that Deloitte's proposal carries a risk of "potential significant harm," D.I. 63 (Answering Letter or Opp.) at 1, is unfounded because Deloitte's proposal does not extend beyond ***non-competitive decision-making in-house counsel***. *See* PO at §§ 3(b), 4(a). That is precisely what Sagitec's own precedents, and Delaware law generally, require. *See PhishMe Inc. v. Wombat Sec. Techs. Inc.*, C.A. No. 16-403, 2017 WL 4138961, at *8 (denying access to party's in-house counsel only after determining the role involved competitive decision-making); *Blackbird Tech LLC v. Serv. Lighting and Elec. Supplies Inc.*, C.A. No. 15-53, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) (same); *see generally* D.I. 61 (collecting cases).

Sagitec's "primary" position, a categorical bar on all in-house attorneys regardless of their role, is wrong because, to quote Sagitec's own authority, "[i]t would be error to deny access solely because of an in-house counsel's general position." *PhishMe*, 2017 WL 4138961, at *3. Instead, Courts consider "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party." *Id*. Deloitte's proposal, with an express notice-and-objection process for designating in-house counsel, includes the same individualized consideration. Sagitec raises that "certain" Deloitte in-house counsel might be witnesses, but it (1) points to no authority where such a possibility warranted the categorical bar to all in-house counsel that Sagitec seeks here; and (2) did not identify, in its Answering Letter or initial disclosures, any ***current*** in-house counsel as potential witnesses. Opp. 1.

Sagitec's purported "compromise" position, allowing access to a single Deloitte in-house attorney in exchange for allowing access to a non-attorney Sagitec businessperson, presents the exact risks Sagitec warns of in its letter: disclosure of competitively valuable information to competitive decision makers. Opp. 1–2. Sagitec's cited cases are inapposite, and do not stand for the broad proposition that companies without in-house counsel are entitled to designate a non-attorney businessperson to receive HCI. In *Iceutica Pty Ltd. v. Lupin Ltd.*, the non-attorney in question was an employee of a non-U.S. company who "serve[d] essentially the same role as a U.S. in-house counsel" and whose responsibilities were "solely limited to management of intellectual property and patent litigation." C.A. No. 14-1515, D.I. 36 at 2 (Ex. 1). And in *Intercept Pharms. Inc. v. Apotex Inc.*, the Court allowed non-attorney access to confidential information ***but not HCI***—just like Deloitte's proposal. D.I. 63-1 Ex. E, 4:17–22.

Deloitte's proposal would not provide it an "unfair advantage" as Sagitec contends. Opp. 1. Non-attorneys may be designated to receive confidential information. Each party's litigation team will have access to HCI. Sagitec's litigation team currently includes only outside counsel, whereas Deloitte's team also includes in-house attorneys tasked with managing its litigation, but not making competitive business decisions. Deloitte's proposal balances each party's choice of counsel with the risk of disclosing HCI to businesspersons in competitive roles. Thus, Deloitte respectfully asks this Court to enter its proposed protective order.

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

Enclosure
cc:    Clerk of the Court (via CM/ECF)
       All Counsel of Record (via CM/ECF & Email)