IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAGITEC SOLUTIONS, LLC,<br><br>    Defendant. | C.A. No. 23-325-WCB<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte"), by and through their undersigned counsel, hereby answer Defendant Sagitec Solutions LLC's ("Sagitec") Counterclaims, Dkt. 59, as follows:

1. Deloitte states that the sentence contained in Paragraph 1 of the Counterclaims does not contain a factual allegation to which a response is necessary. To the extent any response is required, Deloitte repeats and realleges the allegations contained in Paragraphs 1 through Paragraph 124 of its Complaint.

2. Deloitte states that the allegations contained in Paragraph 2 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations in Paragraph 2, except admits that Deloitte has brought trade secret and copyright claims, among others, against Sagitec.

**THE PARTIES**

3. Deloitte admits the allegations contained in Paragraph 3 of the Counterclaims.

4. Deloitte admits the allegations contained in Paragraph 4 of the Counterclaims.

5. Deloitte admits the allegations contained in Paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6. Deloitte states that the allegations contained in Paragraph 6 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 6, except admits that this Court has personal jurisdiction over the parties to this litigation.

7. Deloitte states that the allegations contained in Paragraph 7 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte admits Sagitec's Counterclaims seek declaratory relief.

8. Deloitte states that the allegations in Paragraph 8 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte admits that this Court has personal jurisdiction over the parties to this litigation.

9. Deloitte states that the allegations contained in Paragraph 9 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations in Paragraph 9, except admits that venue is proper in this District for only the purposes of the present case.

## FACTS

10. Deloitte denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Counterclaims, except admits that this case concerns uFACTS, an unemployment insurance (UI) solution that Deloitte developed and, at times, has customized and implemented for states under the terms of agreements entered into with those states; and that uFACTS benefited states' citizens and modernized their computer systems.

11. Deloitte states that the allegations contained in Paragraph 11 of the Counterclaims are conclusions of law or characterizations as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 11, except

admits that the U.S. Federal Government has at times made grants available to the states, some of which have been used for state UI modernization projects, and states that such rules and regulations, including the Federal Acquisition Regulations, and agreements between private companies and state governments speak for themselves.

12. Deloitte states that the allegations contained in Paragraph 12 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 12, except admits that there are Federal Acquisition Regulations, and states that the regulations speak for themselves.

13. Deloitte denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Counterclaims, except admits that the State of Massachusetts contracted with BearingPoint Inc. ("BearingPoint") for UI modernization projects and that BearingPoint and Massachusetts entered into a statement of work in relation to the Massachusetts UI modernization project.

14. Deloitte states that the allegations contained in Paragraph 14 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, except admits that the State of Massachusetts contracted with BearingPoint for UI modernization projects, and states that the Massachusetts statement of work speaks for itself.

15. Deloitte states that the allegations contained in Paragraph 15 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 15.

16.     Deloitte denies the allegations contained in Paragraph 16 of the Counterclaim, except admits that Deloitte acquired substantially all of the assets of BearingPoint's North American public services business in May 2009, including the uFACTS solution and the intellectual property pertaining thereto.

17.     Deloitte states that the allegations contained in Paragraph 17 of the Counterclaims are conclusions of law as to which no response is necessary.  To the extent any response is required, Deloitte denies the knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, except denies that the States of Massachusetts, New Mexico, and Florida own the intellectual property asserted in this litigation, admits that the states contracted with Deloitte for UI modernization projects and that Deloitte entered into agreements with them in relation to those projects, and states that the agreements speak for themselves.

18.     Deloitte states that allegations in Paragraph 18 of the Counterclaims are conclusions of law as to which no response is necessary.  To the extent any response is required, Deloitte denies the allegations in Paragraph 18, except admits that in the course of providing UI solutions to its clients, Deloitte has used, relied upon, and/or created derivative works based on material it previously developed.

19.     Deloitte states that allegations in Paragraph 19 of the Counterclaims are conclusions of law as to which no response is necessary.  To the extent any response is required, Deloitte denies the allegations in Paragraph 19, except admits that in the course of providing UI solutions to its clients, Deloitte has used, relied upon, and/or created derivative works based on material it previously developed.

20. Deloitte denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Counterclaims, except admits that, after hiring former Deloitte employees, Sagitec began offering UI solutions.

21. Deloitte denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Counterclaims, except admits that David Minkkinen was a former Deloitte principal and Sivaraman Sambasivam was a former Deloitte managing director and Lead System Architect for the uFACTS Solution Framework, and that Sagitec hired Minkkinen and Sambasivam to lead its UI practice.

22. Deloitte denies the allegations contained in Paragraph 22 of the Counterclaims, except admits that Deloitte sent a letter on October 3, 2016, and that Paragraph 22 partially quotes its content.

23. Deloitte denies the allegations contained in Paragraph 23 of the Counterclaims, except admits that Sagitec sent Deloitte a letter dated October 7, 2016, purporting to respond to Deloitte's letter dated October 3, 2016.

24. Deloitte denies the allegations contained in Paragraph 24 of the Counterclaims, except admits that Deloitte sent a letter on September 12, 2018, and that Paragraph 24 partially quotes its content.

25. Deloitte denies the allegations contained in Paragraph 25 of the Counterclaims, except admits that Sagitec sent Deloitte a letter dated September 27, 2018, purporting to respond to Deloitte's letter dated September 12, 2018.

## COUNTERCLAIM COUNT I
**(Declaratory Judgment of No Misappropriation of Trade Secrets – Not A Trade Secret Pursuant to 18 U.S.C. § 1832 *et seq.*)**

26. Deloitte repeats and realleges each and every response to the foregoing paragraphs of the Counterclaim as if fully set forth herein.

27. Deloitte states that the allegations contained in Paragraph 27 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte incorporates by reference the allegations set forth in its Complaint, and states that the Complaint speaks for itself.

28. Deloitte states that the allegations in Paragraph 28 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 28.

29. Deloitte states that the allegations in Paragraph 29 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 29.

30. Deloitte states that the allegations contained in Paragraph 30 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 30. Deloitte admits the claims asserted in its Complaint relate to an actual and justiciable controversy between the parties.

31. Deloitte states that the allegations contained in Paragraph 31 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 31.

## COUNTERCLAIM COUNT II
**(Declaratory Judgment of No Misappropriation of Trade Secret – Lack of Ownership Pursuant to 18 U.S.C. § 1832 *et seq.*)**

32. Deloitte repeats and realleges each and every response to the foregoing paragraphs of the Counterclaim as if fully set forth herein.

33. Deloitte states that the allegations contained in Paragraph 33 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is

required, Deloitte incorporates by reference the allegations set forth in its Complaint, and states that the Complaint speaks for itself.

34. Deloitte states that the allegations contained in Paragraph 34 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 34.

35. Deloitte states that the allegations contained in Paragraph 35 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 35. Deloitte admits the claims asserted in its Complaint relate to an actual and justiciable controversy between the parties.

36. Deloitte states that the allegations contained in Paragraph 36 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 36.

## COUNTERCLAIM COUNT III
### (Declaratory Judgment of No Copyright Infringement – Lack of Ownership Pursuant to 17 U.S.C. § 501 *et seq.*)

37. Deloitte repeats and realleges each and every response to the foregoing paragraphs of the Counterclaim as if fully set forth herein.

38. Deloitte states that the allegations contained in Paragraph 38 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte incorporates by reference the allegations set forth in its Complaint, and states that the Complaint speaks for itself.

39. Deloitte states that the allegations contained in Paragraph 39 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 39.

40. Deloitte states that the allegations contained in Paragraph 40 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 40. Deloitte admits the claims asserted in its Complaint relate to an actual and justiciable controversy between the parties.

41. Deloitte states that the allegations contained in Paragraph 41 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 41.

**COUNTERCLAIM COUNT IV**
**(Declaratory Judgment – Claims Barred by the Statute of Limitations)**

42. Deloitte repeats and realleges each and every response to the foregoing paragraphs of the Counterclaim as if fully set forth herein.

43. Deloitte states that the allegations contained in Paragraph 43 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte incorporates by reference the allegations set forth in its Complaint, and states that the Complaint speaks for itself.

44. Deloitte denies the allegations in Paragraph 44 of the Counterclaims, except admits that it sent a letter to Sagitec dated October 3, 2016 that, among other things, demanded that Sagitec "immediately cease and desist from using all Deloitte unemployment insurance intellectual property," and after which Sagitec represented that it had not obtained or used Deloitte's intellectual property, and Deloitte incorporates by reference its allegations in the Complaint that Sagitec took steps to conceal its possession and use of such information.

45. Deloitte denies the allegations in Paragraph 45 of the Counterclaims.

46.     Deloitte states that the allegations contained in Paragraph 46 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 46.

47.     Deloitte states that the allegations contained in Paragraph 47 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 47. Deloitte admits the claims asserted in its Complaint relate to an actual and justiciable controversy between the parties.

48.     Deloitte states that the allegations contained in Paragraph 48 of the Counterclaims are conclusions of law as to which no response is necessary. To the extent any response is required, Deloitte denies the allegations contained in Paragraph 48.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Counterdefendant Deloitte respectfully requests judgment against Defendant-Counterclaimant Sagitec as follows:

A. Finding that Sagitec takes nothing by its claims for relief;

B. Finding that Deloitte's trade secrets are protectible under 18 U.S.C. § 1832 *et seq.*;

C. Finding that Deloitte owns the trade secrets at issue;

D. Finding that Deloitte owns the copyrights at issue;

E. Finding that the no statute of limitations bars Deloitte's claims;

F. Dismissing Sagitec's counterclaims as mere mirror-images of the claims in Deloitte's Complaint;

G. Awarding Deloitte all relief requested in its Complaint; and

H. Granting such other, further, and different relief as the Court deems just and proper.

## JURY DEMAND

Deloitte demands a jury trial on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br>Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800<br><br>Gregg F. LoCascio<br>Patrick Arnett<br>Nicholas Teleky<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave NW<br>Washington, DC 20004<br>(202) 389-5000<br><br>John F. Hartmann<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br><br>Dated: October 20, 2023 | /s/ Andrew E. Russell<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC* |