IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DELOITTE CONSULTING LLP and            )
DELOITTE DEVELOPMENT LLC,               )
                                                              )
          Plaintiffs,                              )        **Redacted - Public Version**
                                                              )
          v.                                            )        C.A. No. 23-325-WCB
                                                              )
SAGITEC SOLUTIONS, LLC,               )
                                                              )        ▮▮▮▮▮▮▮▮
          Defendant.                            )

**RESPONSE LETTER TO THE HONORABLE WILLIAM C. BRYSON
FROM ANDREW E. RUSSELL**

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Dated: January 4, 2024

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiffs Deloitte Consulting LLP
and Deloitte Development LLC*

Dear Judge Bryson:

Sagitec's motion to compel Deloitte to supplement its interrogatory responses, D.I. 80 ("Mot." or "Motion"), should be denied because Deloitte's responses already provide the necessary specificity at the start of discovery, and because Deloitte has already voluntarily **_agreed_** to supplement its interrogatories.  The dispute between the parties is whether Deloitte must supplement them on January 19, 2024 or after Sagitec produces the documents and supplemental interrogatory responses concerning its use of Deloitte's uFACTS solution, which Sagitec has agreed to provide on "or shortly after" January 19, 2024.  Deloitte offered to supplement one month after Sagitec provides that information.  It would be contrary to Third Circuit law, unjust, inefficient, burdensome for Deloitte to supplement and further narrow its trade secrets before receiving that information, and then again after. Moreover, Sagitec's request to limit further supplementation absent "good cause" is unsupported by case law and contrary to Fed. R. Civ. P. 26(e).  Accordingly, Deloitte respectfully requests that the Court deny Sagitec's Motion.

**Background.**  This Court found that Deloitte sufficiently described its trade secrets in the Complaint for the parties to proceed with discovery.  D.I. 49.  Deloitte has since provided Sagitec with 14 pages of additional detail describing the uFACTS Trade Secrets.  Mot. Ex. 1 at 6–20.  This detail includes, among other things, particularized descriptions of the software, source code, design documentation, and development framework that comprise the uFACTS solution, including citations to specific technical documents reflecting the trade secrets.  _Id._  In parallel, Deloitte sought discovery from Sagitec regarding Sagitec's use of these Deloitte materials and information about Sagitec's Neosurance solution.  Ex. 1 (Sagitec Responses to Deloitte's Interrogatories), Ex. 2 (Sagitec Responses to Deloitte's RFP's).  But Sagitec's initial responses to Deloitte's interrogatories demurred on those questions, even as Sagitec acknowledged it possessed material that appeared to originate from Deloitte.  _See, e.g._, Ex. 1 at 11-12 (Sagitec Response to Interrogatory No. 3).  After Deloitte raised these deficiencies with Sagitec, Sagitec informed Deloitte that it would not supplement its responses or complete its productions until January 19, 2024, the substantial document production deadline, "or shortly after" that date.  Ex. 3 (Dec. 19, 2023 R. Bact Email to P. Arnett).

**Deloitte's Identification of its Trade Secrets Is Sufficient.**  As this Court has held, a trade secret plaintiff must describe the misappropriated trade secrets, at the outset of litigation, "with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret[s] lie[]."  D.I. 49 at 9 (quoting _Oakwood Labs. LLC v. Thanoo_, 999 F.3d 892, 907 (3d Cir. 2021)).  The purpose of this requirement is to place a defendant on notice of the bases for the claim.  _Id._ at 906.  As the cases cited by Sagitec explain, determining whether a trade secret identification is sufficient is a particularized inquiry, requiring the court to weigh the degree of needed specificity in light of the "industry-based context and the stage of litigation."  _Mallet & Co. Inc. v. Lacayo_, 16 F.4th 364, 383 n.22 (3d Cir. 2021).  Such considerations include the information currently available to the trade secret plaintiff and the status of other discovery requests relevant to what trade secrets were misappropriated.  _See Dow Chem. Can., Inc. v. HRD Corp._, C.A. No. 05-cv-23-JJF, 2008 WL 1847168, at *3–4 (D. Del. Apr. 22, 2008) (denying motion to compel more detailed identification of trade secrets, considering the information available to the answering party and the status of discovery).  The Federal Rules dictate when supplementation of interrogatories must

occur: "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A); *Dow Chem.*, 2008 WL 1847168, at *1 (trade secret claimant "should be given the opportunity to review . . . discovery").

At the pleading stage, this Court held that Deloitte's Complaint sufficiently identified Deloitte's trade secrets to begin discovery. D.I. 49 at 9. Far from forcing Sagitec to "wait [until] . . . the very end of the fact discovery period, what the charges against it are," Mot. 3, the Court found that this initial description was sufficiently particular and "reasonably finite" to put Sagitec on notice of the claims against it. D.I. 49 at 6. Since then, Deloitte has provided a more detailed response based on the information then in Deloitte's possession. The court in *Dow Chemical Canada **denied*** the very relief Sagitec seeks here, finding that "many exact details concerning [the counter-claim defendant's] alleged misappropriation of trade secrets are not within [the party's] possession and control." 2008 WL 1847168, at *1.

By contrast, Sagitec's cases are inapposite. ***First***, none of Sagitec's cases address the proper standard for this stage of discovery, nor do they address the timing of supplemental interrogatory responses—all deal with the pleadings or summary judgment. Mot. 1–2. ***Second***, each of Sagitec's cases, one of which this Court has already held "inapposite," dealt with trade secret descriptions that were not nearly as detailed as those provided in Deloitte's 14-pages of description. *Id*. at 1; *see also* D.I. 49 at 8–9 (Deloitte's complaint already provided information that was "more definite than the categories identified by the district court" in *Mallet & Co.*). Notably, Sagitec cites no authority for the proposition that Deloitte is not entitled to discovery form Sagitec before narrowing its trade secret descriptions further or that "good cause" should be required to further supplement. *See* Fed. R. Civ. P. 26(e)(1)(A) (imposing no "good cause" requirement).

**Deloitte's Other Responses Also Are Sufficient.** Sagitec briefly argues that Deloitte should also finalize additional interrogatory responses now, claiming that "Deloitte has never articulated why such responses depend on additional discovery from Sagitec." Mot. 3. Yet, Deloitte has provided similarly detailed responses to these interrogatories, including citations to internal Deloitte documents. Like Interrogatory No. 1, these interrogatories ask Deloitte for information regarding the specific trade secrets Sagitec misappropriated (for example, efforts to maintain secrecy, any external sources relied on for their development, and any disclosure to third parties). Thus, for the same reasons, Deloitte agreed to supplement these interrogatories as discovery continues, and it would be most efficient for Deloitte to supplement these interrogatories, if necessary, alongside its supplementation of the misappropriated trade secret identification.

**Deloitte's Proposal Is Consistent with Practice in This District, Efficient, and Fair.** Because Deloitte agrees it will supplement its interrogatory responses with additional detail as it learns more about the nature and extent of Sagitec's misappropriation, the only question is when Deloitte should do so. Consistent with the Federal Rules, Deloitte proposes to supplement 30 days after it receives Sagitec's promised discovery responses—in other words, in a timely manner after learning new information.[1]  Deloitte's proposed schedule is efficient because it

---

[1] Deloitte's proposal is analogous to patent infringement contentions. Ex. 4 (Default Discovery Rules) § 4 (defendant ***first*** produces "core technical documents," ***then*** plaintiff serves its initial infringement contentions). Sagitec is thus wrong to say that a Delaware patent plaintiff serves

allows the parties to focus on the trade secrets that are actually in dispute instead of providing additional detail about trade secrets that discovery may show were not misappropriated. Deloitte's schedule is also fair. Indeed, Sagitec would have **over two months** until fact discovery closes, and **over ten months** until trial to continue developing its defenses. *See Mallet & Co.*, 16 F.4th at 383 (district court must consider "stage of litigation" when considering degree of specificity necessary for trade secret identification). Deloitte anticipates this would provide Sagitec with more than enough detail about the specific trade secrets actually at issue (and Deloitte is certainly not "offer[ing] to say less," as Sagitec claims). Mot. 2.

Sagitec's demand that Deloitte provide "finalized" contentions at this stage of discovery, Mot. 2, runs contrary to Delaware and federal practice. Indeed, Sagitec points to no authority where a court ordered a trade secret plaintiff to provide additional descriptions before receiving discovery from the defendant with no opportunity to supplement later. Deloitte is not attempting to "mold its cause of action around the discovery it receives," as the court discussed in *L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc*. C.A. No. 10-cv-2868-MSK-KMT, 2011 WL 10858409, at *1 (D. Colo. Oct. 12, 2011). Deloitte's description to date, both in its Complaint and in its 14-page interrogatory response, is far more detailed than the plaintiff in *L-3 Communications*, and clearly defines the boundaries of its cause of action: misappropriation of the confidential portions of the uFACTS solution. *See id.* at *2–3.

Additionally, Sagitec's demand is inefficient, unduly burdensome, and would prejudice Deloitte. Forcing Deloitte to provide a supplementation that can be amended only "for good cause" before Sagitec's agreed-upon supplementation of its own interrogatory responses essentially asks Deloitte to catalog every possible permutation of the trade secrets embodied in the entire uFACTS solution to avoid missing something Sagitec took and used—only then to discover shortly thereafter precisely what Sagitec did, potentially rendering much of Deloitte's detailed cataloging irrelevant. Moreover, Sagitec has not identified any cognizable reason why it would be prejudiced in discovery if Deloitte's supplementation happened 30 days after Sagitec's own supplementation (and two months prior to the close of fact discovery), or any reason that it needs a description of every possible trade secret—including potentially irrelevant ones—to meet its own discovery obligations. As a result, Sagitec's timeline would prejudice and impose additional costs on Deloitte without adequate justification.

* * *

For the foregoing reasons, Deloitte respectfully requests this Court deny Sagitec's motion to compel and allow Deloitte to supplement its interrogatory responses 30 days after Sagitec supplements its responses to Deloitte's interrogatories, as it has agreed to.[2]

---

infringement contentions "without reference to, and prior to receiving, a defendant's discovery." Mot. 2. Additionally, initial infringement contentions may be supplemented until the deadline for final infringement contentions, typically near the close of fact discovery.

[2] This is consistent with Deloitte's original proposal to Sagitec, and thus is not a "new" request, as Sagitec contends. *See* Mot. Ex. 2 at 6 (Dec. 19, 2023 Email from P. Arnett to D. Prange).

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:      Clerk of Court (by CM/ECF)
         All Counsel of Record (by CM/ECF & Email)

# EXHIBIT 1

## Redacted in its Entirety

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SAGITEC SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) |

C.A. No. 23-325-WCB

**DEFENDANT SAGITEC SOLUTIONS LLC'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR**
**PRODUCTION (NOS. 1-124)**

Defendant Sagitec Solutions LLC, ("Sagitec") by and through its attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby provides its Objections and Responses to Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC's (collectively, "Deloitte") First Set of Requests for Production of Documents and Things:

**<u>PRELIMINARY AND GENERAL OBJECTIONS</u>**

1.      Sagitec objects to each request for production, the definitions, and the instructions to the extent each seeks to impose any requirements or obligations on Sagitec beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, any applicable orders of this Court, or any stipulation or agreement of the parties. Sagitec further objects to the instructions and definitions to the extent they purport to alter the plain meaning or scope of any specific request for production, on the ground that such alteration renders the request vague, ambiguous, overbroad, and uncertain.

- 1 -

2.      Sagitec objects to each request for production to the extent it seeks discovery of information that is not relevant to any claim, defense, or issue in this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent a request for production is overly broad and unduly burdensome and would thereby cause burden or expense that would outweigh any likely benefit.

3.      Sagitec objects to each request for production to the extent it calls for information protected from discovery by the attorney-client privilege, attorney work-product doctrine, common-interest privilege, or any other applicable privilege or immunity, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Civil Rules of this Court, or relevant statutes or case law. Disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

4.      With respect to responsive information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Civil Procedure 26(b)(3), or any other applicable privilege or immunity, Sagitec objects to listing on a privilege log or otherwise identifying documents and communications created or that took place after the commencement of this litigation.

5.      Sagitec objects to each request for production, and to each definition and instruction, to the extent that it calls for the disclosure of information that contains the confidential or proprietary information of a third party, or the joint confidential or proprietary information of Sagitec and a third party, until Sagitec has requested and received the consent of the affected third party to the disclosure of such information, or the matter has been resolved by a court of competent jurisdiction.

6.      Sagitec objects to the requests for production to the extent they require any

information that is beyond what is presently available to Sagitec based upon a reasonable search of its own files and reasonable inquiry of its current employees, or purports to require Sagitec to produce information, documents, or things not within Sagitec's possession, custody, or control.

7.      Sagitec objects to each of the requests for production, including the definitions and instructions that Deloitte purports to incorporate therein, under Fed. R. Civ. P. 26(a)(2) and 26(b)(4) to the extent they prematurely seek information that is properly within the scope of expert testimony.

8.      Sagitec objects to Deloitte's definitions of "Sagitec," "Defendant," "You," and "Your" as vague, overbroad and seeking information from non-parties that are not in Sagitec's possession, custody, or control. Sagitec will respond to these requests for production on behalf of Sagitec Solutions LLC.

9.      Sagitec objects to Deloitte's definitions of "Deloitte" or "Plaintiffs," as vague and ambiguous, and subject to information that is not in Sagitec's possession, custody, or control. Sagitec will respond to these requests for production based on its understanding of the terms "Deloitte" or Plaintiffs."

10.     Sagitec objects to Deloitte's definitions of "Deloitte Agreement" as vague, overbroad and seeking information from non-parties that are not in Sagitec's possession, custody, or control. Sagitec objects to the term "Deloitte Customer" in the definition of "Deloitte Agreement" as subject to information that is not in Sagitec's possession, custody, or control. Sagitec objects to the term "Deloitte Employee" in the definition of "Deloitte Agreement" subject to Sagitec's general objection to the definition of the term "Deloitte Employee" herein. Sagitec objects to the term "Deloitte" in the definition of "Deloitte Agreement" subject to Sagitec's general objection to the definition of the term "Deloitte" herein. Sagitec will respond to

- 3 -

these requests for production based on its understanding of the term "Deloitte Agreement."

11.    Sagitec objects to Deloitte's definitions of "Deloitte Employee," as vague, overbroad and seeking information from non-parties that are not in Sagitec's possession, custody, or control. Sagitec objects to Deloitte's definition of "Deloitte Employee" to the extent it includes individuals who did not work for Deloitte. Sagitec objects to the term "Deloitte" in the definition of "Deloitte Employee" subject to Sagitec's general objection to the definition of the term "Deloitte" herein. Sagitec will respond to these requests for production based on its understanding of the term "Deloitte Employee," and also with respect to the specific individuals identified by name in Deloitte's definition of "Deloitte Employee."

12.    Sagitec objects to Deloitte's definitions of "Deloitte Property," as vague, overbroad, and seeking information from non-parties that are not in Sagitec's possession, custody, or control, at least because the terms "uFACTS Computer Program" and "uFACTS Trade Secrets" are vague, ambiguous, and undefined and/or inadequately defined. Sagitec further objects to this definition as calling for legal conclusions, including as to what constitutes "copyrighted works or trade secrets."

13.    Sagitec objects to Deloitte's definition of "uFACTS Computer Program" as vague, overbroad, and subject to information that is not in Sagitec's possession, custody, or control, including because Deloitte's definition is undefined and/or inadequately defined through reference "without limitation." Sagitec further objects to this definition as calling for legal conclusions, including as to the ownership of any asserted copyrighted works.

14.    Sagitec objects to Deloitte's definition of "uFACTS Trade Secrets" as vague, overbroad, and subject to information that is not in Sagitec's possession, custody, or control, particularly with respect to the meaning of the phrase "uFACTS application software, design

assets, and development framework." Sagitec further objects to this definition as calling for legal conclusions, including as to what constitutes a trade secret and as to the ownership of any asserted trade secrets.

15.     Sagitec objects to these requests for production to the extent they are unreasonably cumulative or duplicative, or to the extent the information sought may be obtained from another source in a more convenient, less burdensome, or less expensive manner, such as other discovery methods.

16.     Sagitec's objections and answers contained herein shall not be construed as an admission relative to the existence or possession of any document. No answer, or document produced in response to these Interrogatories, is an admission as to the relevance or admissibility of any document or information.

17.     Sagitec objects to each and every request to the extent that they contain inaccurate, incomplete, or missing descriptions of facts, persons, or events underlying this action, and to the extent they assume facts not in evidence. The disclosure of information in any response shall not constitute Sagitec's agreement with, or acquiescence to, any such description.

18.     Sagitec objects to these requests for production to the extent the information sought is not kept in the normal course of business.

<u>**RESERVATION OF RIGHTS**</u>

Sagitec's responses are made without waiving, but on the contrary expressly preserving, the following:

19.     The right to object to the use of any response, document produced, or subject matter thereof in any subsequent proceeding or trial of this action or any other action.

20.     The right at any time to revise, correct, amend, supplement, add to, or clarify any

- 5 -

of the responses or documents produced. Investigation and discovery in connection with this matter are continuing and additional information or documents responsive to these requests may become known during the course of such investigation.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1:

All Deloitte Property.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Deloitte Property" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrases: "uFACTS Computer Program"; "the uFACTS Trade Secrets"; "uFACTS"; or "bear indications"; or "it" included in the foregoing definitions of "Deloitte Property." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 2:

All Documents comprising, discussing, evidencing, referring to, or related to Deloitte Property.

- 7 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrases: "comprising, discussing, evidencing, referring to, or related to." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning Sagitec's study, examination, reference to, or analysis of Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property."

Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrases: "study, examination, reference to, or analysis." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning Sagitec's use or copying of Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property."

- 9 -

The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrases: "use or copying." Sagitec objects to any assertion that Sagitec has "used" or "copied" Deloitte Property as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning Sagitec's possession of Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "possession." Sagitec objects to any

assertion that Sagitec has "possessed" Deloitte Property as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning Sagitec's storage of Deloitte Property, including without limitation storage and hosting on servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "storage." Sagitec objects to this request as duplicative of other

requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the circumstances by which Sagitec came into possession of Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "came into possession." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such

as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to show the repositories where Deloitte Property was stored.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "stored." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 9:

Documents sufficient to identify the Persons who had access to Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "access." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the Persons who had access to repositories where Deloitte Property was stored.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec objects to this

request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any

other applicable privilege. Sagitec objects to this request to the extent it calls for a legal

conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this

request as assuming facts not in evidence. The request is overbroad as it seeks "all

Documents" without limitation to information relevant to the claims or defenses in this

Litigation. Sagitec further objects to this request as vague and ambiguous with respect to

the phrase "stored." Sagitec objects to this request as duplicative of other requests, and

therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1.

Sagitec further objects to this request to the extent it seeks information that is confidential

or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors,

or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning Sagitec's access to Deloitte's uFACTS solution, including
without limitation any Communications related to access to Deloitte's developer
environments for any Deloitte Customers or any actual uFACTS implementations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Sagitec incorporates by reference the general objections, including without

limitation its objections to Deloitte's definitions of "Sagitec," "Deloitte" and "Deloitte

Customers." Sagitec further objects to this request as vague and ambiguous with respect to

the terms "uFACTS solution"; "uFACTS implementations"; and "Deloitte's developer

environments." Sagitec objects to this request to the extent it seeks documents,

communications, or other information protected by attorney-client privilege, the work

- 15 -

product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" and "any Communications" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 12:

All Documents concerning Sagitec's access to State UI software developed or implemented by Deloitte.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte." Sagitec further objects to this request as vague and ambiguous with respect to the terms "UI software developed or implemented by Deloitte." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or

- 16 -

defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show any code names or indirect references to Deloitte, Deloitte Property, or uFACTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte" and "Deloitte Property." Sagitec further objects to this request as vague and ambiguous with respect to the term "uFACTS." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

- 17 -

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning Sagitec's knowledge of the source of the Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec further objects to this request as vague and ambiguous with respect to the terms "knowledge" and "source." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning Sagitec's knowledge of the ownership of the Deloitte

Property.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec further objects to this request as vague and ambiguous with respect to the terms "knowledge" and "ownership." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 16:

All Documents concerning Sagitec's knowledge of whether the Deloitte Property was confidential.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Sagitec incorporates by reference the general objections, including without

limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Property." Sagitec further objects to this request as vague and ambiguous with respect to the terms "knowledge" and "confidential." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning the Deloitte Employees' obligations relating to possession or use of the Deloitte Property by You or any other Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Employee"; "Deloitte Property"; and "You." Sagitec further objects to this request as vague and ambiguous with respect to the terms "obligations" and "any other person." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client

privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning Sagitec's knowledge of any Deloitte Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Agreement." Sagitec further objects to this request as vague and ambiguous with respect to the term "knowledge." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it

- 21 -

seeks "all Documents" without limitation to information relevant to the claims or defenses

in this Litigation. Sagitec objects to this request as duplicative of other requests, and

therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1.

Sagitec further objects to this request to the extent it seeks information that is confidential

or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors,

or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents evidencing or relating to Your instructions regarding the possession,
use, or destruction of Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Sagitec incorporates by reference the general objections, including without

limitation its objections to Deloitte's definitions of "Your" and "Deloitte Property." Sagitec

further objects to this request as vague and ambiguous with respect to the terms

"instructions" and "regarding the possession, use, or destruction." Sagitec objects to this

request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any

other applicable privilege. Sagitec objects to this request to the extent it calls for a legal

conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this

request as assuming facts not in evidence. The request is overbroad as it seeks "all

Documents" without limitation to information relevant to the claims or defenses in this

Litigation. Sagitec objects to this request as duplicative of other requests, and therefore

harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further

objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other

third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents evidencing or relating to steps taken to search for, locate, collect,
preserve, destroy, modify, de-identify, anonymize, or conceal Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Sagitec incorporates by reference the general objections, including without

limitation its objection to Deloitte's definition of "Deloitte Property." Sagitec further

objects to this request as vague and ambiguous with respect to who the documents are to

evidence as taking steps "search for, locate, collect, preserve, destroy, modify, de-identify,

anonymize, or conceal Deloitte Property." Sagitec objects to this request to the extent it

seeks documents, communications, or other information protected by attorney-client

privilege, the work product doctrine, the common-interest privilege, or any other applicable

privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the

ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming

facts not in evidence. The request is overbroad as it seeks "all Documents" without

limitation to information relevant to the claims or defenses in this Litigation. Sagitec

objects to this request as duplicative of other requests, and therefore harassing and

calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this

request to the extent it seeks information that is confidential or otherwise proprietary with

respect to third parties, such as Sagitec's customers, vendors, or other third-party

relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to Your efforts to investigate whether and to what extent Neosurance incorporated, benefitted from, or relied upon material and information originally developed by Deloitte, including without limitation the Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Your," "Deloitte," and "Deloitte Property." Sagitec further objects to this request as vague and ambiguous with respect to who the documents are to evidence as taking steps "incorporated, benefitted from, or relied upon material and information originally developed by Deloitte." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

- 24 -

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning any clearance efforts for Neosurance, including without limitation efforts to confirm that Neosurance did not include Deloitte Property or proprietary technology and did not otherwise violate Deloitte's intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Property" and "Deloitte." Sagitec further objects to this request as vague and ambiguous with respect the terms "clearance efforts"; "proprietary technology"; and "Deloitte's intellectual property rights." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning any clearance efforts used by Sagitec for any Sagitec

product, including without limitation efforts to confirm that Sagitec products do not include third-party intellectual property or proprietary technology and did not otherwise violate third-party intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec further objects to this request as vague and ambiguous with respect to the terms: "clearance efforts"; and "violate third-party intellectual property rights." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" related to "any clearance efforts" for "any Sagitec product," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents relating to Sagitec's Internal Investigation, including without limitation all draft and final reports, exhibits and attachments to the foregoing, interview notes and summaries, discussions concerning the Internal Investigation and any interim findings or conclusions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Sagitec incorporates by reference the general objections. Sagitec objects to this

request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" including "all draft and final reports, exhibit sand attachments to the foregoing, interview notes and summaries, [and] discussions" and "any interim findings or conclusions," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 25:

All Documents cited or referenced in any draft or final report related to Sagitec's Internal Investigation, and all Documents collected, searched, considered, or reviewed in preparation of any draft or final report.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" and "any draft or final report," without limitation to information relevant to the claims or defenses in

this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications between Sagitec and any Person who participated in or performed Sagitec's Internal Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Communications" and "any Person," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

- 28 -

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents retained by any Deloitte Employee from his or her work at Deloitte, whether stored on a personal or employer-issued or -controlled device, server, or cloud storage system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Deloitte." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" and "any Deloitte Employee," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

Any devices provided by any Deloitte Employee to Sagitec, including without limitation the hard drive produced by David Minkkinen in connection with Sagitec's Internal Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Sagitec." Sagitec further objects to this request as vague and ambiguous with respect to the terms: "devices" and "hard drive." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "any devices" by "any Deloitte Employee," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents preserved or collected from any devices produced by any Deloitte

- 30 -

Employee to Sagitec, including without limitation the hard drive produced by David Minkkinen in connection with Sagitec's Internal Investigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Sagitec." Sagitec further objects to this request as vague and ambiguous with respect to the terms: "devices" and "hard drive." Sagitec further objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, or the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "any devices" by "any Deloitte Employee," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

### REQUEST FOR PRODUCTION NO. 30:

A copy of the Minkkinen Hard Drive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "Minkkinen's Hard Drive," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents preserved or collected from the Minkkinen Hard Drive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents," without limitation to information relevant to the claims or defenses in this Litigation. Sagitec

objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control.

Subject to the foregoing objections and incorporated definitions, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents evidencing or relating to examples of Sagitec's use of any Deloitte Property, including without limitation the examples identified in the Superseding Indictment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence, premature, and improperly shifting Deloitte's burden to prove its contentions onto Sagitec. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous

- 33 -

with respect to the phrase "use." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to Plaintiff's reference to the Superseding Indictment to the extent it presumes the truth or accuracy of the allegations therein.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 33:

All Communications between Sagitec and any Deloitte Employee during the Deloitte Employee's employment with Deloitte, including without limitation the Communications referenced in paragraphs 13, 14, and 16–20 of the Superseding Indictment.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec" and "Deloitte Employee." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as assuming facts not in evidence. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party

- 34 -

relationships. Sagitec objects to Plaintiff's reference to the Superseding Indictment to the extent it presumes the truth or accuracy of the allegations therein.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning the Internet link and login information for Deloitte's ongoing UI project in Massachusetts, which paragraph 14 of the Superseding Indictment indicates Sivaraman Sambasivam emailed to a Sagitec Employee on or about August 20, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte." Sagitec further objects to this request as vague and ambiguous with respect to the term "Internet link," and "login information." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to Plaintiff's reference to the Superseding Indictment to the extent it presumes the truth or accuracy of the allegations therein.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents that Sagitec accessed, downloaded, reviewed, transmitted, copied, modified, or used from the Internet link for Deloitte's ongoing UI project in Massachusetts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte." Sagitec further objects to this request as vague and ambiguous with respect to the term "Internet link." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "access." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents stored or made available at any time at the SharePoint location "http://sagitecportal/Unemployment%20Insurance/uFACTS/."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as vague and ambiguous with respect to the term "SharePoint location," and "http://sagitecportal/Unemployment%20Insurance/uFACTS/." The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning any SharePoint locations relating to uFACTS, including without limitation "http://sagitecportal/Unemployment%20Insurance/uFACTS/" and any subsidiary folders or pages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Sagitec incorporates by reference the general objections. Sagitec objects to this

request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as vague and ambiguous with respect to the term "SharePoint location,"; "http://sagitecportal/Unemployment%20Insurance/uFACTS/"; and "subsidiary folders." The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All copies of any uFACTS Oracle database that Sivaraman Sambasivam or any other Deloitte Employee copied and later made available to Sagitec Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "all copies of any uFACTS Oracle database" and "that Sivaraman Sambasivam or any other Deloitte Employee copied and later made available to Sagitec

Employees" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning the uFACTS Oracle database referenced in paragraph 18 of the Superseding Indictment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "uFACTS Oracle database" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other

third-party relationships. Sagitec objects to the phrase "in paragraph 18 of the Superseding

Indictment" to the extent it presumes the truth or accuracy of the allegations therein.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents stored or made available at any time at the specified link hosted on a
Sagitec server in India called "Pune Data" as referenced in paragraph 19 of the Superseding
Indictment and on pages 32–34 of the Investigator Testimony, including without limitation the
uFACTS code base and use cases from the Massachusetts project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Sagitec incorporates by reference the general objections. Sagitec objects to this

request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any

other applicable privilege. Sagitec further objects to this request as vague and ambiguous

with respect to the phrase "uFACTS code base" because it requires Sagitec to speculate as

to what Deloitte is requesting. The request is overbroad as it seeks "all Documents" without

limitation to information relevant to the claims or defenses in this Litigation. Sagitec

objects to this request as duplicative of other requests, and therefore harassing and

calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this

request to the extent it seeks information that is confidential or otherwise proprietary with

respect to third parties, such as Sagitec's customers, vendors, or other third-party

relationships. Sagitec objects to the phrase "as referenced in paragraph 19 of the

Superseding Indictment" because Sagitec was not indicted in the Superseding Indictment

and the allegations have not been proven. Furthermore, Sagitec objects to Deloitte's reference to "pages 32–34 of the Investigator Testimony" to the extent it presumes the truth or accuracy of the allegations therein.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning the server containing uFACTS code base and use cases from the Massachusetts project as referenced in paragraph 19 of the Superseding Indictment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "uFACTS code base" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "all Documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships. Sagitec objects to the phrase "as referenced in paragraph 19 of the Superseding Indictment" because Sagitec was not indicted in the Superseding Indictment and the allegations have not been proven.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 42:

Copies of each version of Neosurance, including without limitation its Source Code.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "each version of Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "copies" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request to the extent it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "each version of Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 43:

All Documents concerning all previous, current, and future versions of Neosurance, including without limitation the versions, if any, that existed before David Minkkinen or Sivaraman Sambasivam began employment with Sagitec.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "all previous, current, and future versions of Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "copies" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request to the extent it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all previous, current, and future versions of Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 44:

All Documents concerning each version of Neosurance, including without limitation design documentation, use cases, database schemas, requirements specifications, change orders, interface documentation, application programming interfaces, development frameworks, developer guides, business rules, algorithms, architectures, demos, mockups, user flows, product documentation, manuals, data sheets, and user guides.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "each version of Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "all documents" and "each version" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec further objects to this request to the extent it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "each version of Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning changes to Neosurance from conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "changes" because it requires Sagitec to speculate as to what Deloitte is requesting. The request is overbroad as it seeks "all documents" and "changes" without limitation to information relevant to the claims or defenses in this Litigation.

- 44 -

Sagitec further objects to this request to the extent it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "changes to Neosurance from conception to the present." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents concerning Sagitec's decision to create or offer UI solutions to States or other public sector Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all documents" without limitation to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request. Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents evidencing or relating to any investigations, discussions, deliberations, or decisions concerning the acquisition of any business that offered or developed UI solutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "acquisition of any business that offered or developed UI solutions" as it requires Sagitec to speculate as to what Deloitte is seeking. Sagitec further objects to this request to the extent it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Documents evidencing or relating to any investigations, discussions, deliberations, or decisions concerning the acquisition of any business that offered or developed UI solutions." The request is overbroad as it seeks "all documents" relating to "any investigation" without limitation in time or scope to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show all Persons involved in the conception, research, design, development, testing, launch, enhancement, maintenance, and operation of each version of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. The request is overbroad as it seeks "all Persons" relating to "each version of Neosurance" without limitation in time or scope to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 49**

Documents sufficient to provide Deloitte's counsel with log-in credentials for Neosurance to access its user interface, including without limitation any demo, test, or sandbox versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other

applicable privilege. The request is overbroad as it seeks "any demo, test, or sandbox versions" without limitation in time or scope to information relevant to the claims or defenses in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 50:**

Copies of each version of any non-public or Client-facing website You created related to Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "You." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "each version of any non-public or Client-facing website You created related to Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning the conception, research, design, development, testing, launch, enhancement, or maintenance of all versions of Neosurance, including without limitation those concerning the inspiration for creating Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "You." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "concerning the inspiration for creating Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 52:**

All Communications between Sagitec and any third party concerning the conception, research, design, development, testing, launch, enhancement, or maintenance of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase

"concerning the conception, research, design, development, testing, launch, enhancement, or maintenance of Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Communications" and "any third party." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show any code names, project names, or other indirect references to Neosurance or Sagitec's plan to develop Neosurance, including without limitation any alternative, interim, or provisional names for Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase phrases "code names, project names, or other indirect references to Neosurance" and "any alternative, interim, or provisional names for Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

- 50 -

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show any code names, project names, or other indirect references to Neosurance's data dictionary or database schemas or Sagitec's plan to develop the same, including without limitation any alternative, interim, or provisional names for the Neosurance data dictionary or database schemas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "code names, project names, or other indirect references to Neosurance" and "any alternative, interim, or provisional names for Neosurance" because they require Deloitte to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "Documents" and "project names, or other indirect references." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show the Persons involved in the marketing, sale, and distribution of each version of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "distribution" and "each version of Neosurance" because they require Deloitte to speculate as to what Deloitte is requesting. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify all past and present actual or potential Customers of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "potential Customers of Neosurance" because it requires Sagitec to speculate as to

what Deloitte is requesting. Sagitec further objects to this request to the extent it seeks

information that is confidential or otherwise proprietary with respect to third parties, such as

Sagitec's customers, vendors, or other third-party relationships. Sagitec further objects to this

request as overbroad with respect to time as to the phrase "potential Customers." Additionally,

Sagitec objects to this definition as overbroad with respect to scope because it includes

"potential Customers," without limiting the scope to information sufficient to show Plaintiff's

desired ends, and as such, is cumulative.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 57:

All Documents concerning Customer inquiries referring or relating to Neosurance.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Sagitec incorporates by reference the general objections. Sagitec objects to this request

to the extent it seeks documents, communications, or other information protected by attorney-

client privilege, the work product doctrine, the common-interest privilege, or any other

applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect

to the phrase "inquiries referring or relating to Neosurance" because it requires Sagitec to

speculate as to what Deloitte is requesting. This request is overbroad because it seeks

information beyond the proportional needs of this Litigation specifically with respect to the

phrases: "all Documents." Sagitec further objects to this request to the extent it seeks

information that is confidential or otherwise proprietary with respect to third parties, such as

Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents evidencing or relating to Sagitec's responses to Customer inquiries referring or relating to Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "Sagitec's responses"; "Customer inquiries'" and "referring or relating to Neosurance," because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Documents." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents concerning Customer inquiries referring or relating to UI, PUA, or related software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "UI"; "PUA" and "related software" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Documents." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 60:

All Documents regarding efforts to solicit or win contracts to implement products and services related to Neosurance, including without limitation all draft and submitted bids, requests for proposal, responses to requests for proposal, draft and executed contracts, and statements of work.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "efforts to solicit or win contracts to implement products and services related to Neosurance" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Documents." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 61:**

All agreements, contracts, or licenses concerning Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "concerning Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all agreements, contracts, or licenses." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents concerning Sagitec's assistance to Customers relating or referring to Neosurance, including without limitation customer support manuals, frequently asked questions (FAQ), and customer support telephone or chat logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "assistance to Customers" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "customer support manuals, frequently asked questions (FAQ), and customer support telephone or chat logs." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents concerning Sagitec's marketing, sale, and distribution of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase

"distribution" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

### REQUEST FOR PRODUCTION NO. 64:

All Sagitec marketing material concerning Neosurance, including without limitation advertisements, drafts, and Communications concerning the same.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "marketing material," "advertisements" and "drafts" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrases: "all Sagitec marketing material." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P.

1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 65:**

All Sagitec marketing or promotional material referencing Deloitte or Deloitte's products and services, including without limitation marketing material concerning uFACTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "marketing or promotion material"; "Deloitte's products and services"; and "uFACTS" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all Sagitec marketing or promotional material." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 66:**

All Sagitec marketing or promotional material referencing the Deloitte Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Employees." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "marketing or promotion material" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all Sagitec marketing or promotional material." Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 67:**

All Sagitec marketing or promotional material referencing the experience of Deloitte Employees in implementing UI software for any State.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec" and "Deloitte Employees." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "marketing or promotion material" and "UI software" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all Sagitec marketing or promotional material." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 68:**

All Communications between Sagitec and potential or actual Customers concerning

Neosurance.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it

seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec further objects to this request as vague and ambiguous with respect to the phrases

"potential . . . Customers" and "concerning" because they require Sagitec to speculate as to

what Deloitte is requesting. This request is overbroad in time and scope because it seeks

information beyond the proportional needs of this Litigation specifically with respect to the

phrase "all communications." Sagitec objects to this request as duplicative of other requests,

and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1.

Sagitec further objects to this request to the extent it seeks information that is confidential or

otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or

other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 69:

All Communications between Sagitec and potential or actual Customers concerning
Deloitte or Deloitte's products, including without limitation uFACTS.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Sagitec incorporates by reference the general objections, including without limitation its

objections to Deloitte's definitions of "Sagitec" and "Deloitte." Sagitec objects to this request to

the extent it seeks documents, communications, or other information protected by attorney-

client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "potential . . . customers"; "concerning"; "Deloitte's products"; and "uFACTS" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all communications." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents reflecting efforts to compete with Deloitte's products and services, including without limitation uFACTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it assumes facts not in evidence, including as to whether Sagitec has made efforts to compete with Deloitte's products and services, as premature, and as improperly shifting Deloitte's burden to prove its contentions onto Sagitec. Sagitec further objects to this request as vague and ambiguous with respect to the phrases

"efforts to compete"; "Deloitte's products and services"; and "uFACTS" because they require

Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and

scope because it seeks information beyond the proportional needs of this Litigation specifically

with respect to the phrase "all documents." Sagitec objects to this request as duplicative of other

requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P.

1. Sagitec further objects to this request to the extent it seeks information that is confidential or

otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or

other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents concerning Deloitte.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Deloitte." Sagitec objects to this request to the extent it

seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec further objects to this request as vague and ambiguous with respect to the phrase

"concerning" because it requires Sagitec to speculate as to what Deloitte is requesting. This

request is overbroad in time and scope because it seeks information beyond the proportional

needs of this Litigation specifically with respect to the phrase "all documents." Sagitec objects

to this request as duplicative of other requests, and therefore harassing and calculated to

multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the

extent it seeks information that is confidential or otherwise proprietary with respect to third

parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents concerning uFACTS.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "concerning" and "uFACTS" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 73:**

All Communications from any Deloitte Employee's Sagitec email address to the same or another Deloitte Employee's personal email address, or vice versa.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrases "Sagitec email address" and "Deloitte Employee's personal email address" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

### REQUEST FOR PRODUCTION NO. 74:

Documents sufficient to show the past and present organizational structure of Sagitec, including without limitation organizational charts.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec further objects to this request as vague and ambiguous with respect to the phrase "organizational structure of Sagitec" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to establish Sagitec's corporate structure, including without limitation Documents that identify all of Sagitec's past and present affiliated Entities, including without limitation parents, subsidiaries, divisions, predecessors, predecessors-in-interest, successors, controlled Entities, companies in which Sagitec owns stock or otherwise maintains an ownership interest, joint ventures, and other related Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "organizational structure of Sagitec" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents."

Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects that this request is unduly burdensome with respect to the phrases: "documents" and "related Entities." Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to establish Sagitec's ownership, membership, and management structure, including without limitation all past and present principals, partners, managers, and members of Sagitec, as well as the classification, manager/non-manager status, and role of each such individual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "management structure" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects that this

request is unduly burdensome with respect to the phrases "documents" because it requires

Defendant to prepare a compilation of data that does not already exist. Sagitec further objects to

this request to the extent it seeks information that is confidential or otherwise proprietary with

respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

## REQUEST FOR PRODUCTION NO. 77:

Sagitec's articles of organization, operating agreement, charter, and any related or
similar Documents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it

seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec further objects to this request as vague and ambiguous with respect to the phrase

"related or similar documents" because it requires Sagitec to speculate as to what Deloitte is

requesting. This request is overbroad in time and scope because it seeks information beyond the

proportional needs of this Litigation specifically with respect to the phrase "documents."

Sagitec objects to this request as duplicative of other requests, and therefore harassing and

calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this

request to the extent it seeks information that is confidential or otherwise proprietary with

respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents concerning meetings of Sagitec's board of managers, board of directors,
or similar decision-making body concerning Deloitte, Deloitte's products and services, uFACTS,
the Deloitte Employees, or the Deloitte Property, including without limitation presentation slides
and meeting minutes for any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Sagitec incorporates by reference the general objections, including without limitation its

objections to Deloitte's definitions of "Sagitec"; "Deloitte"; "Deloitte Employees"; and

"Deloitte Property." Sagitec objects to this request to the extent it seeks documents,

communications, or other information protected by attorney-client privilege, the work product

doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to

this request to the extent it calls for a legal conclusion as to the ownership of any alleged

"Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. Sagitec

further objects to this request as vague and ambiguous with respect to the phrases "Deloitte's

products and services" and "uFACTS" because they require Sagitec to speculate as to what

Deloitte is requesting. This request is overbroad in time and scope because it seeks information

beyond the proportional needs of this Litigation specifically with respect to the phrase

"documents." Sagitec objects to this request as duplicative of other requests, and therefore

harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to

this request to the extent it seeks documents that are not in Sagitec's possession, custody, or

control. Sagitec further objects to this request to the extent it seeks information that is

confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers,

vendors, or other third-party relationships.

- 70 -

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 79:**

Sagitec's financial statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "financial statements" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "financial statements." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to show Sagitec's yearly, quarterly, and monthly revenues, expenses, and gross and net profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents" and is not limited financial information related to the accused Neosurance. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 81:**

Documents sufficient to show Sagitec's yearly, quarterly, and monthly earnings attributable to Neosurance, including without limitation revenues, expenses, and gross and net profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 82:**

Documents sufficient to show Sagitec's yearly, quarterly, and monthly earnings attributable to any products or software sold or licensed to customers of Neosurance, including without limitation revenues, expenses, and gross and net profits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "any products or software sold or licensed to customers of Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents" relating to "any products or software or software sold or licensed to customers of Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-

party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to show any payments made to any Person relating to Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "payments made to any person" and "relating to Neosurance" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents" relating to "any products or software or software sold or licensed to customers of Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents concerning Sagitec's projected future earnings concerning Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "concerning Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "documents" relating to "projected future earning concerning Neosurance." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 85:**

All Communications to Sagitec's board of managers, board of directors, or similar decision-making body, actual or potential investments in Sagitec, or Sagitec Customers concerning Neosurance, including without limitation concerning Sagitec's projected future earnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "concerning Neosurance" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "projected future earnings." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents concerning the resources You invested in the conception, research, design, development, testing, launch, enhancement, or maintenance of Neosurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "You." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "the resources You invested" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all documents." Sagitec objects

- 76 -

to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents relating to the solicitation or hiring of any Deloitte Employee, including without limitation recruitment efforts, interview notes, internal deliberations, offer letters, employment contracts, and negotiations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Employee." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all documents." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 88:**

All Communications between Sagitec and David Minkkinen prior to the start of his employment with Sagitec.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all Communications." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 89:**

All Communications between Sagitec and Sivaraman Sambasivam prior to the start of his employment with Sagitec.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "all Communications" and "prior to the start of his employment with Sagitec." Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 90:**

Documents sufficient to show David Minkkinen's and Sambasivam's roles at Sagitec, including without limitation any prior, current, or future roles and any ownership or investments in Sagitec.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the term "roles" and "future roles" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad in time and scope because it seeks information beyond the proportional needs of this Litigation specifically with respect to the phrase "future roles" and "ownership or investments in Sagitec." Sagitec objects to this request as duplicative of other requests, and

therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec

further objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-

party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 91:**

Documents sufficient to show the involvement of David Minkkinen or Sivaraman
Sambasivam in the recruitment, solicitation, or hiring of any other Deloitte Employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Deloitte Employee." Sagitec objects to this request to the

extent it seeks documents, communications, or other information protected by attorney-client

privilege, the work product doctrine, the common-interest privilege, or any other applicable

privilege. Sagitec further objects to this request as vague and ambiguous with respect to the

terms "involvement"; "recruitment, solicitation, or hiring" because it requires Sagitec to

speculate as to what Deloitte is requesting. Sagitec objects to this request as duplicative of other

requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P.

1. Sagitec further objects to this request to the extent it seeks information that is confidential or

otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or

other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents concerning Sagitec's onboarding process for each of the Deloitte Employees, including without limitation all agreements, policies, trainings, interviews, checklists, instructions, and handbooks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec" and "Deloitte Employee." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show any compensation You provided to a Deloitte Employee, including without limitation salary, bonus, equity (including without limitation any form of vested or unvested securities, shares, stock, options, or rights to purchase any of the foregoing), and any other monetary or non-monetary benefit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "You" and "Deloitte Employee." Sagitec objects to this

- 81 -

request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any other

applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect

to the terms "compensation" and "non-monetary benefit" because it requires Sagitec to

speculate as to what Deloitte is requesting. This request is overbroad because it seeks

information beyond the proportional needs of this Litigation specifically with respect to the

term "Deloitte Employee" and is not limited in scope to matters involving the accused

Neosurance software. Sagitec objects to this request as duplicative of other requests, and

therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec

further objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-

party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents concerning the performance of each Deloitte Employee, including
without limitation any formal or informal reviews, complaints, counseling, action plans,
performance improvement plans, remediation plans, awards, bonuses, garnishments,
punishments, reprimands, warnings, or leaves of absence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Deloitte Employee." Sagitec objects to this request to the

extent it seeks documents, communications, or other information protected by attorney-client

privilege, the work product doctrine, the common-interest privilege, or any other applicable

privilege. Sagitec further objects to this request as vague and ambiguous with respect to the

terms "concerning" and "performance of each employee" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "performance of each Deloitte Employee" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 95:

All Documents concerning the resignation or termination of any Deloitte Employee.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Deloitte Employee." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "resignation or termination of any Deloitte Employee" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise

proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents concerning the departure of any Deloitte Employees from Sagitec, including without limitation resignation or termination letters, exit interviews, checklists, certifications, and severance agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the terms "concerning" and "the departure of any Deloitte Employee" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "resignation or termination of any Deloitte Employee" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 97:**

All Communications between Sagitec and any Deloitte Employee after the conclusion of his or her employment with Sagitec.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte Employee" and "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the terms "conclusion" because they require Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Communications" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to this request to the extent it seeks documents that are not in Sagitec's possession, custody, or control. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents concerning Sagitec's Employee policies, including without limitation any pertaining to assignment and ownership of inventions, works of authorship, or trade secrets; confidentiality; acceptable use; use of third-party confidential information; third-party intellectual property rights; and any codes of conduct or ethics.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 98:</u>**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec Employee." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**<u>REQUEST FOR PRODUCTION NO. 99:</u>**

All Documents concerning Your knowledge of Your knowledge or use of the copyrighted uFACTS Computer Program.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 99:</u>**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "You" and "uFACTS Program." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "Your knowledge of Your knowledge or use" because it requires Sagitec to

- 86 -

speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 100:

All Documents concerning Your knowledge of Your misappropriation of the uFACTS Trade Secrets.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "You" and "uFACTS Trade Secrets." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "Your knowledge" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to the phrase "Your misappropriation of the uFACTS Trade Secrets" as premature because the

- 87 -

assertion includes a legal conclusion not yet determined in this Litigation. Sagitec further objects to this request as seeking facts that are not in evidence. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec responds that it is not aware of any misappropriation of the uFACTS Trade Secrets, and as such, there are no documents to produce.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents concerning this Litigation, including without limitation Communications about the existence of this Litigation and the facts, allegations, defenses, and claims set forth in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "concerning this Litigation" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such

as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents concerning Communications between Sagitec and Deloitte, including without limitation Communications referring or relating to this Case, Deloitte, Deloitte Property, uFACTS, Neosurance, or the Criminal Proceeding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec"; "Deloitte" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "Documents concerning Communications" and "uFACTS" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents Sagitec contends support or refute any claim or defense asserted in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents relied upon by any expert witness or in any expert report served in this Case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to this request as premature to the extent it seeks expert testimony. Sagitec will make expert disclosures at the time contemplated by the Scheduling Order in this Litigation. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

### REQUEST FOR PRODUCTION NO. 105:

Documents sufficient to show the existence, nature, and extent of any insurance, indemnification, or similar agreement or arrangement to fund, contribute to, pay for, or provide reimbursement for any potential fees, costs, expenses, or liability incurred in connection with this Litigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents produced to Sagitec by any third-party or non-party in this Litigation whether voluntarily, pursuant to a subpoena or court order, or otherwise.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "third-party" and "non-party" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents concerning Your public statements or comments regarding this

Litigation, Deloitte, uFACTS, or the Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte" and "Deloitte Property." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to this request as assuming facts not in evidence. Sagitec further objects to this request as vague and ambiguous with respect to the phrase "uFACTS" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents You considered or relied upon in responding to any Interrogatory, Request for Admission, or other discovery request in this Case, including without limitation any existing or supplemental request or response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "You." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 109**:

All Documents You considered or relied upon in the preparation of any Document or pleading You filed in this Case, including without limitation Your response to the Complaint in this Case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "You." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this

Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents that Sagitec may rely upon or introduce for any deposition, proceeding, brief, pleading, motion, memorandum, or hearing in this Case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec objects to this request as premature to the extent it seeks expert testimony. Sagitec will make expert disclosures at the time contemplated by the Scheduling Order in this Litigation. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers,

vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents reviewed or prepared in connection with this Case by any Person who Sagitec anticipates, expects, or decides to call as a witness (including both fact and expert witnesses) at any hearing or at trial in this Case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. This request is premature to the extent it seeks information related to witnesses not yet identified. Sagitec objects to this request as premature to the extent it seeks expert testimony. Sagitec will make expert disclosures at the time contemplated by the Scheduling Order in this Litigation. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 112:**

Documents sufficient to show Sagitec's Document retention policies, including without limitation the retention of physical Documents, Source Code, and ESI such as electronic Documents and emails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 113:**

Documents sufficient to show when, if at all, Sagitec began preserving Documents concerning this Litigation, Neosurance, Deloitte, uFACTS, or the Deloitte Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Sagitec"; "Deloitte"; and "Deloitte Property." Sagitec

objects to this request to the extent it seeks documents, communications, or other information

protected by attorney-client privilege, the work product doctrine, the common-interest

privilege, or any other applicable privilege. Sagitec objects to this request to the extent it calls

for a legal conclusion as to the ownership of any alleged "Deloitte Property." Sagitec objects to

this request as assuming facts not in evidence. Sagitec further objects to this request as vague

and ambiguous with respect to the term "uFACTS" because it requires Sagitec to speculate as

to what Deloitte is requesting. This request is overbroad because it seeks information beyond

the proportional needs of this Litigation specifically with respect to the term "Documents" and

is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this

request as duplicative of other requests, and therefore harassing and calculated to multiply

expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it

seeks information that is confidential or otherwise proprietary with respect to third parties, such

as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec is willing to meet and confer regarding the scope of this request.

## REQUEST FOR PRODUCTION NO. 114:

All Documents concerning the Criminal Proceeding, including without limitation
Communications between Sagitec or its attorneys, Employees, and agents on the one hand, with
the United States Department of Justice, counsel for David Minkkinen or Sivaraman
Sambasivam, or State or Federal agents and Employees or Communications with Customers or
potential Customers concerning or related to the Criminal Proceeding on the other hand.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Sagitec incorporates by reference the general objections, including without limitation its

objection to Deloitte's definition of "Sagitec." Sagitec objects to this request to the extent it

seeks documents, communications, or other information protected by attorney-client privilege,

the work product doctrine, the common-interest privilege, or any other applicable privilege.

Sagitec further objects to this request as vague and ambiguous with respect to the term

"potential Customers" because it requires Sagitec to speculate as to what Deloitte is requesting.

This request is overbroad because it seeks information beyond the proportional needs of this

Litigation specifically with respect to the term "all Documents" and is not limited in scope the

claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of

other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R.

Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is

confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers,

vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents produced to any party in the Criminal Proceeding, including without
limitation all Documents produced to the Government, Sivaraman Sambasivam, or David
Minkkinen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request

to the extent it seeks documents, communications, or other information protected by attorney-

client privilege, the work product doctrine, the common-interest privilege, or any other

applicable privilege. Sagitec objects to this request to the extent it seeks public documents

equally available to both parties. Sagitec further objects to this request to the extent it seeks

information or documents that is not within Sagitec's possession, custody, or control. This

request is overbroad because it seeks information beyond the proportional needs of this

Litigation specifically with respect to the term "all Documents" and is not limited in scope the

- 99 -

claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of

other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R.

Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is

confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers,

vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this

request, Sagitec will produce non-privileged documents in its possession, custody, or control

that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents concerning Communications between Sagitec and Customers; potential Customers; investors; potential investors; government regulators, agencies and agents; and government investigators, potential, current, or former partners, Employees, and agents concerning the Criminal Proceeding, including without limitation actual Communications, draft Communications, internal deliberations concerning the response to the same, and meetings and meeting minutes concerning the strategy for responding to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Sagitec incorporates by reference the general objections, including without

limitation its objection to Deloitte's definition of "Sagitec." Sagitec further objects to this

request to the extent it seeks documents, communications, or other information protected by

attorney-client privilege, the work product doctrine, the common-interest privilege, or any

other applicable privilege. Sagitec further objects to this request as vague and ambiguous

with respect to the terms "concerning"; "potential Customers"; "potential, current, or

former partners" and "internal deliberations" because they require Sagitec to speculate as to

what Deloitte is requesting. The request is overbroad as it seeks "all Documents" without

limitation to information relevant to the claims or defenses in this Litigation. Documents

that contain privileged information will not be produced. Sagitec further objects to this

request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents concerning efforts to enforce Your intellectual property rights, including without limitation any demand letters or cease-and-desist letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Your." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the term "enforce" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents concerning any enforcement activity by third parties referring or relating to Neosurance, including without limitation actual, anticipated, threatened, potential, or considered litigation, arbitration, or other adversarial proceedings and all demand letters or cease-and-desist letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec further objects to this request as vague and ambiguous with respect to the term "enforcement activity" because it requires Sagitec to speculate as to what Deloitte is requesting. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications with any State concerning allegations that Neosurance infringed, violated, or relied on the intellectual property of Deloitte or any third party, including without limitation all Communications between Sagitec and the State of Maryland Office of the Attorney General regarding concerns that Sagitec's work relied on Source Code and related material improperly obtained from Deloitte.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Sagitec incorporates by reference the general objections, including without limitation its objections to Deloitte's definitions of "Deloitte" and "Sagitec." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to the extent this request assumes facts not in evidence, including any characterization of the alleged concerns of the State of Maryland Office of the Attorney General. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Communications" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec will produce non-privileged documents in its possession, custody, or control that are responsive to this request and that can be located following a reasonable search.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents produced in the CTPF Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the

- 103 -

proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents concerning Your allegations or admissions in the CTPF Litigation, including without limitation Your allegations in the complaint (Docket No. 1) and Your answers to CTPF's counterclaims (Docket No. 24).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Your." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request to the extent the requested documents are publicly available and equally accessible by both parties. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

- 104

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents concerning Your allegation that "David Minkkinen and Sivaraman Sambasivam are Class B members and have no active management or other active role in Sagitec's business operations" as set forth in paragraph 20 of the complaint in the CTPF Litigation.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Your." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request to the extent the requested documents are publicly available and equally accessible by both parties. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 123:**

All Documents concerning Your allegation that "Neosurance™ … is a completely different software solution that is not used in any way in Sagitec's Neospin™ software system" as set forth in paragraph 29 of the complaint in the CTPF Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Your." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request to the extent the requested documents are publicly available and equally accessible by both parties. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 124:**

All Documents concerning Your allegations that "Mr. Minkkinen and Mr. Sambasivam are no longer involved in any management, supervisory or business function of Sagitec" and "are Class B members of Sagitec" and that "Sagitec's work [for CTPF] is not related to the Federal government's investigation or the indictment against Messrs. Minkkinen and Sambasivam" and "relates to an entirely different product—Neospin™—which … is separate from and has nothing to do with Neosurance™" as set forth on page 2 of Your answers to CTPF's counterclaims in the CTPF Litigation dated:  September 19, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definition of "Your." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the

work product doctrine, the common-interest privilege, or any other applicable privilege. This request is overbroad because it seeks information beyond the proportional needs of this Litigation specifically with respect to the term "all Documents" and is not limited in scope the claims and defenses involved in this Litigation. Sagitec objects to this request to the extent the requested documents are publicly available and equally accessible by both parties. Sagitec objects to this request as duplicative of other requests, and therefore harassing and calculated to multiply expenses contrary to Fed. R. Civ. P. 1. Sagitec further objects to this request to the extent it seeks information that is confidential or otherwise proprietary with respect to third parties, such as Sagitec's customers, vendors, or other third-party relationships.

Subject to the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec is willing to meet and confer regarding the scope of this request.

OF COUNSEL:

Christopher K. Larus
David A. Prange
Rajin S. Olson
Brandon A. Carmack
ROBINS KAPLAN LLP
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500
clarus@robinskaplan.com
dprange@robinskaplan.com
rolson@robinskaplan.com
bcarmack@robinskaplan.com

*Attorneys for Defendant*
*Sagitec Solutions, LLC*

Dated: October 19, 2023

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

- 107

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2023, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting*
*LLPand Deloitte Development LLC*

 

 

 

 

 

 

 

 

     */s/ Robert M. Vrana*
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

# EXHIBIT 3

| | |
|---|---|
| **From:** | Bact, Rebecca <RBact@RobinsKaplan.com> |
| **Sent:** | Tuesday, December 19, 2023 10:45 AM |
| **To:** | Arnett, Patrick; Prange, David A.; Carmack, Brandon A.; Larus, Christopher K.; Olson, Rajin S.; *agaza@ycst.com; *RVrana@ycst.com; THARTZELL@ycst.com; RK-Sagitec |
| **Cc:** | #Deloitte Sagitec; *jshaw@shawkeller.com; Andrew Russell |
| **Subject:** | RE: Deloitte Consulting LLP et al. v. Sagitec Solutions LLC |

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Patrick,

We are in receipt of your letter of December 11, identifying purported deficiencies in Sagitec's responses to Deloitte's interrogatories.

Without conceding that Sagitec's responses as originally served are deficient in any way, at this stage, Sagitec will supplement its responses to substantially provide what Deloitte has asked for.  Both because of the imminent holidays (and the delay that they can cause in consulting with our client) as well as our need to include Bates numbers for Rule 33(d) purposes in conjunction with production of documents that will occur no later than the substantial completion deadline of January 19, Sagitec will plan to supplement its interrogatory responses by or shortly after the January 19 deadline.

Best regards,
Rebecca

Rebecca Bact

**ROBINS KAPLAN** LLP

Robins Kaplan LLP | 800 Boylston Street | Suite 2500 | Boston, MA 02199
p  617 859 2740 | f  617 267 8288 | Pronouns: she/her/hers
RBact@RobinsKaplan.com| RobinsKaplan.com

**From:** Arnett, Patrick <patrick.arnett@kirkland.com>
**Sent:** Monday, December 11, 2023 5:26 PM
**To:** Prange, David A. <DPrange@RobinsKaplan.com>; Carmack, Brandon A. <BCarmack@RobinsKaplan.com>; Larus, Christopher K. <CLarus@RobinsKaplan.com>; Olson, Rajin S. <ROlson@RobinsKaplan.com>; *agaza@ycst.com <agaza@ycst.com>; *RVrana@ycst.com <RVrana@ycst.com>; THARTZELL@ycst.com; RK-Sagitec <RK-Sagitec@RobinsKaplan.com>
**Cc:** #Deloitte Sagitec <Deloitte-Sagitec@kirkland.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Andrew Russell <arussell@shawkeller.com>
**Subject:** [EXTERNAL] Deloitte Consulting LLP et al. v. Sagitec Solutions LLC

Dear Counsel:

Please see the attached correspondence.

Regards,
Patrick

**Patrick Arnett**
he / him / his

_____

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave NW, Washington DC 20004
**T** +1 202 389 5160   **M** +1 646 352 3502
**F** +1 202 389 5200

_____

patrick.arnett@kirkland.com


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


_____


Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com
_____

# EXHIBIT 4

## DEFAULT STANDARD FOR DISCOVERY,
## INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION
## ("ESI")

1. **General Provisions**

a. **Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

b. **Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

c. **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

(ii)  Absent a showing of good cause by the requesting party, the

categories of ESI identified in Schedule A attached hereto need not be preserved.

d. **Privilege.**

(i)  The parties are to confer on the nature and scope of privilege logs for

the case, including whether categories of information may be excluded from any logging

requirements and whether alternatives to document-by-document logs can be

exchanged.

(ii)  With respect to information generated after the filing of the complaint,

parties are not required to include any such information in privilege logs.

(iii)  Activities undertaken in compliance with the duty to preserve

information are protected from disclosure and discovery under Fed. R. Civ. P.

26(b)(3)(A) and (B).

(iv)  Parties shall confer on an appropriate non-waiver order under Fed. R.

Evid. 502.  Until a non-waiver order is entered, information that contains privileged

matter or attorney work product shall be immediately returned if such information

appears on its face to have been inadvertently produced or if notice is provided within

30 days of inadvertent production.

2. **Initial Discovery Conference.**

a. **Timing.**  Consistent with the guidelines that follow, the parties shall discuss

the parameters of their anticipated discovery at the initial discovery conference (the

"Initial Discovery Conference") pursuant to Fed. R. Civ. P. 26(f), which shall take place

before the Fed. R. Civ. P. 16 scheduling conference ("Rule 16 Conference").

2

b. **Content.** The parties shall discuss the following:

(i) The issues, claims and defenses asserted in the case that define the scope of discovery.

(ii) The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper files, email, databases, servers, etc.).

(iii) Technical information, including the exchange of production formats.

(iv) The existence and handling of privileged information.

(v) The categories of ESI that should be preserved.

3. **Initial Disclosures.** Within 30 days after the Rule 16 Conference, each party shall disclose:

a. **Custodians.** The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

b. **Non-custodial data sources.**[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

c. **Notice.** The parties shall identify any issues relating to:

(i) Any ESI (by type, date, custodian, electronic system or other criteria)

---

[2]That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

3

that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(ii)  Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(iii)  Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

## 4.  **Initial Discovery in Patent Litigation.[3]**

a.  Within 30 days after the Rule 16 Conference and for each defendant,[4] the plaintiff shall specifically identify the accused products[5] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

b.  Within 30 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

c.  Within 30 days after receipt of the above, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

_____

[3]As these disclosures are "initial," each party shall be permitted to supplement.

[4]For ease of reference, "defendant" is used to identify the alleged infringer and "plaintiff" to identify the patentee.

[5]For ease of reference, the word "product" encompasses accused methods and systems as well.

4

d. Within 30 days after receipt of the above, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

e. Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

5. **Specific E-Discovery Issues.**

a. **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

b. **Search methodology.** If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

c. **Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the

5

original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format:  single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

d. **Native files.**  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

e. **Metadata fields.**  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:  Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic

7

equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.