IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC,<br><br>           Plaintiffs,<br><br>   v.<br><br>SAGITEC SOLUTIONS, LLC,<br><br>           Defendant. | )<br>)<br>)<br>) C.A. No. 23-325-WCB<br>)<br>) PUBLIC VERSION<br>)<br>)<br>)<br>)<br>) |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON**
**ON BEHALF OF DEFENDANT SAGITEC SOLUTIONS, LLC**

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Christopher K. Larus | |
| David A. Prange | Anne Shea Gaza (No. 4093) |
| Rajin S. Olson | Robert Vrana (No. 5666) |
| Brandon A. Carmack | Rodney Square |
| Demitri M. Dawson | 1000 North King Street |
| ROBINS KAPLAN LLP | Wilmington, DE 19801 |
| 800 LaSalle Avenue | (302) 571-6600 |
| Minneapolis, MN 55402 | agaza@ycst.com |
| (612) 349-8500 | rvrana@ycst.com |
| clarus@robinskaplan.com | |
| dprange@robinskaplan.com | |
| rolson@robinskaplan.com | |
| bcarmack@robinskaplan.com | |
| ddawson@robinskaplan.com | |
| | |
| Rebecca Bact | |
| ROBINS KAPLAN LLP | |
| 800 Boylston Street | |
| Boston, MA 02199 | |
| (617) 859-2740 | |
| rbact@robinskaplan.com | |
| | *Attorneys for Defendant* |
| Dated: January 5, 2024 | *Sagitec Solutions, LLC* |

Dear Judge Bryson,

Deloitte's disclosure of its trade secrets in answering Sagitec Interrogatory No. 1 is deficient. Instead of addressing the merits, Deloitte argues about an issue of timing, making a false complaint that Sagitec's interrogatory responses somehow prevent it from disclosing information that only Deloitte possesses. To resolve Deloitte's false issue, Sagitec accelerated its effort to supplement its interrogatory responses, served today. D.I. 82. This motion thus does not raise an issue of when—it is an issue of what. Deloitte should supplement now and without further delay.

Deloitte's response to Interrogatory No. 1, contrary to Deloitte's belief (D.I. 81 at 1 ("Deloitte's responses already provide the necessary specificity…")), is substantively deficient. Like in *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583–84 (7th Cir. 2002) (finding identification inadequate), Deloitte's current trade secret identification is a pages-long "description of the methods and processes underlying and the inter-relationships among various features making up [plaintiff's] software package" that "does not separate the trade secrets from the other information that goes into any software package." Deloitte only identifies abstract categories of information, rather than the "objective parameters" of what "actually . . . comprises" the trade secrets. *Dow Chem. Canada Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 347-348 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014). Deloitte fails to identify the actual concrete substance of its trade secrets. Deloitte can do so by supplementing in prose, by providing specific citations to the specific portions of documents or source code that show each of its asserted trade secrets (not by citing 66,000 pages and its entire source code production), or both. D.I. 80 at 2.

On the applicable standard, Deloitte wrongly criticizes the posture of Sagitec's cases. D.I. 81 at 2. There is no difference between the identification standard applied at summary judgment and the standard applicable here—midway through discovery and based on Deloitte's knowledge alone. Conversely, Deloitte's citations (and discussion of this Court's Order) address the now-inapplicable pre-discovery stage of a case. *See Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021); *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364 (3d Cir. 2021). Only *Dow Chem. Canada, Inc. v. HRD Corp.*, No. C.A. 05-23 JJF, 2008 WL 1847168, at *1 (D. Del. Apr. 22, 2008) has a similar posture, but it is also distinguishable, since it primarily addresses a motion to compel seeking supplemental assertions of misappropriation, not the subject of Sagitec's motion here.

Ultimately, Deloitte misstates the supplementation Sagitec seeks and obfuscates Sagitec's discovery requests. Sagitec Interrogatory No. 1 requests an identification of the trade secrets asserted, not Deloitte's contention regarding alleged misappropriation, which is Interrogatory No. 2. Sagitec seeks answers on questions Deloitte should have always known, such as its efforts to maintain trade secret secrecy; external sources relied on in development; disclosure to third parties; and Deloitte's copyright registrations—not related to the alleged misappropriation. Deloitte's reliance on Rule 26(e) is inapposite—Sagitec is not asking for what Deloitte may learn during the litigation here. Restricting further amendment of Deloitte's answer to Interrogatory No. 1 to that for good cause is appropriate under Rule 37 and the Court's inherent power.

Sagitec is and will be unfairly prejudiced if there is any further delay in supplementation. Two months of fact discovery, as Deloitte suggests (D.I. 81 at 2-3), for Sagitec to build the fact discovery record for its entire case defense is insufficient in light of needing to review Deloitte's documents (largely unproduced), preparing and executing on its deposition strategy, and conducting targeted follow-up discovery and depositions. Deloitte should supplement now.

| | |
|---|---|
| OF COUNSEL:<br><br>Christopher K. Larus<br>David A. Prange<br>Rajin S. Olson<br>Brandon A. Carmack<br>Demitri M. Dawson<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500<br>clarus@robinskaplan.com<br>dprange@robinskaplan.com<br>rolson@robinskaplan.com<br>bcarmack@robinskaplan.com<br>ddawson@robinskaplan.com<br><br>Rebecca Bact<br>ROBINS KAPLAN LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 859-2740<br>rbact@robinskaplan.com<br><br>Dated: January 5, 2024 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br><br><br><br><br><br><br><br><br><br><br>*Attorneys for Defendant*<br>*Sagitec Solutions, LLC* |

31136875.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

　　　　　　　　　　　　　　　　　　　　/s/ Robert M. Vrana
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*