# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| Deloitte Consulting LLP and Deloitte Development LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-325-WCB |
| Sagitec Solutions, LLC | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: David G. Minkkinen
9209 Preston Pl, Eden Prairie, MN 55347

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Set forth on Schedule A, attached.

| Place: David A. Prange, Esq., Robins Kaplan, LLP<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, MN 55402 | Date and Time:<br>02/29/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/8/2024

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sagitec Solutions, LLC , who issues or requests this subpoena, are:

David A. Prange, Esq., Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, 612.349.8500, dprange@robinskaplan.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-325-WCB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:23-cv-00325-WCB   Document 92-1   Filed 02/08/24   Page 4 of 10 PageID #: 2272

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

## **INSTRUCTIONS**

1. In order to fully comply with this Subpoena, you should produce all responsive documents that are in your possession, custody, or control, as they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, labels, designations, or information as to the location of the documents.

2. You should resolve any perceived ambiguity in favor of the most complete disclosure, and you should describe what you feel is ambiguous and why, responding in the alternative where possible. To the extent that it results in a more complete disclosure, the singular shall be construed to include the plural and vice versa, and the present tense shall be construed to include the past tense, and vice versa.

3. Production is requested of documents in full, without abbreviation or expurgation. A copy of both side of the requested documents shall be produced, unless the reverse side of the documents is completely blank. Any computerized data shall be produced both on disk in its native format and in its printed form. If copies of the documents are produced, the copies must be identical to the original. For example, if a document contains multiple stapled, clipped, or otherwise collated pages, then the copy shall contain each attached page and be similarly collated. All documents shall be duplicated and attached to the copy in the exact manner and location as such items are appended to the original document.

4. Your response shall not be deemed complete until documents and things are produced or a date certain is provided as to when the requested documents and things will be produced.

5. If no documents are responsive to a particular request, You are to state that no responsive documents exist.

6. In the event You object to any request herein or any part thereof, You shall state with specificity the grounds of objection and respond to the fullest extent that such production is not subject to objection.

7. In the event You object to the production of any document or thing on the ground that it is protected from discovery under the attorney-client privilege or work product immunity or is otherwise not discoverable, You shall identify each such document or thing on a separate schedule to be produced to Sagitec, such identification to include at least the following::

  a. The basis on which the privilege is claimed;

  b. The title of the document;

  c. The nature of the document (e.g., interoffice memorandum, report, office procedure, etc.);

  d. The date of the document;

  e. The number of pages in such document;

  f. The names and positions of the author of the document and all other person participating in the preparation of the document;

  g. The name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

  h. A description of any accompanying material transmitted with or attached to such document;

  i. The particular request(s) to which such document is responsive;

  j. Whether any business or non-legal matter is contained or discussed in such document; and

   k.  A summary statement of the subject matter of the document or of the communication in sufficient detail to permit the Court to rule on the propriety of the objection.

 8. In the event that any requested document has been lost or destroyed, that document shall be identified by indicating the date, the subject matter, number of pages, originator, and all persons to whom it was distributed. The date of loss or destruction, manner of loss or destruction, reasons for destruction, person(s) authorizing destruction, person(s) losing or destroying the document, and custodian(s) of the document at the time of the loss or destruction shall be identified.

## **DEFINITIONS**

 1. "You" or "Your" mean David Gerald Minkkinen.

 2. "Deloitte," or "Plaintiffs," means Deloitte Consulting LLP, Deloitte Development LLC, or any affiliated entities, including without limitation any parent, predecessors (including BearingPoint, Inc.), successor, wholly or partially owned subsidiaries, and other persons from whom Deloitte has the alleged legal right to obtain the information sought by this discovery.

 3. "Supporting" means tending to prove, establish, or corroborate.

 4. The terms "and" and "or" will be understood as either conjunctive or disjunctive, whichever is more inclusive on context.

 5. The terms "any," "each," and "all" will be understood to include "each and every."

 6. The term "including" will be construed to mean "without any limitation."

 7. The terms "regarding," "relating to," and "related to" are to be given their broadest possible meaning, including but not limited to referring to, describing, evidencing,

concerning, constituting, mentioning, containing, supporting, discussing, analyzing, pertaining to, being connected with, resulting from, reflecting upon, in whole or in part, directly or indirectly, the stated subject matter.

8. The singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa.

9. The past tense shall include the present tense and the present tense shall include the past tense as to make the request inclusive rather than exclusive.

10. "Document" and "documents" have the broadest meaning ascribed to them by Rule 34(a) of the Federal Rules of Civil Procedure and encompass any writing of any kind, including originals and non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "document" and "document(s)" include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk, or other data storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, including without limitation: copyrights, copyright applications, patents, patent applications, articles, publications, presentations, posters, slides, electronic presentations, notes, letters, correspondence, Communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, source code or other computer code, illustrations, product descriptions, labels, product inserts, product analyses, requests for proposals, documents related to proposals or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications,

product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind.

11. "Communication(s)" means the transmittal of information by any means, and includes any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

## DOCUMENTS TO BE PRODUCED

1. All data storage devices in Your possession, custody, or control containing any and all Documents, Communications, or other artifacts that were originally created during Your employment at Deloitte, or that were ever stored on Deloitte servers or computer equipment.

2. All data storage devices in Your possession, custody, or control that were provided to you by Deloitte at or about the time that your employment with Deloitte terminated in 2013.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 8, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800<br><br>Gregg F. LoCascio<br>Patrick Arnett<br>Nicholas Teleky<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave NW<br>Washington, DC 20004<br>(202) 389-5000<br><br>John F. Hartmann<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000<br><br>*Deloitte-Sagitec@kirkland.com* | John W. Shaw<br>Andrew E. Russell<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>*jshaw@shawkeller.com*<br>*arussell@shawkeller.com*<br><br>*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC* |

                                                        /s/ Robert M. Vrana
                                       YOUNG CONAWAY STARGATT
                                       & TAYLOR, LLP
                                         Anne Shea Gaza (No. 4093)
                                         Robert M. Vrana (No. 5666)
                                         Rodney Square
                                         1000 North King Street
                                         Wilmington, DE 19801
                                         (302) 571-6600
                                         agaza@ycst.com
                                         rvrana@ycst.com

                                         *Attorneys for Sagitec Solutions, LLC*