## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DELOITTE COUNSULTING LLP and | ) | |
| DELOITTE DEVELOPMENT LLC, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | C.A. No. 23-325-WCB |
| v. | ) | |
|  | ) | |
| SAGITEC SOLUTIONS, LLC, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## DEFENDANT SAGITEC SOLUTIONS, LLC'S
## NOTICE OF SUBPOENAS AND OF DEPOSITIONS

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC, by and through its attorneys, will cause subpoenas to testify at a deposition to be served on (1) The Massachusetts Department of Workplace Development, Division of Unemployment Assistance and (2) The New Mexico Department of Workforce Solution. A true and correct copy of each subpoena is attached as Exhibit 1 and Exhibit 2.

PLEASE TAKE FURTHER NOTICE that the deposition of The Massachusetts Department of Workplace Development, Division of Unemployment Assistance will take place on May 1, 2024 at 10:00 a.m. ET or another time mutually agreed upon by the parties and the deponent. The deposition will be conducted at the law offices of Robins Kaplan LLP, 800 Boylston Street, Suite 2500, Boston, MA, 02199, or at another mutually agreeable location.

PLEASE TAKE FURTHER NOTICE that the deposition of The New Mexico Department of Workforce Solution will take place on May 2, 2024 at 10:00 a.m. ET or another time mutually

agreed upon by the parties and the deponent. The deposition will be conducted at the Hotel Andaluz Albuquerque, 125 2nd St. NW, Albuquerque, NM 87102, or at another mutually agreeable location.

The depositions will take place before a court reporter or other person authorized to administer oaths and will be conducted in accordance with the Federal Rules of Civil Procedure. The testimony at the depositions will be recorded by videographic, audio, audiovisual, video conferencing, stenographic, and/or real-time computer means from a remote location separate from the deponent. The deposition shall continue day to day until completed. The deposition will be taken for the purposes of discovery, for use at trial or any other hearing in this matter, and for any other purposes permitted under the Federal Rules of Civil Procedure.

<table>
<tr><td>OF COUNSEL:<br>Chris K. Larus<br>David A. Prange<br>Rajin S. Olson<br>Brandon A. Carmack<br>Demitri M. Dawson<br>ROBINS KAPLAN, LLP<br>800 LaSalle Avenue<br>Suite 2800<br>Minneapolis, MN 55402<br>(612) 349-8500<br><br>Rebecca Bact<br>ROBINS KAPLAN LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 859-2740</td><td>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com</td></tr>
</table>

Dated: April 17, 2023                    *Attorneys for Defendant Sagitec Solutions, LLC*

# EXHIBIT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Delaware ▾

|  |  |  |  |
|---|---|---|---|
| Deloitte Consulting LLP and Deloitte Development LLC | ) | | |
| *Plaintiff* | ) | | |
| v. | ) | Civil Action No. | 23-cv-325-WCB |
| Sagitec Solutions, LLC | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Massachusetts DUA Records Access Officer
100 Cambridge Street, 4th Floor, Boston, MA 02114

*(Name of person to whom this subpoena is directed)*

   ☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

see schedule A

| Place:  Robins Kaplan LLP<br>800 Boylston Street, Suite 2500, Boston, MA  02199 | Date and Time:<br>May 1, 2024 at 10:00 a.m. ET |
|---|---|

   The deposition will be recorded by this method:  stenographic and/or videographic means

   ❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/17/2024

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | */s/ David A. Prange* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sagitec Solutions LLC
_____ , who issues or requests this subpoena, are:

David A. Prange, 800 LaSalle Avenue, Suite 310, Minneapolis, MN  55402, dprange@robinskaplan.com, 612-349-8500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    23-cv-325-WCB

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.       PLEASE TAKE NOTICE that pursuant to Rules 26, 30(b)(6), and 45(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC ("Sagitec") will take the deposition of a person or persons designated by the Massachusetts Department of Workplace Development, Division of Unemployment Assistance ("Massachusetts DUA") regarding the topics set forth below.

2.       The deposition will occur on May 1, 2024, at the location on the subpoena or remotely via video, at a mutually convenient time agreed to by the parties. The deposition will continue from day-to-day until complete and will be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure. The deposition may be recorded by stenographic and/or videographic means.

3.       Massachusetts DUA is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf regarding the topics set forth below about information known or reasonably available to the organization. The failure to designate a person who is prepared to testify on the topics below may be treated as a failure to comply with a deposition notice, and Sagitec reserves all rights to seek redress, including sanctions, for any such failure.

## DEFINITIONS

4.       "Deloitte," or "Plaintiffs," means Deloitte Consulting LLP, Deloitte Development LLC, or any affiliated entities, including without limitation any parent, predecessors (including BearingPoint, Inc.), successor, wholly or partially owned subsidiaries, and other persons from whom Deloitte has the alleged legal right to obtain the information sought by this discovery.

5.      "Sagitec" means Sagitec Solutions, LLC and its affiliates, representatives, and agents.

6.      "Massachusetts DUA" means the Massachusetts Department of Workplace Development ("DWD"), Division of Unemployment Assistance ("DUA").

7.      "Massachusetts QUEST Project" means the project stemming from any contract or statement of work between the Massachusetts DWD, DUA, and KMPG Consulting, BearingPoint, Inc., or Deloitte related to the DUA Quality Unemployment System Transformation ("QUEST") project. The Massachusetts QUEST Project began in 2007.

8.      "UI" refers to the phrase "unemployment insurance."

9.      "Software" means all software and code of any kind including executable code and source code as well as the contents of any directories or documents stored with source code in the ordinary course of business, development files, header files, build files, build environment, macros, run-time libraries, management software, kernels, device drivers, interface, and any and all other types of software, whether stored in ROM or RAM, data files, or configuration files, and all other runtime files that affect the creation or execution of software present on a product when shipped. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

10.     "Software Design Document(s)" means documents used or generated to developing software, including software specifications and requirements at any level of detail, functional specifications, class specifications and guides, coding style guides, design documents, design and/or change documents for adding in features to existing code base or feature, implementation documents/guides, story boards, application guides, programmer reference

guides, reference manuals, software architecture guides, verification and test plans, hierarchical summaries, simulation models for software or features, design review documents, code review documents, Agile development documents, as well as all notes created during software design.

11.    "Supporting" means tending to prove, establish, or corroborate.

12.    "Third Party" means and includes any person or entity, whether public or private and including State-related entities, other than Deloitte and Sagitec.

13.    The terms "and" and "or" will be understood as either conjunctive or disjunctive, whichever is more inclusive on context.

14.    The terms "any," "each," and "all" will be understood to include "each and every."

15.    The term "including" will be construed to mean "without any limitation."

16.    The terms "regarding," "relating to," and "related to" are to be given their broadest possible meaning, including but not limited to referring to, describing, evidencing, concerning, constituting, mentioning, containing, supporting, discussing, analyzing, pertaining to, being connected with, resulting from, reflecting upon, in whole or in part, directly or indirectly, the stated subject matter.

17.    The singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa.

18.    The past tense shall include the present tense and the present tense shall include the past tense as to make the request inclusive rather than exclusive.

19.    "Identify" and "describe" in connection with a written document mean to furnish the name and date of the document, the date the document was created, modified, and/or sent, the number of pages in the document, the identity of the person who created, modified, and/or sent

the document, the identity of all persons to whom the document was sent, and a brief description of the subject matter of the document. If the document has been produced in this litigation, to identify or describe such a document includes provision of the Bates number of the document.

20.    "Identify" and "describe" in connection with a person mean to state the person's full name, his or her home or business address, his or her present employer, and his or her employer and position at the time of the pertinent event. Once a person has been identified in accordance with this paragraph, that person may be identified only by name in subsequent discovery requests seeking an identification of that person.

21.    "Identify" and "describe" in connection with a company or business entity, including a corporation, association, partnership, or joint venture, mean to state the entity's full name, the address of the principal place of business of that entity, the entity's state of incorporation, the location of any divisions, branches, or offices that were connected with or handled the subject matter referenced in the interrogatory, and the identity of the person acting or purporting to act on behalf of the business entity in connection with the subject matter of the interrogatory.

22.    "Identify" and "describe" in connection with an act, event, or course of conduct mean to provide the date and a complete description of the act, event, or course of conduct, and identify the person(s) who took part in the act, event, or course of conduct.

23.    "Document" and "documents" have the broadest meaning ascribed to them by Rule 34(a) of the Federal Rules of Civil Procedure and encompass any writing of any kind, including originals and non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "document" and "document(s)" include, without limitation, the following items, whether printed or reproduced by any process, or written

or produced by hand or stored in computer memory, magnetic or hard disk, or other data storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, including without limitation: copyrights, copyright applications, patents, patent applications, articles, publications, presentations, posters, slides, electronic presentations, notes, letters, correspondence, Communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, source code or other computer code, illustrations, product descriptions, labels, product inserts, product analyses, requests for proposals, documents related to proposals or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind.

24.    "Communication(s)" means the transmittal of information by any means, and includes any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or

more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

## TOPICS

1.  All contracts and agreements pertaining to any project between Massachusetts DUA and Deloitte related to the Massachusetts QUEST Project, including all exhibits, amendments, incorporated documents and terms, and other attachments thereto, including without limitation the rights and obligations of Massachusetts DUA and Deloitte relating to use, protection, and ownership of any intellectual property associated with the Massachusetts QUEST Project, and compensation paid to Deloitte.

2.  Contract negotiations between Massachusetts DUA and Deloitte related to the Massachusetts QUEST Project.

3.  Ownership of, and any claim(s) of ownership made regarding any UI Software, material, and information developed during the course of the QUEST Project, other deliverable(s), or other intellectual property related to the Massachusetts QUEST Project.

4.  The identification of all funding sources, and the amount funds related to each funding source, for the Massachusetts QUEST Project, including all state and federal funds and grants.

5.  All conditions and requirements for the Massachusetts QUEST Project resulting from or pursuant to the funding received.

6.  The creation and development of the Software Design Documents, UI Software, and any software, material, and information developed for the Massachusetts QUEST Project, including to what extent the above were derived from prior Deloitte projects.

7.   Any and all collaboration between those working on the Massachusetts QUEST Project and Deloitte project teams related to New Mexico and/or Florida entities.

8.   Any and all licenses to the UI Software or any other intellectual property resulting from or arising from the Massachusetts QUEST Project, and any and all communications with licensees.

9.   All disclosures of any product or byproduct of the Massachusetts QUEST Project, including source code, to any Third Party, including but not limited to another state or any unemployment insurance vendor.

10. Any confidentiality requirements or restriction on use of or access to the UI Software or any other intellectual property resulting from the Massachusetts QUEST Project, reasonable measures to keep that UI software or other intellectual property secret, or precautionary measures to preserve the secrecy of such materials. .

11. Any claim by Deloitte that any material related to or resulting from the Massachusetts QUEST Project was a trade secret belonging to Deloitte.

12. All document retention policies covering documents, products, and byproducts of the Massachusetts QUEST Project.

13. Any destruction or deletion of documents, products, and byproducts of the Massachusetts QUEST Project, including internal communications or communications with Deloitte regarding the same, whether resulting from the application of document retention policies or otherwise.

14. The time(s) of access, and identity of person(s) having access, to Software Design Documents, UI Software, and any other repository related to or byproducts of software development for the Massachusetts QUEST Project—including but not limited to server logs.

15. The documents produced to Sagitec pursuant to subpoena in the matter *Deloitte Consulting LLP v. Sagitec Solutions*, LLC, No. 23-cv-325-WCB (D. Del.).

16. The documents produced to Mr. David Prange pursuant to a public records request dated January 9, 2024.

# EXHIBIT 2

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Delaware  ▾

| | |
|---|---|
| Deloitte Consulting LLP and Deloitte Development LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    23-cv-325-WCB |
| Sagitec Solutions, LLC | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    New Mexico Department of Workforce Solutions
       401 Broadway NE, Albuquerque, NM 87103

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

see schedule A

| Place:  Hotel Andaluz Albuquerque | Date and Time: |
|---|---|
| 125 2nd St. NW, Albuquerque, New Mexico 87102 | May 2, 2024 at 10:00 a.m. MT |

The deposition will be recorded by this method:    stenographic and/or videographic means.

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/17/2024

| CLERK OF COURT | |
| | OR    /s/ David A. Prange |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sagitec Solutions
LLC                                                              , who issues or requests this subpoena, are:

David A. Prange, 800 LaSalle Avenue, Suite 310, Minneapolis, MN  55402, dprange@robinskaplan.com, 612-349-8500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    23-cv-325-WCB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

PLEASE TAKE NOTICE that pursuant to Rules 26, 30(b)(6), and 45(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC ("Sagitec") will take the deposition of a person or persons designated by the New Mexico Department of Workforce Solutions ("New Mexico DWS") regarding the topics set forth below.

The deposition will occur on May 2, 2024, at the location on the subpoena or remotely via video, at a mutually convenient time agreed to by the parties. The deposition will continue from day-to-day until complete and will be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure. The deposition may be recorded by stenographic and/or videographic means.

New Mexico DWS is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf regarding the topics set forth below about information known or reasonably available to the organization. The failure to designate a person who is prepared to testify on the topics below may be treated as a failure to comply with a deposition notice, and Sagitec reserves all rights to seek redress, including sanctions, for any such failure.

## DEFINITIONS

1.      "Deloitte," or "Plaintiffs," means Deloitte Consulting LLP, Deloitte Development LLC, or any affiliated entities, including without limitation any parent, predecessors (including BearingPoint, Inc.), successor, wholly or partially owned subsidiaries, and other persons from whom Deloitte has the alleged legal right to obtain the information sought by this discovery.

2.      "Sagitec" means Sagitec Solutions, LLC and its affiliates, representatives, and agents.

3.      "New Mexico DWS" means the New Mexico Department of Workforce Solutions ("DWS").

4.      "New Mexico UI Tax Modernization Project" means the project stemming from any contract or statement of work between the New Mexico DWS and KMPG Consulting, BearPoint, Inc., or Deloitte related to the New Mexico Unemployment Insurance ("UI") Modernization Project. The New Mexico UI Tax Modernization Project began in 2010.

5.      "UI" refers to the phrase "unemployment insurance."

6.      "Software" means all software and code of any kind including executable code and source code as well as the contents of any directories or documents stored with source code in the ordinary course of business, development files, header files, build files, build environment, macros, run-time libraries, management software, kernels, device drivers, interface, and any and all other types of software, whether stored in ROM or RAM, data files, or configuration files, and all other runtime files that affect the creation or execution of software present on a product when shipped. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

7.      "Software Design Document(s)" means documents used or generated to developing software, including software specifications and requirements at any level of detail, functional specifications, class specifications and guides, coding style guides, design documents, design and/or change documents for adding in features to existing code base or feature, implementation documents/guides, story boards, application guides, programmer reference guides, reference manuals, software architecture guides, verification and test plans, hierarchical

summaries, simulation models for software or features, design review documents, code review documents, Agile development documents, as well as all notes created during software design.

8.     "Supporting" means tending to prove, establish, or corroborate.

9.     "Third Party" means and includes any person or entity, whether public or private and including State-related entities, other than Deloitte and Sagitec.

10.     The terms "and" and "or" will be understood as either conjunctive or disjunctive, whichever is more inclusive on context.

11.     The terms "any," "each," and "all" will be understood to include "each and every."

12.     The term "including" will be construed to mean "without any limitation."

13.     The terms "regarding," "relating to," and "related to" are to be given their broadest possible meaning, including but not limited to referring to, describing, evidencing, concerning, constituting, mentioning, containing, supporting, discussing, analyzing, pertaining to, being connected with, resulting from, reflecting upon, in whole or in part, directly or indirectly, the stated subject matter.

14.     The singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa.

15.     The past tense shall include the present tense and the present tense shall include the past tense as to make the request inclusive rather than exclusive.

16.     "Identify" and "describe" in connection with a written document mean to furnish the name and date of the document, the date the document was created, modified, and/or sent, the number of pages in the document, the identity of the person who created, modified, and/or sent the document, the identity of all persons to whom the document was sent, and a brief description

of the subject matter of the document. If the document has been produced in this litigation, to identify or describe such a document includes provision of the Bates number of the document.

17.    "Identify" and "describe" in connection with a person mean to state the person's full name, his or her home or business address, his or her present employer, and his or her employer and position at the time of the pertinent event. Once a person has been identified in accordance with this paragraph, that person may be identified only by name in subsequent discovery requests seeking an identification of that person.

18.    "Identify" and "describe" in connection with a company or business entity, including a corporation, association, partnership, or joint venture, mean to state the entity's full name, the address of the principal place of business of that entity, the entity's state of incorporation, the location of any divisions, branches, or offices that were connected with or handled the subject matter referenced in the interrogatory, and the identity of the person acting or purporting to act on behalf of the business entity in connection with the subject matter of the interrogatory.

19.    "Identify" and "describe" in connection with an act, event, or course of conduct mean to provide the date and a complete description of the act, event, or course of conduct, and identify the person(s) who took part in the act, event, or course of conduct.

20.    "Document" and "documents" have the broadest meaning ascribed to them by Rule 34(a) of the Federal Rules of Civil Procedure and encompass any writing of any kind, including originals and non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "document" and "document(s)" include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk, or other data storage

medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, including without limitation: copyrights, copyright applications, patents, patent applications, articles, publications, presentations, posters, slides, electronic presentations, notes, letters, correspondence, Communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, source code or other computer code, illustrations, product descriptions, labels, product inserts, product analyses, requests for proposals, documents related to proposals or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind.

21.    "Communication(s)" means the transmittal of information by any means, and includes any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and

another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

## **TOPICS**

1.   All contracts and agreements pertaining to any project between New Mexico DWS and Deloitte related to the New Mexico UI Tax Modernization Project, including all exhibits, amendments, incorporated documents and terms, and other attachments thereto, including without limitation the rights and obligations of New Mexico DWS and Deloitte relating to use, protection, and ownership of any intellectual property associated with the New Mexico UI Tax Modernization Project, and compensation paid to Deloitte.

2.   Contract negotiations between New Mexico DWS and Deloitte related to the New Mexico UI Tax Modernization Project.

3.   Ownership of, and any claim(s) of ownership made regarding, any UI Software, other deliverable, or other intellectual property related to the New Mexico UI Tax Modernization Project.

4.   All funding sources, and the amount funds related to each funding source, for the New Mexico UI Tax Modernization Project, including all state and federal funds and grants.

5.   All conditions and requirements for the New Mexico UI Tax Modernization Project resulting from or pursuant to the funding received.

6.   The creation and development of the Software Design Documents, UI Software, and any other byproducts of software development for the New Mexico UI Tax Modernization Project, including to what extent the above were derived from prior Deloitte projects.

7.  Any and all collaboration between those working on the New Mexico UI Tax Modernization Project and Deloitte project teams related to Florida and/or Massachusetts entities.

8.  Any and all licenses to the UI Software or any other intellectual property resulting from or arising from the New Mexico UI Tax Modernization Project, and any and all communications with licensees.

9.  All disclosures of any product or byproduct of the New Mexico UI Tax Modernization Project, including source code, to any Third Party, including but not limited to another state or any unemployment insurance vendor.

10. Any confidentiality requirements or restriction on use of the UI Software or any other intellectual property resulting from the New Mexico UI Tax Modernization Project , reasonable measures to keep that UI software or other intellectual property secret, or precautionary measures to preserve the secrecy of such materials. .

11. Any claim by Deloitte that any material related to or resulting from the New Mexico UI Tax Modernization Project was a trade secret belonging to Deloitte.

12. All document retention policies covering documents, products, and byproducts of the New Mexico UI Tax Modernization Project.

13. Any destruction or deletion of documents, products, and byproducts of the New Mexico UI Tax Modernization Project, including internal communications or communications with Deloitte regarding the same, whether resulting from the application of document retention policies or otherwise.

14. The documents produced to Sagitec pursuant to subpoena in the matter *Deloitte Consulting LLP v. Sagitec Solutions*, LLC, No. 23-cv-325-WCB (D. Del.).

15. The documents produced to Mr. David Prange pursuant to a public records request dated January 9, 2024.