# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and <br> DELOITTE DEVELOPMENT LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAGITEC SOLUTIONS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 23-325-WCB <br> ) <br> ) **REDACTED VERSION** <br> ) **Filed: January 9, 2025** <br> ) <br> ) |

### DEFENDANT SAGITEC SOLUTIONS, LLC'S NOTICE OF
### SERVICE OF SUBPOENA AND NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC, by and through its attorneys, will cause a subpoena to testify at a deposition to be served upon Fish & Richardson P.C. A true and correct copy of the subpoena is attached.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 26, 30(b)(6), and 45(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC ("Sagitec") will take the deposition of a person or persons designated by Fish & Richardson P.C. regarding the topics set forth in the attached subpoena. The deposition will occur on January 31, 2025, at the location on the subpoena, at a mutually convenient time agreed to by the parties. The deposition will continue from day-to-day until complete and will be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure. The deposition may be recorded by stenographic and/or videographic means. The deposition will be taken for the purposes of discovery, for use at trial or any other hearing in this matter, and for any other purposes permitted under the Federal Rules of Civil Procedure.

| | |
|---|---|
| OF COUNSEL:<br>Chris K. Larus<br>David A. Prange<br>Rajin S. Olson<br>Brandon A. Carmack<br>Demitri M. Dawson<br>ROBINS KAPLAN, LLP<br>800 LaSalle Avenue<br>Suite 2800<br>Minneapolis, MN  55402<br>(612) 349-8500<br><br>Rebecca Bact<br>ROBINS KAPLAN LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 859-2740<br><br>Dated: January 8, 2025 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Defendant Sagitec Solutions, LLC* |

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Deloitte Consulting LLP and Deloitte Development LLC <br> *Plaintiff* <br> v. <br> Sagitec Solutions, LLC <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 23-cv-325-WCB <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Fish & Richardson P.C., One Marina Park Drive, Suite 1700, Boston MA 02210

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: Robins Kaplan LLP, 800 Boylston Street, Suite 2500, Boston, MA 02199 | Date and Time: 01/31/2025 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and/or videographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/08/2025

| CLERK OF COURT | OR | /s/ Rajin S. Olson |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sagitec Solutions, LLC , who issues or requests this subpoena, are:

Rajin S. Olson, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, ROlson@robinskaplan.com, 612.349.8500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-cv-325-WCB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## INSTRUCTIONS

1. PLEASE TAKE NOTICE that pursuant to Rules 26, 30(b)(6), and 45(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant Sagitec Solutions, LLC ("Sagitec") will take the deposition of a person or persons designated by Fish & Richardson P.C. regarding the topics set forth below.

2. The deposition will occur on January 31, 2025, at the location on the subpoena, at a mutually convenient time agreed to by the parties. The deposition will continue from day-to-day until complete and will be taken before an officer qualified to administer oaths under the Federal Rules of Civil Procedure. The deposition may be recorded by stenographic and/or videographic means.

3. Fish & Richardson P.C. is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf regarding the topics set forth below about information known or reasonably available to the organization. The failure to designate a person who is prepared to testify on the topics below may be treated as a failure to comply with a deposition notice, and Sagitec reserves all rights to seek redress, including sanctions, for any such failure.

## DEFINITIONS

1. "Deloitte," or "Plaintiffs," means Deloitte Consulting LLP, Deloitte Development LLC, or any affiliated entities, including without limitation any parent, predecessors (including BearingPoint, Inc.), successor, wholly or partially owned subsidiaries, and other persons from whom Deloitte has the alleged legal right to obtain the information sought by this discovery.

2. "Sagitec" means Sagitec Solutions, LLC and its affiliates, representatives, and agents.

3. "Fish & Richardson" or "You" means Fish & Richardson P.C., any subsidiary or division thereof, and any affiliates, representatives or agents thereof.

4. "The Government Investigations" means the investigations relating to Sagitec or any of its employees, including without limitation David Minkkinen and Sivaraman Sambasivam, by or between one or more of the West Virginia Commission on Special Investigations; the United States Attorney's Office for the Northern Judicial District of West Virginia; the United States Department of Labor, Office of the Inspector General; and the United States Department of Justice; including as reflected in the indictment and prosecution in *United States of America v. David Gerald Minkkinen and Sivaraman Sambasivam*, Cr. No. 2:22-cr-00163 (venued S.D.W.V).

5. "Deloitte's Copyright Applications" means the applications Fish & Richardson submitted to the Copyright Office bearing Service Request Nos. 1-6710836551, attached hereto as Exhibit 1; 1-6710903761, attached hereto at Exhibit 2; and 1-6710837075, attached hereto as Exhibit 3; and any related supplemental or amended applications.

6. "Deposits" means the deposit copies of any works or other materials provided to the United States Copyright Office in connection with any of Deloitte's Copyright Applications or Deloitte's Registrations, including complete copies of any such works or other materials for which only a partial or redacted sample was provided in connection with Deloitte's Copyright Applications.

7. "Deloitte's Registrations" means United States Federal Certificate of Registration Nos. TX 8-559-594, as reflected in Exhibit 1; TX 8-559-593, as reflected in Exhibit 2; and TX 8-

2

559-595, as reflected in Exhibit 3; and any supplemental or amended registrations to those copyright registrations.

8. The "Fish & Richardson Letters" mean the September 12, 2018 and October 15, 2018 letters from Kristen McCallion (counsel for Deloitte) to Timothy Keller (counsel for Sagitec), attached hereto as Exhibits 4 and 5.

9. "Preexisting Material" means "prior published code" and "licensed code" noted in Deloitte's Registrations as "[m]aterial excluded from this claim."

10. "Supporting" means tending to prove, establish, or corroborate.

11. The terms "and" and "or" will be understood as either conjunctive or disjunctive, whichever is more inclusive on context.

12. The terms "any," "each," and "all" will be understood to include "each and every."

13. The term "including" will be construed to mean "without any limitation."

14. The terms "regarding," "relating to," and "related to" are to be given their broadest possible meaning, including but not limited to referring to, describing, evidencing, concerning, constituting, mentioning, containing, supporting, discussing, analyzing, pertaining to, being connected with, resulting from, reflecting upon, in whole or in part, directly or indirectly, the stated subject matter.

15. The singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa.

16. The past tense shall include the present tense and the present tense shall include the past tense as to make the request inclusive rather than exclusive.

17.     "Document" and "documents" have the broadest meaning ascribed to them by Rule 34(a) of the Federal Rules of Civil Procedure and encompass any writing of any kind, including originals and non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "document" and "document(s)" include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk, or other data storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery, including without limitation: copyrights, copyright applications, patents, patent applications, articles, publications, presentations, posters, slides, electronic presentations, notes, letters, correspondence, Communications, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL, Verilog, source code or other computer code, illustrations, product descriptions, labels, product inserts, product analyses, requests for proposals, documents related to proposals or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind.

5

18. "Communication(s)" means the transmittal of information by any means, and includes any transfer of information, facts, ideas, opinions, inquiries, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

## **TOPICS**

1. All engagement and/or retainer agreements, regardless of form, by which Deloitte engaged You to provide any services in connection with or relating to Sagitec or any of its employees, including without limitation David Minkkinen, or Sivaraman Sambasivam; the Government Investigations; any investigation into the alleged misuse of any intellectual property by Sagitec or any of its employees, David Minkkinen, or Sivaraman Sambasivam; the Fish & Richardson Letters; Deloitte's Copyright Applications; the Deposits; and/or Deloitte's Registrations.

2. The date or dates on which You were retained by Deloitte to provide any services in connection with or relating to Sagitec or any of its employees, including without limitation David Minkkinen, or Sivaraman Sambasivam; the Government Investigations; any investigation into the alleged misuse of any intellectual property by Sagitec or any of its employees, David Minkkinen, or Sivaraman Sambasivam; the Fish & Richardson Letters; Deloitte's Copyright Applications; the Deposits; and/or Deloitte's Registrations.

3. All Documents and Communications that You received from or provided to any representatives of any governmental agencies in connection with or relating to Sagitec or any of its employees, including without limitation David Minkkinen, or Sivaraman Sambasivam; the Government Investigations; any investigation into the alleged misuse of any intellectual property by Sagitec or any of its employees, David Minkkinen, or Sivaraman Sambasivam; the Fish & Richardson Letters; Deloitte's Copyright Applications; the Deposits; and/or Deloitte's Registrations.

4. All Documents received from or provided to Deloitte, including but not limited to Scott Malm, Annica Jin-Hendel, and/or Jaclyn Fink, in connection with or relating to Sagitec or any of its employees, including without limitation David Minkkinen, or Sivaraman Sambasivam;

6

the Government Investigations; any investigation into the alleged misuse of any intellectual property by Sagitec or any of its employees, David Minkkinen, or Sivaraman Sambasivam; the Fish & Richardson Letters; Deloitte's Copyright Applications; the Deposits; and/or Deloitte's Registrations.

5. Any factual investigation You conducted in connection with any of the factual assertions set forth in the Fish & Richardson Letters, including the date(s) of any such investigation, all persons involved in any such investigation, and all documents that refer to, relate to, or reflect any such investigation.

6. The factual bases for the assertions set forth in the Fish & Richardson Letters, including the source(s) of all such factual bases and the dates upon which You learned of all such factual bases.

7. All information, including Documents and Communications, considered, reviewed, referenced, or relied upon in preparing the Fish & Richardson Letters (and the date(s) upon which you first became aware of each such item of information, Document, and/or Communication), including without limitation any information upon which You based the assertions that:

    a. ██████████████████████████████████████
   ██████████████████████████████ (Ex. 4 at 1)

    b. ██████████████████████████████████████
   ██████████████████████████████████ (Ex. 4 at 1)

    c. ██████████████████████████████████████
   ██████████████████████████████████ (Ex. 4 at 1)

d. ████████████████████████████████████
████████████████████ (Ex. 4 at 1-2)

e. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████
██ Ex. 4 at 3)

f. ████████████████████████████████████
████████████████████████████████
████████████████████████ (Ex. 5 at 1)

    i. ██████████████████████████████
████████████████████████████████
████████████████████████████████
████████████ (Ex. 5 at 1)

    ii. ██████████████████████████████
████████████████████████████████
████████████████████████████████

(Ex. 5 at 1)

    iii. ████████████████████████
████████████████████████████████
██████████████████████████
████████████████████████████████
██████████████████████(Ex. 5 at 1)

8

      iv.   ████████████████████████████████████████

████████████████████████████ (Ex. 5 at 1)

8. Deloitte's Registrations with the United States Copyright Office, any Deloitte Copyright Applications therefor, any Deposits associated therewith, and any related communications with the United States Copyright Office.

9. Your possession of each of the works identified in Deloitte's Registrations, including: whether at any time you possessed the entirety of each such work; the date(s) upon which you obtained all or any part of each such work; and the person(s) from whom you obtained all or any part of each such work.

10. The selection of the portion of each work identified in Deloitte's Registrations deposited with the United States Copyright Office, including: the specific portion of each work selected for deposit; the person(s) involved in selected the portion of each work deposited; and all facts considered by You in selecting the portion of each work deposited.

11. Your knowledge of any Preexisting Material or other third-Party material incorporated into any of the works identified in Deloitte's Registrations, including, but not limited to, any material incorporated into any of the works that was not original to Deloitte.

12. Any factual investigation You conducted in connection with any of the factual assertions set forth in Deloitte's Copyright Applications, including the date(s) of any such investigation, all persons involved in any such investigation, and all documents that refer to, relate to, or reflect any such investigation.

13. The factual bases for the assertions set forth in Deloitte's Copyright Applications, including the source(s) of all such factual bases and the dates upon which You learned of all such factual bases.

14. All information, including Documents and Communications, considered, reviewed, referenced, or relied upon in preparing Deloitte's Copyright Applications, including without limitation any information, including Documents or Communications, upon which You based the following assertions:

   a. Each assertion in Deloitte's Copyright Applications that "[t]he program contains trade secrets."

   b. Each assertion in Deloitte's Copyright Applications that the "Author" was "Deloitte Consulting LLP."

   c. Each assertion in Deloitte's Copyright Applications regarding the applicable "Year of Completion."

   d. Each assertion in Deloitte's Copyright Applications regarding the applicable "Date of 1st Publication."

   e. Each assertion in Deloitte's Copyright Applications that the claimed work was "made for hire."

   f. Each assertion in Deloitte's Copyright Applications that the "Copyright Claimant" was "Deloitte Development LLC."

   g. Each assertion in Deloitte's Copyright Applications that the "Transfer statement" was "by written agreement."

   h. Each assertion in Deloitte's Copyright Applications that the "Material excluded from this claim" is "Prior published code and licensed code."

15. All Documents or Communications by which Scott Malm provided the "Certification" referenced in each of Deloitte's Copyright Applications and Deloitte's Registrations.

16. All Documents and Communications, including without limitation any agreements tolling applicable statutes of limitation, relating to any actual or potential claims Deloitte may have against Fish & Richardson relating to or arising from Your representation of Deloitte in connection with or relating to Sagitec or any of its employees, including without limitation David Minkkinen, or Sivaraman Sambasivam; the Government Investigations; any investigation into the alleged misuse of any intellectual property by Sagitec or any of its employees, David Minkkinen, or Sivaraman Sambasivam; the Fish & Richardson Letters; Deloitte's Copyright Applications; the Deposits; and/or Deloitte's Registrations; including, but not limited to, any actual or potential claims relating to or arising from any applicable statutes of limitation.

17. All documents produced in response to this subpoena, including their authenticity and status as Your business records.

18. The steps taken during the process of collecting, reviewing, and/or producing documents pursuant to this subpoena, including the individuals involved in each step and the rationale for each step.

# Exhibits 1-5 Redacted in Their Entirety

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
Dana DeVlieger
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
ckeith@ycst.com

*Attorneys for Sagitec Solutions, LLC*