IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 23-325-WCB |

**ORDER**

The deadline for fact discovery passed on February 28, 2025. Deloitte requested that the close of fact discovery be extended until March 28, 2025, and asked that the other remaining pretrial deadlines be similarly extended. Because there remained multiple unresolved discovery-related matters, I held a status conference on March 7, 2025, to walk through each unresolved matter. At that conference, I ordered the following:

1. Sagitec is permitted to take a second deposition of Anil Gosu, Scott Malm, and Annica Jin-Hendel. Each deposition will be limited to the Rule 30(b)(6) topics about which the witness was unprepared to testify. *See* Dkt. No. 236 at 1. Each deposition will be limited to two hours. Each deposition will be completed by March 21, 2025. If Mr. Gosu and Mr. Malm prefer, their depositions will take place remotely. Ms. Jin-Hendel's deposition will take place in person. Mr. Gosu will be provided a copy of the relevant source code at his deposition. Deloitte is responsible for determining a way to provide him with that source code, whether that be in printed version or

on a second computer, if his deposition occurs remotely. Sagitec will provide a list of topics, preferably in question form, to which it expects Mr. Malm and Ms. Jin-Hendel to be prepared to testify. Sagitec will be permitted to ask reasonable follow-up questions, even if those questions are not expressly on its list.

    2. Deloitte will search for and produce any ESI retention policies that were discussed in Ms. Jin-Hendel's deposition. The parties will review the ESI protocol they have agreed to and discuss the other document requests that arose during Ms. Jin-Hendel's deposition. Deloitte will search for and produce any contracts that were discussed in Mr. Malm's deposition. Deloitte does not need to produce the redacted versions of its written discovery responses that were requested during Mr. Malm's deposition. Any documents found by Deloitte will be produced two days in advance of the deposition of the relevant witness.

    3. Deloitte will raise any deficiencies in the third-party document productions it has received from Computer Forensic Services and Madel PA by March 14, 2025.

    4. Deloitte raised the concern that there could be additional discovery needed based on the ongoing discovery. The deadline for either party to raise any additional requests or deficiencies is March 21, 2025. Any unresolved disputes will be raised with the court by March 25, 2025.

    5. The scheduling order is modified as follows:

| Event | Deadline |
|---|---|
| Fact Discovery Closes | March 28, 2025 |
| Opening Expert Reports | April 25, 2025 |
| Rebuttal Expert Reports | May 30, 2025 |
| Expert Depositions Complete | June 20, 2025 |
| Summary Judgment and Daubert Motions Due | July 3, 2025 |
| Summary Judgment and Daubert Oppositions Due | July 24, 2025 |
| Summary Judgment and Daubert Replies Due | August 7, 2025 |
| Pretrial Conference | TBD |
| 5-Day Trial | TBD |

IT IS SO ORDERED.

SIGNED this 10th day of March, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE