**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAGITEC SOLUTIONS LLC<br><br>　　　　　Defendant. | C.A. No. 23-325-WCB<br><br>**DEMAND FOR JURY TRIAL**<br><br>**REDACTED VERSION**<br>**Filed: March 13, 2025** |

**JOINT LETTER TO THE HONORABLE WILLIAM C. BRYSON**

Dated: March 6, 2025

Dear Judge Bryson:

Pursuant to this Court's Order (D.I. 235), the parties submit this joint letter setting forth all discovery-related tasks that remain to be done.

**First**, the following depositions are scheduled:

- Deloitte's Deposition of Mark Lanterman, scheduled for March 12, 2025;

- Sagitec's Deposition of Fish & Richardson, scheduled for March 13, 2025; and

- Deloitte's Deposition of Christopher Madel, scheduled for March 17, 2025.

**Second**, there will be a limited continued Rule 30(b)(6) deposition of Deloitte and potential limited production of documents referenced in prior Deloitte Rule 30(b)(6) depositions. Deloitte has not yet offered a date for this continued deposition. This deposition will include:

- Sagitec Topic Nos. 60 & 119, as ordered by the Court on February 24, 2025 (D.I. 224); and

- Potential limited continued deposition of Deloitte as specified below based on Sagitec's contentions that Deloitte's 30(b)(6) designees were not adequately prepared for their depositions:

    o Anil Gosu as to Sagitec Topic Nos. 64, 65, 66, 69, and 120 (related to aspects of Deloitte's copyright applications, registrations, and contentions) (*see* Ex. A (Feb. 18, 2025 email from Sagitec counsel to Deloitte counsel));

    o Scott Malm as to Sagitec Topic Nos. 45 & 110 (status of project contract documents), Topic Nos. 44, 46, 48, & 50 (project funding sources); and Topic No. 112 (Deloitte's written discovery responses) (*see* Ex. B (Feb. 28, 2025 email from Sagitec counsel to Deloitte counsel); and

    o Annica Jin-Hendel as to Sagitec Topic Nos. 27 & 79 (valuation of Deloitte's harm); Topics Nos. 61, 126, & 127 (Deloitte's copyright applications), and Topic Nos. 70-71 & 76-78 (Deloitte's communications with government investigators) (*see* Ex. C (Mar. 5, 2025 email from Sagitec counsel to Deloitte counsel)).

The potential additional production of documents sought by Sagitec is limited to the categories expressly raised in Exhibits B and C.

Deloitte has not yet provided its position to Sagitec regarding the deficiencies alleged in Exhibits A, B, or C.

Other than the issues explicitly raised in the attached exhibits and enumerated above, Sagitec has no further discovery-related disputes as to the sufficiency of Deloitte's Rule 30(b)(6) deposition,

1

but Sagitec reserves all rights with respect to any pretrial motions and/or trial objections.

**Third**, as agreed by the parties following the Court's February 24, 2025 Order (D.I. 224), Deloitte will supplement its responses to Sagitec's Interrogatory Nos. 7 & 13 by March 21, 2025. The negotiated scope of that supplementation is set forth in the parties' joint letter submission on March 3, 2025. D.I. 232. Given the Court's prior direction and parties' prior negotiation and agreement as to the scope of supplementation, should Deloitte provide the supplementation it has agreed to, Sagitec will not further challenge Deloitte's responses.

**Fourth**, third parties Computer Forensic Services (CFS) and Madel PA represent they have completed their document productions, but Deloitte informed Sagitec today that it may potentially request additional documents from them.  Deloitte identified documents missing from Madel PA's productions via email on February 28, 2025, resulting in Madel PA producing four documents on March 3, 2025.  Deloitte received productions from CFS on February 3, 2025 totaling over 800 GB, and on February 28, 2025 totaling 11 emails, and asserts it is continuing to review them for any potential deficiencies.  Deloitte has not identified any specific deficiencies in CFS's production, nor any specific remaining deficiencies in Madel's production.

**Fifth**, Deloitte contends the parties may potentially need to supplement discovery responses to address the foregoing discovery or to raise deficiencies made apparent by such discovery. Sagitec contends that, absent further specificity from Deloitte, such supplementation and such further deficiencies are speculative at this point.

Except as expressly set forth above, the parties are not aware of any discovery-related tasks that remain to be completed. The parties appreciate the Court's attention to these matters and look forward to answering the Court's questions on March 7, 2025 at 4 p.m.

Respectfully Submitted,

*/s/ Robert M. Vrana*

Robert M. Vrana (No. 5666)

cc:  All Counsel of Record (by email)
Enclosures (Exhibits A-C)

# EXHIBITS A-C
# Redacted in Their Entirety