IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>SAGITEC SOLUTIONS, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 23-325-WCB<br>)<br>)<br>)<br>)<br>) |

**<u>DELOITTE'S LETTER TO THE HONORABLE WILLIAM C. BRYSON</u>**

|  |  |
|---|---|
| OF COUNSEL:<br>Joshua L. Simmons<br>Stephany S. Kim<br>Dana DeVlieger<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446-4800<br><br>Gregg F. LoCascio<br>Patrick Arnett<br>Nicholas Teleky<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Ave NW<br>Washington, DC 20004<br>(202) 389-5000<br><br>John F. Hartmann<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000 | Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Lindsey M. Gellar (No. 7202)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>lgellar@shawkeller.com<br><br>*Attorneys for Plaintiffs Deloitte Consulting*<br>*LLP and Deloitte Development LLC* |

Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
(305) 432-5676

Dated: June 10, 2025

Dear Judge Bryson,

  Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") write to bring to the Court's attention Sagitec Solutions LLC's ("Sagitec") filing of a new, substantially related lawsuit in Delaware Superior Court, *Sagitec Solutions, LLC v. Deloitte Consulting LLP*, No. 25C-04-057. The Superior Court Complaint was filed on April 7, 2025 and is attached hereto as **Exhibit A** ("Super. Compl.").

  Deloitte spent two decades, millions of dollars, and thousands of person-hours to develop its copyrighted Unemployment Framework for Automated Claim & Tax ("uFACTS") computer program and related trade secret materials that are the subject of this district court litigation. uFACTS has been under development and offered to clients since 2003, and many states have deployed it to modernize their unemployment insurance systems. It has been and continues to be a significant source of revenue for Deloitte. Rather than independently developing its own computer program, Sagitec knowingly copied Deloitte's software and stole its trade secrets to develop a competing product by obtaining the uFACTS software from former Deloitte employees whom Sagitec had hired. Two Sagitec senior partners faced federal criminal charges for their conduct and Sagitec's misconduct forced Deloitte to bring this lawsuit to protect its copyrights and trade secrets in uFACTS. The parties have been litigating these issues for over two years.

  Faced with overwhelming evidence of its copying and misappropriation in federal court, Sagitec now tries to turn the tables and start fresh in Delaware state court. Its Superior Court Complaint consists primarily of frivolous defamation claims based on the incredible and patently false assertion that Deloitte does not own the software and trade secrets it spent decades developing. Super. Compl. ¶¶ 37–39, ¶ 75. Sagitec's putative defamation claims related to Neosurance implicate precisely the same factual and legal issues that the parties have been litigating in this case for years—ownership of valid trade secrets and copyrights and Sagitec's misappropriation and copying thereof. Indeed, Sagitec itself has asserted that argument as a defense to the copyright and trade secrets claims brought by Deloitte. Sagitec's Third Supp. Objs. & Resps. to First Set of Interrogs. at Interrog. No. 3.

  As Deloitte explains below, the putative defamation claims brought in state court are a transparent and untimely attempt to circumvent Rule 13(a) of the Federal Rules of Civil Procedure requiring compulsory counterclaims to be brought in the same litigation as the initiating claims.[1] The deadline to amend the pleadings under the Court's scheduling order was November 30, 2023 – ***more than 18 months ago***. D.I. 51. In that time, much litigation, including substantial discovery, has occurred in the action pending in this Court. Simply put, Sagitec's purported defamation claims are not only meritless, they are also well past due. Accordingly, in order to avoid duplicative, untimely, and procedurally improper litigation in another forum, Deloitte asks this Court to declare such claims time-barred compulsory

---

[1] Although Sagitec brings other claims in its Superior Court Complaint (Counts III–VII) and claims related to its Neospin product, this letter concerns only the defamation claims that overlap with the federal case, specifically, the defamation claims related to the Neosurance product. The other claims ostensibly asserted by Sagitec in Superior Court are meritless for other reasons.

1

counterclaims which, as explained below, can be done on the face of Sagitec's state court pleading. Further, Deloitte respectfully seeks direction from the Court via a status conference or otherwise as to whether it would entertain a motion to enjoin Sagitec's prosecution of these claims in the Superior Court.

1. **The Superior Court Complaint Contains Compulsory Counterclaims that Should have Been Brought Before this Court**

Under Federal Rule of Civil Procedure 13(a), Sagitec's defamation claims related to Neosurance were compulsory counterclaims that should have been (but were not) brought in this litigation. Compulsory counterclaims in the Third Circuit merely need to bear "a 'logical relationship' to the opposing party's claims." *Rohm & Haas Co. v. Brotech Corp.*, 770 F. Supp. 928, 931 (D. Del. 1991) (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)). A "logical relationship" is shown "where separate trials on each of [the parties'] respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." 286 F.2d 631 at 634. With respect to defamation claims, where the alleged defamatory statements are "sufficiently related to a subject matter of the original action, they may be barred as compulsory counterclaims" under Rule 13. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246 (9th Cir. 1987); *see, e.g.*, *Linker v. Custom-Bilt Mach., Inc.*, 594 F.Supp. 894, 899–900 (E.D. Pa. 1984).

Here, the statements that Sagitec claims are defamatory and, more specifically, whether such statements are true, clearly relates to the subject matter of the original action filed by Deloitte, *e.g.* ownership of valid copyrights and trade secrets, and Sagitec's copying and misappropriation thereof in connection with the Neosurance UI software. *See, e.g.*, Super. Compl. ¶¶ 37–38 (asserting Deloitte does not own copyrights and trade secrets related to the QUEST project). Thus, based on the pleadings, the standard for compulsory counterclaims under Rule 13(a) is readily met. *See Geisinger Med. Ctr. v. Gough*, 160 F.R.D. 467, 471 (M.D. Pa. 1994) (finding counterclaim was compulsory based on the pleadings and noting "A compulsory counterclaim must be asserted in the answer or a defendant will be barred from litigating it."). Yet, despite their undeniable nexus to the claims that have been pending before this Court since 2023, Sagitec's defamation claims were not filed as counterclaims within the time for serving a responsive pleading in this case. In fact, Sagitec missed the deadline to amend its pleadings – November 30, 2023 – by *more than 18 months*. Now, by bringing its counterclaims as a subsequent separate action in a different court, rather than timely asserting them as counterclaims before this Court as it was procedurally obliged to do, Sagitec's strategy is obvious. It seeks a free pass on claims it failed to timely assert in this case and in the process creates piecemeal litigation that drains both party and judicial resources and acts counter to the spirit of Rule 13(a). *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961) (the purpose of Rule 13(a) is to prevent "piecemeal litigation"). This Court should not allow Sagitec's gamesmanship and self-help to proceed unchecked.

Moreover, one of the most important rationales underlying the rule that compulsory counterclaims must be brought in the same action as the primary claim, is a desire to avoid

subjecting the parties to inconsistent results in different forums. *See Montana v. United States*, 440 U.S. 147 (1979). Allowing Sagitec to bring these claims in a different litigation could also lead to inconsistent decisions, as the factual issue of Deloitte's ownership of these copyrights and trade secrets will now be before **both** courts. Accordingly, Deloitte requests that the Court make clear that Sagitec's effort to circumvent the Federal Rules is unavailing by issuing an order finding that Sagitec's defamation claims filed in state court are compulsory counterclaims with respect to the action filed by Deloitte against Sagitec, and that Sagitec failed to bring those compulsory counterclaims on a timely basis in this action.

2. **This Court's Authority to Enjoin Sagitec's Prosecution of Compulsory Counterclaims**

Deloitte believes this Court may have authority to go even further, by enjoining the defamation claims Sagitec ostensibly brought in Superior Court but respectfully seeks the Court's guidance on whether it would entertain a motion on that issue. With respect to competing federal court actions, this Court's "authority to enjoin a party within its jurisdiction from prosecuting the same cause of action in another suit in another court is undisputed." *Rohm*, 770 F. Supp. at 931 (*citing Bamdad Mech. Co. v. United Techs. Corp.*, 109 F.R.D. 128, 134 (D. Del. 1985)). A court may invoke its authority to enjoin a party from pursuing a later-filed claim where it is a compulsory counterclaim that should have been brought in the earlier-filed suit. *Id.* (enjoining prosecution of compulsory counterclaim in a later-filed lawsuit by party, its agents, and its attorneys). This ensures that Rule 13(a) is properly effectuated and prevents duplicative and potentially inconsistent or disruptive litigations from occurring in tandem. *See S. Const. Co., Inc. v. Pickard*, 371 U.S. 57, 60, (1962) (Rule 13 was designed to prevent a multiplicity of actions).

This Court's ability to exercise its injunctive power with respect to Sagitec's state court claims is more nuanced. Under the Anti-Injunction Act ("AIA"), a federal court's ability to stay a state court proceeding is precluded, "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Express authorization means Congress "***created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding.***" *Mitchum v. Foster*, 407 U.S. 225, 237 (1972) (emphasis added). For example, injunctive relief has been permitted under the AIA for claims implicating the Employment Retirement Income Security Act ("ERISA") because the federal statute authorizes courts to provide equitable relief thereunder and the federal courts have exclusive jurisdiction. *AT & T Mgmt. Pension Plan v. Tucker*, 902 F. Supp. 1168 (C.D. Cal. 1995).

Deloitte believes that the facts presented here are analogous to those in *AT&T*. Here, Sagitec's state court defamation claims, like Deloitte's claims in this court, implicate Deloitte's copyrights. Copyright is a "federally created exclusive rights" enforceable in a court of equity, and the Copyright Act preempts state law. *Orson, Inc. v. Miramax Film Corp.*, 189 F.3d 377, 386 (3d. Cir. 1999) (finding Copyright Act preempted law that "stands as an obstacle" for the federal rights created thereunder); 17 U.S.C. § 112 (providing for injunctions against violation of any right secured by the copyright laws). Under 28 U.S.C. § 1338, district courts have **exclusive** jurisdiction over all civil actions arising under the federal copyright laws. And the legislative

history of the Copyright Act confirms the exclusive role of federal courts by emphasizing the need to substitute the federal system for the "anachronistic, uncertain, impractical, and highly complicated dual system" noting that "national uniformity" is essential to carrying out the constitutional intent behind the Copyright Act. House Rpt. No. 94–1476. Permitting Sagitec's defamation claims to proceed in state court would frustrate enforcement of this uniquely federal right. Indeed, the gravamen of Sagitec's defamation claims in the Superior Court Complaint directly implicate Deloitte's copyright claims because they purport, among other things, to constrain Deloitte's ability to assert its interest in its duly registered copyrights as, according to Sagitec, such statements would be defamatory. In addition, in order to adjudicate Sagitec's defamation claims and, specifically, the question of whether Deloitte's assertions about uFACTS were true (and hence not defamatory), the Superior Court will have no alternative but to evaluate issues of copyright ownership. This exercise would require the state court to encroach on an area that Congress has granted exclusively to the federal courts and could ultimately lead to inconsistent findings and judgments.

      Deloitte believes the facts presented by Sagitec's attempted end-run around this Court's jurisdiction within the statutory exception to the AIA. However, since neither the Third Circuit nor the District of Delaware has weighed in on whether the relevant exception applies to the Copyright Act, Deloitte seeks guidance from the Court on whether it would entertain a motion to enjoin Sagitec from pursuing its defamation claims in the state court action on this basis. If it would be helpful for the Court in assessing this issue, Deloitte asks for a conference with the Court.

                                                     Respectfully submitted,

                                                     */s/ Karen E. Keller*

                                                     Karen E. Keller (No. 4489)

cc:      Clerk of Court (by CM/ECF)
           All Counsel of Record (by CM/ECF & Email)