IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     Civil Action No. 23-325-WCB |

**MEMORANDUM OPINION AND ORDER**

**I.      BACKGROUND**

This action for copyright violations and other claims has been pending in this court since March of 2023. On June 10, 2025, plaintiffs Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") advised the court by letter that defendant Sagitec Solutions LLC had filed an action against the plaintiffs for defamation in the Delaware state superior court based on allegations that Deloitte had defamed Sagitec with accusations of theft of trade secrets. The complaint in the state court proceeding also alleged that Deloitte made defamatory statements that Sagitec had stolen Deloitte's software and alleged that Deloitte misappropriated confidential Sagitec information. Sagitec seeks relief for the alleged defamation as well as for other common law torts based on related alleged actions.

Deloitte's letter argued that the superior court complaint "contained compulsory counterclaims that should have been brought before this court" and that this court has "authority to enjoin Sagitec's prosecution of compulsory counterclaims." Dkt. No. 256. Deloitte acknowledged that the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, bars federal courts from

1

enjoining proceedings in state courts except in limited circumstances, including when "expressly authorized by Act of Congress." *Id.* at 3. Deloitte asserted, however, that to the extent the superior court complaint alleged that Deloitte had improperly asserted that it has rights in the subject matter of this action under the federal copyright laws, "the facts presented by Sagitec's attempted end-run around this Court's jurisdiction [fall] within the statutory exception to the AIA." *Id.* at 4. Deloitte's letter briefed the merits of its position on that issue, but rather than explicitly requesting that I enjoin the state court proceeding, the letter concluded that "since neither the Third Circuit nor the District of Delaware has weighed in on whether the relevant exception applies to the Copyright Act, Deloitte seeks guidance from the Court on whether it would entertain a motion to enjoin Sagitec from pursuing its defamation claims in the state court action on this basis. If it would be helpful for the Court in assessing this issue, Deloitte asks for a conference with the Court." *Id*.

After Sagitec responded to Deloitte's letter, Deloitte filed another letter, this time noting that it had filed a motion in the superior court to dismiss or stay Sagitec's action in that court. Deloitte added that it "continues to believe that these issues are overlapping and that the better course of action is to proceed in federal court and respectfully renews its request for a conference" with this court. Dkt. No. 263.

I found Deloitte's letters puzzling. Deloitte could have simply filed a motion requesting that I enjoin the state court proceeding, or it could have requested such an injunction in its letter brief to the court. But it did not pursue either course. Instead, Deloitte sought my "guidance" as to whether I would "entertain" a motion for such an injunction.

On June 30, 2025, I held the hearing that Deloitte requested. In the course of the hearing, Deloitte made it clear that it wanted me to enjoin the state court proceeding based on its

presentation to that point. I then asked whether a ruling on the injunction request would end the matter. Deloitte's counsel replied that Deloitte was unwilling to agree at that time that if I denied the requested relief, Deloitte would not thereafter renew its request for an injunction by filing a formal motion for the same relief.

Although I could have declined to rule on the request for an injunction at that time and instructed Deloitte to file a formal motion seeking that relief, I decided—in part because I regard the merits of the issue as clear-cut—that the wisest course would be to address the merits of Deloitte's claim, as presented in its letter brief, and not to impose the additional costs of briefing a formal motion on both parties.[1]

## II. DISCUSSION

**A.** The AIA provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The prohibition against enjoining state court proceedings is robust, and the exceptions set forth in the statute have been narrowly construed. Only the first exception is at issue in this case;

---

[1] I asked counsel what the purpose of the hearing was if not to resolve the issue, and counsel responded that local counsel had advised them that in the District of Delaware it is not uncommon for parties to present issues to the court through letters rather than by formal motion. Having sat regularly by designation in the District of Delaware for the past eight years, I am quite familiar with the practice of submitting issues—normally discovery disputes—to the court through letter briefing. But Deloitte's letter, which requested a hearing to obtain "guidance" as to whether the court would entertain a motion for relief on the injunction issue, struck me as anomalous. It is asking a lot for a party to submit a letter brief and request a hearing on whether the court would entertain a motion on an issue. That process could result in two sets of briefs, two preparation sessions by the court, and two hearings, all on a single issue. To the extent that Deloitte's counsel felt they had to request leave to file their motion for an injunction, they should not have requested (twice) a hearing on the request for leave.

the second exception applies only when a case is removed from state court and when the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property, and the third exception applies only when there has been a prior federal court decision the matter and an injunction is necessary to protect or effectuate that judgment. *Martingale v. City of Louisville*, 361 F.3d 297, 302–303 (6th Cir. 2004).

Deloitte invokes the first exception to the AIA, which applies if Congress has "expressly authorized" a federal court to issue injunctions against state court proceedings in a particular setting. The Supreme Court has made clear that the exception is a narrow one. In particular, it is not enough that a state court proceeding may interfere with a federal right. As the Supreme Court in *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970), explained:

> [A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state courts proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear.

*Id.* at 294. *See also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149–50 ("[W]hen a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court."); *Amalgamated Clothing Workers of Am. v. Richman Bros.*, 348 U.S. 511, 517 (1955) (rejecting the argument that "to permit state courts to proceed unchecked in their incursion upon a federal preempted domain dislocates the federal scheme as whole"). While the Supreme Court has not required that the first exception to the AIA to be set forth explicitly in the federal statute at issue, it has stated the test for such an "expressly authorized" exception to the general prohibition against enjoining state court proceedings as follows: "The test . . . is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a

4

federal court of equity, could be given its intended scope only by the stay of a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 238 (1972).

Deloitte argues that the Copyright Act "expressly authorizes" an injunction against state court proceedings in cases such as this one. Dkt. No. 256 at 3. But Deloitte's argument regarding the Copyright Act is simply that copyright is a federal created exclusive right enforceable in a court of equity, and that the Copyright Act preempts state law. While the Copyright Act contains a provision allowing for equitable relief, and while the Act preempts contrary state laws, that is not enough to satisfy the stringent requirements of the first exception to section 2283. Nothing in the authorization for equitable relief in copyright cases suggests that such relief may be directed to state courts that entertain cases in which an issue of copyright law might be implicated. And, as the Supreme Court cases cited above make clear, the fact that federal courts have exclusive jurisdiction over particular causes of action and that contrary state law is preempted is not enough to satisfy the requirement that the statute "expressly authorizes" injunctions against state court proceedings.

Deloitte offers very little by way of case law in support of its position. It argues that the district court decision in *AT&T Management Pension Plan v. Tucker*, 902 F. Supp. 1168 (C.D. Cal. 1995), supports its argument. In that case, the district court held that the federal ERISA statute expressly authorizes injunctions against state court proceedings that could interfere with the operation of federal pension law. Not only did that case involve a statute other than the Copyright Act, but the reasoning in that case has been rejected by the Third Circuit, *see 1975 Salaried Retirement Plan v. Nobers*, 968 F.2d 401, 409–410 (3d Cir. 1992), and *U.S. Steel Corp. Plan for Employee Ins. Benefits*, 885 F.2d 1170, 1177 (3d Cir. 1989), as well as by a subsequent decision by a different district court in the Ninth Circuit, *Knapp v. Cardinale*, 963 F. Supp. 2d 928, 935–36

5

(N.D. Cal. 2013) ("Because there is no reason why the state courts cannot fairly apply ERISA and there is no express exemption to the Anti-Injunction Act apparent in the text of the law or clear Congressional intent in the legislative history, the court finds the Anti-Injunction Act applies to prohibit a federal district court from enjoining a state court under ERISA."). Whatever remains of the precedential value of the *Tucker* case in other districts, it clearly has no precedential value in this district, which is bound by the contrary decisions of the Third Circuit.

Finally, although Deloitte was unable to find any case holding that the Copyright Act expressly authorizes federal district courts to enjoin state proceedings, there is at least one district court case holding that the Copyright Act does not contain any such express authorization for enjoining state court proceedings. *Lone Star Promotions, LLC v. Abbey Lane Quilts LLC*, No. 1:18CV73, 2018 WL 5808802, at *3–4 (D. Utah Nov. 6, 2018). Deloitte did not address that case in its letter, and it offered no reason at the conference that I should find that *Lone Star* was incorrectly decided. Moreover, the reasoning in *Lone Star*, that "[t]he presence of federal jurisdiction is not enough to qualify for the exception to the Anti-Injunction Act and neither is federal preemption," *id.*, is entirely consistent with reasoning in the binding Supreme Court and Third Circuit case law. *See, e.g.*, *Nobers*, 968 F.2d at 410 (ERISA statute "does not 'expressly authorize' injunctions of state court actions simply because they are preempted by ERISA, even if the state court claims are subject to exclusive federal jurisdiction.").

**B.** Apart from the problem that the Copyright Act does not authorize injunctions against state court proceedings with sufficient clarity to satisfy the first exception to the AIA, Sagitec points out that its complaint in the state court case merely mentions Deloitte's copyright assertions, and that adjudication of Sagitec's defamation claims in that case would not implicate Deloitte's copyright assertions. Specifically, paragraph 38 in the complaint alleges that "Deloitte has

6

similarly falsely claimed to Sagitec's actual and prospective customers that it holds exclusive copyrights to software developed in connection with the QUEST project." Dkt. No. 256, Ex. 1 at ¶ 38. But Sagitec has represented that the superior court "need not engage with or determine Deloitte's copyright ownership to adjudicate Sagitec's claims because Sagitec does not claim that Deloitte's copyright ownership assertions were defamatory." Dkt. No. 259 at 3. Sagitec has further represented that "Deloitte's false claims of copyright ownership will be solely and squarely addressed in this Court." *Id*. And when asked about what would happen if the superior court found in Sagitec's favor while this court found in Deloitte's favor on the copyright issue, Sagitec's counsel responded that such a situation would not occur because Sagitec was not seeking relief as to Deloitte's copyright ownership from the superior court. Given that representation, I find that the state court proceedings at issue here will not interfere with federal copyright law in such a way that would permit me to enjoin the action, even if the first exception to the prohibition in section 2283 were broader than it is.

  For the reasons stated, I conclude that this court clearly lacks the authority to stay the proceedings brought by Sagitec against Deloitte in the Delaware Superior Court.

  IT IS SO ORDERED

  SIGNED this 1st day of July, 2025

                  _____
                   WILLIAM C. BRYSON
                   UNITED STATES CIRCUIT JUDGE