IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAGITEC SOLUTIONS, LLC,<br><br>Defendant. | C.A. No. 23-cv-325-WCB<br><br>**REDACTED VERSION**<br>**Filed July 10, 2025** |

**SAGITEC'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO STRIKE LATE-DISCLOSED THEORIES AND RELATED PORTIONS
OF REPORT OF DELOITTE'S PROFFERED EXPERT DR. JONATHAN KREIN**

OF COUNSEL:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, MN 55402
(612) 605-5900
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

Dated: July 3, 2025

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant
Sagitec Solutions, LLC*

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ................................... 1

SUMARY OF ARGUMENT.......................................................................................... 4

STATEMENT OF FACTS ............................................................................................. 5

LEGAL STANDARD.................................................................................................... 5

ARGUMENT................................................................................................................ 6

   I.   Deloitte Failed to Comply with Its Discovery Obligations. ............................... 6

   II.   The *Pennypack* Factors Weigh in Favor of Exclusion....................................... 7

CONCLUSION.............................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*360Heros, Inc. v. GoPro, Inc.*,
  C.A. No. 17-1302-MFK, 2022 U.S. Dist. LEXIS 102137 (D. Del. June 8, 2022) ................................................................................................................................. 9

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
  C.A. No. 1:16-cv-00453-RGA, 2019 U.S. Dist. LEXIS 150851 (D. Del. Sep. 4, 2019) ................................................................................................................................. 8

*DCK TTEC, LLC v. Postel Indus., Inc.*,
  602 F. App'x 895 (3d Cir. 2015) ............................................................................................ 6

*ICM Controls Corp. v. Honeywell Int'l, Inc.*,
  C.A. No. 5:12-CV-1766, 2021 U.S. Dist. LEXIS 145618 (N.D.N.Y. Aug. 4, 2021) ................................................................................................................................. 8

*Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*,
  C.A. No. 15-819-LPS-CJB, 2018 U.S. Dist. LEXIS 235997 (D. Del. Mar. 23, 2018) ............................................................................................................................. 6, 9

*Mercedes Benz USA LLC v. Coast Automotive Grp. Ltd.*,
  C.A. No. 99-3121, 2008 U.S. Dist. LEXIS 72172 (D.N.J. Sept. 23, 2008) (*aff'd sub nom Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*, 362 F. App'x 332 (3d Cir. 2010)) ........................................................................................ 5, 9

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
  559 F.2d 894 (3d Cir. 1977) ............................................................................................. 7, 8

*Pace v. Air & Liquid Sys. Corp.*,
  171 F. Supp. 3d 254 (S.D.N.Y. 2016) ................................................................................... 5

*TQ Delta, LLC v. ADTRAN, Inc.*,
  C.A. No. CV 14-954-RGA, 2019 U.S. Dist. LEXIS 155470 (D. Del. Sept. 12, 2019) ................................................................................................................................. 8

**Other Authorities**

Fed. R. Civ. P. 26 .................................................................................................................... 5, 6

Fed. R. Civ. P. 37 ....................................................................................................................... 5

Deloitte's proffered expert, Dr. Jonathan Krein, relies extensively on a "uFACTS Overview" document and source code files titled ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ for his opinions in this case. Dr. Krein identifies the "uFACTS Overview" as comprising Deloitte trade secrets and the source code files titled ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ as allegedly infringing Deloitte's asserted copyrights. But Deloitte failed to disclose in fact discovery that it contended either that the "uFACTS Overview" document comprised alleged trade secrets or that the source code files ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ constituted material infringing Deloitte's asserted copyrights. Accordingly, Sagitec respectfully requests that the Court strike any contentions by Deloitte based on these materials, including the portions of Dr. Krein's report addressing these untimely contentions.

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Deloitte sued Sagitec on March 23, 2023. D.I. 1. Fact discovery closed March 28, 2025. D.I. 237. Dispositive and *Daubert* motions are due July 3, 2025.[1] *Id.*

Fact discovery in this case was extensive. The parties and third parties collectively produced over 1.6 million documents. Olson Decl. ¶ 2. But the exact documents and information that make up Deloitte's alleged trade secrets has been the subject of considerable motion practice before the Court. Early in this case, Sagitec moved for a more definite statement as to the identity of Deloitte's alleged trade secrets. D.I. 13, 14. The Court denied this motion, instructing that Sagitec's arguments are "best addressed during the discovery process." D.I. 49 at 11. Accordingly, Sagitec Interrogatory No.1 expressly requested that Deloitte identify its alleged trade secrets. Ex. 1

---

[1] Since this issue does not directly implicate *Daubert*, but instead a discovery failure by Deloitte for which exclusion is appropriate under Fed. R. Civ. P. 37, Sagitec brings this Motion to Strike.

1

(Deloitte's Sixth Supplemental Objections and Responses to Sagitec's First Set of Interrogatories (Nos. 1-9)) at 6.[2] After several months of discovery, and multiple meet-and-confers regarding the sufficiency of Deloitte's response to Sagitec Interrogatory No. 1, Sagitec moved to compel Deloitte to "substantively and with a reasonable degree of particularity define the alleged trade secrets" it asserts Sagitec misappropriated." D.I. 80 at 1.

At the hearing on Sagitec's Motion to Compel, the Court instructed Deloitte to supplement its response to Sagitec's Interrogatory No. 1 to identify its asserted trade secrets with particularity. Ex. 2 (Jan. 16, 2024 Hearing Tr.) at 11:3-13:21. On February 6, 2024, Deloitte supplemented its response to Sagitec Interrogatory No. 1 to identify 74 enumerated trade secrets. Ex. 1 at 20-38. Deloitte's supplemental response identified numerous categories of documents that make up Deloitte's alleged trade secrets. *Id.* It also included extensive lists of "uFACTS design assets identified in Appendices A and B," which Deloitte claims to have ███████████████ ███████████████████████████████████████ ███████████████████████████████████████ ██████████████████████████████ *Id*. at 27, 116-178. Deloitte did not seek leave to supplement its response to Sagitec's Interrogatory No. 1 further. *See* Ex. 2 at 29:17-31:9 (imposing good cause requirements to supplement response to Interrogatory No. 1).

Deloitte's copyright infringement contentions followed a similar pattern. Early in discovery, Sagitec served Interrogatory No. 13 expressly seeking Deloitte's copyright infringement contentions. Ex. 3 (Deloitte's Fourth Supplemental Objections and Responses to Sagitec's Third Set of Interrogatories (No. 12-15) at 13. Deloitte's response was subject to a

---

[2] Exhibits are attached to the declaration of Rajin S. Olson filed concurrently herewith.

2

dispute between the parties that was not ultimately presented to the Court because of Deloitte's representations to Sagitec. *See* Ex. 4 (June 11, 2024 email chain between counsel). Sagitec contended that Deloitte's initial response to Sagitec's Interrogatory No. 13 was insufficient, including because Deloitte was unwilling to represent that it had identified all instances of alleged copying in its response. *Id.* at 3-4. Following a meet and confer, Sagitec sent a proposed neutral statement to Deloitte in order to raise this issue with the Court. *Id.* In response, Deloitte agreed to provide a "near-final identification of the Deloitte uFACTS source code copied by Sagitec," expressly agreeing to limit further supplements to "new discovery," "clarifications," or "other similar cause." *Id.* at 2. As a result, the parties did not bring this dispute to the Court. *Id.*

After the agreed supplementation of Deloitte's response to Sagitec's Interrogatory No. 13 on June 28, 2024, Deloitte did not make a further supplementation until another agreed supplementation in March 2025. Ex. 3 at 261, 316. Following a dispute as to the sufficiency of Deloitte's 30(b)(6) testimony, the parties advised the Court in a joint letter that they "agreed that Deloitte will supplement its responses to Sagitec's Interrogatory No. 13 solely to provide additional information sought by this Topic" and that "Deloitte will not seek to use this supplement to expand the scope of its copyright contentions by identifying new alleged instances of copying." D.I. 232 at 1. Consistent with the parties' representation to the Court, Deloitte's March 2025 supplement did not disclose the ▮▮▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮▮ source code files. Ex. 3 at 316-320. These files simply do not appear in any of Deloitte's responses. *Id.* at 13-320. Deloitte never sought leave to identify these newly alleged instances of alleged copying.

Deloitte served the expert report of Dr. Jonathan Krein on May 2, 2025, which for the first time contained any allegation that a "uFACTS Overview" document (also referenced by Dr. Krein as a "Functional Overview" document) comprised alleged trade secrets. Ex. 5 (Krein Report)

3

¶¶ 216-233, 258 (in part), 259, 263-264, 270-271, 275-276, 278-279, 281-282, 284-285, 287-288, 290-291, 293-294, 296-297, 299-300, 302 (in part), 303, 305-306, 308 (in part), 309, 311-312, 314-315, 317-318, 321-322, 324 (in part), 325, 330-331. Deloitte similarly first raised allegations of copyright infringement based on Sagitec source code files ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ in Dr. Krein's report. *Id.* ¶¶ 392-432.

### SUMARY OF ARGUMENT

The Court should preclude Deloitte from relying on its untimely allegations based on the so-called "uFACTS Overview" document and should strike the portions of Dr. Krein's expert reports that allege misappropriation based on such document. Contrary to the express requirements of this Court's Scheduling Order (D.I. 51 at 1), its prior discovery instructions (Ex. 2 at 11:3-13:21, 29:17-31:9), and Deloitte's discovery obligations, Deloitte did not identify any version of the "uFACTS Overview" document as a trade secret in response to Sagitec's Interrogatory No. 1 seeking an identification of trade secrets with specificity. Ex. 1 at 20-38, 116-178.

The Court should similarly preclude Deloitte from alleging trade secret misappropriation or copyright infringement based on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮ source code files. Contrary to the parties' express agreement, Deloitte did not identify these files in response to Sagitec's Interrogatory No. 13 seeking Deloitte's copyright infringement contentions with particularity. Ex. 3 at 13-320.

Deloitte's failure to disclose these materials has prejudiced Sagitec's ability to conduct an investigation and formulate a defense to Deloitte's new allegations. Indeed, Sagitec previously sought relief from the Court in an effort to avoid this exact circumstance. D.I. 80. Due to Deloitte's decision to not disclose the "uFACTS Overview" document as an alleged trade secret until service of its technical expert report, where a "uFACTS Overview" or "Functional Overview" document

4

is referenced or cited over 300 times, Sagitec had no opportunity to develop a defense to such allegations during fact discovery. The same goes for the ▉▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉ source code files that Deloitte now contends were copied. Because the case is at an advanced stage, and Deloitte has not sought and cannot show good cause, the Court should strike the identified portions of Dr. Krein's report and preclude Deloitte from presenting the "uFACTS Overview" document as alleged Deloitte trade secrets or the ▉▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉ source code files as infringing.

## STATEMENT OF FACTS

See *Statement of the Nature and Stage of Proceedings*, *supra*.

## LEGAL STANDARD

If a party fails to provide information as required by Rule 26(a), that party is not allowed to use that information to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit"). "The intention of [Rule 37(c)(1)] is to prevent the practice of 'sandbagging' an opposing party with new evidence[.]" *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016). "Strategic manipulation of the discovery process, especially with regard to such critical disclosures . . . is the ill toward which Rule 26 and Rule 37 are aimed." *Mercedes Benz USA LLC v. Coast Automotive Grp. Ltd.*, C.A. No. 99-3121, 2008 U.S. Dist. LEXIS 72172, at *14 (D.N.J. Sept. 23, 2008) (citation omitted) (*aff'd sub nom Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*, 362 F. App'x 332 (3d Cir. 2010)).

Courts in the Third Circuit weigh the "Pennypack factors" when considering whether to exclude evidence relating to untimely disclosures: "(1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which

allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the testimony sought to be excluded." *Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, C.A. No. 15-819-LPS-CJB, 2018 U.S. Dist. LEXIS 235997, at *3 (D. Del. Mar. 23, 2018) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). The decision to exclude testimony at trial is a "decision 'peculiarly within the discretion of the trial judge.'" *DCK TTEC, LLC v. Postel Indus., Inc.*, 602 F. App'x 895, 898 (3d Cir. 2015).

## ARGUMENT

**I.    Deloitte Failed to Comply with Its Discovery Obligations.**

Both Rule 26 and the Court's Scheduling Order required Deloitte to disclose its specific liability theories, including the identity of its alleged trade secrets and the allegedly infringing material, during discovery. There is no dispute that it failed to do so with respect to the document and source code files identified in this motion. Deloitte did not identify the "uFACTS Overview" document as comprising alleged trade secrets until it served Dr. Krein's expert report. And Dr. Krein's reliance on this document is extensive—his report includes over 300 citations or references to this belatedly disclosed material. Ex. 5 ¶¶ 216-233, 258 (in part), 259, 263-264, 270-271, 275-276, 278-279, 281-282, 284-285, 287-288, 290-291, 293-294, 296-297, 299-300, 302 (in part), 303, 305-306, 308 (in part), 309, 311-312, 314-315, 317-318, 321-322, 324 (in part), 325, 330-331. Likewise, Deloitte did not identify either of the ▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮ source code files as comprising allegedly infringed copyrighted material until it served Dr. Krein's expert report, where, once again, Dr. Krein relies extensively on the belatedly disclosed material across 41 paragraphs. *Id.* ¶¶ 392-432.

Throughout discovery, Deloitte relied on its responses to Sagitec's Interrogatory Nos. 1

6

and 13 to oppose relief Sagitec requested from the Court. *See* D.I. 175 at 2 (arguing these responses already "identified the portions of the uFACTS solution that are at issue in this case"); D.I. 123 at 2-3 (arguing an earlier version of Deloitte's response to Interrogatory No. 13 already "provided Sagitec with the underlying acts forming the basis of Deloitte's copyright claim"). Other documents and discovery responses likewise failed to put Sagitec on notice that Deloitte intended to assert claims regarding the "uFACTS Overview" document or the ▮▮▮▮ and ▮▮▮▮ source code files. *See, e.g.*, Ex. 1 at 39-63 (identifying Deloitte's misappropriation contentions without citing or referencing any "uFACTS Overview" document or the ▮▮▮▮ and ▮▮▮▮ source code files). Deloitte has been aware of these materials throughout discovery. The "uFACTS Overview" document was expressly cited in an internal investigation report Sagitec produced, which was filed publicly, and which Deloitte has repeatedly relied on. Ex. 6 (Excerpt of SAGITEC-DEL_00063591) at '721-22; *see, e.g.*, D.I. 219 (seeking deposition of author of internal investigation report, Chris Madel). And the ▮▮▮▮ and ▮▮▮▮ source code files reside in code that Sagitec produced in November 2023 and that Deloitte first inspected in December 2023. Ex. 5 ¶ 392 n.553, ¶ 428 n.560 (identifying source code file paths in "11.22.2023" source code production folder). Deloitte has no excuse for only identifying the "uFACTS Overview" document and the ▮▮▮▮ and ▮▮▮▮ source code files for the first time in Dr. Krein's May 2025 report.

## II.    The *Pennypack* Factors Weigh in Favor of Exclusion.

Sagitec is prejudiced by Deloitte's surprise identification of new alleged trade secrets and allegedly infringing source code files in Dr. Krein's report. Deloitte's belated disclosure prevented Sagitec from conducting discovery into the nature of the identified materials as alleged trade

7

secrets. This litigation-by-surprise threatens to bestow an ill-gotten strategic advantage on Deloitte, which is why "[o]pening expert reports are not the appropriate time to disclose" new liability theories. *TQ Delta, LLC v. ADTRAN, Inc.*, C.A. No. CV 14-954-RGA, 2019 U.S. Dist. LEXIS 155470, at *7 (D. Del. Sept. 12, 2019). The rules of this District and the Federal Rules of Civil Procedure do not permit Deloitte to spring such a surprise on Sagitec. Deloitte's untimely disclosure of new alleged trade secrets and allegedly infringing source code files should be stricken. All *Pennypack* factors support exclusion.

**Factor 1: Prejudice to Sagitec.** Where, as here, a case involves complex litigation between sophisticated parties, courts are more willing, given a strong showing of prejudice, to exclude evidence even absent a showing under each *Pennypack* factor. *See Acceleration Bay LLC v. Activision Blizzard Inc.*, C.A. No. 1:16-cv-00453-RGA, 2019 U.S. Dist. LEXIS 150851, at *22 (D. Del. Sep. 4, 2019). Prejudice occurs when the party's late disclosure prevents the opposing party from deposing fact witnesses about the new material. *See ICM Controls Corp. v. Honeywell Int'l, Inc.*, C.A. No. 5:12-CV-1766 (LEK/ATB), 2021 U.S. Dist. LEXIS 145618, at *15 (N.D.N.Y. Aug. 4, 2021). That is precisely the case here. Fact discovery closed on March 28, 2025—several weeks before Deloitte belatedly disclosed the "uFACTS Overview" document as comprising alleged trade secrets and the ███████████ and ███████ source code files as allegedly infringing copyrighted material. The prejudice to Sagitec, after the close of discovery and on the eve of summary judgment, is self-evident. It is too late for Sagitec to pursue further discovery on the identified documents and files. Nor should Sagitec be required to incur time and expense when Sagitec already sought Court intervention to obtain Deloitte's identification of trade secrets and relied on Deloitte's agreement to disclose its copyright contentions.

**Factors 2 & 3: Inability to cure and disruption.** Expert discovery is over, and dispositive

8

motions and Daubert motions are due today. The prejudice cannot be cured without significantly interrupting the current schedule. *See Integra Lifesciences Corp.*, 2018 U.S. Dist. LEXIS 235997, at *3 (inability to cure without disrupting pre-trial process and trial confirms harm).

**Factors 4 & 5: Bad faith and importance**. Deloitte had several years to disclose (and refine its disclosure) of its alleged trade secrets in this case. Its belated disclosures appear strategic. Indeed, Dr. Krein cites or references the belatedly identified material more than 300 times throughout his report. Deloitte's actions are indicative of bad faith, particularly given that Deloitte avoided motion practice over its copyright contentions by promising Sagitec it would not expand its contentions after the June 2024 supplementation. But "[e]ven if there is no evidence of bad faith, where an oversight is not rationally explained and is surely prejudicial, exclusion is appropriate." *Mercedes Benz*, 2008 U.S. Dist. LEXIS 72172, at *11. Nor are Deloitte's new trade secret allegations or copyright infringement contentions too important to strike. Deloitte has identified 74 alleged trade secrets in this case, and any consequences to Deloitte are of its own making, due to its own belated disclosures. Even if they were "important to [Deloitte], that is not sufficient to outweigh the significant and not-reasonably-curable prejudice to [Sagitec] were the Court to admit" them. *360Heros, Inc. v. GoPro, Inc.*, C.A. No. 17-1302-MFK, 2022 U.S. Dist. LEXIS 102137, at *4 (D. Del. June 8, 2022).

## CONCLUSION

For the foregoing reasons, Sagitec respectfully requests that the Court strike any theories by Deloitte based on the portions of Dr. Krein's expert report that identify the "uFACTS Overview" document as alleged trade secrets and the ▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓ source code files as allegedly infringing, including the portions of Dr. Krein's expert reports that refer to and/or rely on any versions of these materials.

9

Dated: July 3, 2025

Of Counsel:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, Minnesota 55402
612.605.5900
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
Dana DeVlieger
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Ariel Deitchman
KIRKLAN & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street

Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

2