IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>Defendant. | )<br>)<br>)   **Redacted - Public Version**<br>)<br>)   C.A. No. 23-325-WCB<br>)<br>)<br>)   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF NICK TELEKY IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO SAGITECS SOLUTIONS LLC'S
*DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS
OF DELOITTE'S PROFFERED EXPERTS
<u>DR. JONATHAN KREIN AND MR. THOMAS BRITVEN</u>**

I, Nick Teleky, hereby declare as follows:

1. I am over eighteen (18) years old, and I am competent to attest to and have personal knowledge of the facts in this declaration.

2. I am an attorney at Kirkland & Ellis LLP, counsel of record in the above captioned case for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC ("Plaintiffs"). I am a member in good standing to practice law in the District of Columbia, and I am admitted *pro hac vice* to practice in this District for the above-captioned case.

3. I submit this Declaration in support of Plaintiffs' Daubert Motion to Exclude Certain Opinions of Deloitte's Proffered Experts Dr. Jonathan Krein and Mr. Thomas Britven. The statements set forth in this declaration are based on my personal knowledge and my review of the contemporaneous documents referenced and attached hereto.

4.  Attached hereto as **Exhibit 1** is a true and correct copy of a document bearing beginning Bates number SAGITEC-DEL_00059524 ("2016 Letter from Sagitec to Deloitte").

5.  Attached hereto as **Exhibit 2** is a true and correct copy of a document bearing beginning Bates number SAGITEC-DEL_00059637 ("2018 Letter from Sagitec to Deloitte").

6.  Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of Sagitec's Third Supplemental Responses and Objections to Deloitte's First Set of Interrogatories, dated February 28, 2025.

7.  Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the deposition of Monty Myers, dated June 27, 2025.

8.  Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of Sagitec's Objections and Responses to Deloitte's First Set of Requests for Admission, dated May 31, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 24 day of July, 2025.

*/s/ Nick Teleky*
Nick Teleky

# EXHIBIT 1

**Timothy Keller**
T Keller PLLC
7901 Telegraph Road
Bloomington, MN 55348
tim@tkeller.legal
612·860·1258

**VIA EMAIL**

October 7, 2016

Jaclyn C. Fink
Assistant General Counsel
Office of General Counsel
Deloitte LLP
555 Mission Street
San Francisco, CA 94105

Re:   Sagitec Solutions, LLC

Dear Ms. Fink:

I represent Sagitec Solutions, LLC. This letter is in response to your October 3, 2016 letter to Mr. Piyush Jain, the Chief Executive Officer of Sagitec.

The assertions in your letter are baseless, and Deloitte has no right or reason to make any of the demands made in your letter. Sagitec does not use, and is not in possession of the Deloitte Ufacts Unemployment Insurance Solution, any related documentation, or any Deloitte intellectual property of any kind.

However, your letter raises another issue that must be addressed. Specifically, information about the intellectual property Sagitec uses "in its client engagements" seems likely to include Sagitec intellectual property. Deloitte should not possess any such information or intellectual property, induce others to disclose that information or intellectual property, or interfere with Sagitec's relationships with its clients and prospective clients. Please make certain that it does not.

CONFIDENTIAL

SS0009676
SAGITEC-DEL_00059524

Jaclyn C. Fink
October 7, 2016

Please contact me with any further questions or concerns about this matter.

    Very truly yours

    Timothy Keller

C:    Piyush Jain

CONFIDENTIAL

SS0009676
SAGITEC-DEL_00059525

# EXHIBIT 2



T Keller PLLC
7901 Telegraph Road
Bloomington, MN 55438
Office: 952.217.4596 | Cell: 612.860.1258
tim@tkeller.legal | tkeller.legal

VIA EMAIL

September 27, 2018

Kristen McCallion
Principal
Fish & Richardson P.C.

Subject:  Sagitec Solutions, LLC /Deloitte LLC

I am writing to update you on the status of the review of the allegations in your September 12, 2018 letter. . Based upon our preliminary review, we have no reason to deviate from the conclusion stated in our October 7, 2016, letter addressed to Jaclyn Fink that Sagitec Solutions LLC does not possess any Deloitte LLP intellectual property.

We will, however, continue to review the allegations. To assist that process, we ask that you identify more precisely the technology that your client claims has been misappropriated.

Your letter refers to the uFACTS solution framework.  The framework technology incorporated in Sagitec's Neosurance product was developed well before any individual who subsequently joined Sagitec had left Deloitte.  Is it possible that the intellectual property in question is something other than the framework technology you reference?

Your letter does not reference any specific Deloitte technology; nor do Deloitte's copyright registrations establish infringement.  Please provide the specific facts upon which you have based your allegations.

In addition, please identify the source of any facts that you identify.  You allege that "Sagitec used and continues to use Deloitte's source code and trade secrets."  What information do you rely upon in making that assertion?

Further, you assert that Sagitec's technology is based on or incorporates Deloitte technology.  Have you had access to the Sagitec technology so that you can make a detailed comparison to the Deloitte products?  Please confirm if your client is in possession of Sagitec technology, or if your client has accessed Sagitec technology in the past.  If your client does not possess and has not accessed Sagitec technology, please explain how your client reached the conclusion that the technology is based on or incorporates Deloitte technology.  If that conclusion is based on an opinion or information provided by a third party, please identify that third party and provide a detailed summary of that opinion or information.

In conclusion, please be assured that Sagitec wishes to bring this matter to a conclusion satisfactory to both parties.

Very truly yours

Timothy Keller

C:   David Minkkinen
     Piyush Jain

CONFIDENTIAL
SS0009810
SAGITEC-DEL_00059638

# EXHIBIT 3

**REDACTED IN ITS ENTIRETY**

# EXHIBIT 4

**REDACTED IN ITS ENTIRETY**

# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 23-325-WCB |
| v. | ) ) |
| SAGITEC SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) |

**DEFENDANT SAGITEC SOLUTIONS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-48)**

Defendant Sagitec Solutions, LLC ("Sagitec") by and through its attorneys and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby provides its Objections and Responses to Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC's (collectively, "Deloitte") First Set of Requests for Admissions, served on May 1, 2024 in the above-captioned action ("Action") as follows:

## PRELIMINARY AND GENERAL OBJECTIONS

1.  Sagitec objects to each request for admission, the definitions, and the instructions to the extent each seeks to impose any requirements or obligations on Sagitec beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, any applicable orders of this Court, or any stipulation or agreement of the parties. Sagitec further objects to the instructions and definitions to the extent they purport to alter the plain meaning or scope of any specific request for admission, on the ground that such alteration renders the request vague, ambiguous, overbroad, and uncertain.

Sagitec incorporates by reference the general objections, including without limitation its objection to Deloitte's definitions of "Used" and "uFACTS Material." Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as unreasonable in scope as to time, and vague and ambiguous as to the scope of the terms "Sagitec Employees," "used" (including because it is unclear whether Deloitte intends to incorporate its definition of the capitalized term "Used," which Sagitec has separately objected to), and "uFACTS Material." Sagitec objects to this request as argumentative and reflecting legal conclusions regarding Deloitte's claimed ownership of any property. Sagitec objects to this request as assuming facts not in evidence, including the incorrect assertion that the "QUEST project database" can fairly be characterized as "uFACTS Material." Sagitec further objects to the request to the extent it seeks information that is not in Sagitec's possession, custody, or control. As Sagitec previously advised the Court in its Motion to Stay, Messrs. Minkkinen and Sambasivam are currently named in ongoing criminal proceedings. Messrs. Minkkinen and Sambasivam are represented by separate counsel. As a result, Sagitec does not currently have access to these individuals for the purpose of determining what information, if any, they possess responsive to this request.

Subject to and without waiving the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 18**

Admit that Deloitte and Sagitec have competed against each other to win contracts for state unemployment insurance modernization projects.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as unreasonable in scope as to time, and vague and ambiguous as to the scope of the term "competed against each other." Sagitec further objects to the request to the extent it seeks information that is not in Sagitec's possession, custody, or control.

Subject to and without waiving the foregoing objections, Sagitec responds as follows:

Admitted.

**REQUEST FOR ADMISSION NO. 19**

Admit that Deloitte and Sagitec have each submitted bids, proposals, or responses to requests for proposals for state unemployment insurance modernization projects.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Sagitec incorporates by reference the general objections. Sagitec objects to this request to the extent it seeks documents, communications, or other information protected by attorney-client privilege, the work product doctrine, the common-interest privilege, or any other applicable privilege. Sagitec objects to this request as unreasonable in scope as to time, and as to the scope of the phrase "submitted bids, proposals, or responses to requests for proposals for state unemployment insurance modernization projects." Sagitec further objects to the request to the extent it seeks information that is not in Sagitec's possession, custody, or control.

Subject to and without waiving the foregoing objections, and subject to Sagitec's understanding of this request, Sagitec responds as follows:

Admitted.

| | |
|---|---|
| OF COUNSEL:<br><br>Christopher K. Larus<br>David A. Prange<br>Rajin S. Olson<br>Brandon A. Carmack<br>ROBINS KAPLAN LLP<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>(612) 349-8500<br>clarus@robinskaplan.com<br>dprange@robinskaplan.com<br>rolson@robinskaplan.com<br>bcarmack@robinskaplan.com<br><br>Rebecca Bact<br>ROBINS KAPLAN LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 859-2740<br><br>Dated: May 31, 2024 | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Defendant*<br>*Sagitec Solutions, LLC* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Deloitte-Sagitec@kirkland.com*

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
ckeith@ycst.com

*Attorneys for Sagitec Solutions, LLC*