IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DELOITTE CONSULTING LLP and
DELOITTE DEVELOPMENT LLC,      )
                               )
        Plaintiffs,            )      **Redacted - Public Version**
                               )
    v.                         )      C.A. No. 23-325-WCB
                               )
SAGITEC SOLUTIONS LLC,         )      ███████████████████████
                               )
        Defendant.             )

## PLAINTIFFS' OPPOSITION TO SAGITEC SOLUTIONS LLC'S MOTION TO STRIKE PARAGRAPHS 9–12 OF THE <u>DECLARATION OF ANIL GOSU</u>

Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting*
*LLP and Deloitte Development LLC*

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nick Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
(305) 432-5676

Dated: August 21, 2025

## TABLE OF CONTENTS

**NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT** ................................................................................. 1

**RESPONSE TO SAGITEC'S STATEMENT OF FACTS** ......................................... 4

**I.     Mr. Gosu's Experience at Deloitte** ................................................................ 4

**II.    Mr. Gosu's Deposition Testimony** ............................................................... 5

**III.   Mr. Gosu's Declaration** ............................................................................... 6

**ARGUMENT** ........................................................................................................... 7

**I.     Mr. Gosu's Testimony Regarding Deloitte's Copyright Registrations and Code Collection Is Consistent With His Deposition Testimony and Supported By Record Evidence** ................................................................ 8

**II.    Mr. Gosu's Testimony Regarding Deloitte's Development of Software Pursuant to the Massachusetts QUEST Project Is Not Contradicted By His Deposition Testimony** ....................................................................... 13

**III.   Mr. Gosu's Testimony Regarding The Creation And Modification of the Source Code Files at Issue Is Consistent With His Deposition Testimony And Supported By Deloitte's Technical Expert** ........................................ 14

**CONCLUSION** ...................................................................................................... 17

All Exhibits cited herein are attached to the concurrently filed declaration of Miranda Means.

Emphasis has been added unless expressly stated otherwise.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baer v. Chase*,
  392 F.3d 609 (3d Cir. 2004)............................................................................7, 8

*Bumbarger v. New Enter. Stone & Lime Co.*,
  170 F. Supp. 3d 801 (W.D. Pa. 2016)...................................................................10

*Coleman v. Cerski*,
  2007 WL 2908266 (M.D. Pa. Oct. 4, 2007) ..............................................8, 9, 13, 15

*Cooper v. Child.'s Behav. Health, Inc.*,
  2021 WL 4481093, at *6 (W.D. Pa. Sept. 30, 2021)............................................8, 9

*Crawford v. George & Lynch, Inc*,
  19 F. Supp. 3d 546 (D. Del 2013)...................................................................11, 14

*In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*,
  2012 WL 2974680 (W.D. Pa. July 20, 2012) ...................................................9, 10

*Heasley v. EchoStar Satellite L.L.C.*,
  2009 WL 1457733 (W.D. Pa. May 22, 2009)....................................................8, 9

*Hogan v. Kohl's Corp.*,
  2023 WL 3183007 (D.N.J. Apr. 30, 2023) ...........................................................3

*In re Morawski*,
  No. 20-12079, 2022 WL 1085739 (Bankr. D.N.J. Apr. 11, 2022) ........................10

*O'Brien v. Middle E. F.*,
  2021 WL 2186434 (E.D. Pa. May 28, 2021) ....................................................7, 8

*Peterson for Lancelot Invs. Fund, L.P. v. Imhof*,
  2017 WL 1837856 (D.N.J. May 8, 2017) ..............................................................7

*Ray v. Pinnacle Health Hosps., Inc.*,
  416 Fed. App'x. 157 (3d Cir. 2010)....................................................................12

*SodexoMAGIC, LLC v. Drexel Univ.*,
  24 F.4th 183 (3d Cir. 2022) ...................................................................... *passim*

*T.B. v. New Kensington-Arnold Sch. Dist.*,
  2016 WL 6879569 (W.D. Pa. Nov. 22, 2016) ...................................................8, 9

*Videon Chevrolet, Inc. v. Gen. Motors Corp.*,
    992 F.2d 482 (3d Cir. 1993)................................................................................8

*Weiss v. Pa. Hosp. of Univ. of Pennsylvania*,
    2021 WL 780307 (E.D. Pa. Feb. 26, 2021) ............................................................8

Deloitte respectfully submits this brief in opposition to Sagitec's motion to strike, D.I. 330 (Br.), paragraphs 9–12 of the Declaration of Anil Gosu, D.I. 301 (Gosu Declaration).

## NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT

Sagitec moved for summary judgment on Deloitte's copyright claim on the basis that (a) Deloitte did not produce the works it registered, and (b) Deloitte's 2013 uFACTS (Mass: Benefits) program incorporates material from a prior-published, unregistered version of uFACTS and that unregistered material cannot be asserted in this case.  In opposition to that motion, Deloitte's Managing Director, Anil Gosu, submitted a declaration that confirmed what the evidence in this case already confirmed: the asserted works were produced in the folders Deloitte identified, and Sagitec's arguments concerning the uFACTS (Mass: Benefits) program are not an obstacle to Deloitte's copyright claim.  D.I. 299 (SJ Opp.) at 5–8.

Evidently realizing that the Gosu Declaration at a minimum highlights a disputed issue of material fact that precludes Sagitec's summary judgment motion, Sagitec now seeks to strike four paragraphs from that declaration under the "sham affidavit" doctrine.  Yet, in the Third Circuit, courts recognize that they are not to make credibility determinations or weigh conflicting evidence in deciding a summary judgment motion and thus ***narrowly*** apply the sham affidavit doctrine to strike a statement in a declaration only where it: "contradicts the witness's deposition testimony, and the discrepancy between the two statements is neither supported by record evidence nor otherwise satisfactorily explained."  *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 209 (3d Cir. 2022).  Neither applies to any of the paragraphs that Sagitec seeks to strike.

***First***, Sagitec seeks to exclude Paragraphs 9–10, where Mr. Gosu explains how he collected the code for deposits for Deloitte's copyright registrations in uFACTS and how Deloitte produced that registered code.  Although Sagitec claims that these statements are contradicted by prior deposition testimony, that is not true.  Instead, Sagitec merely points to portions of

Mr. Gosu's deposition where ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Mr. Gosu, however, explains in his declaration that after his deposition, he "confirmed that I am the one who collected the code for the deposit." Gosu Decl. ¶ 9. The sham affidavit doctrine does not recognize such a lapse of memory as grounds for exclusion. Moreover, the doctrine does not apply where the statement is supported by corroborating evidence—here, the statement is supported by the testimony of *two* other witnesses who confirmed Mr. Gosu was the person who collected the code that Deloitte deposited with the Copyright Office. This is separate grounds to deny the Motion. Further, it should not go unnoticed that, despite the opportunity to re-depose Mr. Gosu in view of testimony saying he was the one that pulled it, Sagitec did not ask him at his second deposition about the collection of code for the asserted copyright registrations.

*Second*, Sagitec seeks to exclude Paragraph 12, where Mr. Gosu explains that he was a developer on the QUEST project and, ████████████████████████████████ ████████████████████████████████████████████ Gosu Decl. ¶ 12. Sagitec argues that, ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

For the sham affidavit doctrine to apply, however, Sagitec needs to demonstrate that the declaration statement *contradicts* Mr. Gosu's testimony, and it has not done so here. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████     At trial, Sagitec may cross examine Mr. Gosu on the scope of his involvement in QUEST, and the jury can assess whether Mr. Gosu's statements about the meaning of "go-live" are credible given his experience and involvement therewith.  That is not a basis to strike his declaration.

*Third*, Sagitec seeks to exclude Paragraph 11, where Mr. Gosu explains that, based on his review of the code that was produced in the case and the registrations, along with his experience as a developer, the "last modified" date metadata in the produced source code files does not reflect later edits to the code and is instead likely due to computer system changes.  Gosu Decl. ¶ 11. Sagitec argues that Mr. Gosu's testimony should be excluded because he ████████████████

███████████████████████████████████████████████████████

████████████████████     But again there is no contradiction here, and thus no grounds to apply the sham affidavit doctrine.  *See Hogan v. Kohl's Corp.*, 2023 WL 3183007, *4-*5 (D.N.J. Apr. 30, 2023) ("To be covered by the sham affidavit doctrine, the affidavit testimony must actually *contradict* previous deposition testimony, not merely differ from it or be in tension with it.").  ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████     Further, the sham affidavit doctrine does not apply because there is corroboration for Mr. Gosu's conclusion that the uFACTS code produced in this case was what Deloitte registered, not some later modified version thereof.  ████████████████

███████████████████████████████████████████████████████

███████████████████████████ As discussed in Deloitte's opposition to Sagitec's summary judgment motion, the sole issue here is whether Deloitte produced the registered code, and as demonstrated by ██████████████████████████, this is at minimum a disputed issue of material fact.

As these statements do not conflict with Mr. Gosu's deposition testimony and are supported by corroborating evidence, Deloitte respectfully requests that Sagitec's motion be denied.

## RESPONSE TO SAGITEC'S STATEMENT OF FACTS

### I.    MR. GOSU'S EXPERIENCE AT DELOITTE

Mr. Gosu is a managing director at Deloitte where he sells and executes projects related to government and public services, focusing on labor and workforce development.  Gosu Decl. ¶¶ 1–2; Ex. 1 (Gosu Dep. Tr.) 13:1–21, 17:22–18:22.  Prior to Deloitte, he was a senior consultant at BearingPoint, Deloitte's predecessor in interest in uFACTS, and has worked on uFACTS for over twenty years.  Gosu Decl. ¶¶ 3–5; Ex. 1 (Gosu Dep. Tr.) 10:22–11:10, 31:19–32:12, 80:7–21. Based on Mr. Gosu's various roles at Deloitte—from software developer to managing director—he is intimately familiar with the uFACTS development and sales process, including product development, proposal, contract management, and delivery.  Gosu Decl. ¶¶ 2–5; Ex. 1 (Gosu Dep. Tr.) 13:1–16:2.  Specifically, he is familiar with Deloitte's various phases of product development, ████████████████████████████████ *See* Second Declaration of Anil Gosu, dated August 21, 2025 ("2d Gosu Decl.") ¶¶ 5–6; *see also* Gosu Decl. ¶ 12.

As part of Mr. Gosu's work on uFACTS, he participated in several state-focused projects, including for the states of Minnesota and Massachusetts. ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

4



█████████████████████    He also served as a developer on the Massachusetts project QUEST where he focused on developing interfaces and reports.  Gosu Decl. ¶ 12; Ex. 1 (Gosu Dep. Tr.) 32:23–33:16. ████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████    For example,

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████    *See* Gosu Decl. ¶¶ 9–10; 2d Gosu Decl. ¶¶ 2–4.

## II.    MR. GOSU'S DEPOSITION TESTIMONY

Mr. Gosu was first deposed on February 12, 2025. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████    *See* Ex. 1 (Gosu Dep. Tr.) 9:13–17; *see also* Ex. 3 (2/2/2025 Email from N. Teleky re Mr. Gosu's designated topics); Ex. 4 (Deloitte's Resps. and Objs. to Sagitec's 2d Am. 30(b)(6) Deposition Notice).  As is clear from Mr. Gosu's testimony, all of these topics were well within his area of expertise given his more than twenty years of experience developing uFACTS.  Gosu Decl. ¶¶ 1–5; *see also, e.g.*, Ex. 1 (Gosu Dep. Tr.) 55:5–57:5 ████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

        ███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████    After the deposition concluded, Sagitec

claimed Mr. Gosu was not adequately prepared, and asked for a limited continued deposition of

Mr. Gosu with respect to certain specific topics, which the Court granted provided that "Mr. Gosu

will be provided a copy of the relevant source code at his deposition."  D.I. 237 ¶ 1.  ████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████  Sagitec did not contend Mr. Gosu was insufficiently prepared for his second deposition

or request more time with him.

## III.    MR. GOSU'S DECLARATION

        Sagitec moved for summary judgment on each of Deloitte's claims.  D.I. 278.  Deloitte

opposed Sagitec's motion, D.I. 299, and Mr. Gosu submitted a declaration as part of that filing.

D.I. 301.  Mr. Gosu's declaration addresses four topics: (1) Mr. Gosu's professional background

6

and work on uFACTS, *id.* ¶¶ 1–3; (2) the development and value of uFACTS and related trade secrets, *id.* ¶¶ 4–8; (3) copyrights in uFACTS, *id.* ¶¶ 9–11; and (4) Mr. Gosu's involvement in the Massachusetts QUEST project, *id.* ¶ 12. As further described below, each of these topics is within Mr. Gosu's background and supported by corroborating evidence.

## ARGUMENT

"[T]he 'sham affidavit' doctrine refers to the trial courts' 'practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony.'" *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004). Recognizing that they are not to make credibility determinations or weigh conflicting evidence in deciding a summary judgment motion, courts have sparingly and narrowly applied the sham affidavit doctrine. *Id.*; *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th at 210 ("summary judgment does not present an occasion to make credibility assessments"); *Peterson for Lancelot Invs. Fund, L.P. v. Imhof*, 2017 WL 1837856, at *6 (D.N.J. May 8, 2017) ("The doctrine is used sparingly, because a court's role at summary judgment 'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"); *O'Brien v. Middle E. F.*, 2021 WL 2186434, at *13 (E.D. Pa. May 28, 2021) ("At best, Defendants' arguments go to credibility and invite the Court to impermissibly usurp the jury's role by weighing the merits of the Parties' respective positions."). Indeed, courts only "disregard a later statement by a deponent on two conditions: the later statement contradicts the witness's deposition testimony, *and* the discrepancy between the two statements is neither supported by record evidence nor otherwise satisfactorily explained." *SodexoMAGIC, LLC*, 24 F.4th at 209; *Baer*, 392 F.3d at 625–626.

Ambiguous testimony is not sufficient to satisfy this rule. Instead, the affidavit must be "'flatly contradictory' to the prior testimony" to even consider applying the sham affidavit

doctrine. *Coleman v. Cerski*, 2007 WL 2908266, at *5 (M.D. Pa. Oct. 4, 2007) (citing *Videon Chevrolet, Inc. v. Gen. Motors Corp.*, 992 F.2d 482, 488 (3d Cir. 1993)); *see also Weiss v. Pa. Hosp. of Univ. of Pennsylvania*, 2021 WL 780307, at *10 n.4 (E.D. Pa. Feb. 26, 2021) (denying motion to strike because "Plaintiff's statement is not a direct contradiction but rather purports to explain why Plaintiff did not go back and speak to her doctor"). Declarations that supplement other testimony cannot be stricken. *Baer*, 392 F.3d at 625; *see also O'Brien*, 2021 WL 2186434, at *12 ("Subsequent clarifying statements may likewise be sufficient to create a genuine factual dispute."); *T.B. v. New Kensington-Arnold Sch. Dist.*, 2016 WL 6879569, at *2 (W.D. Pa. Nov. 22, 2016) (denying motion to strike because "the affidavit does not flatly contradict Plaintiff's prior testimony. Instead, it clarifies or elaborates upon that testimony."). For these reasons, courts deny motions to strike under the sham affidavit doctrine, finding purported "gaps" or "discrepancies" to be best resolved as credibility determinations by fact-finders at trial. *See, e.g.*, *Cooper v. Child.'s Behav. Health, Inc.*, 2021 WL 4481093, at *6 (W.D. Pa. Sept. 30, 2021); *Heasley v. EchoStar Satellite L.L.C.*, 2009 WL 1457733, at *1 (W.D. Pa. May 22, 2009).

As discussed below, Mr. Gosu's declaration does not contradict his deposition testimony and, in any case, is supported by record evidence. Therefore, Sagitec's motion to strike under the sham affidavit doctrine should be denied.

## I.    MR. GOSU'S TESTIMONY REGARDING DELOITTE'S COPYRIGHT REGISTRATIONS AND CODE COLLECTION IS CONSISTENT WITH HIS DEPOSITION TESTIMONY AND SUPPORTED BY RECORD EVIDENCE

Sagitec moves to strike Paragraphs 9–10, in which Mr. Gosu explains that Deloitte produced the code it registered with the Copyright Office ███████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ Gosu Decl. ¶¶ 9–10. These statements factually undermine

8

Sagitec's claim that Deloitte failed to produce and rely on the uFACTS versions it registered.[1] These statements should not be excluded for two reasons.

   ***First***, there is nothing "flatly contradictory" between Mr. Gosu's deposition testimony and his declaration, as is required to apply the sham affidavit doctrine.  *See Coleman*, 2007 WL 2908266, at *5.  At his deposition, ███████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████  In his declaration, Mr. Gosu explains that "[a]lthough at my deposition I did not recall, I have since confirmed that I am the one who collected the code for the deposit."  Gosu Decl. ¶ 9.  The sham affidavit doctrine does not recognize such a lapse of memory as grounds for exclusion.  *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig*., 2012 WL 2974680, at *12 (W.D. Pa. July 20, 2012) ("Although Singleton's memory lapse in his deposition testimony may provide a basis for impeachment on cross-examination, paragraph 11 is not a sham so long as it does not flatly contradict clear facts in the deposition testimony. […] In any event, even if the testimony were contradictory (which it is not), there is independent evidence in the record to bolster Singleton's assertion[.]"); *see also Cooper*, 2021 WL 4481093 at *10 ("This minor gap or inconsistency will bear on the credibility of Cooper's memory during cross-examination but does not rise to the level of a sham averment."); *Heasley*, 2009 WL 1457733 at *1 (similar); *T.B.*, 2016 WL 6879569 at *2 (denying motion to strike because affidavit "clarifies or elaborates upon [prior] testimony").  .  Rather, it holds that

---

[1] Sagitec's argument fails for legal reasons too, as explained in Deloitte's opposition brief.  SJ Opp. 5–8.

the doctrine ***does not apply*** where the witness is "understandably mistaken, confused, or not in possession of all the facts during a previous deposition," as was clearly the case here when Mr. Gosu was asked technical legal questions about a copyright registration process that had occurred seven years in the past and without the benefit of the code at issue. *See In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 2012 WL 2974680 at *9–13; *In re Morawski*, No. 20-12079, 2022 WL 1085739, *4–*5 (Bankr. D.N.J. Apr. 11, 2022).

***Second***, the sham affidavit doctrine applies only where the statement is not supported by record evidence, or the discrepancy is not otherwise satisfactorily explained. *See SodexoMAGIC, LLC*, 24 F.4th at 210 ("When a later statement is supported by independent record evidence, courts generally refuse to strike those statements."); *see also Bumbarger v. New Enter. Stone & Lime Co.*, 170 F. Supp. 3d 801, 821 (W.D. Pa. 2016) ("independent evidence in the record bolsters Plaintiff's averments"). Here, the statement is well supported, ███████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████  This is separate grounds to deny the Motion.

Each of Sagitec's arguments that the sham affidavit doctrine nonetheless applies here are meritless.  As an initial matter, ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████  Br. 7.  Sagitec misrepresents Mr. Gosu's testimony.  █████████████

███████████████████████████████████████████████████████████████████

█████████████████████████  *See* Ex. 1 (Gosu Dep. Tr.) 194:23–195:21.

Next, Sagitec argues that Mr. Gosu "offers no explanation whatsoever regarding how he 'confirmed'" he had collected the code, citing *Crawford v. George & Lynch, Inc,* 19 F. Supp. 3d 546 (D. Del 2013).  Br. 7–8.  In *Crawford*, however, the Court found "[i]t is implausible that [the declarant] could refresh his recollection of the entire telephone conversation [] by reviewing a single telephone record listing only the date and time of the call, and the number to which the call was placed."  19 F. Supp. 3d at 588.  By contrast, this is not a situation where Mr. Gosu forgot and then suddenly remembered the full contents of a lengthy phone conversation.  █████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████  Ex. 1 (Gosu Dep. Tr.) 194:23–195:21.  Consistent with the testimony of two other witnesses, ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████  Gosu Decl. ¶¶ 9–10.  In case the Court believes more explanation is required, Deloitte is also submitting herewith a more detailed description of how Mr. Gosu refreshed his memory, ████████████████████████████████████████████████████████████

11



2d Gosu Decl. ¶ 2.

Finally, Sagitec questions how Mr. Gosu could have been the one who collected the code for the Copyright Office deposits because ████████████████████

████████████████████ Br. 7–8.  But the identification is actually ***consistent*** with the facts of the case.

████████████████████ 2d Gosu Decl. ¶¶ 3–4. ████████████████████

████████████████████ D.I. 270-8 (Krein Rpt.) ¶¶ 204–205; D.I. 300-2 (Krein Dep. Tr.) at 128:8–133:1.

Sagitec may doubt Mr. Gosu's identification, but it is corroborated and does not contradict prior testimony, making the sham affidavit doctrine wholly inapplicable.[2]  Thus, Sagitec's motion to strike paragraphs 9–10 should be denied.

---

[2] Sagitec claims Deloitte did not identify "corroborating evidence" for Mr. Gosu's statements in its brief, but as discussed above, the evidence was readily available to Sagitec. ████████ ████████████████████ Sagitec also cites *Ray v. Pinnacle Health Hospitals, Inc.* as support, but unlike here, that declaration was unsworn and its statements were "at odds with [his] deposition testimony and other evidence."  416 Fed. App'x. 157, 164 (3d Cir. 2010).

## II.    MR. GOSU'S TESTIMONY REGARDING DELOITTE'S DEVELOPMENT OF SOFTWARE PURSUANT TO THE MASSACHUSETTS QUEST PROJECT IS NOT CONTRADICTED BY HIS DEPOSITION TESTIMONY

Sagitec moves to strike Paragraph 12, in which Mr. Gosu explains that he was a developer on the QUEST project and as part of this project, ███████████████████████████████ ████████████████████████████████████████████████████████ ███████████████ Gosu Decl. ¶ 12.  This statement factually undermines Sagitec's claim that the ████████████████████████████████████████████████████████ ███████████████████████████████████████ The Court should not disregard it in assessing Sagitec's summary judgment motion.

Again, Sagitec has not identified anything "flatly contradictory" about the statement in Paragraph 12.  *See Coleman*, 2007 WL 2908266, at * 5.  ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Br. 8.  ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Ex. 1 (Gosu Dep. Tr.) 80:22–25; *see also* 2d Gosu Decl. ¶¶5–6 ████████████████████████████████████████

---

[3] Sagitec's argument fails for legal reasons too, as explained in Deloitte's opposition.  SJ Opp. 7–8.

████.[4]  Sagitec can cross examine Mr. Gosu, and the jury can assess whether he is credible given the level of his involvement in the Massachusetts project.  But that type of credibility assessment is for the jury, and is precisely the type of undertaking the Third Circuit warns ***against*** in the summary judgment context.  *SodexoMAGIC, LLC*, 24 F.4th at 210.

Sagitec again tries to compare Mr. Gosu's testimony to that in *Crawford*, but this comparison only demonstrates why Mr. Gosu's testimony should not be excluded.  The court in *Crawford* struck a declaration paragraph because the declaration and deposition testimony were "in direct conflict": the declarant "expressly denied having any involvement in obtaining work for CTC during his deposition" and stated in his declaration that "[he] himself searched for additional work for CTC."  19 F.Supp.3d at 558.  By contrast, as discussed above, there is nothing conflicting about Mr. Gosu's declaration as ████████████████████████████████ ████████████████████████  Thus, Sagitec's motion to strike Paragraph 12 should be denied.

### III.    MR. GOSU'S TESTIMONY REGARDING THE CREATION AND MODIFICATION OF THE SOURCE CODE FILES AT ISSUE IS CONSISTENT WITH HIS DEPOSITION TESTIMONY AND SUPPORTED BY DELOITTE'S TECHNICAL EXPERT

Finally, Sagitec moves to strike Paragraph 11, in which Mr. Gosu explains that he reviewed the certificates of registration that the Copyright Office issued for uFACTS, they are consistent with his review of the code that was produced in the case, and any "last modified" date metadata after the date of publication in the registrations' certificates does not mean the code was changed.

---

[4] Further, Mr. Gosu's testimony is corroborated by record evidence, including a report by the Senate Committee on Post Audit and Oversight, which confirms Massachusetts could "seek[] changes at no additional cost" until October.  D.I. 279-8 at 077.

Gosu Decl. ¶ 11. This statement factually undermines Sagitec's claim that the produced code is not the registered code, based on its supposition that the produced version purportedly reflects later-in-time modifications.[5] The sham affidavit doctrine is inapplicable for two reasons.

*First*, Sagitec again has failed to identify any contradictory statements in Paragraph 11, which alone is grounds to deny the motion to exclude this paragraph. *See Coleman*, 2007 WL 2908266, at *5. Sagitec claims ███████████████████████████████████████████ ███████████████████████████████████████████████ Br. 9. But not only is this claim a mischaracterization of Mr. Gosu's testimony—██████████████ ███████████████████████████████████████████ r—it also does not conflict with Mr. Gosu's declaration statement that the produced code was pulled from a SharePoint repository, which is a snapshot of the code from a point in time, and that it would make no sense for metadata dates to be due to code being changed because the repositories on the SharePoint site are not used for development purposes. Gosu Decl. ¶¶ 9–11. ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

*Second*, the sham affidavit doctrine does not apply because Mr. Gosu's statements are confirmed by corroborating evidence, which is a separate reason to find that the sham affidavit doctrine is inapplicable. *SodexoMAGIC, LLC*, 24 F.4th at 210 ("When a later statement is supported by independent record evidence, courts generally refuse to strike those statements.").

---

[5] Sagitec's argument fails for legal reasons too, as explained in Deloitte's opposition brief. SJ Opp. 6–7.

For example, ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████    This supports Mr. Gosu's conclusion that the code is the same and that the last

modified dates do not represent subsequent changes from what was registered.

Sagitec's arguments for exclusion are unavailing.  First, Sagitec claims that Mr. Gosu's

statement that the code "was not changed or modified" is unclear given that the "uFACTS (Mass:

Tax)" code published in 2010 ██████████████████████  Br. 9.  Yet, ambiguity is

not grounds to apply the sham affidavit doctrine, and regardless, Sagitec is willfully misreading

the declaration.  ████████████████████████████████████████

████████████████████████████████████████████████████████████

███.[6]  But Sagitec argued on summary judgment that Deloitte's code production included

modifications that post-date 2013 and are therefore outside the scope of its registrations.  This is

not true, as Mr. Gosu explains: the code collected from Deloitte's SharePoint are from a snapshot

in time and, therefore, would not reflect changes or modifications beyond the date of the snapshot.

Gosu Decl. ¶11; *see also* 2d Gosu Decl. ¶¶3–4.  This is consistent with Mr. Gosu's deposition

testimony.  Ex. 1 (Gosu Dep. Tr.) 190:23–191:3 ███████████████████████

████████████████████████    ████████████████████████

---

[6] ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████  2d

Gosu Decl. ¶¶3–4.  At most, this shows there is a factual dispute, not a conflict in Mr. Gosu's

testimony.

██████████████████████████████████████████████████████████

████      D.I. 300-2 (Krein Tr.) at 128:8–133:1.

Moreover, ███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████    All of the code that Deloitte is asserting from the

Massachusetts project has been produced and appears in one of its two copyright registrations.

███████████████████████████████████████████████████

Finally, Sagitec contends that Mr. Gosu claims only what is "likely" and not that the metadata dates are definitely not due to changes to the underlying code.  Br. 9.  In addition to this not being an argument to apply the sham affidavit doctrine—Sagitec is not asserting Mr. Gosu contradicts his deposition testimony in making this statement—Sagitec selectively reads the declaration.  As Mr. Gosu states (twice), ██████████████████████████████████████

████████████████████████████████████████  Gosu Decl. ¶ 9; *see also*

¶11 ("I have reviewed the certificates of registration that the Copyright Office issued for uFACTS. They are consistent with my knowledge and review of the code that was produced in this case."). This testimony clearly shows Mr. Gosu reviewed the asserted copyright registrations and "snapshots" of the code from the relevant time period.  Thus, Sagitec's motion to strike paragraph 11 should be denied.

## CONCLUSION

Sagitec may not like the fact that there are disputed issues of material fact that undermine its summary judgment motion.  It, however, has not shown that Mr. Gosu's declaration is inconsistent with his deposition testimony and unsupported by corroborating evidence.  As a result, Sagitec's motion to strike Paragraphs 9–12 should be denied.  It also should not go unnoticed that,

17

because the facts addressed by Mr. Gosu are corroborated by other record evidence, Sagitec's motion for summary judgment should be denied regardless.

<br>

/s/ Nathan R. Hoeschen

Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Patrick Arnett
Nick Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
(305) 432-5676

Dated: August 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, this document was served on the persons listed

below in the manner indicated:

**BY EMAIL:**

Anne Shea Gaza
Robert M. Vrana
YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

Christopher K. Larus
Rajin S. Olson
William E. Manske
THOMPSON HINE LLP
800 Nicollet Ave., Suite 2925
Minneapolis, MN 55402
(877) 628-5500
christopher.larus@thompsonhine.com
rajin.olson@thompsonhine.com
william.manske@thompsonhine.com


/s/ Nathan R. Hoeschen
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiffs Deloitte Consulting LLP*
*and Deloitte Development LLC*