IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 23-325-WCB |
| v. | ) ) ) | |
| SAGITEC SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON
ON BEHALF OF DEFENDANT SAGITEC SOLUTIONS, LLC**

OF COUNSEL:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, MN 55402
(612) 605-5900
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

Dated: February 6, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant
Sagitec Solutions, LLC*

Dear Judge Bryson,

Sagitec submits this letter pursuant to the Court's directions at the January 30, 2026 hearing with (1) additional authority on the continuing tort doctrine under New York law, and (2) Sagitec's trial availability in the event any triable issues remain after the Court's summary judgment Order.

**New York State Courts Recognize the Knowledge Exception to the Continuing Tort Doctrine for Trade Secret Misappropriation Under New York Law.**

In addition to the authorities cited in Sagitec's previous briefing, the New York Appellate First Division has held that a plaintiff's knowledge renders the continuing tort doctrine inapplicable:

> Plaintiffs' claims for misappropriation of trade secrets and unfair competition are time-barred, since plaintiffs had knowledge of defendants' alleged use of their trade secrets beginning in 2006, more than seven years before they filed this action. . . . ***Given plaintiffs' knowledge, the continuing tort doctrine does not apply.***

*American Entrance Servs., Inc. v. Roeder*, 10 N.Y.S.3d 442 (1st Dept. 2015) (citing *Synergetics USA, Inc. v. Alcon Labs., Inc.*, No. 08-CIV-3669, 2009 U.S. Dist. LEXIS 58899, at *5-6 (S.D.N.Y. July 9, 2009)) (emphasis added). More recently, the First Division affirmed a lower court decision that "[t]here is a limitation to this continuing tort doctrine—where 'the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply.'" *Continental Indus. Grp., Inc. v. Ustuntas*, No. 653215/2012, 2020 N.Y. Misc. LEXIS 10940, at *16 (N.Y. Sup. Ct. Dec. 31, 2020) (citation omitted), *aff'd*, *Continental Indus. Grp., Inc. v. Ustuntas*, 181 N.Y.S.3d 527 (1st Dept. 2022). Another lower court similarly held that "where, as here, a 'plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply.'" *Yadan Zhang v. Trusted Insight*, 2021 N.Y. Misc. LEXIS 9613, at *23 (N.Y. Sup. Ct. June 30, 2021) (quoting *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 50 (2d Cir. 2019)). Thus, both federal and New York state cases applying New York law consistently hold that the continuing tort doctrine *does not apply* where the plaintiff had knowledge of the defendant's alleged trade secret misappropriation.

Sagitec has not located any New York authority *rejecting* the knowledge exception to the continuing tort doctrine for trade secret misappropriation. The Court referred the parties to three cases, including the *Andrew Greenberg, Inc. v. Svane, Inc.* case Deloitte relies on. 830 N.Y.S.2d 358, 362 (3d Dept. 2007). *Greenberg* does not foreclose the knowledge exception to the continuing tort doctrine. Notably, in the *Universal Instruments* case, the Second Circuit cited *Greenberg* before going on to *affirm* the knowledge exception. 924 F.3d at 50 (citing *Greenberg*, 830 N.Y.S.2d at 362). The other cases identified by theCourt do not foreclose the knowledge exception either. *CDx Labs., Inc. v. Zila, Inc.*, 79 N.Y.S.3d 285, 287 (2d Dept. 2018) (no rejection of the knowledge exception); *Covington v. Walker*, 3 N.Y.3d 287 (2004) (same, in divorce action based on imprisonment).[1]

---

[1] As far as Sagitec can tell, the Court of Appeals of New York has never applied the continuing tort doctrine to misappropriation. If the Court intends to reject the knowledge exception on the basis that the Court of Appeals never applied it, the continuing tort doctrine should be out too.

**The *M&T Chems.* Court Applied the Knowledge Exception, Contrary to Deloitte's Theory.**

As Sagitec noted briefly at the hearing, it is Deloitte who has incorrectly interpreted *M&T Chems., Inc. v. IBM*, 403 F. Supp. 1145, 1149-50 (S.D.N.Y. 1975). Deloitte has argued, mistakenly, that "it was not knowledge that deprived the plaintiff of [the continuing tort doctrine], but that defendant effectively published the trade secret in a patent application." D.I. 299 at 13 n.8 (citing *M&T Chems.*, 403 F. Supp. at 1149-50). The *M&T Chems.* court held that ***"[s]everal reasons*** dictate that I follow the majority view and dismiss the complaint for failure to state a claim upon which relief can be granted." *M&T Chems.*, 403 F. Supp. at 1149 (emphasis added). Deloitte ignores the third reason, which expressly addresses knowledge:

> Third, if, as it has been suggested, the court in *Underwater Storage* construed trade secret misappropriation and use as a continuing tort 'presumably to assure the injured owner judicial relief which might otherwise be foreclosed if the statute were to run only from the date of the misappropriation, since ***knowledge of the misappropriation*** might not be forthcoming until the statute had run,' Comment, 42 N.Y.U.L.Rev., supra, at 567, then that rationale finds no resting place here where plaintiff had ***imputed knowledge of the misappropriation*** since November, 1967.

*Id.* at 1150 (citing *Lockridge v. Tweco Prods., Inc.*, 209 Kan. 389, 398 (1972)) (emphasis added). Deloitte has urged the Court to follow the *Architectronics* case instead because it omits (but does not reject) this knowledge exception. *Architectronics, Inc. v. Control Sys.*, 935 F. Supp. 425, 432-33 (S.D.N.Y. 1996) (citing *Lemelson* v. *Carolina Enterprises, Inc.*, 541 F. Supp. 645, 658 (S.D.N.Y. 1982)). But *Architectronics* and the *Lemelson* case it cites are both federal district court cases, and recent opinions from the same district (S.D.N.Y.) apply the knowledge exception. *See, e.g.*, *SS&C Techs. Holdings, Inc. v. D.E. Shaw & Co., L.P.*, No. 23-CV-09158, 2025 U.S. Dist. LEXIS 106522, at *29-30 (S.D.N.Y. June 5, 2025) (continuing tort doctrine applied because the court could not conclude plaintiff had knowledge) (citation omitted); *Medcenter Holdings Inc. v. WebMD Health Corp.*, No. 20-CV-00053, 2025 U.S. Dist. LEXIS 61140, at *19 (S.D.N.Y. Mar. 31, 2025) ("The continuing tort doctrine also does not apply where the Plaintiff had knowledge of the defendant's misappropriation and disclosure of its trade secrets.") (citation omitted); *DM Manager LLC v. Fid. Nat'l Info. Servs.*, No. 23-CV-00617, 2024 U.S. Dist. LEXIS 59835, at *39 (S.D.N.Y. Mar. 29, 2024) ("The continuing tort doctrine, however, does not apply where the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret.") (citation omitted).

**Application of the Knowledge Exception Is Consistent with Established New York Policy.**

New York claims for trade secret misappropriation accrue at the time of the ***first misappropriation***—a sharp contrast from the DTSA's accrual based on the plaintiff's ***knowledge***.[2] *Zirvi v. Flatley*, 838 F. App'x 582, 586 (2d Cir. 2020) ("Plaintiffs' trade-secret-misappropriation claims accrue at the time of defendants' alleged misconduct or upon the disclosure of the trade secret, not when plaintiffs discover the misappropriation."); *Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 510 (S.D.N.Y. 2013) (similar); *Synergetics*, 2009 U.S.

---

[2] As noted in Sagitec's briefing, "Deloitte contends that 'Sagitec's first alleged trade secret misappropriation' occurred on 'July 17, 2013.'" D.I. 278 at 14 (citing D.I. 281, Ex. 46 ¶ 66).

2

Dist. LEXIS 58899, at *5-6 (similar).

This accrual distinction is significant. Because New York trade secret claims accrue from the first misappropriation, a plaintiff's claim could accrue and lapse before the plaintiff ever learns about it. That is one reason why the continuing tort theory, "[w]here applicable," can sometimes "save all claims for recovery of damages but only to the extent of wrongs committed within the applicable statute of limitations." *Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 70 (1st Dept. 2017). But New York's underlying rationales for statutes of limitation still control: "Statutes of Limitations were designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Covington*, 3 N.Y.3d at 293 (citation omitted). "Other interests include . . . the perceived unfairness to defendants of having to defend claims long past." *Id.* "These considerations must be balanced against the injured person's stake in having a reasonable opportunity to assert a claim." *Id.* (citation omitted). "After sufficient time, 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *Bernstein v. New York*, 591 F. Supp. 2d 448, 466-67 (S.D.N.Y. 2008) (quoting *Order of R.R. Telegraphers v. Railway Exp. Agency*, 321 U.S. 342, 349 (1944)). The widespread adoption of the knowledge exception—in the 2d Circuit, federal District Courts, the 1st Division, and New York lower courts—is consistent with these longstanding and well-established policy considerations. Otherwise, a putative plaintiff could lay in wait indefinitely before choosing to pursue its claim.[3]

**Sagitec's Trial Availability, If Necessary**

If any triable issues remain following the Court's summary judgment Order, Sagitec understands the Court is considering trial windows through the first week of August 2026. Within these windows, Sagitec has identified the following conflicts:

- Mar. 21-30 (damages expert in trial (Mar. 23-30); fact witness unavailable (Mar. 21-29))
- Apr. 5-12 (fact witness unavailable)
- Apr. 15-17 (technical expert finalizing a report)
- Apr. 22 to May 15 (damages expert in two trials; technical expert in trial (May 4-15))
- May 15 to June 16 (fact witness unavailable; damages expert traveling internationally (June 5-16); second fact witness unavailable (June 5-12))
- June 15-26 (lead counsel in trial)
- June 25-29 (damages expert has personal commitment)
- Aug. 3-14 (technical expert in trial)

---

[3] The *Universal Instruments* case that Sagitec cited also provides helpful guidance regarding how to assess the "reality" of Deloitte's cause of action for purposes of determining whether New York's three- or six-year statute of limitations applies. *Universal Instruments*, 924 F.3d at 50 (finding that the "reality" of the plaintiff's claim was that it was "one for damages" where the plaintiff "**requested that it be awarded profits and a royalty**, not just an injunction, in connection with its misappropriation of trade secrets claim, **as well as double damages, punitive damages, and attorneys' fees**") (emphasis added). Deloitte seeks this exact monetary relief. D.I. 282, Ex. 46 ¶ 12 (seeking "**Lost Profits**" and "**Reas. Royalty**" for "New York Trade Secret Claims") (emphasis added); D.I. 1 (Complaint), Prayer for Relief ¶ M (seeking "**punitive and enhanced damages and attorneys' fees**") (emphasis added).

3

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (Via Electronic Mail)

4