IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DELOITTE CONSULTING LLP and )
DELOITTE DEVELOPMENT LLC, )
     )
        Plaintiffs, )
     )
      v. )  C.A. No. 23-325-WCB
     )
SAGITEC SOLUTIONS LLC, )
     )
        Defendant. )

## **DELOITTE'S LETTER TO THE HONORABLE WILLIAM C. BRYSON**

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorney for Plaintiffs Deloitte*
*Consulting LLP and Deloitte*
*Development LLC*

Gregg F. LoCascio
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
(305) 432-5676

Julien Jean-George Crockett
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: February 6, 2026

Dear Judge Bryson,

Deloitte Consulting LLP and Deloitte Development LLC (collectively, "Deloitte") write concerning the Court's request for further briefing on New York's continuing tort doctrine.

**1.      New York's Continuing Tort Doctrine Does Not Have a "Knowledge Exception."**

In *Covington v. Walker*, the New York Court of Appeals made clear that New York courts apply the continuing tort doctrine in cases involving recurring injuries. 3 N.Y.3d 287, 392 (N.Y. 2004) (collecting cases).

In particular, New York courts apply the continuing tort doctrine in trade secret misappropriation cases involving continuous use of a stolen trade secret. *See CDx Laboratories, Inc. v. Zila, Inc.*, 162 A.D.3d 970, 972 (N.Y. App. Div. 2018); *Andrew Greenberg Inc. v. Svane, Inc.*, 36 A.D.3d 1094, 1098 (N.Y. App. Div. 2007). Thus, "[t]he date of accrual for trade secret misappropriation causes of action may be extended under the continuing tort doctrine 'where the plaintiff alleges that a defendant has kept a secret confidential but continued to use it for commercial advantage.'" *CDx Laboratories,* 162 A.D.3d at 972 (quoting *Andrew Greenberg*, 36 A.D.3d at 1098. "In that scenario, 'each successive use constitutes a new actionable tort for purposes of the [s]tatute of [l]imitations.'" *CDx Laboratories*, 162 A.D.3d at 972 (quoting *Architectronics, Inc. v. Control Systems, Inc.*, 935 F. Supp. 425, 433 (S.D.N.Y. 1996)). In *Andrew Greenberg*, for example, the New York appellate court affirmed the trial court's denial of the defendant's summary judgment motion because the plaintiff "adequately alleged that defendants continued to use the trade secrets . . . establishing, if the allegations prove to be true, the existence of a continuing tort." 36 A.D.3d at 1098 (internal citations omitted).

Notably, the New York Court of Appeals in *Covington* did not create or recognize a "knowledge exception" to the general rule; that is, it did not hold that the continuing tort doctrine is inapplicable if the plaintiff becomes aware of the defendant's misappropriation. The appellate courts in *CDx Laboratories* and *Andrew Greenberg* did not create or recognize such a "knowledge exception" either. Nor would it have made sense to do so. As the Court of Appeals explained in *Covington*, the continuing tort rule "is based on the principle that continuous injuries create new, successive causes of action." *Covington*, 3 N.Y.3d at 292. For that reason, New York courts have focused in trade secret cases on whether the ***defendant*** kept a trade secret confidential and continued to use it for commercial advantage, thereby inflicting a recurring injury on the plaintiff. Whether the ***plaintiff*** became aware of the defendant's misappropriation is irrelevant to this inquiry. Simply put, if the defendant repeatedly inflicts new injury by misusing the plaintiff's trade secrets to its own commercial advantage, the plaintiff's time frame for suing should not be curtailed by the fact that it became aware of an earlier injury, as the injury that occurs later gives rise to a new cognizable right of action under New York law.

The New York appellate court's skeletal, three-paragraph decision in *American Entrance Services, Inc. v. Roeder* does not undermine this reasoning. There, the court held that the continuing tort doctrine was inapplicable and that plaintiffs' trade secret and unfair competition claims were untimely because the plaintiffs had knowledge of the defendants' use of their trade secrets more than seven years before filing suit. 129 A.D.3d 618 (N.Y. App. Div. 2015). But the court recited no facts, nor offered any analysis, supporting this proposition, nor did it even discuss *Covington* or *Andrew Greenberg*, both of which predate *American Entrance*. Moreover, the appellate court in *CDx Laboratories* did not cite *American Entrance*, even though *CDx*

*Laboratories* came later. At bottom, the only support offered in *American Entrance* for the notion of a "knowledge exception" was not from a New York state court, but from the federal district court's decision in *Synergetics USA, Inc. v. Alcon Laboratories, Inc.*, 2009 WL 2016872 (S.D.N.Y. July 9, 2009). And, when the court in *Greenfield v. Mold-Rite Plastics, LLC* considered *American Entrance*, it found that "the First Department provides the Court with no factual basis to determine if . . . the trade secret misappropriation in that case came in the form of the disclosure of a secret or of the use of that secret for a defendant's own gain, and thus even this case may be inapposite." 2020 WL 14024164, at *4 (N.D.N.Y. Dec. 16, 2020). Thus, *American Entrance* must be read as relying merely on *Synergetics*, which for the reasons below was misplaced, not a considered departure from the New York law above that does not recognizes a knowledge exception.

## 2.    Federal Court Cases Recognizing a "Knowledge Exception" Are Wrongly Decided.

Sagitec's argument for a "knowledge exception" to New York's continuing tort doctrine relies on *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, wherein the Second Circuit stated that, under New York law, "'[w]here … the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply.'" 924 F.3d 32, 50 (2d Cir. 2019) (quoting *PaySys Int'l, Inc. v. Atos Se*, 2016 WL 7116132, at *9 (S.D.N.Y. Dec. 5, 2016) (quoting, in turn, *VoiceOne Comms., LLC v. Google Inc.*, 2014 WL 10936546, at *10 (S.D.N.Y. Mar. 31, 2015))). Notably, *Universal* involved a ***public disclosure*** of an alleged trade secret, not the confidential, ongoing misuse of a trade secret for defendant's benefit. For this reason alone, Sagitec's reliance on *Universal Instruments* is misplaced.

As noted above, the Second Circuit in *Universal Instruments* relied on the federal district court decisions in *PaySys* and *VoiceOne* for the proposition that New York's continuing tort doctrine has a "knowledge exception." *VoiceOne*, in turn, relied on *Synergetics*, which is the origin of this purported exception. *Synergetics*, in turn, relied on the federal district court's decision in *M & T Chemicals, Inc. v. International Business Machines Corp.*, 403 F.Supp. 1145, 1150 (S.D.N.Y. 1975). *Synergetics*, however, misconstrued *M & T Chemicals*. Nothing in *M & T Chemicals* supports a "knowledge exception" to New York's continuing tort rule.

In *M & T Chemicals*, the defendant made the plaintiff's alleged trade secret public by publishing a patent, thereby destroying the secrecy of the trade secret altogether such that it could no longer be misappropriated. 403 F.Supp. at 1149. In other words, the defendant did not maintain confidentiality of the trade secret as required by *CDx Laboratories*. *See* 162 A.D.3d at 972 ("The date of accrual for trade secret misappropriation causes of action may be extended under the continuing tort doctrine 'where the plaintiff alleges that a defendant has kept a secret confidential but continued to use it for commercial advantage.'"). Thus, the *M & T Chemicals* court held that the defendant's "full-scale disclosure through the issuance of a patent renders the continuing tort theory inapplicable to the instant case." *Id.* Nothing in this reasoning turned on the ***plaintiff's*** knowledge of the defendant's alleged misappropriation.[1]

---

[1] In *M & T Chemicals*, the only reference to the plaintiff's knowledge was in a discussion of *Underwater Storage, Inc. v. United States Rubber Co.*, wherein the D.C. Circuit had applied the continuing tort rule to the plaintiff's trade secrets claim even where trade secret had been publicly disclosed. 371 F.2d 950, 955 (D.C. Cir. 1966). Noting that the D.C. Circuit may have done so to "assure the injured owner judicial relief which might otherwise be foreclosed if the

With respect, the court in *Synergetics* misconstrued *M & T Chemicals*. In *Synergetics*, the court recognized—correctly—that, under New York law, where the defendant "discloses the secrets revealed to him, there can be no continuing tort." 2009 WL 2016872, at *2. But the court then erred by holding the following: "***Thus***, where the ***plaintiff had knowledge*** of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply." 2009 WL 2016872, at *2 (citing *M & T Chemicals*, 403 F. Supp. At 1150). In other words, the *Synergetics* court converted the logic of M & T from ***public disclosure*** by the defendant to mere ***knowledge*** on the part of the ***plaintiff***. Then, in a rather confusing and arguably contradictory footnote, the court went on to say that the defendant's reliance on decisions applying the continuing tort doctrine in non-misappropriation cases was misplaced, and that, in its own description of the continuing tort doctrine, the defendant "acknowledge[d] that the doctrine applies where the defendant has kept the secret confidential." *Id.* at *3 n.3.

It is difficult to make sense of these statements in *Synergetics* and, taken together, they lay bare the court's error in suggesting a "knowledge exception" to New York's continuing tort doctrine. To start, the court in *M & T Chemicals* did ***not*** hold that, where the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply. Worse, it is a blatant *non sequitur* to say that, because there can be no further misappropriation where a defendant discloses misappropriated trade secrets, it somehow follows that the continuing tort doctrine does not apply where the plaintiff has knowledge of the defendant's misappropriation. It is also a plain error. The plaintiff, as the creator and owner of the trade secret, is always going to know its contents; it makes no sense to say that disclosure of the trade secret to the ***plaintiff*** destroys it or its value. Thus, where a defendant maintains the confidentiality of a trade secret and continues to exploit it for commercial advantage, that misappropriation continues to harm the plaintiff, and the continuous tort doctrine should still apply.

Notably, and more recently, in *Greenfield*, another federal court concluded that *Synergetics* did ***not*** mean to create a knowledge exception to New York's continuing tort doctrine, and that "the Second Circuit and the district courts appear to be using *Synergetics'* language for a purpose beyond what the language was intended to say." 2020 WL 14024164, at *4. Despite the Second Circuit's *Universal Instruments* decision, *Greenfield* declined to dismiss as untimely a misappropriation claim based on the same arguments Sagitec makes here. *Id.*

However this Court reads *Synergetics*—whether it misreads *M & T Chemicals*, for example, or whether *Universal Instruments* and the later federal district cases misread *Synergetics*—the same result is compelled here. Sagitec's argument in favor of a "knowledge exception" to New York's continuous tort doctrine should be rejected.

With respect to trial availability, which the Court asked the Parties to provide, Deloitte is available for a 5-day trial starting on April 20, 2026.

---

statute were to run only from the date of the misappropriation, since knowledge of the misappropriation might not be forthcoming until the statute had run," the *M & T Chemicals* court brushed that concern aside, as the plaintiff "had imputed knowledge of the misappropriation." *Id.* Thus, the court distinguished *Underwater Storage*; it did not create a "knowledge" exception to New York's continuing tort doctrine.

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:    Clerk of Court (by CM/ECF)
       All Counsel of Record (by CM/ECF & Email)