IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and<br>DELOITTE DEVELOPMENT LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAGITEC SOLUTIONS LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 23-325-WCB<br>)<br>)<br>)<br>) |

**<u>DELOITTE'S LETTER TO THE HONORABLE WILLIAM C. BRYSON</u>**

OF COUNSEL:
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Gregg F. LoCascio
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202) 389-5000

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7419

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorney for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

Ariel Deitchman
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
(305) 432-5676

Julien Jean-George Crockett
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Dated: February 6, 2026

Dear Judge Bryson,

 Deloitte writes concerning *Thoma v. Town of Schodack*, 776 N.Y.S.2d 109 (2004), and its relevance to the applicable New York statute of limitations.

 *Thoma* does not support Sagitec's contention that Deloitte's monetary request requires the application of a three-year statute of limitations under New York law. *Thoma* did not involve trade secrets. Rather, the plaintiffs alleged claims for continuing nuisance, trespass, negligence, and strict liability based on defendants' contamination of plaintiffs' properties. 6 A.D.3d 957 at 958. The court found that NY CPLR § 214-c's three-year statute of limitations applied because the principal objective of the action was monetary relief and because the "gravamen of the action [was] one for compensation." *Id.* at 958–959.

 In this trade secret case, money damages as sought in *Thoma* would not give Deloitte complete relief. Separate from actual damages, Deloitte requests a permanent injunction, return of its materials, and impoundment and destruction of what Sagitec stole. Dkt. 1 (Compl.) at 27–28. In essence, unlike the plaintiffs in *Thoma*, Deloitte's main objective is equitable: preventing further misuse of its intellectual property. That remedy is far from "incidental" to Deloitte's claims for damages. Although the *Thoma* plaintiffs could use monetary compensation to take steps to prevent continuing physical harm to their property, no amount of money will stop Sagitec from continuing to misuse and improperly profit from Deloitte's intellectual property.

 The six-year statute of limitations applies in precisely this type of situation: where "the relief demanded in the complaint . . . is equitable in nature" and "a legal remedy would not be adequate." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009); *see also Homapour v. Harounian*, 122 N.Y.S.3d 282 (2020) (claims governed by six-year statute of limitations because "plaintiff seeks both money damages and equitable relief, i.e., a constructive trust, an injunction, and an accounting"); *Spitzer v. Schussel*, 792 N.Y.S.2d 798, 801 (Sup. Ct. 2005) ("although the relief sought in these claims is a mix of both equitable and monetary remedies, the gravamen of the complaint is equitable in nature. Thus, the Attorney General seeks the equitable remedies of an accounting, removal of the Board of Directors and a bar to their further service to NDG, and recision of the Board votes to increase Schussel's salary. Although a number of the claims at issue do seek monetary damages, those remedies are ancillary to the primary relief sought, which is equitable.").

 *Thoma* and the cases it cites further illuminate when the equitable statute of limitations applies. For example, *Thoma* cited *Alamio v. Town of Rockland* where the court found "the principal objective of this action was to collect money damages in an effort to recoup part of a lost investment." 755 N.Y.S.2d 754, 843–844 (2003). By contrast, the *Thoma* court also cited *Watts v. Town of Gardiner* where the plaintiff alleged causes of action for monetary damages and equitable relief seeking an abatement of nuisance and a permanent injunction. 456 N.Y.S.2d 161 (1982). The *Watts* court held that given the continuing wrong and injunction claim, the money damages sought were "truly ancillary to an injunction suit" because, despite seeking damages, the main objective was equitable relief and, thus, "[i]it was not unreasonable then . . . to conclude that plaintiffs' main objective was to prevent further contamination of their water supply." *Id.* Here, like *Watts* and unlike *Thoma* and *Alamio*, Deloitte's main objective is to prevent further misuse of its intellectual property. In such cases, the six-year statute of limitations should apply.

2

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc: Clerk of Court (by CM/ECF)
All Counsel of Record (by CM/ECF & Email)