IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 23-325-WCB ) |
| v. | ) **REDACTED - PUBLIC** ) **VERSION** |
| SAGITEC SOLUTIONS, LLC, | ) ) |
| Defendant. | ) |

## SAGITEC'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR A COPYRIGHTABILITY HEARING

OF COUNSEL:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, MN 55402
(612) 605-5900
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

Dated:  February 27, 2026
Redacted version filed: March 6, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant*
*Sagitec Solutions, LLC*

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ..................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 3

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beijing Meishe Network Tech. Co., Ltd. v. Tiktok Inc. et al.*,
Case No. 3:23-cv-6012, D.I. 643 (July 24, 2025)....................................................4

*Coston v. Product Movers*,
C.A. No. 89-4865, 1990 U.S. Dist. LEXIS 5203 (E.D. Pa. May 1, 1990) ..............................3

*Eng'g Dynamics, Inc. v. Structural Software, Inc.*,
26 F.3d 1335 (5th Cir. 1994) .............................................................................3

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)...........................................................................................5

*Freeman v. Deebs-Elkenaney*,
22 Civ. 2435 (CM)(SN), 2025 U.S. Dist. LEXIS 252075 (S.D.N.Y. Dec. 5, 2025) ......................4

*Lerch Bates, Inc. v. Michael Blades & Assocs.*,
Civ. No. 20-2223 (BAH), 2023 U.S. Dist. LEXIS 171973 (D.D.C. Sept. 26, 2023) ....................4

*Oracle America, Inc. v. Google Inc.*,
750 F.3d 1339 (Fed. Cir. 2014)..............................................................................3

*Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 225 & n.33 (N.D. Ill. 1996)........................................................................4

*Publications Int'l, Ltd. v. Meredith Corp.*,
88 F.3d 473 (7th Cir. 1996) ..................................................................................3

*Pyrotechnics Mgmt. v. XFX Pyrotechnics LLC*,
38 F.4th 331 (3d Cir. 2022) ..................................................................................6

*Real View, LLC v. 20-20 Techs., Inc.*,
683 F. Supp. 2d 147 (D. Mass. 2010) ......................................................................4

*SAS Inst., Inc. v. World Programming Ltd.*,
64 F.4th 1319 (Fed. Cir. 2023) ..................................................................... *passim*

*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004) (*en banc*) ..............................................................3, 6

*TD Bank, N.A. v. Hill*,
   Civil No. 12-7188 (RBK/JS), 2015 U.S. Dist. LEXIS 97409 (D.N.J. July 27, 2015) ..................................................................................................................3

*Thomson Reuters Enterprise Center GmbH et al. v. Ross Intelligence, Inc.*,
   C.A. No. 20-613, D.I. 612 (D. Del. July 18, 2024)....................................................5

*Thomson Reuters Enterprise Center GmbH et al. v. Ross Intelligence, Inc.*,
   C.A. No. 20-613, D.I. 643 (D. Del. Aug. 7, 2024) ...................................................5

*Webloyalty.com, Inc. v. Consumer Innovations, LLC*,
   C.A. No. 04-90-KAJ, 2005 U.S. Dist. LEXIS 7344 (D. Del. Feb. 17, 2005)...........................3

*Whelan Assocs. v. Jaslow Dental Lab., Inc.*,
   797 F.2d 1222 (3d Cir. 1986)...................................................................................5

*Woodley Architectural Grp., Inc. v. Lokal Cmtys., LLC*,
   Civ. No. 1:23-cv-03004-CJS-KAS, 2025 U.S. Dist. LEXIS 190811 (D. Colo. Sept. 26, 2025) ................................................................................................4

*Yankee Candle Co. v. Bridgewater Candle Co.*,
   259 F.3d 25 (1st Cir. 2001)......................................................................................3

**Other Authorities**

Fed. R. Civ. P. 16(c)(2)(L)..........................................................................................6

Nimmer on Copyright ..............................................................................................3, 4

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On February 19, 2026, the Court granted-in-part and denied-in-part Sagitec's Motion for Summary Judgment. D.I. 376. Now that the Court has determined that Deloitte's copyright claim may proceed to trial, the Court will need to evaluate whether the specific materials Deloitte contends were copied into Sagitec's Neosurance software are copyrightable. *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1332 (Fed. Cir. 2023). Accordingly, Sagitec requests that the Court schedule an evidentiary pretrial copyrightability hearing akin to the evidentiary hearing approved by the United States Court of Appeals for the Federal Circuit in *SAS*. This hearing will help ensure that materials that are not protectable by copyright are removed from the jury's consideration when assessing alleged infringement.

## SUMMARY OF ARGUMENT

1.    The Court should hold an evidentiary copyrightability hearing to determine which portions, if any, of the material identified by Deloitte as allegedly copied into Sagitec's Neosurance software constitutes copyright protectable expression. *SAS*, 64 F.4th at 1329-32 ("To be clear, whether copyright infringement has occurred is a factual determination that generally can be reached only after the legal determination of copyrightability has been made.").

## STATEMENT OF FACTS

Deloitte, through its proffered expert, Dr. Krein, asserts that two primary groups of source code files were copied into Sagitec's Neosurance software: █████████████ ██████████ D.I. 270-8 (Krein Report) at Apps. A-B █████████████████ █████████ App. C ███████████ *see also* D.I. 304, Ex. 20 (Deloitte's Third Supp. Responses to Sagitec's Third Set of Interrogatories) at 318-319 ████████████ ██████

Sagitec produced detailed expert opinions and analysis addressing these same two primary

groups of allegedly-copied source code files. *See* D.I. 303 (Myers Decl.) ¶ 16.[1] Many of the ICON interface files were "autogenerated" from third-party files using third-party tools. D.I. 270-8 (Krein Report) ¶¶ 346-47. Sagitec's expert, Mr. Myers, explained that he was able to prepare nearly identical autogenerated source code files from software files provided by third parties using publicly available tools. D.I. 303 (Myers Decl.) ¶ 16 and at Exs. B and C thereto.

When questioned on the alleged copyright protectable expression in the autogenerated files, Deloitte's 30(b)(6) fact witness, Anil Gosu, admitted that ██████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ D.I. 304, Ex. 21 (Gosu Vol. II Dep. Tr.) at 313:17-336:8. According to Mr. Gosu, ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ *Id.* at 331:22-332:22. Mr. Gosu conceded that ██████████████████████ ████████████████████████████████ *Id.* at 322:8-21.

As to the allegedly-copied database tables, Sagitec's expert Mr. Myers explained that the subject content was clearly dictated by the Department of Labor. D.I. 303 (Myers Decl.) ¶ 16. Mr. Myers provided side-by-side comparisons showing the origin of specific asserted database table components in the DOL handbooks. *Id.* at Exs. D and E thereto.

---

[1] In its Order, the Court stated "[w]hile Sagitec argues that some specific portions of the uFACTS code are functional rather than creative, it is unclear whether that argument is directed to the entirety of the uFACTS code, to specific portions of code that Deloitte accuses Sagitec of copying, or to code that falls outside of Deloitte's copyright claims." D.I. 376 at 10. To clarify, the source code at issue is specific portions of code that Deloitte accuses Sagitec of copying into its Neosurance software.

## ARGUMENT

Copyrightability is a question of law. Courts and judges within the Third Circuit hold that the question of whether asserted material is protected under the Copyright Act is a matter of law for the Court to decide. *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 299 & n.18 (3d Cir. 2004) (*en banc*) (referring to copyrightability as a "legal issue[]") (Roth, J. dissenting); *TD Bank, N.A. v. Hill*, Civil No. 12-7188 (RBK/JS), 2015 U.S. Dist. LEXIS 97409, at *37 (D.N.J. July 27, 2015) (copyright protectability "becomes a matter of law for the Court to decide"); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, C.A. No. 04-90-KAJ, 2005 U.S. Dist. LEXIS 7344, at *5-6 (D. Del. Feb. 17, 2005) ("[T]he protectability of copyrighted material . . . is an issue of law which I will have to determine at a later time."); *Coston v. Product Movers*, C.A. No. 89-4865, 1990 U.S. Dist. LEXIS 5203, at *12-13 (E.D. Pa. May 1, 1990) ("The question of which aspects of plaintiffs' work are protectible expression as opposed to unprotectible idea is an issue of law.").

Courts within the Third Circuit are not alone in considering copyrightability a question of law. *See, e.g.*, *SAS*, 64 F.4th at 1329; *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1353 n.3 (Fed. Cir. 2014); *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 34 & n.5 (1st Cir. 2001); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340-41 (5th Cir. 1994); *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir. 1996). As summarized in Nimmer on Copyright:

> Apart from determining non-monetary remedies, certain other matters are reserved to the judge. Included are determinations of copyrightability in all instances. . . . A threshold issue in any infringement case is the copyrightability of the plaintiff's work. Reasoning from patent law, Judge Easterbrook opines that that [copyrightability] decision is for the judge alone; "the jury has nothing to do with this subject." . . . Other authority is likewise in accord with Judge Easterbrook's approach, supporting the view that to the extent that the defendant challenges the quantum of plaintiff's originality or creativity as a matter of law, or urges other

such legal challenges to copyright subsistence, these matters should be resolved
solely by the judge.

NIMMER § 12.10 (citing *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 225 &

n.33 (N.D. Ill. 1996) (collecting cases)); *see also* NIMMER § 13D.37 ("Before evaluating

substantial similarity, it is necessary to eliminate from consideration those elements of a program

that are not protected by copyright.").

     Because copyrightability is a question of law, courts addressing whether asserted material

is copyrightable regularly conduct (or at least schedule) copyrightability hearings before a jury is

tasked with evaluating substantial similarity at trial. *See SAS*, 64 F.4th at 1328 (observing district

court conducted copyrightability hearing "to avoid 'injecting copyrightability into the jury trial

and unavoidably making it part of the jury's infringement analysis'"); *Freeman v. Deebs-*

*Elkenaney*, 22 Civ. 2435 (CM)(SN), 2025 U.S. Dist. LEXIS 252075, at *4-5 (S.D.N.Y. Dec. 5,

2025) (stating, after summary judgment, "[s]o I respond favorably to defendants' suggestion that

we hold a hearing on the issue of copyrightability as soon as may be practicable"); *Woodley*

*Architectural Grp., Inc. v. Lokal Cmtys., LLC*, Civ. No. 1:23-cv-03004-CJS-KAS, 2025 U.S. Dist.

LEXIS 190811, at *2-4 (D. Colo. Sept. 26, 2025) (permitting any party to request a

copyrightability hearing after the close of discovery); *Beijing Meishe Network Tech. Co., Ltd. v.*

*Tiktok Inc. et al.*, Case No. 3:23-cv-6012, D.I. 643 (July 24, 2025) (granting motion for briefing

and hearing on copyrightability of asserted computer program) (attached as Exhibit A); *Lerch*

*Bates, Inc. v. Michael Blades & Assocs.*, Civ. No. 20-2223 (BAH), 2023 U.S. Dist. LEXIS 171973,

at *37 n.13 (D.D.C. Sept. 26, 2023) ("[T]he dispute about the unprotectability of any text plaintiff

claims is copied . . . may be dealt with at a pretrial Copyrightability Hearing."); *Real View, LLC v.*

*20-20 Techs., Inc.*, 683 F. Supp. 2d 147, 150 (D. Mass. 2010) (holding pretrial hearing on whether

alleged copyrighted software work was protectable). Indeed, another court in this District recently

ordered the parties to submit briefing for a filtration analysis, although it ultimately did not filter out specific content in that case. *Thomson Reuters Enterprise Center GmbH et al. v. Ross Intelligence, Inc.*, C.A. No. 20-613, D.I. 612 (D. Del. July 18, 2024) (Bibas, J., by designation) (attached as Exhibit B), D.I. 643 (D. Del. Aug. 7, 2024) (attached as Exhibit C).[2]

A copyrightability hearing is often held after summary judgment because it serves a different purpose. It is a gatekeeping evidentiary hearing to avoid presenting the jury with alleged similarities unprotected by copyright law. As the Supreme Court explained in *Feist*, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991). "It is not enough to simply point to asserted elements and declare them protectable because they are creative or because other choices exist. Such an interpretation turns the Copyright Act on its head because it renders superfluous the requirement to prove that material a defendant is alleged to have copied constitutes protected expression." *SAS*, 64 F.4th at 1333 (citation omitted). Thus, although the Court held at summary judgment that there are factual disputes about Deloitte's copyright registrations (D.I. 376 at 19, 25), Sagitec's requested copyrightability hearing is directed to a separate, unresolved legal issue—determining which asserted portions of the allegedly registered work, if any, constitute

---

[2] Deloitte may incorrectly attempt to distinguish *SAS* from controlling Third Circuit authority in *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222 (3d Cir. 1986). Although *SAS* affirmed a copyrightability hearing under the Abstraction-Filtration-Comparison ("AFC") test subject to Fifth Circuit law, the same underlying principles apply to the *Whelan* analysis. In *Whelan*, the Third Circuit provided a "rule for distinguishing idea from expression in computer programs," explaining that "*the purpose or function of a utilitarian work would be the work's idea, and everything that is not necessary to that purpose or function would be part of the expression of the idea.*" *Id.* at 1236-37 (italics in original). Further, "*scenes a faire* are afforded no protection because the subject matter represented can be expressed in no other way than through the particular *scene a faire*," and that "[f]act intensive works are given similarly limited copyright coverage." *Id.* Thus, material not protectable by copyright must be removed from consideration of alleged similarity under the *Whelan* analysis.

copyright protected subject matter.

Copyrightability is a central, unresolved legal issue in this case. The record reflects that the material Deloitte contends was copied includes material that is not copyright protectable, such as autogenerated ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮ dictated by Department of Labor guidance. *See* D.I. 303 (Myers Decl.) ¶ 16 and at Exs. B and C thereto. Indeed, Deloitte's 30(b)(6) fact witness, Mr. Gosu, conceded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ D.I. 304, Ex. 21 (Gosu Vol. II Dep. Tr.) at 313:17-336:8. The Third Circuit has recognized that similar autogenerated or externally-dictated material is not copyright protectable. *See Pyrotechnics Mgmt. v. XFX Pyrotechnics LLC*, 38 F.4th 331, 339-40 (3d Cir. 2022) (holding individual digital messages not protectable because "[t]he digital message format provides rules for constructing messages with particular meanings, and individual messages are ***generated by applying those rules mechanically***") (emphasis added); *Southco*, 390 F.3d at 282 (holding manufacturer's part numbers were "not 'original' because ***each number [was] rigidly dictated*** by the rules of the [manufacturer's numbering] system") (emphasis added). Because copyrightability is a question of law reserved for this Court, the jury should not be tasked with determining which portions, if any, of the materials Deloitte contends were allegedly copied into Sagitec's software are in fact protectable under copyright law. Rather, consistent with *SAS* and the numerous other courts that have held pretrial copyrightability hearings to resolve these questions of law, the Court should exercise its broad discretion under Fed. R. Civ. P. 16(c)(2)(L) to hold an evidentiary pretrial copyrightability hearing. This copyrightability hearing will streamline trial by resolving the legal question of copyrightability outside the presence of the jury, reducing the risk of jury confusion and leaving only protectable elements for the jury's substantial similarity assessment.

The conduct of a copyrightability hearing need not delay the trial in this matter. While it is ultimately up to the Court to adopt a procedure it finds most helpful for the conduct of this evidentiary hearing, as set forth in Sagitec's proposed order, Sagitec proposes the following:

1. Deloitte's opening brief identifying the specific material Deloitte contends was copied into Sagitec's Neosurance software would be due April 2, 2026.

2. Sagitec's opposition brief identifying "evidence that the allegedly copyrighted material is in fact copyright unprotectable," *SAS*, 64 F.4th at 1328, would be due April 23, 2026.

3. Deloitte's reply brief "establish[ing] precisely which parts of its asserted work [it contends] are protectable," *id.*, would be due May 7, 2026.

4. The Court would thereafter conduct an evidentiary copyrightability hearing, with each side having the opportunity to present argument and evidence after the conclusion of briefing at a date convenient for the Court before trial.

To help ensure that this process would not delay any scheduled trial, this copyrightability hearing could be held as part of or adjacent to the Court's Final Pretrial Conference.

## <u>CONCLUSION</u>

For the foregoing reasons, Sagitec respectfully requests that the Court grant its motion for a copyrightability hearing and enter a corresponding briefing schedule.

Dated: February 27, 2026

Of Counsel:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, Minnesota 55402
Telephone:    612.605.5900
Facsimile:     612.605.5901
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Joshua L. Simmons | John W. Shaw |
| Dana DeVlieger | Andrew E. Russell |
| KIRKLAND & ELLIS LLP | SHAW KELLER LLP |
| 601 Lexington Avenue | I.M. Pei Building |
| New York, NY 10022 | 1105 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| Gregg F. LoCascio | *jshaw@shawkeller.com* |
| Nicholas Teleky | *arussell@shawkeller.com* |
| KIRKLAND & ELLIS LLP | |
| 1301 Pennsylvania Ave NW | *Attorneys for Plaintiffs Deloitte Consulting* |
| Washington, DC 20004 | *LLP and Deloitte Development LLC* |

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Ariel Deitchman
KIRKLAN & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116

Julien Jean-George Crockett
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
julien.crockett@kirkland.com

Deloitte-Sagitec@kirkland.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

Dated: February 27, 2026

2

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC.,<br><br>    Defendants. | Case No.  3:23-cv-06012-SI<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION FOR BRIEFING AND HEARING ON COPYRIGHTABILITY |

    Before the Court is the Administrative Motion for Briefing and Hearing on Copyrightability filed by Defendants TikTok Inc., TikTok Pte. Ltd., Bytedance Ltd., and Bytedance Inc. (collectively "Defendants").  Having considered the parties' motion and all materials submitted in relation thereto, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' Administrative Motion for Briefing and Hearing on Copyrightability is GRANTED; and

2. The briefing and hearing will be scheduled as follows:

| Deadline | Event |
|---|---|
| July 25, 2025 | Defendants to file an opening brief, not to exceed 25 pages, together with supporting evidence that was produced in accordance with the fact and expert discovery deadlines, on the protectable elements (assuming any exist), and the degree of protection (i.e., "broad" or "thin") applicable to those elements, in Meishe's allegedly infringed works. |
| August 8, 2025 | Meishe to file a responsive brief, not to exceed 25 pages, and supporting evidence that was produced in accordance with the fact and expert discovery deadlines. |
| August 15, 2025 | Defendants to file a reply brief, not to exceed 15 pages. |

- 1 -

| | |
|---|---|
| 8/29/2025 | Hearing on the parties' motion. |

**3.** Because both parties have had the opportunity to address copyrightability in expert reports, neither side is permitted to submit with their briefs any expert opinion other than the previously-served expert reports and deposition testimony.

DATED: ___July 24, 2025___

~~Susan Illston~~ *[signature]*

HONORABLE SUSAN ILLSTON
United States District Judge

# EXHIBIT B

ORAL ORDER: I have considered both parties' arguments regarding a filtration hearing. See D.I. 604 , 610 . I ORDER Ross to submit a list of all headnotes it believes are verbatim quotations, or vary trivially from verbatim quotations, of judicial opinions by Monday, July 29, at noon EDT. ROSS should use the same format used for Exhibit A in D.I. 604-1. If Thomson Reuters wishes to submit comments on the list, it must do so by Monday, August 5, at noon EDT. This Court will not filter out any headnotes that are neither direct quotations nor trivial variations on direct quotations. The jury must consider all headnotes that it could reasonably find are original and thus eligible for copyright protection. D.I. 547 , at 7-8. Ordered by Judge Stephanos Bibas on 7/18/2024. (mpb) (Entered: 07/22/2024)

# EXHIBIT C

ORAL ORDER: During the pretrial conference on August 6, 2024, I addressed the issue of headnote filtration. I now enter that order on the docket. At this time, I will not filter out any headnotes as uncopyrightable for two separate reasons. First, there is the possibility that a jury could find sufficient creativity in Plaintiffs' selection and arrangement of the headnotes to establish a valid copyright. Second, even if the only consideration for copyrightability is whether the headnote text is the same as judicial opinion text, Ross's list of headnotes included some headnotes that sufficiently differ from the text of judicial opinions that a reasonable jury could find meaningful change and creativity sufficient to establish a valid copyright. So I cannot filter out the group of headnotes Ross listed. This resolves the motion at D.I. 603 . Ordered by Judge Stephanos Bibas on 8/7/2024. (mpb) (Entered: 08/08/2024)