IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DELOITTE CONSULTING LLP and DELOITTE DEVELOPMENT LLC, | ) ) ) ) | C.A. No. 23-325-WCB |
| Plaintiffs, | ) ) ) | **REDACTED - PUBLIC VERSION** |
| v. | ) ) | Filed March 27, 2026 |
| SAGITEC SOLUTIONS, LLC, | ) ) | |
| Defendant. | ) ) | |

## SAGITEC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A COPYRIGHTABILITY HEARING

OF COUNSEL:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, MN 55402
(612) 605-5900
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

Dated:  March 20, 2026

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant
Sagitec Solutions, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.     In the Third Circuit, Copyrightability Is a Question of Law for the Court to Decide—And a Copyrightability Hearing Is Particularly Appropriate in Computer Programming Cases Like This One. ..................................................................................................................... 2

II.    The Evidentiary Record Demonstrates Why the Court Should Conduct a Copyrightability Hearing. ................................................................................................................................ 6

CONCLUSION ....................................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABR Benefits Servs. v. NCO Group*,
1999 U.S. Dist. LEXIS 13685 (E.D. Pa. Sep. 7, 1999) ...............................................................4

*Am. Bd. of Internal Med. v. Rushford*,
841 F. App'x 440 (3d Cir. 2020) ...............................................................................................6

*Coston v. Product Movers*,
C.A. No. 89-4865, 1990 U.S. Dist. LEXIS 5203 (E.D. Pa. May 1, 1990) ...............................3

*Harbor Software, Inc. v. Applied Sys., Inc.*,
925 F. Supp. 1042 (S.D.N.Y. 1996)...........................................................................................5

*Markman v. Westview Instruments, Inc.*,
517 U.S. 370 (1996)....................................................................................................................5

*Morelli v. Tiffany & Co.*,
2001 U.S. Dist. LEXIS 1908 (E.D. Pa. Jan. 10, 2001) ..............................................................4

*Paul Morelli Design, Inc. v. Tiffany & Co.*,
200 F. Supp. 2d 482 (E.D. Pa. 2002) ......................................................................................3, 4

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)..................................................................................................5

*Pivot Point Int'l v. Charlene Prods.*,
932 F. Supp. 220 (N.D. Ill. 1996) (Easterbrook, J.)..................................................................5

*Pyrotechnics Mgmt. v. XFX Pyrotechnics LLC*,
38 F.4th 331 (3d Cir. 2022) .......................................................................................................7

*SAS Inst., Inc. v. World Programming Ltd.*,
64 F.4th 1319 (Fed. Cir. 2023) .....................................................................................1, 3, 5, 7

*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004) (*en banc*) ..................................................................................2, 7

*TD Bank, N.A. v. Hill*,
Civil No. 12-7188 (RBK/JS), 2015 U.S. Dist. LEXIS 97409 (D.N.J. July 27, 2015) .........................................................................................................................................3

*Webloyalty.com, Inc. v. Consumer Innovations, LLC*,
C.A. No. 04-90-KAJ, 2005 U.S. Dist. LEXIS 7344 (D. Del. Feb. 17, 2005)...........................3

*Whelan Assocs. v. Jaslow Dental Lab., Inc.*,
    797 F.2d 1222 (3d Cir. 1986).......................................................................................... *passim*

*William A. Graham Co. v. Haughey*,
    430 F. Supp. 2d 458 (E.D. Pa. 2006) ....................................................................................3

**Other Authorities**

NIMMER § 12.10 ....................................................................................................................6

Plaintiffs' Opposition to Defendant's Motion for the Setting of a Filtration Hearing,
    *Thomson Reuters Enterprise Center GmbH et al. v. Ross Intelligence, Inc.*,
    1:20-cv-613-SB (D. Del. July 12, 2024), ECF No. 610 (attached as Exhibit D)...................4, 5

**INTRODUCTION**

Copyrightability is a question of law in the Third Circuit. *See, e.g.*, *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1233 n.25 (3d Cir. 1986) (holding that determination of what "the copyright covers . . . involves **solely a question of law**") (emphasis added). As such, this Court is tasked with determining the scope of copyright-protectable expression in the specific material Deloitte contends was copied into Sagitec's Neosurance software implementations. The jury is tasked with conducting a substantial similarity analysis for any such copyright-protectable expression. Given the highly technical and functional nature of the source code at issue in this case, addressing copyright protectability before trial will assist the Court in managing these disparate tasks and "avoid 'injecting copyrightability into the jury trial and unavoidably making it part of the jury's infringement analysis.'" *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1328 (Fed. Cir. 2023) (citation omitted).

Sagitec is not seeking another round of summary judgment.[1] Rather, Sagitec proposes the Court undertake the Federal Circuit-approved evidentiary procedure adopted in *SAS* to assist this Court in making its legal determination on copyright protectability, before the jury's factual determinations on substantial similarity. Nor is Sagitec seeking to delay trial. Sagitec has proposed a schedule that would allow for the orderly conduct of an evidentiary hearing to address copyrightability before the scheduled trial date of July 13, 2026. Tellingly, Deloitte does not argue

---

[1] To the contrary, Sagitec identified copyrightability as an issue to be resolved by the Court if Deloitte's copyright claim survived summary judgment. *See* D.I. 302 (Sagitec SJ Opp. Br.) at 1 ("If Deloitte's copyright claim survives summary judgment . . . then the Court will need to evaluate whether the specific materials Deloitte contends were copied are copyrightable.") (citing *SAS*, 64 F.4th at 1332).

1

that the trial date would need to be moved. There is ample time for the Court to conduct a copyrightability hearing, and it should do so given the legal questions of copyrightability over the source code files in this case.

## ARGUMENT

**I.  In the Third Circuit, Copyrightability Is a Question of Law for the Court to Decide—And a Copyrightability Hearing Is Particularly Appropriate in Computer Programming Cases Like This One.**

Copyrightability is a question of law, while substantial similarity is a question of fact. *Whelan* confirms as much. There, the Third Circuit applied plenary review to the defendants' argument that "the copyright covers only the literal elements of computer programs, not their overall structures" because it "involves ***solely a question of law***." *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1233 n.25 (3d Cir. 1986) (emphasis added). The defendants' argument that insufficient evidence supported a finding of substantial similarity, on the other hand, "involve[d] questions of fact" subject to the "clearly erroneous" standard.[2] *Id.*

Despite Deloitte's efforts to explain away Sagitec's cited authority, the fact remains that after *Whelan*, courts within the Third Circuit continue to hold that copyrightability is a question of law. *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 299 & n.18 (3d Cir. 2004) (*en banc*) (Roth,

---

[2] Deloitte cannot controvert *Whelan* with inapplicable jury instructions or verdict forms from Districts outside the Third Circuit. The verdict form Deloitte relies on is from the *Syntel v. TriZetto* case in the Southern District of New York, which did not involve questions about copyrightability or protectable expression—only the bare question of infringement. D.I. 383, Ex. B, at 2. Similarly, it is unclear whether and to what extent copyrightability was in dispute in the *Motorola Sols. Inc. v. Hytera Commc'ns Corp.* case submitted by Deloitte from the Northern District of Illinois.

J. dissenting) (copyrightability referenced as a "legal issue[]"); *TD Bank, N.A. v. Hill*, Civil No. 12-7188 (RBK/JS), 2015 U.S. Dist. LEXIS 97409, at *37 (D.N.J. July 27, 2015) (finding the question of whether asserted material was protected under the Copyright Act to be "a matter of law"); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, C.A. No. 04-90-KAJ, 2005 U.S. Dist. LEXIS 7344, at *4-6 (D. Del. Feb. 17, 2005) ("protectibility of copyrighted material" was "an issue of law"); *Coston v. Product Movers*, C.A. No. 89-4865, 1990 U.S. Dist. LEXIS 5203, at *12-13 (E.D. Pa. May 1, 1990) (question of "protectible expression as opposed to unprotectible idea" was "an issue of law"). Although several of these courts happened to make that observation at summary judgment, the procedural posture of these holdings does not alter the clear conclusion that copyrightability is a question of law. Moreover, none of these cases support Deloitte's argument that copyrightability may only be addressed on summary judgment.

Computer programming cases, in particular, present complex legal questions on copyrightability that should be decided by the Court. *See Whelan Assocs.*, 797 F.2d at 1233-38 (analyzing "the scope of copyright protection of computer programs" and promulgating "[a] rule for distinguishing idea from expression in computer programs"); *SAS*, 64 F.4th at 1326 ("[T]he court is tasked with determining the scope of copyright protection. For computer programs, this determination often involves assessing which input and output formats of a computer program are copyrightable, and which are not."). Deloitte cites a few *non-software* cases from the Eastern District of Pennsylvania in which relatively straightforward disputes of fact related to copyrightability were reserved for the jury as part of the substantial similarity determination. *Graham* and *Morelli* each involved inapposite factual disputes properly submitted to the jury. *See William A. Graham Co. v. Haughey,* 430 F. Supp. 2d 458, 471-72 (E.D. Pa. 2006) (triable issue was whether asserted revisions of survey analysis and proposal were "derivative" works

"contain[ing] 'distinguishable variations' from any preexisting material which has entered the public domain"); *Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482, 484-86 (E.D. Pa. 2002) (asserted jewelry designs were rejected by the copyright office without physically examining the jewelry, and the jury was charged with determining whether the jewelry nevertheless constituted "copyrightable subject matter").[3] In *ABR*, the court found that disputes of fact remained related to whether plaintiff's "forms are sufficiently innovative and informative" such that the Blank Form Rule could apply and about the "extent of the similarity between copyrighted and alleged infringing material" *ABR Benefits Servs. v. NCO Group*, 1999 U.S. Dist. LEXIS 13685, at *7-8, *12-13 (E.D. Pa. Sep. 7, 1999). In contrast, the court in *ABR* did not reference any issues of fact with the defendant's argument that the asserted blank insurance carrier forms were not protectable—it simply weighed the evidence and determined it could not find that the asserted forms "sought to protect ideas alone." *Id.* at *9-10. Crucially, Deloitte's cited cases do not address the complex legal issue of separating ideas from expression in *software*.

Deloitte's counsel has previously argued that courts treat computer programming cases differently. When representing Thomson Reuters in the *Thomson Reuters v. Ross* case, Deloitte's counsel expressly acknowledged the "complex protectability questions" inherent in computer programming cases:

> Unlike in *SAS* and *Real View*, this case does not present complex protectability questions that would require an expert tutorial or testimony. ***This is not a computer programming case***[.]

Plaintiffs' Opposition to Defendant's Motion for the Setting of a Filtration Hearing, *Thomson*

---

[3] In *Morelli*, the court also relied solely on out-of-circuit authority to deem originality a question of fact. *Morelli v. Tiffany & Co.*, 2001 U.S. Dist. LEXIS 1908, at *3 (E.D. Pa. Jan. 10, 2001).

*Reuters Enterprise Center GmbH et al. v. Ross Intelligence, Inc.*, 1:20-cv-613-SB (D. Del. July 12, 2024), ECF No. 610 (attached as Exhibit D) at 5 (emphasis added); *see also id.* at 6 (identifying counsel). Deloitte's counsel similarly argued that *Whelan* is the controlling test "[w]here highly technical subject matter is concerned." *Id.* at 1.

Several courts have analogized copyrightability to the issue of claim construction under patent law, which also often involves highly technical subject matter. *See SAS*, 64 F.4th at 1333 n.9 (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996)); *Harbor Software, Inc. v. Applied Sys., Inc.*, 925 F. Supp. 1042, 1046 (S.D.N.Y. 1996); *see also Pivot Point Int'l v. Charlene Prods.*, 932 F. Supp. 220, 225 (N.D. Ill. 1996) (Easterbrook, J.). The analogy is apt. Although a *Markman* hearing addresses questions of law, courts may nonetheless hold an evidentiary hearing to assist in resolving those questions of law. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("We have also held that extrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes" at claim construction, including "to ensure the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art[.]"). Similarly, consistent with the Federal Circuit's decision in *SAS*, it is appropriate for courts to hold an evidentiary copyrightability hearing in technically complex software cases.

Deloitte incorrectly attempts to collapse the legal question of copyrightability into the issue of originality, and then argues originality is a question of fact. D.I. 383 at 5 (quoting Nimmer § 12.10). While the two concepts are connected, they are not coextensive. The same Nimmer section that Deloitte cites also discusses authority holding that copyrightability in the *computer software* context should be resolved by the judge, particularly where, as here, "the defendant challenges the quantum of plaintiff's originality or creativity as a matter of law, or urges other

5

such legal challenges to copyright subsistence." NIMMER § 12.10 (citations omitted). That is precisely the issue before the Court now.

## II.   The Evidentiary Record Demonstrates Why the Court Should Conduct a Copyrightability Hearing.

Deloitte mistakenly asserts that the requested hearing would address the entirety of the Massachusetts QUEST software code. D.I. 383 at 9-10. Not true. As Sagitec explained in its opening brief, Sagitec seeks a copyrightability hearing directed to the specific, very limited portions of source code that Deloitte contends "were copied into Sagitec's Neosurance software." D.I. 379 at 1. The specific source code that Deloitte contends was copied into Sagitec's Neosurance software implementations for customers is identified by Deloitte as: █████████████████████

████████████[4]

Deloitte's response on *these* portions of source code only underscores the importance of a copyrightability hearing. Deloitte broadly asserts these files "include" Deloitte's own information. D.I. 383 at 3. Critically, however, Deloitte does not deny the presence of autogenerated content in the asserted ICON files or that the database tables were dictated by the Department of Labor. *Id.*

---

[4] Deloitte contends that Sagitec copied the entire Massachusetts QUEST computer program onto a backup server and copied other specific QUEST software files (relating to ████████████ ███████████████████ that were never included in any Sagitec Neosurance software implementation. *See* D.I. 383 at 3. That alleged copying is outside of the Copyright Act's applicable three-year statute of limitation and, for that additional reason, is not a subject of Sagitec's motion for a copyrightability hearing. *See Am. Bd. of Internal Med. v. Rushford*, 841 F. App'x 440, 441 (3d Cir. 2020) (applying the discovery rule to the Copyright Act's three year statute of limitation).

6

Indeed, Deloitte already ***admitted*** that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 304, Ex. 21 (Gosu Vol. II Dep. Tr.) at 313:17-336:8. Deloitte also does not rebut Sagitec's argument that this content is akin to material the Third Circuit has found to be not copyright protectable. *See* D.I. 379 at 6 (citing *Pyrotechnics Mgmt. v. XFX Pyrotechnics LLC*, 38 F.4th 331, 339-40 (3d Cir. 2022) (messages "generated" by "mechanically" applying rules were not copyright protectable); *Southco*, 390 F.3d at 282 (numbers "rigidly dictated" by rules were not copyright protectable)).

Even if Deloitte were able to identify some protectable expression in the specific files it asserts were copied into Neosurance software implementations, that does not mean the *entirety* of the asserted files are protectable—or should be considered by the jury in making its determination of substantial similarity. "It is not enough to simply point to asserted elements and declare them protectable because they are creative or because other choices exist. Such an interpretation turns the Copyright Act on its head because it renders superfluous the requirement to prove that material a defendant is alleged to have copied constitutes protected expression." *SAS*, 64 F.4th at 1333 (citation omitted); *see also Whelan*, 797 F.2d at 1234-36 ("It is axiomatic that copyright does not protect ideas, but only expressions of ideas. . . the purpose or function of a utilitarian work would be the work's idea, and everything that is not necessary to that purpose or function would be part of the expression of the idea.") (emphasis removed); *Pyrotechnics*, 38 F.4th at 336-37 (same). Sagitec's requested copyrightability hearing will allow the Court to properly resolve these copyrightability issues as a matter of law before the jury is tasked with assessing substantial similarity.

## CONCLUSION

Sagitec respectfully requests that the Court grant its motion for a copyrightability hearing.

Dated:  March 20, 2026

Of Counsel:

Christopher K. Larus
William E. Manske
Rajin S. Olson
THOMPSON HINE LLP
800 Nicollet Avenue, Suite 2925
Minneapolis, Minnesota 55402
Telephone:    612.605.5900
Facsimile:    612.605.5901
Chris.Larus@ThompsonHine.com
William.Manske@ThompsonHine.com
Rajin.Olson@ThompsonHine.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Sagitec Solutions, LLC*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2026, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Joshua L. Simmons
Dana DeVlieger
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

Gregg F. LoCascio
Nicholas Teleky
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave NW
Washington, DC 20004

John F. Hartmann
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Ariel Deitchman
KIRKLAN & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116

Julien Jean-George Crockett
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
julien.crockett@kirkland.com

Deloitte-Sagitec@kirkland.com

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*jshaw@shawkeller.com*
*arussell@shawkeller.com*

*Attorneys for Plaintiffs Deloitte Consulting LLP and Deloitte Development LLC*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

Dated: March 20, 2026                    *Attorneys for Sagitec Solutions, LLC*

2

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMSON REUTERS ENTERPRISE CENTRE GMBH and WEST PUBLISHING CORPORATION, | ) ) ) | |
| | ) | |
| Plaintiffs and Counterdefendants, | ) ) | C.A. No. 20-613 (SB) |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS INTELLIGENCE INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR THE SETTING OF A FILTRATION HEARING**

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

July 12, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counterdefendants
Thomson Reuters Enterprise Center GmbH
and West Publishing Corporation*

**TABLE OF CONTENTS**

                                                                                          **Page**

I.      THE THIRD CIRCUIT DOES NOT APPLY ABSTRACTION-FILTRATION ...............1

II.     THIS COURT DETERMINED COPYRIGHTABILITY IS A JURY QUESTION...........2

III.    COPYRIGHTABILITY HEARINGS ARE ONLY CONDUCTED IN
        JURISDICTIONS THAT APPLY THE ABSTRACTION-FILTRATION TEST..............3

CONCLUSION...................................................................................................................5

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*ABR Benefits Servs., Inc. v. NCO Grp.*,
1999 WL 695596 (E.D. Pa. Sept. 9, 1999) ................................................................................1

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*,
489 F.3d 1129 (11th Cir. 2007) ................................................................................................2

*Cody Foster & Co. v. Urb. Outfitters, Inc.*,
2015 WL 12698385 (D. Neb. Sept. 25, 2015) ..........................................................................2

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 693 (2d Cir. 1992)......................................................................................................4

*Dam Things from Den. v. Russ Berrie & Co., Inc.*,
290 F.3d 548, 561-62 (3d Cir. 2002) ........................................................................................1

*Ets-Hokin v. Skyy Spirits, Inc.*,
225 F.3d 1068 (9th Cir. 2000) ..................................................................................................2

*Feltner v. Colum. Pictures Tv*,
523 U.S. 340 (1998)...................................................................................................................2

*Griffin v. Sheeran*,
351 F. Supp. 3d 492 (S.D.N.Y. 2019).......................................................................................2

*Morelli v. Tiffany & Co.*,
2001 WL 179898 (E.D. Pa. Jan. 10, 2001)...............................................................................2

*Paul Morelli Design, Inc. v. Tiffany & Co.*,
200 F. Supp. 2d 482 (E.D. Pa. 2002) ........................................................................................1

*Real View, LLC v. 20-20 Techs., Inc.*,
683 F. Supp. 2d 147 (D. Mass. 2010) ...................................................................................4, 5

*SAS Inst., Inc. v. World Programming Ltd.*,
64 F.4th 1319 (Fed. Cir. 2023) .............................................................................................4, 5

*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004)......................................................................................................3

*Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*,
797 F.2d 1222 (3d Cir. 1986).............................................................................................1, 3, 4

ii

*William A. Graham Co. v. Haughey*,
   2006 WL 1704539 (E.D. Pa. June 14, 2006) ............................................................................1

*Yurman Design, Inc. v. PAJ, Inc.*,
   262 F.3d 101 (2d Cir. 2001) ......................................................................................................2

*Zahourek Sys., Inc. v. Balanced Body Univ., LLC*,
   965 F.3d 1141 (10th Cir. 2020) .................................................................................................2

**Other Authorities**

Nimmer on Copyright §13.03(A)(1)(d) ..........................................................................................4

No court in the Third Circuit has ever conducted a "filtration hearing." Instead, the Third Circuit addresses copyrightability as part of the jury's substantial similarity inquiry, or, where no underlying facts are in dispute, on summary judgment. *Whelan Assocs., Inc. v. Jaslow Dental Lab'y, Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986); *ABR Benefits Servs., Inc. v. NCO Grp.*, 1999 WL 695596, at *1 (E.D. Pa. Sept. 9, 1999). This Court has already determined there are questions of fact that must be resolved by the jury. D.I. 547 at 7.

## I.  THE THIRD CIRCUIT DOES NOT APPLY ABSTRACTION-FILTRATION

Where highly technical subject matter is concerned, the Third Circuit applies the *Whelan* test, in which both expert and lay testimony are admissible, and substantial similarity is decided based on the totality of the evidence. *Whelan*, 797 F.2d at 1236. In all other circumstances, the Third Circuit applies the "lay observer" test for substantial similarity, comparing the unique expressions of the author to the secondary work, and considering whether the lay observer "unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Dam Things from Den. v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561–62 (3d Cir. 2002).

Courts across the country and in this Circuit have reserved copyrightability and originality for the jury.[1] *See, e.g.*, *ABR*, 1999 WL 695596, at *1 (denying summary judgment "[b]ecause the question of whether Plaintiff's works are deserving of copyright protection is a mixed question of law and fact about which genuine issues of material fact remain[.]"); *see also Paul Morelli Design, Inc. v. Tiffany & Co.*, 200 F. Supp. 2d 482 (E.D. Pa. 2002) (charging the jury with deciding copyrightability); *William A. Graham Co. v. Haughey*, 2006 WL 1704539, at *2 (E.D. Pa. June

---

[1]  Arguing copyrightability is purely a question of law, ROSS cites cases from the First and Seventh Circuits where no facts underlying copyrightability were disputed. Mot. at 2. These cases are inapt. *Pivot Point* concerned a motion *in limine* to exclude a professor's testimony on copyright law, and *Yankee Candle* concerned product labels, typically the subject of trademark law.

1

14, 2006) ("copyrightability presented a triable issue").[2] Likewise substantial similarity, of which copyrightability is a subcomponent, is a jury issue. *See Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 111 (2d Cir. 2001) (recognizing Seventh Amendment right to a jury trial on substantial similarity) citing *Feltner v. Colum. Pictures Tv*, 523 U.S. 340, 346 (1998).

Moreover, courts in the Third Circuit hold that "[o]riginality is the indispensable prerequisite for copyrightability" and will decline to issue preliminary rulings on copyrightability because "[t]he issue of the 'originality' of plaintiff's [works] is a question of fact for the factfinder to determine." *Morelli v. Tiffany & Co.*, 2001 WL 179898, at *1 (E.D. Pa. Jan. 10, 2001) (refusing defendant's request that the court preliminarily determine copyrightability).

## II. THIS COURT DETERMINED COPYRIGHTABILITY IS A JURY QUESTION

Consistent with this vast body of law, this Court already determined on summary judgment that originality and copyrightability are inextricably linked, and that substantial similarity and originality were factual issues for the jury. D.I. 547 at 7–8 (finding that "the jury needs to decide [the Key Number System's] originality, whether it is in fact protected, and how far that protection extends," that "[t]he parties dispute how Thomson Reuters develops its headnotes and how closely those headnotes resemble uncopyrightable opinions," and that there is "a genuine factual dispute

---

[2]     *See also Zahourek Sys., Inc. v. Balanced Body Univ., LLC*, 965 F.3d 1141, 1143 (10th Cir. 2020) ("[W]e consider the copyrightability of the [work] as a mixed question of law and fact."); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1073 (9th Cir. 2000) ("Whether a particular photograph is protected by copyright law is a mixed question of law and fact"); *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1151 (11th Cir. 2007) ("[t]he jury's determination that [plaintiff's] copyrights were valid was necessarily based on several factual findings, including that [plaintiff's] compilation contained original elements of creative authorship"); *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 497 (S.D.N.Y. 2019) ("Courts treat the question whether particular elements of a work demonstrate sufficient originality and creativity to warrant copyright protection as a question for the factfinder.") (cleaned up); *Cody Foster & Co. v. Urb. Outfitters, Inc.*, 2015 WL 12698385, at *4 (D. Neb. Sept. 25, 2015) ("Because originality is an inherently fact-specific inquiry, the Court is persuaded that copyrightability is a mixed question of law and fact, and that originality is a question of fact for the jury.").

about how original the headnotes are" which "affects the strength and extent of Thomson Reuters's copyright, and it also goes to whether Ross was copying the headnotes or the opinions themselves.").[3] ROSS argues that the "filtration hearing" would be to determine which headnotes and topics are "copies of the text of uncopyrightable judicial opinions," but the Court already found that the question of whether or to what extent the West Headnotes are copies of judicial opinions *is a disputed fact* which the Court expressly reserved for the jury. Mot. at 4; D.I. 547 at 8.

ROSS attempts to separate copyrightability from originality in arguing that the Court should preliminarily decide the former at a "filtration hearing," even though the latter "might be a jury question." Mot. at 4. But ROSS's argument for *why* Plaintiffs' works are uncopyrightable depends on the Westlaw Content being insufficiently original. D.I. 272 at 14. The Court already addressed this issue in its summary judgment decision and laid out a clear rule for the jury to apply to the factual issues in the case to determine what material is protectable, concluding that each West Headnote must be examined for whether it "varies more than trivially" from a judicial opinion. D.I. 547 at 7 (cleaned up). The jury is up to the task. Thus, ROSS's attempt to separate a legal determination from its underlying facts fails.[4] *See* Mot. at 4.

### III. COPYRIGHTABILITY HEARINGS ARE ONLY CONDUCTED IN JURISDICTIONS THAT APPLY THE ABSTRACTION-FILTRATION TEST

The only context in which a "filtration hearing" has been conducted is abstraction-filtration-comparison, but the Third Circuit (famously) does not apply this test.[5] The only so-

---

[3]     ROSS also argues that the West Key Number System cannot be copyrightable because "they are stand-alone words[.]" Mot. at 1. Plaintiffs do not claim copyright in the words themselves, but rather claim copyright in the organizational structure, taxonomy, and selection and arrangement embodied in the West Key Number System.

[4]     ROSS also cites to a footnote in the dissent in *Southco* to cast the presumptive validity offered by a copyright registration as merely an "evidentiary rule." *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 299 n.18 (3d Cir. 2004). In reality, this just stands for the unremarkable proposition that an appeals court may review the decisions of the Copyright Office *de novo*.

[5]     ROSS argues that many courts employ abstraction-filtration, Mot. at 2–3, but tellingly cites nothing from the Third Circuit applying abstraction-filtration and hides *Whelan*, the controlling

called "filtration hearings" ever held in the history of copyright law were in two complex cases that involved "non-literal" copying from computer programs, e.g., copying of structure, sequence, and organization such as program architecture, modules, and interfaces. One was at the judge's request to aid it in deciding the parties' summary judgment motions. *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1328 (Fed. Cir. 2023). Specifically, "the district court requested additional briefing and argument on a narrow question: what is the 'core protectable expression' of the SAS System that WPL allegedly copied" and "the parties were asked to put forward competing evidence directed to the abstraction and filtration steps of the abstraction-filtration-comparison test" for substantial similarity. *Id.* The other, *Real View, LLC v. 20-20 Technologies, Inc.*, also involved a highly complex computer program, for which the court required an expert tutorial. 683 F. Supp. 2d 147 (D. Mass. 2010).

Both cases were in circuits that apply "abstraction-filtration-comparison", a multi-step test for substantial similarity between utilitarian works that involves "break[ing] down the allegedly infringed program into its constituent structural parts," (abstraction) "examining the structural components at each level of abstraction to determine whether their particular inclusion at that level was 'idea' or was dictated by considerations of efficiency," (filtration), and considering "whether the defendant copied any aspect of this protected expression, as well as an assessment of the copied portion's relative importance with respect to the plaintiff's overall program" (comparison). *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 706, 710 (2d Cir. 1992).[6]

---

law, in a footnote, vaguely claiming the tests are "similar." They are not. In fact, *Whelan* was famously criticized by *Altai*, and has been generally viewed as more protective of copyrighted works. 4 Nimmer on Copyright §13.03(A)(1)(d) (contrasting *Whelan* and *Altai*).

[6] The other cases on which ROSS relies do not change this. (Mot. at 5). There was no filtration hearing in *Lerch Bates*; rather, the court was deciding copyrightability on summary judgment and merely noted in a footnote that a copyrightability hearing could be proper, but that thought was mere *dicta*. *Dutcher* concerned a motion *in limine* moving for the exclusion of specific evidence under the Federal Rules of Evidence; it was not a filtration hearing.

The nature of the works at issue here does not require judicial resources be spent on a filtration hearing. Unlike in *SAS* and *Real View*, this case does not present complex protectability questions that would require an expert tutorial or testimony. This is not a computer programming case, and it is unclear what "jury confusion" ROSS expects beyond difficulty assessing the sheer volume of material that ROSS copied.[7] Mot. at 5. Both sides have disclosed experts to assist the jury in analyzing the material, and the scale of ROSS's infringement is no reason to deprive Plaintiffs of a jury trial on an issue reserved for the jury. The issues posed here are straightforward and easy for a jury to understand; ROSS itself presents the issue as a question of "whether the headnotes and topics are protected at all by the Copyright Act because they are essentially, and actually are, copies of the text of uncopyrightable judicial opinions." Mot. at 4.

Trial is set to begin August 26th, less than two months from when ROSS filed this Motion. Now, instead of preparing for trial, the parties face the prospect of preparing for another hearing to resolve issues that, were they truly pure issues of law involving no underlying disputed facts, would have been resolved on summary judgment. This Court decided otherwise. Moreover, the proposed hearing would require delaying trial and wasting both judicial and party resources.

## **CONCLUSION**

For the foregoing reasons, Thomson Reuters respectfully requests that the Court deny ROSS's request for a "filtration hearing," and allow the parties to continue to focus on the jury trial set by the Court nine months ago.

---

[7] ROSS's motion also ignores that, while Plaintiffs limited their summary judgment motion to a subset of headnotes uncontested by ROSS's experts, Plaintiffs' claims have never been limited to the *text* of the West Headnotes. Since the filing of their Complaint, Plaintiffs have asserted that they not only own a copyright in the text of the headnotes, but also in their creative choices in *selecting* which headnotes to write for a given case, which points of law to emphasize with a separate headnote, and how these headnotes relate to, and are *arranged* within, the innovative West Key Number System. D.I. 1 at 5, 8. Plaintiffs expressly reiterated this claim in their summary judgment briefing. D.I. 250 at 2, n. 1; 10, n. 3; 14, n. 4.

OF COUNSEL:

Dale M. Cendali
Joshua L. Simmons
Eric A. Loverro
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Miranda D. Means
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

July 12, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs and Counter-Defendants*
*Thomson Reuters Enterprise Centre GmbH and*
*West Publishing Corporation*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 12, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Mark A. Klapow, Esquire<br>Lisa Kimmel, Esquire<br>Crinesha B. Berry, Esquire<br>Matthew J. McBurney, Esquire<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |
| Jacob Canter, Esquire<br>Warrington Parker, Esquire<br>Margaux Poueymirou, Esquire<br>Anna Z. Saber, Esquire<br>Beatrice B. Nguyen, Esquire<br>CROWELL & MORING LLP<br>3 Embarcadero Center, 26th Floor<br>San Francisco, CA 94111<br>*Attorneys for Defendant and Counterclaimant* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

_____
Michael J. Flynn (#5333)

7